Harold H. Davis (SBN CA 235552)
Marc R. Baluda (SBN CA 192516)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Hal.Davis@gtlaw.com
Marc.Baluda@gtlaw.com

Attorneys for Petitioner RONALD NICHOLSEN II

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA

| | |
|---|---|
| In re Kelham Vineyards & Winery, LLC | Bankruptcy Case No.<br> 23-10384 SR__- Chapter 11<br> [Assigned to: Judge William Lafferty]<br><br>**DECLARATION OF HAROLD DAVIS IN SUPPORT OF PARTY IN INTEREST RONALD NICHOLSEN II'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br><br>Hearing:<br>DATE: Aug. 16, 2023<br>TIME: 9:30 a.m.<br>DEPT: 220 |

# DECLARATION OF HAROLD H. DAVIS

I, Harold H. Davis, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am a principal shareholder of the law firm Greenberg Traurig, LLP, attorneys of record for Party in Interest Ronald Nicholsen II ("Nicholsen"). I am the lead counsel for Petitioner in the case captioned Ronald Nicholsen v. Kelham Vineyards and Winery, LLC, et al. pending in Superior Court of California, Napa County, case no. 21CV001403. The following facts are within my personal knowledge, and if called upon as a witness, I could and would competently testify to the truth of the matters asserted in this Declaration. I submit this Declaration in support of Party in Interest Ronald Nicholsen's Motion to Lift Automatic Stay.

2. On October 4, 2021, Petitioner filed a verified petition for writ of mandate against Kelham Vineyards & Winery, LLC and Susanna Kelham. Attached hereto as **Exhibit 1** is a true and correct copy of that petition for writ mandate.

3. Petitioner personally served the Petition for Writ of Mandate on Respondent Kelham Vineyards, and Respondents' counsel accepted service on behalf of Respondent Susanna Kelham. *See* November 15, 2021 email from Respondents' counsel attached as **Exhibit 2**, and **Exhibit 3** (statement due diligence regarding service attempts to Susanna Kelham).

4. On November 4, 2022, the California state court entered a writ and order granting petitioner Ronald Nicholsen's writ of mandate to enforce his right to obtain, inspect, and copy certain records of a limited liability company per California Corporations Code. Attached hereto as **Exhibit 4** is a true and correct copy of that order and writ.

5. Per the Writ, on December 4, 2022, the parties appeared at the winery for Ronald Nicholsen to inspect the Debtor's books and records. The records presented were hard copy documents provided in such a manner that Ronald Nicholsen was forced hire a vendor to scan the records to determine if respondents complied with the Writ. Respondents Kelham Vineyards and Susanna Kelham denied Ronald Nicholsen's repeated requests made on December 14, 16, and 20,

---

1

**DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF PARTY IN INTEREST'S MOTION TO LIFT THE STAY**

ACTIVE 689142036v1

2022 to permit the vendor to scan the records off-site for a considerably discounted price.

6.      On January 25, 2023, during a regularly scheduled case management conference, Ronald Nicholsen informed the California state court of the respondents' on-going non-compliance. In response, the state court told respondents that it was not "rocket science" and *sua sponte* set a hearing to show cause why they should not be sanctioned for failing to comply with the Writ.

7.      On March 3, 2023, the California state court entered an order sanctioning Respondent Susanna Roger Kelham for failure to comply with the court's writ of mandate and order dated November 4, 2022. Attached hereto as **Exhibit 5** is a true and correct copy of that order. On February 28, 2023, pursuant to the sanction order, Holland & Knight LLP (the law firm representing Kelham Vineyards & Winery LLC paid the sanctions of $1,500.00 on behalf of Susanna Kelham).

8.      On March 9, 2023, Kelham Vineyards filed and served its initial return of the writ. The return was woefully deficient.

9.      On March 13, 2023, the California state court held the hearing on its second order to show cause for why sanctions should not be issued. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts of that transcript hearing.

10.     As of today's date, Kelham Vineyards has refused to provide any of the company's emails, Susann Kelham has refused to produce emails sent on her personal email account regarding the company and responsive to the Writ, records regarding purported debts with related entity Kelham Vineyards Growers, LLC, and numerous other categories of records required by the Writ.

11.     On May 10, 2023, the state court awarded Ronald Nicholsen $134,679.40 as a partial reimbursement for his expenses, including attorney's fees, up to March 9, 2023, against Susanna Kelham, personally, due to her and Kelham Vineyards' failure to comply with the Writ and Corporations Code. Attached hereto as **Exhibit 7** is a true and correct copy of that order.

12.     On April 27, 2023, I deposed Susanna Kelham in her personal capacity and designated by Kelham Vineyards as a person most knowledgeable. Attached hereto as **Exhibit 8** is true and correct copy of excerpts of the transcript from Susanna Kelham's deposition.

2

**DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF PARTY IN INTEREST'S MOTION TO LIFT THE STAY**

ACTIVE 689142036v1

13.     On May 18, 2023, I deposed Melanie Drescher in her personal capacity and on behalf of Kelham Vineyards regarding topics: "7. The assets and liabilities of Kelham Vineyards…" and "11. All real properties for which Kelham Vineyards pays mortgage, rental or use payments and/or property taxes and any associated mortgage or lease agreements whether Written or oral." Attached hereto as **Exhibit 9** are true and correct copies of excerpts of the transcript from Melanie Drescher's deposition.

14.     On January 20, 2023, Ronald Nicholsen served a deposition subpoena on Hamilton Nicholsen. Attached hereto as **Exhibit 10** is a true and correct copy of that subpoena.

15.     Ronald Nicholsen served amended deposition subpoenas on Hamilton Nicholsen on January 30, 2023, February 13, 2023, and March 15, 2023. Attached hereto as **Exhibit 11** are true and correct copies of those subpoenas.

16.     On March 28, 2023, I received an email from an attorney representing Hamilton Nicholsen informing me that Hamilton would not be appearing for his deposition as scheduled on March 31, 2023. Attached hereto as **Exhibit 12** are true and correct copies of that communication.

17.     I deposed all three witnesses in this action and Hamilton Nicholsen attended all three depositions until they were completed. Despite his ability to attend the depositions without issue, Kelham Vineyards and Hamilton Nicholsen refused to provide a date for his deposition.

18.     At this time, Hamilton Nicholsen is the last fact witness I anticipate deposing in the California state action. Notwithstanding that there are disputes between the parties regarding relatively short supplemental depositions of Susanna Kelham and Melanie Drescher arising from their refusal to answer questions.

19.     After months of refusing to produce Hamilton Nicholsen to testify, on May 31, 2023, Ronald Nicholsen was forced to file a motion to compel, among other things, Hamilton Nicholsen's deposition both as a person designated most knowledgeable by Kelham Vineyards and in his personal capacity pursuant to four duly served deposition subpoenas.

20.     On June 15, 2023, Kelham Vineyards & Winery filed an opposition to the motion to

3

**DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF PARTY IN INTEREST'S MOTION TO LIFT THE STAY**

ACTIVE 689142036v1

compel wherein it designated Hamilton Nicholsen to testify regarding 9 topics in the amended deposition notice. Attached here to as **Exhibit 13** is a true and correct copy of that filing.

21.     On June 29, 2023, the California state court granted Ronald Nicholsen's motion to compel and ordered the parties to "meet and confer in good faith to schedule a mutually convenient date and time within the next four weeks for [Hamilton Nicholsen's] deposition." Attached hereto as **Exhibit 14** is a true and correct copy of that order.

22.     Thereafter, the parties agreed that Hamilton Nicholsen's deposition—as the person most knowledgeable and in his personal capacity pursuant to the deposition subpoenas—would proceed on Monday, July 24, 2023. We prepared for the deposition as scheduled.

23.     On July 20, 2023, I personally appeared in the California state court for a case management conference. During that conference, neither counsel for Susanna Kelham nor Kelham Vineyards mentioned the forthcoming involuntary bankruptcy petition. Counsel for Kelham Vineyards represented to the court that it would be producing a privilege log, as it was compelled to do by the court's order granting the motion to compel, by the end of the day. We still have not received that privilege log. Moments after the conference concluded, and without informing the court of the prepared filing, at 9:02:53 a.m. Hamilton Nicholsen – on behalf of Main Street LLC – filed Official Form 205 – Involuntary Petition against a Non-Individual, debtor Kelham Vineyards.

24.      At 5:42 p.m. on July 20, 2020, Main Street LLC's counsel in this involuntary case transmitted a letter regarding the "automatic stay" arising from the filing of the Chapter 11 Petition. Attached hereto as **Exhibit 15** is a true and correct copy of that letter.

25.     On July 21, 2023, at 12:49 p.m., Kelham Vineyards filed a Notice to Stay Proceedings in the Superior Court.

26.     On July 21, 2023, at 3:01 p.m., Hamilton Nicholsen's personal counsel informed me that he would not appear for his deposition in his personal capacity due to the automatic stay of the Writ Action, even though he was subpoenaed to appear in his personal capacity in the state court action against Susanna Kelham. Attached hereto as **Exhibit 16** is a true and correct copy of that

---

4

**DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF PARTY IN INTEREST'S MOTION TO LIFT THE STAY**

ACTIVE 689142036v1

1    correspondence.

2            27.     On July 25, 2023, the California state court issued an Order to Show cause setting a

3    hearing for January 25, 2024 on the status of the case.

4            28.     On July 26, 2023, counsel for Kelham Vineyards contacted the clerk of the California

5    state court and requested that all the dates and proceedings in the writ action be taken off calendar

6    because he believed the entire case was stayed. On July 27, 2023, the clerk responded and denied the

7    request because, as the clerk correctly noted, Ronald Nicholsen's writ action is against Susanna

8    Kelham and that case is active. Attached hereto as **Exhibit 17** is a true and correct copy of that

9    correspondence.

10           29.     Attached hereto as **Exhibit 18** is a true and correct copy of the docket from the

11   California state court action, which I caused to be printed from the court's website on July 28, 2023.

12           I declare under penalty of perjury under the laws of the State of California that the foregoing

13   is true and correct. Executed this 28th day of July 2023, in Napa, California.

14

15                                                          /s/
16                                                          Harold H. Davis

17

18

19

20

21

22

23

24

25

26

27                                                      5
     **DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF PARTY IN INTEREST'S MOTION TO LIFT**
28                                       **THE STAY**

ACTIVE 689142036v1

# Exhibit 1

ENDORSED

OCT 0 4 2021

Clerk of the Napa Superior Court

By: L. WALKER
　　　　Deputy

1　Harold H. Davis (SBN 235552)
2　Marc R. Baluda (SBN 192516)
　　**GREENBERG TRAURIG, LLP**
3　4 Embarcadero Center, Suite 3000
　　San Francisco, CA 94111
4　Telephone:　(415) 655-1300
　　Facsimile:　(415) 707-2010
5　E-mail:　　davish@gtlaw.com

6

7　*Attorneys for Petitioner RONALD NICHOLSEN II*

8　　　　　SUPERIOR COURT OF THE STATE OF CALIFORNIA

9　　　　　　　　　FOR THE COUNTY OF NAPA

10

11　RONALD NICHOLSEN II,　　　　　| Case No. **21CV001403**

12　　　　　Petitioner,

13　v.　　　　　　　　　　　　　　　**VERIFIED PETITION FOR WRIT OF**
　　　　　　　　　　　　　　　　　　**MANDATE TO ENFORCE MEMBER'S**
14　KELHAM VINEYARDS & WINERY LLC,　**RIGHT TO OBTAIN, INSPECT, AND**
　　AND SUSANNA ROGERS KELHAM,　　**COPY CERTAIN RECORDS OF A**
15　　　　　　　　　　　　　　　　　　**LIMITED LIABILITY COMPANY PER**
　　　　　Respondents.　　　　　　　　**CORPORATIONS CODE § 17704.10**

16

17

18

19

20

21

22

23

24

25

26

27

28

　　　　　　　　　**VERIFIED PETITION FOR WRIT OF MANDATE**

# PETITION

Per California Code of Civil Procedure § 1085, California Corporations Code §§ 17704.10, and 17701.13 *et seq.* and California Rules of Court Rule 8.932, Petitioner, in his capacity as a member of Kelham Vineyards & Winery LLC ("Kelham Vineyards") respectfully moves this Court for a Writ of Mandate directed to Respondents. By this Verified Petition, Petitioner alleges:

# INTRODUCTION

1.  This Petition is brought to obtain corporate records that Petitioner is clearly entitled to, but for which Respondents unlawfully refuse to provide.

2.  Specifically, Petitioner has lawfully requested that Respondents provide to him copies of and/or allow inspection of:

   a.  Kelham Vineyards' state tax returns for the past six years per Cal. Corp. Code § 17701.13(4);

   b.  Kelham Vineyards' federal tax return for year 2020 per Cal. Corp. Code § 17701.13(4);

   c.  The complete Operating Agreement executed by all three members of Kelham Vineyards per Cal. Corp. Code § 17701.13(5); and

   d.  Kelham Vineyards' "books and records … as they relate to the internal affairs of the limited liability for at least the current and past four fiscal years" per Cal. Corp. Code § 17701.13(7)

Collectively, Petitioner refers to these materials as "KELHAM CORPORATE RECORDS".

3.  Despite requesting the KELHAM CORPORATE RECORDS, and having a clear right to these documents per California Corporations Code § 17704.10(1), Respondents have failed, without justification, to turn over these records. Petitioner does not otherwise have access to these documents. Consequently, an order compelling Respondents to produce these records is necessary.

# BACKGROUND

4.  This dispute arises from a family's internecine conflict over Kelham Vineyards and its assets. Respondent Susanna Rogers Kelham ("S. Kelham") seeks to conceal company records from

VERIFIED PETITION FOR WRIT OF MANDATE

1

Petitioner for S. Kelham's pecuniary gain and at Petitioner's expense and in an effort to unwind Kelham Vineyards in a way that would result in an illegitimate windfall to the Respondents.

5. Petitioner is the founder and co-owner of Kelham Vineyards.

6. Respondents are Petitioner's mother, S. Kelham, and the limited liability company in which they are all members, Kelham Vineyards.

7. Petitioner and Respondent S. Kelham are equal owners and members of Kelham Vineyards.

8. At the end of May 2021, S. Kelham, unexpectedly informed Petitioner that it was "time to sever our business relationship, and to start the process of negotiating a settlement for your exit from Kelham Vineyards and Winery LLC."

9. Immediately thereafter, Petitioner demanded Respondents allow him to inspect or transmit to him records pursuant to California Corporations Code §§ 17704.10 and 17701.13. Petitioner's demand for the records was related to his interest as a member of the company because those records will permit Petitioner to evaluate whether Respondent S. Kelham could unilaterally sever his ownership in the company, to discover the Company's assets and liabilities in light of the other members' decision to have Kelham Vineyards appraised to "buy him out", the corresponding value of his membership interest, and to evaluate the propriety of manager compensation and distributions, among other interests.

10. There is no dispute that Petitioner is entitled to inspect or received these records pursuant to California Corporations Code §§ 17704.10 and 17701.13. Respondents have never claimed otherwise. Regardless, Respondents have denied and deprived Petitioner of his right to access, inspect or receive copies of the records, without any justification, for months.

11. Respondents have also engaged in systematic retaliation against Petitioner presumptively in the hopes that he will abandon his request for the corporate records and his company.

Case: 23-10384    Doc# 11-2    Filed: 07/31/23    Entered: 07/31/23 16:13:45    Page 10 of 154

Petitioner will not be doing either. Respondents' apparent efforts to purloin Petitioner's winery from him only serve to heighten the urgency and importance of his demand for the records.

12. Petitioner has been diligent and made repeated efforts to obtain these records from Respondents in hopes of avoiding litigation. These efforts have spanned months, and include, without limitation, engaging a lawyer, transmitting numerous written letters requesting the KELHAM CORPORATE RECORDS, and requesting the records from Kelham Vineyards' current and former CPAs and Hamilton Nicholson's attorney. Hamilton Nicholsen is Petitioner's brother and a co-equal member of Kelham Vineyards.

13. Petitioner has no adequate or speedy remedy at law to obtain the records to which he is statutorily entitled to receive from Respondents. This Court should issue a writ mandating Respondents to forthwith deliver to Petitioner the documents requested in ¶2. Because Respondents failure to provide these documents is without justification, Petitioner also respectfully requests this Court for an award of costs and attorneys' fees per Cal. Corp. Code § 17704.10(g) that Petitioner incurred in bringing this writ of mandate and any other relief the Court may deem proper.

### The Parties

14. Petitioner Ronald Nicholsen II is an individual residing in Napa County, California (hereinafter "Petitioner"). At all relevant times, Petitioner was and is a member of Kelham Vineyard, owning a 33% interest in the Company. Petitioner is also an owner of the real property at 360 Zinfandel Lane, where respondent Kelham Vineyard has its principal place of business.

15. Respondent Kelham Vineyards & Winery, LLC is a California limited liability corporation organized under the California Revised Uniform Limited Liability Company Act, Corporations Code, §17701.01, *et seq*. with its principal place of business located at 360 Zinfandel Lane, St. Helena, California ("Kelham Vineyards" or "Company"). The Company does business as Kelham Vineyards, which owns and operates a winery, tasting room, and showroom in St. Helena.

Kelham Vineyards manages 10.9 acres included planted vineyards and winery with capacity of 75-thousand gallon annual wine production.

16. Respondent Susanna Rogers Kelham is an individual residing in Napa County, California. At all relevant times, Respondent S. Kelham is a member of and the member-manager of Kelham Vineyards.

17. Hamilton Nicholsen is an individual residing in Napa County, California is also a member of Kelham Vineyards.

18. Petitioner, Respondent S. Kelham, and Hamilton Nicholsen are the equal owners of Kelham Vineyards with each owning a 33% in the Company. Petitioner and Respondents are also family members. Respondent S. Kelham is Petitioner and Hamilton Nicholsen's mother and Petitioner is Respondent Hamilton Nicholsen's older brother.

19. Upon information and belief, Kelham Vineyards may also have an ownership interest in an approximately eighty acre parcel in the Oakville Appellation in the premier Cabernet Sauvignon growing region ("Oakville Vineyards"). Kelham Vineyards sells grapes from Oakville Vineyards to Napa's most esteemed so-called "cult" wineries. Information regarding Oakville Vineyards, Kelham Vineyards, and the Kelham Family are published on a single website which represents that Oakville Vineyards and Kelham Vineyards are affiliated and one company. Petitioner is unaware of the members or owners of Oakville Vineyards or the identity of the owners of the land, but Petitioner understands and believes Kelham Vineyards may have comingled assets, funds, and liabilities or that capital improvements on Oakville Vineyards were paid for by Kelham Vineyards. Petitioner, accordingly, may have an interest in Oakville Vineyards.

## Jurisdiction and Venue

20. This Court has jurisdiction over this matter pursuant to the common law and California Corporations Code section 17704.10 (f), which provides:

In addition to the remedies provided in Sections 17713.06 and 17713.07 and any other remedies, a court of competent jurisdiction may enforce the duty of making and mailing or delivering the information and financial statements required by this section and, for good cause shown, extend the time therefor.

21.     Jurisdiction is proper in this venue because Respondent Kelham Vineyards maintains its principal place of business in Napa County, and the corporate books and records that are the subject of this Petition are presumptively in this County. Jurisdiction is proper because Respondent is a resident of Napa County.  Jurisdiction is further proper in this county pursuant to California Code of Civil Procedure §§ 1085 and 1086 because Petitioner has no alternative plain, speedy and adequate remedy in the ordinary course of the law.

22.     Venue is proper in this County pursuant to California Code of Civil Procedure §§ 395(a) and 395.5 because Respondent Kelham Vineyards has its principal place of business in Napa County. Venue is further proper because Respondent S. Kelham is a resident of Napa County.

<u>**General Allegations**</u>

23.     Petitioner is a member of Kelham Vineyards.  He desires to obtain statutorily delineated documents and to review, inspect and copy the books and records of the Company for reasons reasonably related to his interests as a member of Kelham Vineyards, including, without limitation, to evaluate the current value of the Company and its assets, the Company's assets and liabilities, and the corresponding value of his membership interest; to evaluate the propriety of Respondents efforts to "buy him out"; to evaluate the priority of manager compensation and distributions; and to evaluate whether the Company is being managed in a manner consistent with its purposes and in the interests of the members. Petitioner is entitled to such an inspection per California Corporations Code §§ 17704.10 and 17701.13.

24.     Under Cal. Corp. Code § 17704.10(a), upon request by a member, "for purposes reasonably related to the interest of that person as a member," a manager of a limited liability company

Case: 23-10384    Doc# 11-2    Filed: 07/31/23    Entered: 07/31/23 16:13:45    Page 13 of 154

"shall promptly deliver, in writing, to the member… a copy of the information required to be maintained under paragraphs (1), (2), and (4) of subdivision (d) of Section 17701.13, and any written operating agreement of the limited liability company." Additionally, under Cal. Corp. Code § 17704.10(b)(1), a member of a limited liability company may, "for purposes reasonably related to the interest of that person as a member . . . (1) inspect and copy during normal business hours any of the records to be maintained pursuant to Section 17701.13."

### The Creation and Management of Kelham Vineyards

25.     With the financial and moral support of his late step-father, Rawson Kelham, Petitioner founded Kelham Vineyards in 1997. Petitioner and Mr. Kelham envisioned that the winery would exist for generations as a family business with the responsibility first to the generation running the winery as partners and second to maintain the business so that each successive generation would share in the opportunity to grow, produce, and sell Kelham Vineyards' Wine.

26.     For six days a week for the past twenty-four years, Petitioner has been the winemaker, vineyard manager, winery tour guide, and operations manager for Kelham Vineyards. He also managed the Oakville Vineyards that Petitioner believes may be owned, operated, or part of Kelham Vineyards. If Petitioner was not at the winery or in the vineyards, he was hosting winemaker dinners all over the United States on behalf of Kelham Vineyards. Petitioner consistently outperformed the other members and employees of Kelham Vineyards in terms of his sheer volume of sales and sweat equity poured into the winery he founded.

27.     Petitioner also maintained his and Mr. Kelham's vision that Kelham Vineyards be owned and operated as a family business.

28.     While Petitioner has focused his energy almost exclusively on the winemaking, sales, and growth of the Winery, Petitioner understands and believes that Respondent S. Kelham exclusively controls the books, records, and finances of the Company.  At all times relevant, Petitioner has not had

VERIFIED PETITION FOR WRIT OF MANDATE

access to the Company's books and records, bank accounts, contracts, or other records regarding the operations of Kelham Vineyards.

### Respondent S. Kelham Informs Petitioner of her Shocking Decision to "Buy Him Out" of the Winery he founded

29.     On May 24, 2021, Respondent S. Kelham unexpectedly informed Petitioner that it was "time to sever our business relationship, and to start the process of negotiating a settlement for your exit from Kelham Vineyards and Winery LLC. As a reminder, you own a 33% interest in Kelham Vineyards and Winery LLC. I am in the process of having Kelham Vineyard and Winery LLC appraised. Once that value is determined, we can negotiate the terms of your exit…. I believe it is time to move in our separate directions and I hope you will agree to a reasonable settlement for your exit."

30.     Petitioner's interest as a member of Kelham Vineyards is squarely at issue by Respondent's claim of appraising the Company with the intent to buy him out and to sever his membership interest in Kelham Vineyard.

31.     But this was not the first of Respondent S. Kelham's questionable decisions involving his membership interests in the prior months. In October 2020, Respondent S. Kelham informed Petitioner that his monthly "membership distributions" were being reduced by the amount of his and his family's health insurance because Kelham Vineyards was unable to secure "any help from the Federal or State Government." Petitioner recently discovered that was false because the Company received $103,452 from the Federal Government's Paycheck Protection Program. Nevertheless, Respondent S. Kelham did not reset his membership distributions to their previous levels; thus causing tremendous financial hardship to Petitioner and his family.

32.     Upon information and belief, Petitioner understands that Kelham Vineyards only very recently filed its 2020 federal or state returns. The members of Kelham Vineyards are taxed as a partnership, so Petitioner cannot file his taxes until Kelham Vineyards files its taxes. Respondent only provided the schedule K-1 to Petitioner, which is insufficient and does not comply with the

Corporations Code.

33.     Moreover, the Company's continued dilatory filing of its taxes causes and will continue to cause Petitioner harm. For tax year 2019, Petitioner only recently received Kelham Vineyard's tax returns and Petitioner was penalized by the IRS because of the delay. Petitioner expects that he will be further penalized by the IRS for the 2020 tax year due to Respondent S. Kelham's inexplicable and inexcusable delay.

34.     Upon information and belief, Petitioner understands Respondent S. Kelham is making decisions regarding capital improvements to Kelham Vineyards' property without his consent and with funds from Kelham Vineyards. In 2013, the County of Napa sued Petitioner, Respondent S. Kelham, and Hamilton Nicholsen because of similar conduct. Thus, Petitioner's membership interest in the Company and his interests as an owner of the real property are directly at issue by Respondents' conduct.

### Petitioner Repeatedly Requests KELHAM CORPORATE RECORDS, But Respondents Unjustly Fail to Comply

35.     Given the events transpiring over the months preceding the abrupt announcement that Respondent S. Kelham intends to buy Petitioner out of his business and sever their business relationship, on June 1, 2021, Petitioner's attorney transmitted a written demand to receive or inspect and copy seeking fourteen categories of records from Kelham Vineyards, including six categories of records pursuant to Cal. Corp. Code §§ 17704.10 and 17701.13 ("Record Demand Letter") to be delivered to Respondents.

36.     On June 4, 2021, Hamilton Nicholsen informed Petitioner's counsel that Petitioner "has access to all the information you demand." Having found the response inadequate and inaccurate, on June 8, 2021, Petitioner's counsel once again demanded the prompt delivery of the records or provide him a date and time to inspect the documents at the Company.

37.     On June 10, 2021, Hamilton Nicholsen informed Petitioner's counsel that he could

8

review any information he would like at the Winery and directed him to schedule a visit with Kelham Vineyard's office manager. The next day, Respondent S. Kelham provided her first response to the Record Demand Letter. Therein she feigned confusion regarding the purpose of Petitioner's demand for the records. No documents were transmitted or forthcoming.

38. On June 30, 2021, Petitioner notified Respondent that he and his attorney intended to appear in person on Thursday, July 1, 2021 at 10:00 a.m. to inspect and copy the records. Later that same day, Respondent S. Kelham informed Petitioner that the records would ***not*** be available for his inspection at Kelham Vineyards. Instead, she claimed she would send the documents via email. Respondent also provided the contact information for Kelham Vineyards' former and current Certified Public Accountants and directed Petitioner's attorney to obtain the requested information from them.

39. Also attached to the June 30th email were two letters from Respondent S. Kelham detailing her and Hamilton Nicholsen's retaliation against Petitioner for invoking his statutory right to obtain records from the Company. In those letters, Respondents made the spurious claim that Petitioner "resigned" and then informed him that his grossly diluted membership distributions were being further cut.

40. At no time did Petitioner abdicate his ownership in the property, his membership interest in Kelham Vineyard, nor did he "resign" in his role of winemaker, vineyard operator, or his other roles at the Company.

41. Hamilton Nicholsen also informed Petition that "the decision has been made by Kelham Vineyards to sell off a large majority of its current bulk wine inventory" and if Petitioner wished to purchase the wine then he should submit a written offer for the "remaining partners" to consider. The decision to sell of a significant asset of the Company before engaging an appraiser to evaluate and determine the fair market value of the Company certainly regarded Petitioner's

9

Case: 23-10384   Doc# 11-2   Filed: 07/31/23   Entered: 07/31/23 16:13:45   Page 17 of 154

membership interest in Kelham Vineyards. And Petitioner believes it required his approval. He did not consent to the sale, which he believes was nonetheless effectuated over his objection.

42. Because of Respondents' ongoing refusal to provide the records and block Petitioner's access to the records at the Company, Petitioner contacted Kelham's two CPAs to ask for the records. Only one of the CPAs responded that she has not performed any work for Kelham Vineyards in more than six years and she returned all of its records to Respondent S. Kelham years ago. The other CPA did not respond to the numerous emails from Petitioner.

43. On July 11, 2021, Respondent S. Kelham transmitted what appears to be an incomplete and unsigned version of the Kelham Vineyard Operating Agreement. Petitioner contends that there is a version that is executed by all three members and should be produced.

44. On July 16, 2021, Petitioner once again demanded a fully executed version of the Operating Agreement and the remaining set of records. No response was forth coming until August 9, 2021 when Respondent S. Kelham transmitted some of the requested records. She did not transmit each amendment or version of the Operating Agreements or one executed by all three members, its state tax returns for the past six years, its federal tax return for year 2020, and the books and records of the limited liability company as they relate to the internal affairs of the limited liability for at least the current and past four fiscal years. The latter category being the most critical for his interests.

45. Thereafter, on or about August 17, 2021, Petitioner's counsel had a call with an attorney purporting to represent Hamilton Nicholsen regarding the parties deteriorating relationship. During that call, Petitioner's counsel explained that he had been waiting for months to receive the requested documents Respondents, including an executed copy of the Operating Agreement. Shockingly, the attorney stated he was in possession of a fully executed Operating agreement and possibly in possession of amendments to the Operating Agreement, and if permitted to do so, he would send them to Petitioner's counsel. Despite numerous follow-ups, no such documents were received from the

Case: 23-10384    Doc# 11-2    Filed: 07/31/23    Entered: 07/31/23 16:13:45    Page 18
of 154

attorney and the attorney has never been heard from again.

46.     On Sunday, September 12, 2021, Respondent S. Kelham transmitted another set of letters to Petitioner informing him that he was no longer permitted on the premises of Kelham Vineyards (a property he owns) and that he is not to contact Respondent S. Kelham or Hamilton Nicholsen. Having no access to Kelham Vineyards, its books or records, Petitioner is compelled to seek a writ from this Court.

## FIRST CAUSE OF ACTION

### Writ of Mandate Code of Civil Procedure 1085

47.     Petitioner incorporates by reference all of the foregoing paragraphs, as though fully set forth herein.

48.     California Code of Civil Procedure section 1085 (a) provides:

> A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person.

49.     A writ of mandate lies to compel a limited liability company, such as Kelham Vineyards, and S. Kelham, a manager of a California Limited Liability Company in possession of the requested information, to perform an official act required by law. In this case, Respondents are in possession of KELHAM CORPORATE RECORDS and thus are required to provide Petition with those records and documents in response to a demand from Petitioner pursuant to Corporations Code sections 17704.10 and 17701.13.

50.     California Code of Civil Procedure Section 1086 compels this Court to issue a writ "in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It must be issued upon the verified petition of the party beneficially interested." A writ of mandate will

Case: 23-10384   Doc# 11-2   Filed: 07/31/23   Entered: 07/31/23 16:13:45   Page 19
of 154

lie when, as here, there is no plain, speedy, and adequate remedy, when Respondents have a duty to perform, and Petitioner has a clear beneficial right to performance. *Payne v. Superior Court of Los Angeles County* (1976) 17 Cal.3d 908

51.     Petitioner has standing to seek this writ because he is a member of the limited liability company and he has beneficial interest with a direct and substantial interest in the documents withheld. Without access to the books and records of Kelham Vineyards to which he is legally entitled, Petitioner is unable to evaluate or know the assets, liabilities, and internal affairs of the Company. He is, accordingly, unable to determine whether his rights or obligations due to him by his other members have been violated. Likewise, without access to the books and records, Petitioner cannot obtain an independent value of "the partnership as it stands" for determining how and whether Kelham Vineyards should be wound down or whether the appraiser selected by Respondent S. Kelham is in possession of information that would inform it of the full picture of the assets and liabilities of Kelham Vineyards in Respondent S. Kelham's efforts to push him out of the company he founded.

52.     Petitioner seeks to enforce his rights as a member of the Company and he respectfully requests the Court issue a writ compelling Respondents to provide to him:

    a.   Kelham Vineyards' state tax returns for the past six years;

    b.   Kelham Vineyards' federal tax return for year 2020;

    c.   The complete Operating Agreement executed by all three members of Kelham Vineyards; and

    d.   Kelham Vineyards' "books and records … as they relate to the internal affairs of the limited liability for at least the current and past four fiscal years".

53.     Petitioner is informed and believes and thereon alleges that, at all times relevant, Respondents have been able to provide Petitioner with the KELHAM CORPORATE RECORDS, and to permit Petitioner to inspect and copy those and other company documents. Notwithstanding this ability, and despite Petitioner's repeated requests, Respondents have failed and refused to perform their legal duty to comply.

Case: 23-10384     Doc# 11-2     Filed: 07/31/23     Entered: 07/31/23 16:13:45     Page 20 of 154

54. Rather than comply with the California Corporations Code, Respondents obstructed Petitioner's right to access the records and retaliated against him for making the demand. Hamilton Nicholsen instructed Petitioner's attorney that he could access the records at Kelham Vineyard but when Petitioner endeavored to do so, Respondent S. Kelham refused to permit him to do so by denying him access to the records. Then Respondent S. Kelham directed Petitioner to contact Kelham Vineyards' former CPAs to obtain the records, and although he was not required to, Petitioner did so in good faith but to no avail. Petitioner also tried to obtain some of the KELHAM CORPORATE RECORDS from Hamilton Nicholsen's attorney but no records were forthcoming.

55. Further, Respondents have continued an illegitimate retribution campaign in retaliation for Petitioner's demand of the KELHAM CORPORATE RECORDS he is legally entitled to receive. These retaliatory actions include, without limitation, prohibiting Petitioner from entering the premises he owns and claiming he is not allowed to contact his mother or brother, and current co-members of Kelham Vineyards. Respondent S. Kelham and Hamiltlon Nicholsen's conduct reflects that absent a writ from this Court, Respondents will not produce to Petitioner the records to which he is legally entitled.

56. Petitioner has no plain, speedy, and adequate remedy in the ordinary course of law, other than the relief sought in this Petition. Petitioners seek timely, current, and sufficiently informative information about the Company and Petitioner's interests.

57. Respondents' failure to comply with their statutory obligations has damaged Petitioner by denying him access to current information about the Company and Petitioner's interests, to which Petitioner is clearly entitled, and which Respondents are legally required to provide. Further, Petitioner has been forced to incur legal expenses in bringing this Petition for which he otherwise would not have incurred.

58. Per Cal. Corp. Code § 17704.10(g), "if the court finds the failure of the limited liability

company to comply with the requirements of this section is without justification, the court may award an amount sufficient" to reasonably reimburse a member for expenses, including attorneys' fees. Respondents have not provided any, let alone "sufficient," justification for their failure to comply, and Petitioner is entitled to an award of costs and attorneys' fees.

**WHEREFORE, Petitioner prays**:

a.       That the Court issue a writ of mandate compelling Respondents to forthwith deliver to Petitioner copies of the KELHAM CORPORATE RECORDS;

b.       That the Court issue a writ of mandate commanding Respondents to forthwith permit Petitioners to conduct an inspection and copying of the Company's books and records as requested;

c.       For an award of costs and attorneys' fees to compensate Petitioner for reasonable expenses incurred in bringing this Petition; and

d.       For such other and further relief as the Court may deem proper

Respectfully submitted,

GREENBERG TRAURIG

Dated:  October 4, 2021          By:     /s/ Harold Davis
                                          Harold Davis
                                          Marc Baluda

                                          Attorneys for Petitioner
                                          RONALD NICHOLSEN II

## VERIFICATION

I, Ronald Nicholsen II, am the petitioner in this proceeding. I have read the foregoing petition and know its contents. The facts stated therein are true and are within my personal knowledge, except those alleged on information and belief, and as to those I believe true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is correct.

Executed October 4, 2021, at Napa, California.

By: _____
RONALD NICHOLSEN II   *10.04.2021*

VERIFIED PETITION FOR WRIT OF MANDATE

# Exhibit 2

| From: | richard.petty@hklaw.com |
|---|---|
| To: | Davis, Hal (Shld-SFO-IP-Tech); Baluda, Marc R. (Shld-SFO-CP) |
| Subject: | RE: Ronald Nicholsen II v. Kelham Vineyards & Winery LLC et al. |
| Date: | Monday, November 15, 2021 6:00:11 PM |
| Attachments: | image001.png |
| | image002.png |

Mr. Davis:

I am also authorized to accept service on behalf of Ms. Kelham individually.

**Richard Petty | Holland & Knight**

Senior Counsel

Holland & Knight LLP

400 South Hope Street, 8th Floor | Los Angeles, California 90071

Phone 213.896.2477 | Fax 213.896.2450

richard.petty@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** davish@gtlaw.com <davish@gtlaw.com>
**Sent:** Monday, November 15, 2021 5:03 PM
**To:** Petty, Richard W (LAX - X52477) <richard.petty@hklaw.com>; baludam@gtlaw.com
**Subject:** RE: Ronald Nicholsen II v. Kelham Vineyards & Winery LLC et al.

*[External email]*
Mr. Petty:

Thank you for your email. Are you available for a call tomorrow?

In the meantime, could you please let us know if you represent Ms. Susana Kelham as well, and whether you will accept service of the petition on behalf of Kelham Vineyards and Ms. Kelham?

**Hal Davis**
Shareholder

Greenberg Traurig, LLP
4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
T +1 415.590.5100
davish@gtlaw.com | www.gtlaw.com | View GT Biography



Learn more about our commitment to diversity, equity, and inclusion.

**From:** richard.petty@hklaw.com <richard.petty@hklaw.com>
**Sent:** Monday, November 15, 2021 9:37 AM
**To:** Baluda, Marc R. (Shld-SFO-CP) <baludam@gtlaw.com>
**Cc:** Davis, Hal (Shld-SFO-IP-Tech) <davish@gtlaw.com>
**Subject:** Ronald Nicholsen II v. Kelham Vineyards & Winery LLC et al.

**\*EXTERNAL TO GT\***

Dear Mr. Baluda:

I have been retained to represent Kelham Vineyards & Winery LLC in the above entitled action. Kindly contact me at your convenience to discuss the matter. My cell phone number is (510) 435-8172.

Thank you,

**Richard Petty | Holland & Knight**
Senior Counsel
Holland & Knight LLP
400 South Hope Street, 8th Floor | Los Angeles, California 90071
Phone 213.896.2477 | Fax 213.896.2450
richard.petty@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

# Exhibit 3

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| HAROLD H. DAVIS (SBN 235552)<br>GREENBERG TRAURIG LLP<br>4 EMBARCADERO CENTER SUITE 3000<br>SAN FRANCISCO , CA 94111<br>Telephone No: (415) 655-1304 | | |
| Attorney For: Petitioner | Ref. No. or File No.: | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| SUPERIOR COURT OF CALIFORNIA COUNTY OF NAPA |

| Plaintiff: RONALD NICHOLSEN II |
|---|
| Defendant: KELHAM VINEYARDS & WINERY LLC; et al. |

| AFFIDAVIT OF DUE DILIGENCE | Hearing Date: | Time: | Dept/Div: | Case Number: |
|---|---|---|---|---|

1. I, Michelle Sturdee 140008, Solano County , and any employee or independent contractors retained by FIRST LEGAL are and were on the dates mentioned herein over the age of eighteen years and not a party to this action. Personal service was attempted on subject SUSANNA ROGERS KELHAM as follows:

2. *Documents:* CIVIL CASE COVER SHEET; VERIFIED PETITION FOR WRIT OF MANDATE TO ENFORCE MEMBER'S RIGHT TO OBTAIN, INSPECT, AND COPY CERTAIN RECORDS OF A LIMITED LIABILITY COMPANY PER CORPORATIONS CODE § 17704.10

| Attempt Detail |
|---|

1) Unsuccessful Attempt by: Michelle Sturdee (140008, Solano County) on: Oct 6, 2021, 12:16 pm PDT at 1467 DWYER ROAD, YOUNTVILLE, CA 94599
No access, gated- intercom is broken, left a note on intercom.

2) Unsuccessful Attempt by: Michelle Sturdee (140008, Solano County) on: Oct 7, 2021, 9:37 am PDT at 1467 DWYER ROAD, YOUNTVILLE, CA 94599
Gained access, no answer at the door. No cars.

3) Unsuccessful Attempt by: Michelle Sturdee (140008, Solano County) on: Oct 8, 2021, 5:49 pm PDT at 1467 DWYER ROAD, YOUNTVILLE, CA 94599
No answer, no cars seen.

4) Unsuccessful Attempt by: Michelle Sturdee (140008, Solano County) on: Oct 10, 2021, 7:02 pm PDT at 1467 DWYER ROAD, YOUNTVILLE, CA 94599
Gained access, no answer, lights on inside up stairs , no activity seen or heard. This house is like a mansion. white Audi parked - Nevada plates 358P45 -

5) Unsuccessful Attempt by: Michelle Sturdee (140008, Solano County) on: Oct 14, 2021, 3:11 pm PDT at 1467 DWYER ROAD, YOUNTVILLE, CA 94599
GATED, NO ACCESS, SPOKE WITH OFFICE PERSON VIA INTERCOM, WOULD NOT GIVE ME ACCESS INSIDE. STAETS SUBJECT IS NOT THERE, DID NOT PROVIDE ANY OTHER INFORMATION , I ASKED IF I COULD LEAVE MY PHONE NUMBER, EXPLAINED THAT WE DELIVERED ONE TO THE COMPANY AND THAT I NEEDED TO HAND DELIVER A COPY TO HER. PLEASE HAVE HER CALL ME I CAN MEET HER ANYWHERE IN NAPA COUNTY SHE NEEDED ME TO .
I CAN NOT SEE INSIDE THE GATE TO SEE IF THE CARS (RANGE ROVER / BENTLY ) WAS PRESENT.



Case: 23-10384    Doc# 11-2    Filed: 07/31/23    Entered: 07/31/23 16:13:45    Page 28
of 154

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|

Attorney or Party without Attorney:
HAROLD H. DAVIS (SBN 235552)
GREENBERG TRAURIG LLP
4 EMBARCADERO CENTER SUITE 3000
SAN FRANCISCO , CA 94111
 Telephone No:  (415) 655-1304

 Attorney For:  Petitioner

*Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF CALIFORNIA COUNTY OF NAPA

*Plaintiff:*  RONALD NICHOLSEN II
*Defendant:*  KELHAM VINEYARDS & WINERY LLC; et al.

| **AFFIDAVIT OF DUE DILIGENCE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

*3.* **Person Who Served Papers:**
  a. Michelle Sturdee (140008, Solano County)
  **b. FIRST LEGAL**
    1517 W. Beverly Blvd.
    LOS ANGELES, CA 90026
  c. (213) 250-1111

**d.** *The Fee* for Service was:
**e.** I am: A Registered California Process Server

4.  *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the foregoing is true and correct.*

| 10/27/2021 | *M Sturdee* |
|---|---|
| *(Date)* | *(Signature)* |

# Exhibit 4

rec'd by eFile 9/27/22

FILED

NOV 04 2022

Clerk of the Napa Superior Court
By: _____
Deputy

1  Harold H. Davis (SBN 235552)
2  Marc R. Baluda (SBN 192516)
   **GREENBERG TRAURIG, LLP**
3  101 Second Street, Suite 2200
   San Francisco, CA 94105
4  Telephone: (415) 655-1300
   Facsimile: (415) 707-2010
5  E-mail: davish@gtlaw.com
6  *Attorneys for Petitioner RONALD NICHOLSEN II*
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                      FOR THE COUNTY OF NAPA
10
11 RONALD NICHOLSEN II,                    Case No. 21CV001403
12              Petitioner,
                                          ~~[PROPOSED]~~ **WRIT AND ORDER**   SRL
13 v.                                      **GRANTING PETITIONER RONALD**
                                          **NICHOLSEN II'S WRIT OF MANDATE**
14 KELHAM VINEYARDS & WINERY LLC,          **TO ENFORCE HIS RIGHT TO OBTAIN,**
   AND SUSANNA ROGERS KELHAM,              **INSPECT, AND COPY CERTAIN**
15                                         **RECORDS OF A LIMITED LIABILITY**
              Respondents.                 **COMPANY PER CALIFORNIA**
16                                         **CORPORATIONS CODE**
17
18                                         Hearing Date: November 4, 2022
                                          Time:         8:30 a.m.
19                                         Dept.:        B
20
21
22
23
24
25
26
27
28

                        ~~[PROPOSED]~~ WRIT AND ORDER
                                SRL

*ACTIVE 682270673v1*

~~Judgment having been entered in this proceeding in favor of Petitioner RONALD~~
~~NICHOLSEN II ("NICHOLSEN") ordering that Preemptory Writ of Mandate be issued from this~~
~~Court,~~ **IT IS THEREFORE ORDERED THAT** Respondents Kelham Vineyards & Winery LLC ("Kelham Vineyards" or the "Company") and Susanna Kelham ("S. Kelham") (collectively, "Respondents") must comply with California Corporations Code section 17704.10 ("Section 17704.10") by providing NICHOLSEN with the following Company's books and records not later than 20 days after issuance of this Wit:

1. The books and records of the limited liability company as they relate to the internal affairs of the limited liability company for at least the current and past four fiscal years, which includes but is not limited to:

    a. The general ledgers or adjusting journal entries prepared by Respondents' accounting firm(s);

    b. The bank statements, including cancelled checks, for each bank account identified in the QuickBooks File back dated December 9, 2021;

    c. All the mortgage, financing, title reports, and other ownership information regarding the properties Kelham Vineyards holds an ownership interest in or pays amounts on behalf of others~~, including but not limited to 360 Zinfandel Lane in St. Helena, California, "Guest House Main St." Mund Road, and Tahoe City House;~~

    d. All records regarding Kelham Vineyards payment for the expenses, property taxes, and mortgage for a house in Tahoe City, California, including proof of payment for Kelham Vineyards paying off the mortgage in December 2020.

    e. All documentation, payments, assignments, assumptions or other records regarding Kelham Vineyards monthly payment of nearly $8,000 toward a mortgage with Bank of Marin, which is listed in the QuickBooks File as "New Bank of Marin Loan – Mort./Trac #5776."

    f. All the leases and rental agreements between Kelham Vineyards and any person or entity including, but not limited to, "Guest House Main St." Mund Road, Tahoe City House, to "Others" for 360 Zinfandel Lane in St. Helena, California, including rent payments, payments for the use of the premises, and register of patrons that lodged or leased those premises;

    g. All contracts, loan documents, payments, invoices, communications regarding loans, contracts, invoices, reimbursements, authorization to take loans, and purpose for the loans between Kelham Vineyards and Kelham Growers, LLC;

1

**[~~PROPOSED~~] WRIT AND ORDER**

ACTIVE 682270673v1

h.  All contracts, loan documents, payments, invoices, communications regarding the contracts, loan documents, payments, authorization to take loans, and purpose for the loans between Kelham Vineyards and S. Kelham;

i.  The loan or contract documents for all the other assets Kelham Vineyards reports to the taxing authorities;

j.  All contracts and loan documents, including evidence of payments, invoices, communications regarding the loan for the Mach4 tractor, authorization to take loans, and purpose for the loan;

k.  All invoices and proof of payment for grapes Kelham Vineyards bought from Kelham Growers, including the rejected tonnage, a copy of the contract for purchase, records reflecting the disposition of the bulk wine, and payment to Kelham Vineyards;

l.  All unbottled inventories by the gallon;

m.  All communication with members of Kelham Vineyards regarding its operations, sale, membership interest and equity, and the appraisal of the Company;

n.  Credit card statements and proof of payment for the American Express and "CitiAADvantage" Business credit cards;

o.  The records Kelham Vineyards provided the federal government for the Paycheck Protection Program loan it received in April 2020;

p.  All documents Kelham Vineyards filed with, or intended to file with the California Department of Alcoholic Beverage Control underlying Respondents' request for Nicholsen and his wife to execute financial affidavits;

q.  Copies of all contracts for the sale of juice, which should include the gallons sold and the manner in which it was sold;

r.  All harvest tags, and contracts for all grape purchases, including the TTB F 5120.17sm forms for the past four fiscal years; and

s.  AG Health Insurance Bills attributable to NICHOLSEN.

2.  A copy of the articles of organization and all amendments thereto, together with any powers of attorney pursuant to which the articles of organization or any amendments thereto were executed.

3.  All tax transcripts, federal, state and local tax returns for the past six years – including documentation substantiating Kelham Vineyards' reporting to the tax authorities;

4.  All records reflecting the contribution and the share in profits and losses of each

2

[PROPOSED] WRIT AND ORDER

ACTIVE 682270673v1

member, including the $10,000 guaranteed monthly payments to S. Kelham starting in Jan. 2020, and the additional guaranteed monthly payments to H. Nicholsen in 2021.

~~IT IS FURTHER ORDERED THAT Respondents' failure to comply with Section 17704.10 is without justification.~~ SRLY

**IT IS FURTHER ORDERED THAT** within 5 days of the date of this Writ, the parties agree on a date and time for NICHOLSEN to collect all of his personal possessions from 360 Zinfandel Lane.

~~IT IS FURTHER ORDERED THAT within 7 days of the date of this Writ, S. Kelham is to be deposed both in her individual capacity and as the corporate representative of Kelham Vineyards, at Respondents' expense, so that NICHOLSEN can ascertain information regarding the existence and whereabouts of Company's records.~~

The Court retains jurisdiction and orders Respondents to file with the Court and serve on all parties an initial return to the Writ not later than ~~20 days from the date Respondents are service with the Writ~~ DECEMBER 15 2022 BY 4:00PM SRLY, in which Respondents shall demonstrate they have complied with the Court's Order and Writ. The Court further retains jurisdiction to determine whether Respondents returned the Writ pursuant to California Code of Civil Procedure section 1090.

The Court exercises continuing jurisdiction to ensure compliance with this Writ, and ~~specifically to award NICHOLSEN an amount sufficient to reimburse him for bringing the action for the reasonable expenses incurred by him, including attorney's fees, in connection with the action or proceeding. California Corporations Code section 17704.10.~~ SRLY

IT IS SO ORDERED

*November 9, 2022*

Dated: ~~October ___, 2022~~

By: _____
Hon. Scott R.L. Young
Judge of Superior Court of Napa County

3
[~~PROPOSED~~] WRIT AND ORDER

*ACTIVE 682270673v1*

# Exhibit 5

Harold H. Davis (SBN 235552)
Marc R. Baluda (SBN 192516)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone:   (415) 655-1300
Facsimile:    (415) 707-2010
E-mail:        davish@gtlaw.com

*Attorneys for Petitioner RONALD NICHOLSEN II*

FILED

MAR 02 2023

CLERK OF THE NAPA SUPERIOR COURT
BY _____
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF NAPA

RONALD NICHOLSEN II,

      Petitioner,

v.

KELHAM VINEYARDS & WINERY LLC,
AND SUSANNA ROGERS KELHAM,

      Respondents.

Case No. 21CV001403

[PROPOSED] ORDER SANCTIONING
RESPONDENT SUSANNA ROGERS
KELHAM FOR FAILURE TO COMPLY
WITH THE COURT'S WRIT OF
MANDATE AND ORDER DATED
NOVEMBER 4, 2022

Hearing Date: February 15, 2023
Time:            9:00 a.m.
Dept.:            B

RECEIVED

FEB 28 2023

Napa Superior Court

1
[PROPOSED] ORDER

On the Court's own motion, an Order to Show Cause hearing was held on February 15, 2023, mandating that Respondents Kelham Vineyards & Winery LLC ("Kelham Vineyards" or the "Company") and Susanna Kelham (collectively, "Respondents") show cause why they should not be sanctioned for failing to comply with the Court's Writ of Mandate and Order Granting Petitioner Ronald Nicholsen II's Writ of Mandate to Enforce His Rights to Obtain, Inspect, and Copy Certain Records of a Limited Liability Company Per California Corporations Code dated November 4, 2022 ("November Order"). The November Order provided, inter alia, that "Respondents must comply with California Corporations Code section 17704.10 by providing Petitioner RONALD NICHOLSEN II ("NICHOLSEN") with the Company's books and records", as specifically set forth therein. Respondents were required to file and serve an initial return of the writ not later than December 15, 2022. By the November Order, the Court also set a Case Management Conference for January 25, 2023, and an evidentiary hearing for March 13, 2023.

The Court held a Case Management Conference on January 23, 2023. At that time, Respondents had not filed a case management conference statement and had not returned the writ as required by the November Order. The Court set an Order to Show Cause ("OSC") hearing for February 15, 2023. Respondents did not timely file a response to the OSC per California Rule of Court 3.110(i). At the time of the OSC hearing, Respondents had still not returned the writ as required by the November Order.

## ORDER

Having fully considered the pleadings, evidence, and arguments of all parties, both written and oral, and finding good cause therefor, the Court HEREBY ORDERS as follow

1. Respondents failed to comply Court's November Order to return the writ and failed to timely or sufficiently respond to the Court's OSC.

2. Respondents' failure to return the writ was without justification pursuant to California Corporations Code section 17704.10 due to Respondents' failure to comply with the November Order, the OSC.

3. Respondent Susana Kelham, as the Managing Member of the Company, must personally

2

[PROPOSED] ORDER

ACTIVE 685305207v1

pay Petitioner NICHOLSEN's counsel $1,500.00 in sanctions by 4:00 p.m. on February 28, 2023, for failing to comply with the Writ.

4. The evidentiary hearing scheduled for March 13, 2023, is vacated.

5. A further Order to Show Cause and as to why Respondents have not returned the writ and sanctions should not issue is scheduled for 8:30 a.m. on March 13, 2023.

6. The Parties are ordered to brief the issue of Petitioner's remedies for Respondents' failure to comply with California Corporations Code section 17704.10. Such briefs shall not exceed 15 pages.

**IT IS SO ORDERED**

Dated: February 28, 2023          By: _____

2

**[PROPOSED] ORDER**

ACTIVE 685365207v1

# Exhibit 6

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              IN AND FOR THE COUNTY OF NAPA

3                    _____

4

5    RONALD NICHOLSEN II,      )
                               )
6              Petitioner,     )
     vs.                       )  Case No. 21CV001403
7                              )
     KELHAM VINEYARDS & WINERY )
8    LLC, and SUSANNA ROGERS   )
     KELHAM,                   )
9                              )
               Respondents.    )
10   _____)

11

12

13       REPORTER'S TRANSCRIPT OF PROCEEDINGS

14

15            MONDAY MARCH 13, 2023

16

17       HONORABLE SCOTT R.L. YOUNG, JUDGE

18              DEPARTMENT B

19

20

21

22

23   Stenographically Reported by:
     Burgundy B. Ryan, RPR,
24   CSR No. 11373
     Job No. 484578
25   Pages 1-56

```
 1                    A P P E A R A N C E S

 2

 3   ON BEHALF OF THE PETITIONER:

 4            GREENBERG TRAURIG, LLP

 5            By:  HAROLD H. DAVIS, Esquire

 6                 MARC BALUDA, Esquire

 7            4 Embarcadero Center

 8            Suite 3000

 9            San Francisco, California 94111

10            415.655.1300

11

12   ON BEHALF OF THE RESPONDENT:

13            HOLLAND & KNIGHT, LLP

14            By:  RICHARD PETTY, Esquire

15            400 S. Hope Street, 8th Floor

16            Los Angeles, California 90071

17            213.896.2400

18

19

20

21

22

23

24

25
```

1    remember the exact timing.  I think our motion -- our

2    response for the Petitioner's fees was filed slightly

3    before their return -- again, I'm using that as

4    quotes -- their return of the writ and then we filed the

5    next -- what was filed the next day was our -- our

6    response where we had a chance to kind of go in depth of

7    what they have said in the two paragraphs, it's only two

8    paragraphs long what they said, and sort of summarizes

9    what I laid out here today.

10           But there are a couple of quick points to what

11   Mr. Petty said that I think also need clarifying here,

12   but yeah, that's the filing sort of order.

13           THE COURT:  Okay.  You can respond.

14           MR. DAVIS:  Yeah.

15           MR. BALUDA:  If I may add a point, too.

16   Susanna Kelham still has not returned the writ.  She

17   returned the writ for the LLC.  They are studiously

18   avoiding responding with regard to the other

19   Respondents.  When they say "documents are in the

20   possession of the LLC," they do not respond with regard

21   to documents in the possession of Susanna Kelham, who is

22   also subject to this Court's order and who also is a

23   Respondent.

24           So all of the discussions have been about the

25   LLC, but you will note the writ is signed as the

1    managing member.  She does not return the writ.  Nor has

2    she.  She is studiously avoiding taking a position in

3    this litigation.  She is studiously avoiding taking any

4    position with regards to her personally.  And she is not

5    speaking with regards to documents in her possession,

6    always with regards to the LLC, but there are two

7    parties in this action.  And you will note that all of

8    the conversations studiously avoids her in her personal

9    capacity, even though the Court has sanctioned her in

10   her personal capacity.

11          MR. DAVIS:  And so a few things about the

12   QuickBooks file.  It's Mr. Petty's notion that we can

13   just generate these on our own.  I'm not sure how

14   familiar he is with QuickBooks, but that is just not the

15   case.  We got a single static file, we can't just run

16   the reports.  And we don't know what reports were run

17   for the appraiser.  There are databases of documents and

18   information we didn't get.  We got a single file, one

19   file, singular.  And we didn't get that until after the

20   February 15th hearing that was updated.

21          The notion about these properties that he keeps

22   talking about.  I think it's important to look at the

23   narrow categories of the Court's order.  We are not

24   asking for every single thing ever applying to these --

25   these properties.

Case: 23-10384    Doc# 11-2    Filed: 07/31/23    Entered: 07/31/23 16:13:45    Page 43
of 154

# Exhibit 7

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Harold H. Davis (SBN CA 235552)<br>Marc R. Baluda (SBN CA 192516)<br>GREENBERG TRAURIG, LLP<br>101 Second Street, Suite 2200, San Francisco, CA 94105<br>TELEPHONE NO.: 415.655.1300   FAX NO. *(Optional)*: 415.707.2010<br>E-MAIL ADDRESS *(Optional)*: Hal.Davis@gtlaw.com<br>ATTORNEY FOR *(Name)*: Petitioner RONALD NICHOLSEN II | FILED<br>5/10/2023 3:01 PM<br>Clerk of the Napa Superior Court<br>By: Rudy Arroyo, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Napa
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS:
CITY AND ZIP CODE: Napa, CA 94559
BRANCH NAME:

PLAINTIFF/PETITIONER: RONALD NICHOLSEN II
DEFENDANT/RESPONDENT: KELHAM VINEYARDS & WINERY LLC et al

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER | CASE NUMBER:<br>21CV001403 |
|---|---|

*(Check one):*  ☑ **UNLIMITED CASE**      ☐ **LIMITED CASE**
(Amount demanded       (Amount demanded was
exceeded $25,000)        $25,000 or less)

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date)*: May 10, 2023

2. A copy of the judgment, decree, or order is attached to this notice.

Date: May 10, 2023

Harold H. Davis
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ _____ (SIGNATURE)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

www.courtinfo.ca.gov

| | |
|---|---|
| PLAINTIFF/PETITIONER: RONALD NICHOLSEN II | CASE NUMBER: |
| DEFENDANT/RESPONDENT: KELHAM VINEYARDS & WINERY LLC et al | 21CV001403 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one)*:

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date)*:

   b. from *(city and state)*:

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
   Stacie P. Nelson
   Street address: 400 S. Hope Street, 8th Floor
   City: Los Angeles
   State and zip code: CA 90071

   c. Name of person served:
   Andrew D. White
   Street address: 9461 Charleville Blvd., Suite 757
   City: Beverly Hills
   State and zip code: CA 90212

   b. Name of person served:
   Richard W. Petty
   Street address: 400 S. Hope Street, 8th Floor
   City: Los Angeles
   State and zip code: CA 90071

   d. Name of person served:

   Street address:
   City:
   State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

CIV-130 [New January 1, 2010] **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

1

**PROOF OF SERVICE**

I, the undersigned, declare:

2

3

I am a citizen of the United States of America, am over the age of eighteen (18) years, and not a party to the within action. My business address is 101 Second Street, Suite 2200, San Francisco, CA 94105-3668. On the date below, I caused to be served the following documents:

4

5

♦ **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

6

on the parties involved, addressed as follows:

7

Stacie P. Nelson                                    ***Attorneys for Respondents Kelham Vineyards***
Richard W. Petty                                    ***& Winery LLC***

8

HOLLAND & KNIGHT LLP
560 Mission Street, Suite 1900

9

San Francisco, CA  94105
T: 415.743.6900 / F: 415.743.6910

10

stacie.nelson@hklaw.com
richard.petty@hklaw.com

11

12

Andrew D. White                                    ***Attorneys for Respondent Susanna Rogers***
VGC, LLP                                            ***Kelham***

13

9461 Charleville Blvd., Suite 757
Beverly Hills, CA  90212

14

T: 714.907.5032
awhite@vgcllp.com

15

☐ **BY MAIL:**  I enclosed the documents in a sealed envelope or package addressed to the person(s) listed

16

above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing mail. On the same day that

17

correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage prepaid.

18

19

☐ **BY OVERNIGHT DELIVERY:**  I am personally and readily familiar with the business practice of Greenberg Traurig, LLP, for collection and processing of correspondence and documents for overnight

20

delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by UPS for overnight delivery.

21

☒ **BY ELECTRONIC TRANSMISSION:**  Based on a court order or agreement by the parties, I

22

transmitted true and correct copies of the document(s) via e-mail from lynne.rose@gtlaw.com to the email addresses listed for each party as set forth above or on the attached service list.

23

24

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at San Francisco, California, on May 10, 2023.

25

26

_____
LYNNE  ROSE

27

28

CASE NO. 21CV001403

**PROOF OF SERVICE**

# Attachment

xd

REC'D 5/3/23

1  Harold H. Davis (SBN 235552)
2  Marc R. Baluda (SBN 192516)
   **GREENBERG TRAURIG, LLP**
3  101 Second Street, Suite 2200
   San Francisco, CA 94105
4  Telephone:   (415) 655-1300
5  Facsimile:   (415) 707-2010
   E-mail:      davish@gtlaw.com
6
   *Attorneys for Petitioner RONALD NICHOLSEN II*
7

FILED

MAY 1 0 2023

Clerk of the Napa Superior Court
By: Perez
Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF NAPA

10

11 RONALD NICHOLSEN II,                    Case No. 21CV001403

12            Petitioner,
                                           **[PROPOSED] ORDER FOLLOWING
13 v.                                      CONTINUED SECOND ORDER TO SHOW
                                           CAUSE HELD ON APRIL 17, 2023**
14 KELHAM VINEYARDS & WINERY LLC,
   AND SUSANNA ROGERS KELHAM,
15                                         Hearing Date: April 17, 2023
              Respondents.                 Time:         8:30 a.m.
16                                         Dept.:        B

17

18

19

20

21

22

23

24

25

26

27

28

                                      1
                              **[PROPOSED] ORDER**

*ACTIVE 686992263v3*

On the Court's own motion, a continued second Order to Show Cause hearing was held on April 17, 2023, mandating that Respondents Kelham Vineyards & Winery LLC ("Kelham Vineyards" or the "Company") and Susanna Kelham (collectively, "Respondents") show cause why they should not be sanctioned for failing to comply with the Court's Writ of Mandate and Order Granting Petitioner Ronald Nicholsen II's Writ of Mandate to Enforce His Rights to Obtain, Inspect, and Copy Certain Records of a Limited Liability Company Per California Corporations Code dated November 4, 2022 (the "November Order"). The November Order provided, inter alia, that "Respondents must comply with California Corporations Code section 17704.10 by providing Petitioner Ronald Nicholsen II ("Petitioner" or "Nicholsen") with the Company's books and records", as specifically set forth therein. Respondents were required to file and serve an initial return of the writ not later than December 15, 2022.

Subsequently, the Court held a Case Management Conference on January 23, 2023. At that time, Respondents had not filed a case management conference statement and had not returned the writ as required by the November Order. Consequently, the Court set an Order to Show Cause ("First OSC") hearing for February 15, 2023. Respondents did not timely file a response to the OSC per California Rule of Court 3.110(i). At the time of the First OSC hearing, Respondents had still not returned the writ as required by the November Order. As a result, the Court entered an order on March 2, 2023, which, among other things, (i) imposed a sanction of $1,500 on Susanna Kelham, personally, (ii) found that Respondents failure to return the writ was without justification pursuant to California Corporations Code section 17704.10, (iii) set a second Order to Show Cause hearing for March 13, 2023 ("Second OSC"), and (iv) ordered the parties to brief the issue of remedies available to Petitioner for Respondents' failure to comply with California Corporations Code section 17704.10.

In compliance with the March 2, 2023 Order, the parties submitted their briefs and additional filings including, Kelham Vineyards' Initial Return to Writ, filed on March 9, 2023; Petitioner's Petition for Recovery of Fees and Expenses and Response to OSC, filed on March 9, 2023 (the "Petition for Fees"); Kelham Vineyards' Brief Regarding Remedies and Request for Evidentiary

2
**[PROPOSED] ORDER**

ACTIVE 686992263v3

| 1 | Hearing, filed on March 10, 2023; and Petitioner's Notice of Respondents' Noncompliance with the |
| 2 | Court's November 4, 2022 Writ and First Order to Show Cause, and accompanying documents, filed |
| 3 | on March 10, 2023. |

The Second OSC was held on March 13, 2023, and the Court then continued the Second OSC and set a hearing on Petitioner's Petition for Fees for April 17, 2023. The Court also set a briefing schedule with opening briefs due March 30, 2023 and responses due April 11, 2023, and the parties accordingly filed their briefs and responses. On April 17, 2023, the Court heard argument on the pleadings set forth above, and issued an Amended Minute order on April 21, 2023.

**ORDER**

Having fully considered the pleadings, evidence, and arguments of all parties, both written and oral, and finding good cause therefor, the Court HEREBY ADOPTS ITS AMENDED MINUTE ORDER, attached hereto as Exhibit A, with the following modification:

1. Respondent Susanna Kelham (on behalf of Respondents) is ordered to personally pay, within 15 days of the notice of entry of this order, $134,679.40 (consisting of $107,820 in attorneys' fees, $2,449.61 in costs and $24,409.79 in expenses) payable to Petitioner's counsel.

**IT IS SO ORDERED**

Dated: 5-9 , 2023       By: _____

2

[PROPOSED] ORDER

*ACTIVE 686992263v3*

# Exhibit A



**Superior Court of California**
**County of Napa**

**Amended Minutes**

**Case #: 21CV001403**     **Ronald Nicholsen, II vs Kelham Vineyards & Winery LLC et al**

| **Hearing Date:** | 04/17/2023 | **Hearing Time:** | 8:30 AM |
| **Judicial Officer:** | Scott R.L. Young | **Clerk:** | O Cruz De Hernandez |
| **Court Reporter:** | No Court Reporter | **Interpreter:** | |
| **Courtroom:** | Courtroom B | | |

**Parties Present:**

| Davis, Harold Henry | Attorney In Person |
| Nicholsen, Ronald, II | Petitioner Via Zoom |
| Petty, Richard William | Attorney In Person |
| Baluda, Marc | Attorney In Person |

## NATURE OF PROCEEDINGS

The matter comes on calendar regularly this date for Other Hearing Re: Attorney's Fees, Cost and Sanctions.

## HEARING

Court hears comments from counsel in regard to the status of the case and Depositions.

Court hears arguments from counsel in regard to Attorney's Fees, Costs, and Sanctions.

Having heard comments, the Court orders this matter continued for a Case Management Conference: to set Evidentiary Hearing as set forth below:

Notice is waived by parties present.

Court hears further comments from counsel in regard to Depositions.

Pursuant to stipulation of the parties, the Deposition of Susana Kelham shall take place on 04/27/2023.

Parties are directed to meet and confer in regard to a potential Zoom Deposition.

-o0o-

After the Hearing, off the record, and outside the presence of the parties, the Court orders the following Amended Tentative Ruling shall be adopted and with the following modifications journal language:

**AMENDED RULING:** The Court rules on the issues presented in the parties' brief as discussed further below.

A. Introduction

On November 4, 2022, the Court granted Petitioner Ronald Nicholsen II's ("Petitioner") Verified Petition for Writ of Mandate and issued a Writ compelling Respondents Kelham Vineyards & Winery LLC's ("Kelham Vineyards")

and Susanna Kelham ("Ms. Kelham") (collectively, "Respondents") to comply with Corporations Code[1] section 17704.10 and to make an initial return to the Writ by 4:00 p.m. on December 15, 2022 ("Writ").

On January 25, 2023, the Court issued an Order to Show Cause regarding Respondents' Failure to Comply with the Writ and Why Sanctions Should Not Issue ("First OSC"). (Minute Order dated 1/25/23.) On February 15, 2023, the Court heard the First OSC. It found no good cause for Respondents' failure to return the Writ on December 15, 2022, and, therefore, sanctions in the amount of $1,500 were issued against Ms. Kelham to be paid by February 28, 2023 by 4:00 p.m. (Minute Order dated 2/15/23.) The Court set an Order to Show Cause as to Why Section 17704.10 Had Not Been Complied With ("Second OSC"). (See Minute Order dated 2/15/23.)

On March 13, 2023, the Court heard the Second OSC. The Court noted that it had received numerous filings by the parties but that it did not have time to review them all in detail prior to the hearing. (See Minute Order dated 3/13/23.) These filings included Kelham Vineyards' Initial Return to Writ, filed on March 9, 2023; Petitioner's Petition for Recovery of Fees and Expenses and Response to OSC, filed on March 9, 2023; Kelham Winery's Brief Regarding Remedies and Request for Evidentiary Hearing, filed on March 10, 2023; and Petitioner's Notice of Respondents' Noncompliance with the Court's November 4, 2022 Writ and First Order to Show Cause, and accompanying documents, filed on March 10, 2023. The Court, therefore, continued the Second OSC to April 17, 2023 and set a briefing schedule with opening briefs due March 30, 2023 and responses due April 11, 2023.

The Court has since reviewed the parties' March 9 and March 10 filings referenced above, as well as the parties' March 30 and April 11 briefs.

B. Issues Raised in Parties' Briefs

Due to the several different filings before the Court, all of which pertain to the issues set for the present hearing, the Court organizes its discussion by the issues raised in the briefs as set forth as follows:

1. Kelham Vineyards contends that it was never served with a copy of the Writ. (Kelham Vineyard's Initial Return to Writ filed 3/9/23.)

2. Kelham Vineyards contends that it has fully complied with Section 17704.10. (Kelham Vineyards' Response to Petitioner's Statement Regarding Specific Records Not Produced ("Kelham Vineyards' Response"), filed 4/11/23; Kelham Vineyard's Initial Return to Writ, filed 3/9/23.)

3. Petitioner contends that he is entitled to recover his attorneys' fees and expenses in bringing this action due to Respondents' continued refusal to comply with the Corporations Code and court orders. (Petitioner's Reply to Respondents' Response to Petition for Recovery of Fees and Expenses, filed 4/11/23; Petitioner's Notice of Noncompliance, filed 3/10/23, at 11:8-14; Petition for Fees and Expenses, filed 3/9/23, at 1:8-12.)

4. Petitioner requests the following additional sanctions due to Respondents' continued failure to return the Writ: that (1) Ms. Kelham pay $3,000 on behalf of Respondents; (2) Respondents scan all the contents of the 29 banker boxes at Ms. Kelham's expense and transmit those records to Petitioner within two weeks; (3) Ms. Kelham provide Petitioner access to all of her personal email accounts and her personal computers; (4) Respondents provide access to computers and electronics for a forensic search; (5) Ms. Kelham be compelled to attend a deposition; and (6) a trial be held to assess any damages Petitioner sustained in this action due to Respondents' failure to return the Writ. (Petitioner's Statement of Records Not Produced ("Petitioner's Statement"), filed 3/30/23, at 16:15-17:19; Petitioner's Notice of Noncompliance, filed 3/10/23, at 11:15-12:11; Petition for Fees and Expenses, filed 3/9/23, at 1:13-15, 10:23-11:5.)

C. Discussion

1. Notice of the Writ on Respondents was Proper

Kelham Vineyards' contention that it was never served with a copy of the Writ is not well taken, as it is being raised for the first time after Kelham Vineyards appeared and asserted substantive arguments on the Writ at the

---

[1] All subsequent statutory references are to the Corporations Code unless otherwise specified.

November 4, 2022 hearing, January 25, 2023 case management conference, and February 15, 2023 First OSC. Moreover, Petitioner provides evidence that counsel waived rights with respect to notice of the November 4, 2022 hearing, at which the Writ was granted. (Petitioner's Notice of Noncompliance, filed 3/10/23, at 4:3-13, citing Declaration of Harold Davis ("Davis Decl.") at ¶ 4, Exh. 3 at 30:3-7.)

Kelham Vineyards' further argues that Code of Civil Procedure section 1096 requires that "[t]he writ must be served in the same manner as a summons in a civil action, except when otherwise expressly directed by order of the Court." (Kelham Winery's Initial Return to Writ filed 3/9/23.) Petitioner demonstrates that he caused the Writ to be personally served on Kelham Vineyards and attempted on five separate occasions to personally serve Ms. Kelham, after which Kelham Vineyard's counsel agreed to accept service on behalf of Ms. Kelham. (Petitioner's Notice of Noncompliance, filed 3/10/23, at 3:26-4:2, citing Davis Decl., at ¶ 2, Exhs. 1-2.)

Based on the foregoing, the Court finds that Respondents were provided proper notice of the Writ.

### 2. The Parties' Disagreement Regarding Respondents' Compliance with the Writ is Appropriate for an Evidentiary Hearing

Kelham Winery's verified Initial Return to Writ, filed on March 9, asserts that it has complied with Section 17704.10 to the extent that the responsive documents are in its possession, custody, or control by providing Petitioner's agents with unfettered access to all of its books and records retained in hard copy for fourteen days in December 2022 and by producing more than 1.21 gigabytes of electronic copies of its books and records (including two copies of QuickBooks files showing every financial transaction involving Respondent during the current and past four fiscal years. (Kelham Winery's Initial Return to Writ filed 3/9/23.)

On April 3, 2023, Ms. Kelham filed a verified Initial Return to Writ, in which she objects to the scope of documents ordered to be produced as beyond the requirements of Section 17704.10[2] and states that she has made a diligent and reasonable inquiry to discover and locate any documents that may be responsive to the Petitioner's document requests as set forth in the Writ and confirms that she has no such documents in her personal possession to the best of her understanding. Ms. Kelham avers that all such documents are kept with Kelham Vineyards. Thus, Ms. Kelham asserts that she has fully complied with Section 17704.10 and requests that the OSC be discharged.

In response, Petitioner identifies several categories of documents which still have not been produced. (See Petitioner's Statement, filed 3/30/23, at 1:14-14:13; Petitioner's Notice of Noncompliance, filed 3/10/23, at 5:4-9:12; Petitioner's Notice of Ms. Kelham's Noncompliance, filed 4/11/23, at 10, fn. 2.) Petitioner cites to Kelham Vineyard's Response to the First OSC to show that Kelham Vineyard's concedes it has not produced certain documents. (Kelham Vineyards' Response to First OSC, filed 2/14/23.) However, Kelham Vineyard's Response to the First OSC also asserts that those certain categories of documents do not exist or are not prepared as part of its ordinary operations. (Id., at 2:24-7:13.) Moreover, Kelham Vineyard's Response filed on April 11, 2023 contends that, although Petitioner claims there are additional responsive documents, the documents either have been made available for copying and can be made available again, are outside of the Court's order, or do not exist. (Kelham Vineyard's Response, filed 4/11/23, at 2:23-6:4.)

The Court recognizes that the parties seriously dispute whether Kelham Vineyards has fully complied with the Writ. At this juncture, the Court is unable to ascertain the veracity of the parties' countering contentions which are purely argument at this point. Thus, the Court finds that an evidentiary hearing is appropriate. The Court does not elect to exercise its discretion to grant a jury trial on the issue, as requested by Petitioner, where an evidentiary hearing before the Court should more than suffice. (See Petitioner's Notice of Noncompliance, filed 3/10/23, at 10:6-25, citing Code Civ. Proc., § 1090.)

Based on the foregoing, **appearances are required** to discuss setting an evidentiary hearing.

### 3. Petitioner's Request for Fees and Costs is Granted in Part

Petitioner requests an award of $248,859.00 for reimbursement of the reasonable expenses he incurred, including attorney's fees, in connection with the action to date. (Petitioner's Reply, filed 4/11/12, at 2:8-11;

---

[2] The Court is not inclined to rule on Ms. Kelham's belated objections to the scope of the Writ, where she made no written response to the underlying Petition for Writ, and where the parties—through counsel—had the opportunity to argue the substance of the Petition for Writ and, indeed, mutually agreed to the terms of the Writ at the November 4, 2022 hearing.

Petition for Fees and Expenses, filed 3/9/23, at 2:2-4.) $168,418.80 of that amount represents requested attorneys' fees for work done up to March 9, 2023, $80,440.20 represents requested attorneys' fees for work done from March 9, 2023 to present, $2,449.61 represents filing and motion costs, and $24,409.79 represents Petitioner's on-site scanning fees. Petitioner requests that "Ms. Kelham be personally liable because she is the managing member of the Company, and any order against the Company would hurt [Petitioner's] interest in the Company." (Notice of Noncompliance, filed 4/11/23, at 14; Notice of Noncompliance, filed 3/10/23, at 12.)

Petitioner relies on Section 17704.10, subdivision (g), and Code of Civil Procedure section 1209, subdivision (a)(5), as authority for his request.

Section 17704.10, subdivision (g), authorizes the court to award attorneys' fees in an amount sufficient to reimburse the person bringing the action if the court finds the limited liability company's failure to comply with the requirements of Corporations Code section 17704.10 is without justification. (Corp. Code, § 17704.10(g).) Code of Civil Procedure section 1209, subdivision (a)(5) identifies "disobedience of any lawful judgment, order, or process of the court" as "contempt of the authority of the court" for which reasonable attorney's fees and costs incurred may be imposed as a fine. (Petitioner's Statement, filed 3/30/23, at 16:7-14; Petitioner's Notice of Noncompliance, filed 3/10/23, at 11:8-14, citing *Moore v. Superior Court* (2020) 57 Cal.App.5th 441, 464-65.)

As noted in the Court's Tentative Ruling for the November 4, 2022 hearing, Petitioner provided evidence that, prior to bringing the instant action, he made requests to Kelham Vineyards and Ms. Kelham to inspect and copy Kelham Vineyards' records, including its operating agreement, books and records, articles of organization, and tax returns, and that his requests were denied. (See Declaration of Marc R. Baluda filed in Support of Petitioner's Opening Brief, at ¶¶ 5, 7, 10, 15, 23, Exhs. 2-3, 6, 11, 14; Declaration of Sean McNamee filed in Support of Petitioner's Opening Brief, at ¶ 4, Exh. 20.) Moreover, the Court previously found, in a March 2, 2023 Order, that Respondents' failure to return the Writ was without justification pursuant to Section 17704.10. (Petition for Fees and Expenses filed 3/9/23, at 2:1-2, citing Declaration of Harold H. Davis ("Davis Dec."), ¶ 15, Exh. 9 (First OSC Order).)

Based on the foregoing, the Court finds that an award of attorneys' fees is appropriate for Respondents' failure to return the Writ without justification as ordered on March 2, 2023. The Court notes that, on March 9, 2023, Kelham Vineyards filed a verified Initial Return to the Writ and Ms. Kelham has since filed a verified return. Although Petitioner disputes Respondents' contentions therein that they have fully complied with the Writ, a determination on this issue is still outstanding and requires an evidentiary hearing. Thus, an award of attorney's fees incurred following the March 9, 2023 return (i.e., $80,440.20) is premature at this time.

Pursuant to Exhibit 11 attached to the Declaration of Marc Baluda in support of the Petition for Fees and Expenses, filed on March 9, 2023, Petitioner's counsel has spent a total of 301.2 hours up through March 9, 2023. Attorney Harold Davis spent 31.3 hours, Marc Baluda spent 56 hours, and Richard Rodriguez spent 213.9 hours.

Respondents argue that "Petitioner, at most, is entitled to recover for his attorney's fees in bringing the original petition, but not in reviewing the documents that he obtained from the inspection" because "[t]he LLC's operating agreement provides that any inspection and copying are done at the inspecting party's expense. (Respondents' Response, filed 3/30/23, at ¶ 5, citing Operating Agreement § 6.1.) That provision of the Operating Agreement, however, does not contemplate an action under Section 17704.10. Thus, this argument disregards Section 17704.10(g)'s authorization to award expenses incurred in connection with the action or proceeding. Moreover, it ignores Section 17704.10(a)'s provision that Respondents shall incur the expense of delivering a copy of the documents.

Respondents raise a concern that Mr. Rodriguez is an attorney licensed in Florida but not in California. Petitioner appears to argue that, due to Mr. Rodriguez not being licensed in California, his billing rate was reduced to $650. Petitioner further argues that the Rules of Professional Conduct, Rule 5.5, do not prohibit attorneys licensed in other states to work under practicing California attorneys and that Mr. Rodriguez has not appeared in court, provided legal advice, or filed pleadings under his name. Pursuant to Rule 5.5, subdivision (c)(1), a lawyer admitted in another United States jurisdiction may provide legal services on a temporary basis in this jurisdiction that are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter.

Other than the points discussed and denied above, Respondents do not otherwise contend that the hours set forth in Petitioner's March 9, 2023 Petition are unreasonable. Thus, the Court finds the hours spent by

Petitioner's counsel reasonable.

The Court does not, however, find the hourly rates of Petitioner's counsel reasonable. (Petition for Fees and Expenses, filed 3/9/23, at 5:18-21; Declaration of Marc Baluda ("Baluda Decl."), Exh. 10.) As both parties recognize, attorney fees should be reimbursed only at a rate commensurate with the reasonable hourly rate prevailing in the community for similar work; that community, here, being Napa County. (Petition for Fees and Expenses, filed 3/9/23, at 6:2-3; Respondents' Response, filed 3/30/23, at ¶ 11.) Hourly rates in Napa County are nowhere near the $1,266 or $1,340 that Petitioner is requesting for attorneys Davis and Baluda. Nor does the Court consider attorney Rodriguez's $650 hourly rate comparable to "junior associate billing rates" in this area, contrary to Petitioner's contention.

Petitioner argues that his efforts to engage counsel based in Napa to represent him were unsuccessful because of actual or potential conflicts of interest. (Petition for Fees and Expenses, filed 3/9/23, at 6:9-11, citing *Horsford v. Board of Trustees of Cal. State Univ.* (2005) 132 Cal.App.4th 359, 399; Declaration of Ronald Nicholsen II, at ¶ 2.) "Although *Horsford* demonstrates there are circumstances where it is appropriate to base a fee award on nonlocal hourly rates, the case also supports the proposition that an award based on local rates is the default rule, from which the trial court may deviate in its discretion, where justified by the circumstances." (*Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc.* (2014) 226 Cal.App.4th 26, 72.) Here, Petitioner does not assert that he made a good faith effort to exhaust his search for local counsel or elsewhere with similar rates as Napa County, nor has Petitioner made a satisfactory showing that the circumstances justify the higher non-local rates.

Thus, the Court does not exercise its discretion to deviate from local hourly rates, which the Court believes are closer to $300 for associates and $500 for partners. Based on this, Petitioner's request for reimbursement of attorneys' fees is GRANTED IN PART in the amount of $107,820 (= 31.3 hours by Attorney Davis x $500 + 56 hours by Attorney Baluda x $500 + 213.9 hours by Attorney Rodriguez x $300).

The Court further GRANTS Petitioner's request for $2,449.61 in costs and $24,409.79 in expenses incurred as a result of the Writ.

Based on the foregoing, Ms. Kelham (on behalf of Respondents)[3] is ordered to pay, within 15 days of the notice of entry of judgment, $134,679.40 payable to Petitioner's counsel.

### 4. Petitioner's Request for Additional Sanctions is Denied

Petitioner relies on the following authority for his request for additional sanctions.

First, "[i]f a peremptory mandate has been issued and directed to an inferior tribunal, corporation, board, or person, and it appears to the court that a member of the tribunal, corporation, or board, or the person upon whom the writ has been personally served, has, without just excuse, refused or neglected to obey the writ, the court may, upon motion, impose a fine not exceeding one thousand dollars. In case of persistence in a refusal of obedience, the court may order the party to be imprisoned until the writ is obeyed, and may make any orders necessary and proper for the complete enforcement of the writ." (Code Civ. Proc., § 1097, see also *King v. Woods* (1983) 144 Cal.App.3d 571, 576-78.) "Because these methods vary in their severity, different levels of disobedience must be shown to justify their use." (*King, supra,* 144 Cal.App.3d at 576-78.)

Second, California courts have inherent power to "take appropriate action to secure compliance with . . . orders, to punish contempt, and to control its proceedings." (*Vidrio v. Hernandez* (2009) 172 Cal.App.4th 1443, 1454; Code Civ. Proc., § 128, *et seq.*)

With respect to the requested monetary sanctions in the amount of $3,000, the Court does not find, at this time without more, that Respondents' alleged noncompliance with the Writ is without just excuse. Respondents aver that they have worked tirelessly in a good faith effort to comply with the document requests, have produced a voluminous number of documents, and have attempted to explain why certain documents have not been produced. The Court recognizes that these contentions were not made under oath; however, until the Court can determine whether or not Respondents have complied with the Writ by way of an evidentiary hearing, it is unable to find a continued noncompliance without just excuse. Thus, the request for monetary sanctions is DENIED.

---

[3] Respondents did not address or object to Petitioner's request that Ms. Kelham be personally liable for Respondents' reimbursement of the fees and costs.

With respect to the remaining requested sanctions, which all relate to discovery in nature, Petitioner provides no discussion or argument as to the requested discovery-related orders, other than including the requests in a list. Moreover, the Court finds that the anticipated evidentiary hearing, where the parties can testify under oath, renders unnecessary or premature any discovery-related orders. The Court notes that Petitioner has noticed the deposition of Ms. Kelham pursuant to the Civil Discovery Act. (Petitioner's Notice of Ms. Kelham's Noncompliance, filed 4/11/23, at 12:14-13:12.) To the extent Petitioner contends Ms. Kelham has not complied with that notice, the Code of Civil Procedure sets forth appropriate avenues by which to enforce the notice, as opposed to by way of sanctions. Thus, at this time, the request for the discovery-related sanctions is DENIED.

**FUTURE HEARINGS**

May 18, 2023 8:30 AM Conference: Case Management
Courtroom B
Young, Scott R.L.

-o0o-

# Exhibit 8

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF NAPA

---oOo---

RONALD NICHOLSEN II,                    )
                                        )
            Petitioner,                 )
                                        )
      vs.                               )      No. 21CV001403
                                        )
KELHAM VINEYARDS & WINERY LLC           )
and SUSANNA ROGERS KELHAM,              )
                                        )
            Respondents.                )
_____ )

**CERTIFIED COPY**

---oOo---

VIDEOTAPED DEPOSITION OF PERSON MOST KNOWLEDGEABLE

OF KELHAM VINEYARDS & WINERY, LLC

SUSANNA ROGERS KELHAM

---oOo---

Napa, California
Thursday, April 27, 2023
9:05 a.m.

CECILIA E. RODRIGUEZ, CSR No. 11479, RPR

Sims & Sims Reporting, Inc.    (707) 226-3022

1                      ---oOo---

2                    I N D E X

3                      ---oOo---

4

5    APPEARANCES:                                    PAGE

6                                                     11

7                      ---oOo---

8

9    EXAMINATION BY:                                 PAGE

10         MR. DAVIS  . . . . . . . . . . . .          15

11                      ---oOo---

12   DEPOSITION EXHIBITS:                            PAGE

13

14      1   Amended Notice of Taking Deposition       17

15          of Kelham Vineyards and Winery LLC's

16          Person Most Knowledgeable

17      2   Emails to Harold Davis and Marc           23

18          Baluda from Richard Petty dated

19          November 15, 2021

20      3   Order Sanctioning Respondent              24

21          Susanna Rogers Kelham For Failure to

22          Comply With the Court's Writ of

23          Mandate and Order Dated November 4,

24          2022

25   ///

Sims & Sims Reporting, Inc.        (707) 226-3022

1    BE IT REMEMBERED that, on Thursday, the 27th

2    day of April, 2023, commencing at the hour of 9:05

3    o'clock a.m. thereof, at Sims & Sims Reporting, 1700

4    Second Street, Suite 308, Napa, California, before

5    me, Cecilia E. Rodriguez, CSR No. 11479, a duly

6    licensed Certified Shorthand Reporter in the State

7    of California, there personally appeared

8                    SUSANNA ROGERS KELHAM,

9    the witness herein, who, being by me first

10   duly sworn, was thereupon examined and testified as

11   hereinafter set forth.

12                    ---oOo---

13                A P P E A R A N C E S

14                    ---oOo---

15   GREENBERG TRAURIG, LLP, 101 Second Street,

16   Suite 2200, San Francisco, California 94105,

17   represented by HAROLD H. DAVIS, ESQUIRE, appeared

18   as counsel on behalf of the Petitioner herein.

19        GREENBERG TRAURIG, LLP, 101 Second Street,

20   Suite 2200, San Francisco, California 94105,

21   represented by MARC R. BALUDA, ESQUIRE, appeared

22   as counsel on behalf of the Petitioner herein.

23        GREENBERG TRAURIG, LLP, 101 Second Street,

24   Suite 2200, San Francisco, California 94105,

25   represented by RICHARD RODRIGUEZ, ESQUIRE, of

Case: 23-10384   Doc# 11-2   Filed: 07/31/23   Entered: 07/31/23 16:13:45   Page 62 of 154

1    counsel, on behalf of the Petitioner herein.

2         VGC LLP, 9461 Charleville Boulevard, Suite

3    757, Beverly Hills, California 90212, represented by

4    ANDREW D. WHITE, ESQUIRE, appeared as counsel on

5    behalf of the Respondent Susanna Rogers Kelham,

6    herein.

7         HOLLAND & KNIGHT, LLP, 400 S. Hope Street,

8    8th Floor, Los Angeles, California 90071, represented

9    by RICHARD W. PETTY, ESQUIRE, appeared as counsel on

10   behalf of the Respondents Kelham Vineyards & Winery,

11   LLC, herein.

12        Mike Tunick, Videographer, Ronald Nicholsen,

13   Hamilton Nicholsen and Genevieve Crego were also

14   present.

15

16

17

18

19

20

21

22

23

24

25

12

1    counsel, on behalf of the Petitioner herein.

2            VGC LLP, 9461 Charleville Boulevard, Suite

3    757, Beverly Hills, California 90212, represented by

4    ANDREW D. WHITE, ESQUIRE, appeared as counsel on

5    behalf of the Respondent Susanna Rogers Kelham,

6    herein.

7            HOLLAND & KNIGHT, LLP, 400 S. Hope Street,

8    8th Floor, Los Angeles, California 90071, represented

9    by RICHARD W. PETTY, ESQUIRE, appeared as counsel on

10   behalf of the Respondents Kelham Vineyards & Winery,

11   LLC, herein.

12           Mike Tunick, Videographer, Ronald Nicholsen,

13   Hamilton Nicholsen and Genevieve Crego were also

14   present.

15

16

17

18

19

20

21

22

23

24

25

Sims & Sims Reporting, Inc. * (707) 226-3022

|      | PROCEEDINGS |
|------|-------------|
| 1    | PROCEEDINGS |
| 2    | THE VIDEOGRAPHER:  We're going on record at |
| 3    | 9:05 a.m.  It's April 27, 2023.  This marks the |
| 4    | beginning of the deposition Susanna Kelham in the |
| 5    | matter of Ronald Nicholsen II vs. Kelham Vineyards & |
| 6    | Winery LLC.  And this is for the Superior Court, |
| 7    | State of California, County of Napa, case number |
| 8    | 21CV001403.  We're located at Sims & Sims Deposition |
| 9    | Reporters in Napa.  The videographer is Mike Tunick, |
| 10   | and I've been retained by counsel for the Petitioner. |

1                     PROCEEDINGS

2          THE VIDEOGRAPHER:  We're going on record at

3     9:05 a.m.  It's April 27, 2023.  This marks the

4     beginning of the deposition Susanna Kelham in the

5     matter of Ronald Nicholsen II vs. Kelham Vineyards &          09:06:19

6     Winery LLC.  And this is for the Superior Court,

7     State of California, County of Napa, case number

8     21CV001403.  We're located at Sims & Sims Deposition

9     Reporters in Napa.  The videographer is Mike Tunick,

10    and I've been retained by counsel for the Petitioner.

11         And now can we have our attorneys present

12    please introduce yourselves.

13         MR. DAVIS:  Good morning.  My name is Harold

14    Davis.  I'm with Greenberg Traurig in San Francisco.

15    And with me today is my partner and shareholder Marc     09:06:54

16    Baluda, and also of counsel with the firm Richard

17    Rodriguez.  Also, in attendance is Petitioner

18    Mr. Nicholsen.

19         MR. WHITE:  Good morning.  Andrew White on

20    behalf of Respondent Susanna Kelham.                      09:07:08

21         MR. PETTY:  Richard Petty on behalf of the

22    LLC.

23              SUSANNA ROGERS KELHAM,

24          Having first been duly sworn, was

25            examined and testified as follows:

Sims & Sims Reporting, Inc.     (707) 226-3022

1                          ---oOo---

2          MR. DAVIS:  Good morning, Ms. Nicholsen.  As

3   I mentioned, my name is -- or excuse me, Ms. Kelham,

4   my name is Harold Davis.  Just before we begin, I

5   need to put on the record that I have an objection to          09:07:37

6   some of the people that are here viewing the

7   deposition today.

8          I was notified yesterday that Mr. Hamilton

9   Nicholsen would be here, and I did voice that

10  objection.  I was not aware that Mrs. Crego would be          09:07:48

11  here.  The basis for that objection is is that

12  they're going to be witnesses, and I actually have

13  deposition notices out to them.  I haven't had a

14  chance to address that with the court.  I'm not

15  trying to create an argument or anything, but I do           09:08:00

16  want to make it clear on the record that we have an

17  objection because they're going to be deposed later

18  on.

19         MR. WHITE:  Okay.  And I'll respond to that.

20  Mr. Nicholsen and Ms. Crego have the absolute right,         09:08:09

21  according to California law, to be present today.

22  Mr. Nicholsen is an officer of the LLC.  They're also

23  here for emotional support for Ham's mother,

24  Ms. Kelham here.

25         We've already made it clear that this               09:08:27

14

1        THE WITNESS:  I don't know.

2   BY MR. DAVIS:

3   Q.    Okay.  Does Kelham Vineyards pay utilities

4   for other properties, other than 360 Zinfandel Lane?

5        MR. WHITE:  Vague and ambiguous.                    02:30:55

6   Speculation.

7        Same instruction.  This is outside of your

8   scope of a PMK.  You can answer in your personal

9   capacity.

10       THE WITNESS:  I have -- I don't know.              02:31:01

11  BY MR. DAVIS:

12  Q.    What is the guest house Main Street?

13  A.    The guest house Main Street is a house that I

14  owned and purchased by myself.  And it's a guest

15  house.                                                  02:31:15

16  Q.    Does Kelham Vineyards pay anything related to

17  the guest house on Main Street?

18       MR. WHITE:  Same instruction.

19       This is outside your PMK scope.  Answer in

20  your personal capacity.                                 02:31:29

21       THE WITNESS:  Yes.  The -- I'm trying to

22  think.  The rent is 5250.  And that is to rent it so

23  that we are able to -- as a promotional, we have it

24  for the winery for people that come and are in our

25  club, only club people.  And they have a place to      02:32:03

Sims & Sims Reporting, Inc.     (707) 226-3022

1  stay.

2  BY MR. DAVIS:

3  Q.     Okay.  So Kelham Vineyards pays rent for the

4  guest house at Main Street, is that -- do I have that

5  right?

6  A.     Yes.

7         (Exhibit 29 was marked for identification.)

8  BY MR. DAVIS:

9  Q.     Okay.  I'm going to hand you what I've marked

10  as Exhibit 29 to your deposition.  I'll represent to          02:32:21

11  you that it is a portion taken from the QuickBooks

12  file that we received that's dated May 27, 2022.  And

13  it's a Profit & Loss statement from January through

14  December 2021.

15         Have you seen this profit and loss statement          02:32:39

16  before?

17  A.     No, I haven't.

18  Q.     If we turn to the page that says "Page 4 of

19  5" at the bottom right-hand corner, and you'll see an

20  entry at the top.  I believe it's the fourth entry          02:32:55

21  marked "6506 Rent/Lease Guest House Main Street,

22  $42,000"; do you see that?

23  A.     I do.

24  Q.     So is that rent that Kelham Vineyards was

25  paying for the use of that guest house?          02:33:11

Case: 23-10384*  Doc# 112  Filed: 07/31/23  Entered: 07/31/23 16:13:45  Page 68
of 154

1   purchased from?

2   A.      No.

3   Q.      Okay.  Then the next category is -- it looks

4   like it's crossed out.  It says "Payments owed for

5   Main Street Cottage"; do you see that?                    05:05:02

6   A.      Yes.

7   Q.      Does this indicate that all payments related

8   to the Main Street Cottage have been paid?

9           MR. WHITE:  Hold on.

10          Speculation beyond the scope of her testimony      05:05:12

11  as a PMK.  Lacks foundation.

12          Go ahead.

13          THE WITNESS:  You'd have to ask Mel.

14  BY MR. DAVIS:

15  Q.      Okay.  And I have to ask Mel because you           05:05:21

16  don't know; is that right?

17  A.      I don't.

18  Q.      Okay.  And would the same be true that you

19  don't know about the payments for the Main Street

20  Cottage that's listed below, the crossed out amounts       05:05:35

21  there?

22  A.      Correct.

23  Q.      Then the -- I think the last one on this

24  document that I want to ask about is the very last

25  entry that lists $277,775; do you see that entry?          05:05:46

Sims 1 & Sims Reporting, Inc.    (707) 226-3022

Case: 23-10384*  Doc# 11-2  Filed: 07/31/23  Entered: 07/31/23 16:13:45  Page 69
of 154

# Exhibit 9

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF NAPA

--oOo--

RONALD NICHOLSEN II,              )
                                  )
            Petitioner,           )
                                  )
            VS.                   )      No. 21CV001403
                                  )
KELHAM VINEYARDS & WINERY         )
LLC and SUSANNA ROGERS            )
KELHAM,                           )
                                  )
            Respondents.          )
                                  )
                                  )

**CERTIFIED COPY**

--oOo--

DEPOSITION OF MELANIE DRESCHER

--oOo--

Napa, California
Thursday, May 18, 2023
10:05 a.m.

--oOo--

REPORTED BY: KATHLEEN M. SOLOAGA, CSR, RPR
            CSR License No. 6957

```
 1                    I N D E X

 2                                              PAGE

 3   APPEARANCES                                  10

 4

 5   EXAMINATION BY:

 6         MR. DAVIS                              11

 7

 8   EXHIBITS FOR PETITIONER:

 9   No. 1 -  Amended Notice of Taking Deposition of    13

10            Melanie Carrico Drescher

11   No. 2 -  Amended Notice of Deposition of Kelham    13

12            Vineyards and Winery LLC's Person Most

13            Knowledgeable

14   No. 3 -  Letter to Melanie Carrico from Susanna    21

15            Kelham

16   No. 4 -  Document headed Kelham Vineyards,         32

17            Susanna Kelham Bookkeeping Information

18            Form - Melanie Carrico, dated 8/26/21

19   No. 5 -  Invoice dated 6/1/2022 from MDM          49

20            Bookkeeping, Inc., to Kelham Vineyards

21   No. 6 -  Document headed Hey Mel with             54

22            handwritten notes

23   No. 7 -  Invoice dated 2/15/2022 from MDM         75

24            Bookkeeping, Inc., to Kelham Vineyards

25   //                                               //
```

Sims & Sims Reporting, Inc.    (707) 226-3022

1    BE IT REMEMBERED that, pursuant to Notice of

2  Taking Deposition, and on Thursday, May 18, 2023,

3  commencing at 10:05 a.m. thereof, at office of Sims &

4  Sims Reporting, Inc., 1700 Second Street, Suite 308,

5  Napa, California, before me, KATHLEEN M. SOLOAGA, CSR No.

6  6957, a duly licensed Certified Shorthand Reporter in the

7  State of California, there personally appeared

8                    MELANIE DRESCHER,

9  a witness called under the appropriate and applicable

10  provisions of the Codes of the State of California, who,

11  being first duly sworn, was thereupon examined and

12  testified as hereinafter set forth.

13                    --oOo--

14            A P P E A R A N C E S

15                    --oOo--

16    HAROLD H. DAVIS, Attorney at Law, and MARC R.

17  BALUDA, Attorney at Law, of GREENBERG TRAURIG, LLP, 101

18  Second Street, Suite 2200, San Francisco, California

19  94105-3668, appeared as counsel on behalf of Petitioner.

20    RICHARD W. PETTY, Attorney at Law, of HOLLAND &

21  KNIGHT, LLP, 400 South Hope Street, 8th Floor, Los

22  Angeles, California 90071-2801, appeared as counsel on

23  behalf of Respondent Kelham Vineyards & Winery, LLC.

24    Also present were Petitioner Ronald Nicholsen

25  II, Hamilton Nicholsen, and Genevieve Crego.

Sims & Sims Reporting, Inc.   (707) 226-3022

```
 1                      --oOo--

 2                 MELANIE DRESCHER,

 3  called as a witness, having been first duly sworn to tell

 4  the truth, the whole truth, and nothing but the truth,

 5  was examined and testified as follows

 6          THE WITNESS:  I do.

 7                      EXAMINATION

 8  BY MR. DAVIS:

 9  Q.      Good morning.  My name is Hal Davis, and I think

10  that you may know that, but for the record, since this is

11  all being taken down stenographically.

12          Can you please state your full name for the

13  record.

14  A.      It's Melanie Drescher.

15  Q.      Would you spell your last name?

16  A.      D-r-e-s-c-h-e-r.

17  Q.      Ms. Drescher, have you ever been deposed before?

18  A.      No.

19  Q.      Okay.  Well, let me just give you a very quick

20  background of what we're going to do here today.  I will

21  ask questions and expect you to answer those questions to

22  the extent that you understand them.

23  A.      Okay.

24  Q.      You have to respond verbally with a yes or a no,

25  or whatever your answer is.  It can't be just head
```

Case: 23-10384*  Doc#: 112  Filed: 07/31/23  Entered: 07/31/23 16:13:45  Page 74 of 154

1    landlord.

2    Q.      Even on a commercial property basis?

3    A.      No.

4    Q.      What is the monthly rent for the Main Street

5    Cottage?

6    A.      I believe it's 5250 a month?  I would have to

7    look to give you an exact number.

8    Q.      I think you told me earlier Ms. Kelham owns Main

9    Street LLC?

10   A.      She does.

11   Q.      Is there a lease agreement between Kelham

12   Vineyards and Main Street LLC?

13   A.      I don't know.

14   Q.      You have never seen one?

15   A.      I've never seen one.

16   Q.      Who does Kelham Vineyards pay that rent to?

17   A.      To Main Street LLC.

18   Q.      And do you know when Kelham Vineyards first

19   started renting the Main Street Cottage?

20   A.      I don't know.  Before my time.

21   Q.      Has Kelham Vineyards paid all the rent due to

22   Main Street LLC?

23   A.      I believe so.  I would have to check.

24   Q.      And do you record the rent that Kelham Vineyards

25   pays for the Main Street Cottage?

Case: 23-10384*  Doc#: 112  Filed: 07/31/23  Entered: 07/31/23 16:13:45  Page 75 of 154

# Exhibit 10

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Harold H. Davis (SBN 235552)<br>GREENBERG TRAURIG, LLP<br>101 Second Street, Suite 2200<br>San Francisco, CA  94105-3668<br><br>TELEPHONE NO.: 415.655.1300    FAX NO. *(Optional):* 415.707.2010<br>E-MAIL ADDRESS *(Optional):* Hal.Davis@gtlaw.com<br>ATTORNEY FOR *(Name):* RONALD NICHOLSEN II | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  NAPA
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS:
CITY AND ZIP CODE: Napa, CA  94556
BRANCH NAME:

PLAINTIFF/PETITIONER: RONALD NICHOLSEN II

DEFENDANT/RESPONDENT: KELHAM VINEYARDS & WINERY LLC et al.

| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE** | CASE NUMBER:<br>21CV001403 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known)*:
HAMILTON NICHOLSEN, 536 Mund Road, St. Helena, CA  94574

1.   **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS** in this action at the following date, time, and place:

> Date: March 1, 2023        Time: 9:00 a.m.        Address: 101 Second St., Ste. 2200, San Francisco, CA 94105

   a. ☐   As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 2. (Code Civ. Proc., § 2025.230.)

   b. ☒   This deposition will be recorded stenographically        ☐   through the instant visual display of testimony
         and by ☐ audiotape        ☒ videotape.

   c. ☒   This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. ☐   If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are as follows:

3. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

| DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE<br>FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY. |
|---|

Date issued: January 20, 2023

Harold H. Davis
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorneys for Petitioner RONALD NICHOLSEN II
_____
(TITLE)

*(Proof of service on reverse)*                                                                 Page 1 of 2

**DEPOSITION SUBPOENA**
**FOR PERSONAL APPEARANCE**

Code of Civil Procedure §§ 2020.310,
2025.220, 2025.230, 2025.250, 2025.620
Government Code, § 68097 1
*www.courts.ca.gov*

Case: 23-10384    Doc# 11-2    Filed: 07/31/23    Entered: 07/31/23 16:13:45    Page 77
of 154

| PLAINTIFF/PETITIONER: RONALD NICHOLSEN II | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KELHAM VINEYARDS & WINERY LLC et al. | 21CV001403 |

**PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE**

1. I served this *Deposition Subpoena for Personal Appearance* by personally delivering a copy to the person served as follows:

    a. Person served *(name)*:

    b. Address where served:

    c. Date of delivery:

    d. Time of delivery:

    e. Witness fees and mileage both ways *(check one)*:

    (1) ☐ were paid. Amount: . . . . . . . . . . $ _____

    (2) ☐ were not paid.

    (3) ☐ were tendered to the witness's public entity employer as required by Government Code section 68097.2. The amount tendered was *(specify)*: . . . . . . . . $ _____

    f. Fee for service: . . . . . . . . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:

    a. ☐ Not a registered California process server

    b. ☐ California sheriff or marshal

    c. ☐ Registered California process server

    d. ☐ Employee or independent contractor of a registered California process server

    e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

    f. ☐ Registered professional photocopier

    g. ☐ Exempt from registration under Business and Professions Code section 22451

    h. Name, address, telephone number, and, if applicable, county of registration and number:

I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

**(For California sheriff or marshal use only)**
I **certify** that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

▶ _____
(SIGNATURE)

**PROOF OF SERVICE OF**
**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE**

# Exhibit 11

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Harold H. Davis (SBN 235552)<br>GREENBERG TRAURIG, LLP<br>101 Second Street, Suite 2200, San Francisco, CA 94105-3668<br><br>TELEPHONE NO.: 415.655.1300　　FAX NO. *(Optional)*: 415.707.2010<br>E-MAIL ADDRESS *(Optional)*: Hal.Davis@gtlaw.com<br>ATTORNEY FOR *(Name)*: RONALD NICHOLSEN II | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA**
STREET ADDRESS: 825 Brown Street
MAILING ADDRESS:
CITY AND ZIP CODE: Napa, CA 94556
BRANCH NAME:

PLAINTIFF/ PETITIONER: RONALD NICHOLSEN II
DEFENDANT/ RESPONDENT: KELHAM VINEYARDS & WINERY LLC, et al.

| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | CASE NUMBER:<br>21CV001403 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known)*:
HAMILTON NICHOLSEN, 536 Mund Road, St. Helena, CA 94574

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS** in this action at the following date, time, and place:

Date: March 1, 2023　　Time: 9:00 a.m.　　Address: 101 Second St., Ste. 2200, San Francisco, CA 94105

 a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc., § 2025.230.)

 b. ☒ You are ordered to produce the documents and things described in item 3.

 c. ☐ This deposition will be recorded stenographically ☐ through the instant visual display of testimony
  and by ☐ audiotape ☐ videotape.

 d. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:

 ☒ Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

 ☐ Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: January 30, 2023

Harold H. Davis
　　(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorney for Petitioner RONALD NICHOLSEN II
(TITLE)

*(Proof of service on reverse)*　　Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-020 [Rev. January 1, 2009] | **DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | Code of Civil Procedure §§ 2020.510,<br>2025.220, 2025.230, 2025.250, 2025.620;<br>Government Code, § 68097.1<br>*www.courts.ca.gov* |
|---|---|---|

| PLAINTIFF/PETITIONER: RONALD NICHOLSEN II<br>DEFENDANT/RESPONDENT: KELHAM VINEYARDS & WINERY LLC, et al. | CASE NUMBER:<br>21CV001403 |
|---|---|

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
## AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. Witness fees and mileage both ways *(check one)*:

       (1) ☐ were paid. Amount: . . . . . . . . . . $ _____

       (2) ☐ were not paid.

       (3) ☐ were tendered to the witness's public entity employer as required by Government Code section 68097.2. The amount tendered was *(specify)*: . . . . . . $ _____

   f. Fee for service: . . . . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:

   a. ☐ Not a registered California process server

   b. ☐ California sheriff or marshal

   c. ☐ Registered California process server.

   d. ☐ Employee or independent contractor of a registered California process server

   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. ☐ Registered professional photocopier

   g. ☐ Exempt from registration under Business and Professions Code section 22451

   h. Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE**
**AND PRODUCTION OF DOCUMENTS AND THINGS**

## ATTACHMENT 3 TO SUBPOENA DUCES TECUM

## Definitions And Instructions

1.      As used herein, the term "document" means any written, recorded or graphic matter, or matter existing on computer software or hardware, including without limitation laptops, smart phones, "cloud" storage systems (e.g., Dropbox), iPads, tablet computers, and personal computers, whether previously erased or not, including but not limited to memoranda, notes, minutes, business records, telephone contacts, correspondence, facsimiles, telegrams, diaries, bookkeeping entries, receipts, work orders, contracts, financial statements, tax returns, checks, check stubs, reports, records, summaries, lists, charts, compilations, graphs, statements, notebooks, handwritten notes, applications, agreements, files, addenda, books, pamphlets, periodicals, appointment calendars, recordings of oral conversations, voice mail messages and electronic mail.

2.      "Communication(s)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes, and emails (including emails from business and personal email accounts).

3.      "Petition" refers to the Verified Petition for Writ of Mandate filed by Petitioner Ronald Nicholsen ("Petitioner") and directed against Kelham Vineyards & Winery LLC ("Kelham Vineyards") and Susanna Kelham ("S. Kelham") (collectively, "Respondents"), filed in the Superior Court of California, Napa County, case no. 21CV001403C.

4.      "Writ" refers to the order dated November 4, 2022, by which the Court issued a Writ for Respondents to return by 4:00 p.m. on December 15, 2022,  and to provide Petitioner certain books and records of Kelham Vineyards.

5.      "Any," "each," and "all" shall be read to be all inclusive and to require the production of each and every document responsive to the request in which such terms appear.

6.      "And" and "or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively, so as to make the request inclusive rather than exclusive, and to require the enumeration of all information responsive to all or any part of each request in which any conjunction or disjunction appears.

7.      Whenever used herein, the singular shall be deemed to include the plural, and vice versa; the present tense shall be deemed to include the past tense and vice versa; the masculine shall be deemed to include the feminine and vice versa.

8.      The term "person" means any natural person, corporation, partnership, proprietorship, association, organization, trust, joint venture, or group of natural persons or other organizations.

9.      "Relating to," "related to" or "relate(s) to" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

*ACTIVE 684868636v1*

10.     The terms "copy" or "copies" shall refer to exact and complete copies of original documents.

11.     Copies may be produced in lieu of originals, <u>provided that</u> such copies are exact and complete copies of original documents and that the original documents be made available at the time of production for the purposes of verifying the accuracy of such copies. Any copies of original documents which are different in any way from the original, whether by interlineation, receipt stamp, notations, indication of copies sent or received, or otherwise, shall themselves be considered original documents and must be produced separately from the originals or copies of originals.

12.     Documents subpoenaed shall include all documents in your physical possession, custody or control, or in the physical possession, custody or control of your agents, attorneys, accountants, advisors, investigators, and any other persons and companies directly or indirectly employed by, or connected with you.

13.     If any document responsive to any request herein was withheld from production of the asserted ground that it is privileged, identify and describe:

      (a)     the author;
      (b)     the recipient;
      (c)     the date of the original document;
      (d)     the subject matter of the document.

14.     If any document responsive to any request herein was, but no longer is, in your possession, custody or control, identify the document (stating its date, author, subject, recipients and intended recipients); explain the circumstances by which the document ceased to be in your possession, custody or control, and identify (stating the person's name, title, business address and telephone number, and home address and telephone number) all persons known or believed to have the document or a copy thereof in their possession, custody or control.

15.     If any document responsive to any request herein was destroyed, discarded, or otherwise disposed of for whatever reasons, identify the document (stating its date, author, addressee(s), recipients and intended recipients, title and subject matter); explain the circumstances surrounding the destruction, discarding or disposal of the documents, including the timing of the destruction, discarding or disposal of the document, and identify all persons known or believed to have the document or a copy thereof in their possession, custody or control.

16.     All documents produced pursuant to this subpoena should be organized by the subpoena paragraph that each document or set of documents is responsive to, and labels referring to that subpoena paragraph should be affixed to each document or set of documents.

17.     This request is continuing in character and if additional responsive documents come to your attention following the date of production, such documents must be promptly produced.

18.     Unless otherwise specified herein, the relevant time period for these requests is 2017 through the present.

2

## DOCUMENTS TO BE PRODUCED

1.  All communications with members of Kelham Vineyards regarding its management, operations, sale, membership interest and equity, and the appraisal of Kelham Vineyards.

2.  All documents related to the appraisal and valuation of Kelham Vineyards and/or the membership interests in Kelham Vineyards.

3.  All documents and communications related to any loans from Kelham Vineyards to You or from You to Kelham Vineyards, and the repayments of such loans.

4.  All documents related to distributions from Kelham Vineyards to You and any other payment from Kelham Vineyards to You in excess of $500.

5.  All documents, notes, memoranda, or any other communication related to the Petition.

6.  All documents, notes, memoranda, or any other communication related to the Writ.

7.  All documents, notes, memoranda, or any other communication related to the location and production of documents responsive to the Writ.

8.  All documents, notes, memoranda, or any other communication related to the written demand by S. Kelham dated October 26, 2022, that Kelham Vineyards vacate the property at 360 Zinfandel Lane, St. Helena, CA.

9.  All documents, notes, memoranda, or any other communication related to services provided by You to Kelham Vineyards after October 26, 2022.

10. All documents, notes, memoranda, or any other communication related to the management and operation of Kelham Vineyards after October 26, 2022.

11. A copy of the fully executed Operating Agreement of Kelham Vineyards.

12. Documents and communications between S. Kelham and You regarding Kelham Vineyards.

13. Any and all written and/or oral agreements between S. Kelham and You.

14. All documents, notes, memoranda, or any other communication regarding any decisions relating to Kelham Vineyards' assets, debts, or changes to its management.

*ACTIVE 684868636v1*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Harold H. Davis (SBN 235552)<br>GREENBERG TRAURIG, LLP<br>101 Second Street, Suite 2200, San Francisco, CA 94105-3668<br><br>TELEPHONE NO.: 415.655.1300  FAX NO. *(Optional):* 415.707.2010<br>E-MAIL ADDRESS *(Optional):* Hal.Davis@gtlaw.com<br>ATTORNEY FOR *(Name):* RONALD NICHOLSEN II | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA |
|---|
| STREET ADDRESS: 825 Brown Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Napa, CA 94556 |
| BRANCH NAME: |

| PLAINTIFF/ PETITIONER: RONALD NICHOLSEN II |
|---|
| DEFENDANT/ RESPONDENT: KELHAM VINEYARDS & WINERY LLC, et al. |

| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | CASE NUMBER:<br>21CV001403 |
|---|---|

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known)*:**
HAMILTON NICHOLSEN, 536 Mund Road, St. Helena, CA 94574

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:**

   Date: February 28, 2023     Time: 9:00 a.m.     Address: 101 Second St., Ste. 2200, San Francisco, CA 94105

   a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc., § 2025.230.)

   b. ☒ You are ordered to produce the documents and things described in item 3.

   c. ☐ This deposition will be recorded stenographically ☐ through the instant visual display of testimony and by ☐ audiotape ☐ videotape.

   d. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:

   ☒ Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

   ☐ Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: February 13, 2023

Harold H. Davis
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorney for Petitioner RONALD NICHOLSEN II
(TITLE)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-020 [Rev. January 1, 2009]

**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS**

Code of Civil Procedure §§ 2020 510,<br>2025 220, 2025 230, 2025.250, 2025 620;<br>Government Code, § 68097 1<br>*www courts ca gov*

| PLAINTIFF/PETITIONER: RONALD NICHOLSEN II | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: KELHAM VINEYARDS & WINERY LLC, et al. | 21CV001403 |

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
## AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. Witness fees and mileage both ways *(check one)*:

   (1) ☐ were paid. Amount: . . . . . . . . . . $ _____

   (2) ☐ were not paid.

   (3) ☐ were tendered to the witness's public entity employer as required by Government Code section 68097.2. The amount tendered was *(specify)*: . . . . . . . $ _____

   f. Fee for service: . . . . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:

   a. ☐ Not a registered California process server

   b. ☐ California sheriff or marshal

   c. ☐ Registered California process server.

   d. ☐ Employee or independent contractor of a registered California process server

   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. ☐ Registered professional photocopier

   g. ☐ Exempt from registration under Business and Professions Code section 22451

   h. Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE**
**AND PRODUCTION OF DOCUMENTS AND THINGS**

# ATTACHMENT 3 TO SUBPOENA DUCES TECUM

## Definitions And Instructions

1.      As used herein, the term "document" means any written, recorded or graphic matter, or matter existing on computer software or hardware, including without limitation laptops, smart phones, "cloud" storage systems (e.g., Dropbox), iPads, tablet computers, and personal computers, whether previously erased or not, including but not limited to memoranda, notes, minutes, business records, telephone contacts, correspondence, facsimiles, telegrams, diaries, bookkeeping entries, receipts, work orders, contracts, financial statements, tax returns, checks, check stubs, reports, records, summaries, lists, charts, compilations, graphs, statements, notebooks, handwritten notes, applications, agreements, files, addenda, books, pamphlets, periodicals, appointment calendars, recordings of oral conversations, voice mail messages and electronic mail.

2.      "Communication(s)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes, and emails (including emails from business and personal email accounts).

3.      "Petition" refers to the Verified Petition for Writ of Mandate filed by Petitioner Ronald Nicholsen ("Petitioner") and directed against Kelham Vineyards & Winery LLC ("Kelham Vineyards") and Susanna Kelham ("S. Kelham") (collectively, "Respondents"), filed in the Superior Court of California, Napa County, case no. 21CV001403C.

4.      "Writ" refers to the order dated November 4, 2022, by which the Court issued a Writ for Respondents to return by 4:00 p.m. on December 15, 2022, and to provide Petitioner certain books and records of Kelham Vineyards.

5.      "Any," "each," and "all" shall be read to be all inclusive and to require the production of each and every document responsive to the request in which such terms appear.

6.      "And" and "or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively, so as to make the request inclusive rather than exclusive, and to require the enumeration of all information responsive to all or any part of each request in which any conjunction or disjunction appears.

7.      Whenever used herein, the singular shall be deemed to include the plural, and vice versa; the present tense shall be deemed to include the past tense and vice versa; the masculine shall be deemed to include the feminine and vice versa.

8.      The term "person" means any natural person, corporation, partnership, proprietorship, association, organization, trust, joint venture, or group of natural persons or other organizations.

9.      "Relating to," "related to" or "relate(s) to" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

*ACTIVE 684868636v1*

10.     The terms "copy" or "copies" shall refer to exact and complete copies of original documents.

11.     Copies may be produced in lieu of originals, <u>provided that</u> such copies are exact and complete copies of original documents and that the original documents be made available at the time of production for the purposes of verifying the accuracy of such copies. Any copies of original documents which are different in any way from the original, whether by interlineation, receipt stamp, notations, indication of copies sent or received, or otherwise, shall themselves be considered original documents and must be produced separately from the originals or copies of originals.

12.     Documents subpoenaed shall include all documents in your physical possession, custody or control, or in the physical possession, custody or control of your agents, attorneys, accountants, advisors, investigators, and any other persons and companies directly or indirectly employed by, or connected with you.

13.     If any document responsive to any request herein was withheld from production of the asserted ground that it is privileged, identify and describe:

      (a)     the author;
      (b)     the recipient;
      (c)     the date of the original document;
      (d)     the subject matter of the document.

14.     If any document responsive to any request herein was, but no longer is, in your possession, custody or control, identify the document (stating its date, author, subject, recipients and intended recipients); explain the circumstances by which the document ceased to be in your possession, custody or control, and identify (stating the person's name, title, business address and telephone number, and home address and telephone number) all persons known or believed to have the document or a copy thereof in their possession, custody or control.

15.     If any document responsive to any request herein was destroyed, discarded, or otherwise disposed of for whatever reasons, identify the document (stating its date, author, addressee(s), recipients and intended recipients, title and subject matter); explain the circumstances surrounding the destruction, discarding or disposal of the documents, including the timing of the destruction, discarding or disposal of the document, and identify all persons known or believed to have the document or a copy thereof in their possession, custody or control.

16.     All documents produced pursuant to this subpoena should be organized by the subpoena paragraph that each document or set of documents is responsive to, and labels referring to that subpoena paragraph should be affixed to each document or set of documents.

17.     This request is continuing in character and if additional responsive documents come to your attention following the date of production, such documents must be promptly produced.

18.     Unless otherwise specified herein, the relevant time period for these requests is 2017 through the present.

2

## DOCUMENTS TO BE PRODUCED

1.   All communications with members of Kelham Vineyards regarding its management, operations, sale, membership interest and equity, and the appraisal of Kelham Vineyards.

2.   All documents related to the appraisal and valuation of Kelham Vineyards and/or the membership interests in Kelham Vineyards.

3.   All documents and communications related to any loans from Kelham Vineyards to You or from You to Kelham Vineyards, and the repayments of such loans.

4.   All documents related to distributions from Kelham Vineyards to You and any other payment from Kelham Vineyards to You in excess of $500.

5.   All documents, notes, memoranda, or any other communication related to the Petition.

6.   All documents, notes, memoranda, or any other communication related to the Writ.

7.   All documents, notes, memoranda, or any other communication related to the location and production of documents responsive to the Writ.

8.   All documents, notes, memoranda, or any other communication related to the written demand by S. Kelham dated October 26, 2022, that Kelham Vineyards vacate the property at 360 Zinfandel Lane, St. Helena, CA.

9.   All documents, notes, memoranda, or any other communication related to services provided by You to Kelham Vineyards after October 26, 2022.

10.  All documents, notes, memoranda, or any other communication related to the management and operation of Kelham Vineyards after October 26, 2022.

11.  A copy of the fully executed Operating Agreement of Kelham Vineyards.

12.  Documents and communications between S. Kelham and You regarding Kelham Vineyards.

13.  Any and all written and/or oral agreements between S. Kelham and You.

14.  All documents, notes, memoranda, or any other communication regarding any decisions relating to Kelham Vineyards' assets, debts, or changes to its management.

*ACTIVE 684868636v1*

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Harold H. Davis (SBN 235552)<br>GREENBERG TRAURIG, LLP<br>101 Second Street, Suite 2200, San Francisco, CA 94105-3668<br><br>TELEPHONE NO.: 415.655.1300    FAX NO. *(Optional):* 415.707.2010<br>E-MAIL ADDRESS *(Optional):* Hal.Davis@gtlaw.com<br>ATTORNEY FOR *(Name):* RONALD NICHOLSEN II | *FOR COURT USE ONLY* |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA<br>STREET ADDRESS: 825 Brown Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Napa, CA 94556<br>BRANCH NAME: | |
| PLAINTIFF/ PETITIONER: RONALD NICHOLSEN II<br>DEFENDANT/ RESPONDENT: KELHAM VINEYARDS & WINERY LLC, et al. | |
| **DEPOSITION SUBPOENA**<br>**FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS** | CASE NUMBER:<br>21CV001403 |

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of deponent, if known):*
HAMILTON NICHOLSEN, 536 Mund Road, St. Helena, CA 94574

1. **YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS** in this action at the following date, time, and place:

   Date: March 31, 2023    Time: 9:00 a.m.    Address: 101 Second St., Ste. 2200, San Francisco, CA 94105

   a. ☐ As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in item 4. (Code Civ. Proc., § 2025.230.)

   b. ☒ You are ordered to produce the documents and things described in item 3.

   c. ☐ This deposition will be recorded stenographically ☐ through the instant visual display of testimony and by ☐ audiotape ☐ videotape.

   d. ☒ This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:

   ☒ Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

   ☐ Continued on Attachment 4.

5. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition. Unless the court orders or you agree otherwise, if you are being deposed as an individual, the deposition must take place within 75 miles of your residence or within 150 miles of your residence if the deposition will be taken within the county of the court where the action is pending. The location of the deposition for all deponents is governed by Code of Civil Procedure section 2025.250.*

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF $500 AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: March 15, 2023

► _____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Harold H. Davis           Attorney for Petitioner RONALD NICHOLSEN II
(TYPE OR PRINT NAME)           (TITLE)

(Proof of service on reverse)           Page 1 of 2

| PLAINTIFF/PETITIONER: RONALD NICHOLSEN II<br>DEFENDANT/RESPONDENT: KELHAM VINEYARDS & WINERY LLC, et al. | CASE NUMBER:<br>21CV001403 |
|---|---|

## PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
## AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:

   b. Address where served:

   c. Date of delivery:

   d. Time of delivery:

   e. Witness fees and mileage both ways *(check one)*:

      (1) ☐ were paid. Amount: . . . . . . . . . . $ _____

      (2) ☐ were not paid.

      (3) ☐ were tendered to the witness's
          public entity employer as
          required by Government Code
          section 68097.2. The amount
          tendered was *(specify)*: . . . . . . $ _____

   f. Fee for service: . . . . . . . . . . . . . . . . . $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:

   a. ☐ Not a registered California process server

   b. ☐ California sheriff or marshal

   c. ☐ Registered California process server.

   d. ☐ Employee or independent contractor of a registered California process server

   e. ☐ Exempt from registration under Business and Professions Code section 22350(b)

   f. ☐ Registered professional photocopier

   g. ☐ Exempt from registration under Business and Professions Code section 22451

   h. Name, address, telephone number, and, if applicable, county of registration and number:

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
          (SIGNATURE)

**(For California sheriff or marshal use only)**
**I certify** that the foregoing is true and correct.

Date:

▶ _____
          (SIGNATURE)

**PROOF OF SERVICE**
**DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE**
**AND PRODUCTION OF DOCUMENTS AND THINGS**

## ATTACHMENT 3 TO SUBPOENA DUCES TECUM

### Definitions And Instructions

1.        As used herein, the term "document" means any written, recorded or graphic matter, or matter existing on computer software or hardware, including without limitation laptops, smart phones, "cloud" storage systems (e.g., Dropbox), iPads, tablet computers, and personal computers, whether previously erased or not, including but not limited to memoranda, notes, minutes, business records, telephone contacts, correspondence, facsimiles, telegrams, diaries, bookkeeping entries, receipts, work orders, contracts, financial statements, tax returns, checks, check stubs, reports, records, summaries, lists, charts, compilations, graphs, statements, notebooks, handwritten notes, applications, agreements, files, addenda, books, pamphlets, periodicals, appointment calendars, recordings of oral conversations, voice mail messages and electronic mail.

2.        "Communication(s)" means any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes, and emails (including emails from business and personal email accounts).

3.        "Petition" refers to the Verified Petition for Writ of Mandate filed by Petitioner Ronald Nicholsen ("Petitioner") and directed against Kelham Vineyards & Winery LLC ("Kelham Vineyards") and Susanna Kelham ("S. Kelham") (collectively, "Respondents"), filed in the Superior Court of California, Napa County, case no. 21CV001403C.

4.        "Writ" refers to the order dated November 4, 2022, by which the Court issued a Writ for Respondents to return by 4:00 p.m. on December 15, 2022, and to provide Petitioner certain books and records of Kelham Vineyards.

5.        "Any," "each," and "all" shall be read to be all inclusive and to require the production of each and every document responsive to the request in which such terms appear.

6.        "And" and "or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively, so as to make the request inclusive rather than exclusive, and to require the enumeration of all information responsive to all or any part of each request in which any conjunction or disjunction appears.

7.        Whenever used herein, the singular shall be deemed to include the plural, and vice versa; the present tense shall be deemed to include the past tense and vice versa; the masculine shall be deemed to include the feminine and vice versa.

8.        The term "person" means any natural person, corporation, partnership, proprietorship, association, organization, trust, joint venture, or group of natural persons or other organizations.

9.        "Relating to," "related to" or "relate(s) to" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter.

*ACTIVE 684868636v1*

10.     The terms "copy" or "copies" shall refer to exact and complete copies of original documents.

11.     Copies may be produced in lieu of originals, <u>provided that</u> such copies are exact and complete copies of original documents and that the original documents be made available at the time of production for the purposes of verifying the accuracy of such copies. Any copies of original documents which are different in any way from the original, whether by interlineation, receipt stamp, notations, indication of copies sent or received, or otherwise, shall themselves be considered original documents and must be produced separately from the originals or copies of originals.

12.     Documents subpoenaed shall include all documents in your physical possession, custody or control, or in the physical possession, custody or control of your agents, attorneys, accountants, advisors, investigators, and any other persons and companies directly or indirectly employed by, or connected with you.

13.     If any document responsive to any request herein was withheld from production of the asserted ground that it is privileged, identify and describe:

  (a)     the author;
  (b)     the recipient;
  (c)     the date of the original document;
  (d)     the subject matter of the document.

14.     If any document responsive to any request herein was, but no longer is, in your possession, custody or control, identify the document (stating its date, author, subject, recipients and intended recipients); explain the circumstances by which the document ceased to be in your possession, custody or control, and identify (stating the person's name, title, business address and telephone number, and home address and telephone number) all persons known or believed to have the document or a copy thereof in their possession, custody or control.

15.     If any document responsive to any request herein was destroyed, discarded, or otherwise disposed of for whatever reasons, identify the document (stating its date, author, addressee(s), recipients and intended recipients, title and subject matter); explain the circumstances surrounding the destruction, discarding or disposal of the documents, including the timing of the destruction, discarding or disposal of the document, and identify all persons known or believed to have the document or a copy thereof in their possession, custody or control.

16.     All documents produced pursuant to this subpoena should be organized by the subpoena paragraph that each document or set of documents is responsive to, and labels referring to that subpoena paragraph should be affixed to each document or set of documents.

17.     This request is continuing in character and if additional responsive documents come to your attention following the date of production, such documents must be promptly produced.

18.     Unless otherwise specified herein, the relevant time period for these requests is 2017 through the present.

2

## DOCUMENTS TO BE PRODUCED

1.     All communications with members of Kelham Vineyards regarding its management, operations, sale, membership interest and equity, and the appraisal of Kelham Vineyards.

2.     All documents related to the appraisal and valuation of Kelham Vineyards and/or the membership interests in Kelham Vineyards.

3.     All documents and communications related to any loans from Kelham Vineyards to You or from You to Kelham Vineyards, and the repayments of such loans.

4.     All documents related to distributions from Kelham Vineyards to You and any other payment from Kelham Vineyards to You in excess of $500.

5.     All documents, notes, memoranda, or any other communication related to the Petition.

6.     All documents, notes, memoranda, or any other communication related to the Writ.

7.     All documents, notes, memoranda, or any other communication related to the location and production of documents responsive to the Writ.

8.     All documents, notes, memoranda, or any other communication related to the written demand by S. Kelham dated October 26, 2022, that Kelham Vineyards vacate the property at 360 Zinfandel Lane, St. Helena, CA.

9.     All documents, notes, memoranda, or any other communication related to services provided by You to Kelham Vineyards after October 26, 2022.

10.    All documents, notes, memoranda, or any other communication related to the management and operation of Kelham Vineyards after October 26, 2022.

11.    A copy of the fully executed Operating Agreement of Kelham Vineyards.

12.    Documents and communications between S. Kelham and You regarding Kelham Vineyards.

13.    Any and all written and/or oral agreements between S. Kelham and You.

14.    All documents, notes, memoranda, or any other communication regarding any decisions relating to Kelham Vineyards' assets, debts, or changes to its management.

*ACTIVE 684868636v1*

# Exhibit 12

| From: | Davis, Hal (Shld-SFO-IP-Tech) |
|---|---|
| To: | Baluda, Marc R. (Shld-SFO-CP) |
| Subject: | FW: Nicholsen v. Kelham Vineyards & Winery LLC, et al.; Napa Co. Case No. 21CV001403 |
| Date: | Thursday, July 27, 2023 5:32:00 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |

**Hal Davis**
Shareholder

Greenberg Traurig, LLP
101 2nd Street | Suite 2200 | San Francisco, CA 94105-3668
T +1 415.590.5100
Hal.Davis@gtlaw.com  |  www.gtlaw.com  |  View GT Biography





Learn more about our commitment to diversity, equity, and inclusion.

**From:** Justin Hein <jhein@cmprlaw.com>
**Sent:** Tuesday, March 28, 2023 4:50 PM
**To:** Davis, Hal (Shld-SFO-IP-Tech) <Hal.Davis@gtlaw.com>
**Cc:** Sharon Rossi-Ross <sharon@reidylawgroup.com>; Mari Coppinger
<mcoppinger@cmprlaw.com>; Dawn Marshall <dmarshall@cmprlaw.com>; Daniel Reidy
<dan@reidylawgroup.com>
**Subject:** RE: Nicholsen v. Kelham Vineyards & Winery LLC, et al.; Napa Co. Case No. 21CV001403

Mr. Davis:

Good afternoon. My name is Justin Hein. I am an attorney at Carle Mackie Power & Ross LLP. I work closely with Dan Reidy on his matters and am working with him on our representation of Hamilton Nicholsen.

I am writing to follow up on the below exchange of email correspondence. Specifically, I am writing to reiterate our objection to your subpoena, notice of deposition, and request for production of documents from Mr. Nicholsen. Neither Mr. Nicholsen nor my office will be appearing for a deposition or producing responses or documents on March 31.

As Mr. Reidy indicated, our office is not available on the date requested. As Mr. Nicholsen's representative, we never committed to a deposition for him to appear and be deposed on that date or at the location noticed.

Moreover, Mr. Nicholsen recently experienced a major health scare and resulting emergency medical procedure. While he has been released, he is still receiving regular out-patient medical care.

Although we anticipate receiving some clarity as to his condition, participating in a deposition, investigation, or discovery of any kind is inconsistent with his present health needs and will be for the foreseeable future.

Furthermore, a limited review of this matter's docket indicates after an evidentiary hearing on or around November 4, 2022, the court ordered the sought-after relief regarding your client's petition. This would appear to be an appealable order as to the merits of the petition. As such, I believe non-expert discovery would have closed on this matter 30 days prior to that evidentiary hearing resulting in the requested relief. Even a generous interpretation would mean discovery closed on the date of the decision – November 4, 2022. We were also unable to find any legal authority for a party to continue with discovery into a matter that had already been decided on its merits. All that appears to be outstanding are post-decision enforcement issues and requests for fees and/or costs as it pertains to the parties subject to the decision.

As such, the present deposition subpoena for an appearance with the production of records of a non-party would appear to be untimely absent a post-decision court order to the contrary. We are unaware of Mr. Nicholsen being subject to any such post-decision court order, as a non-party. As such, it would appear your request would be wholly improper.

Thus, we will not be producing Mr. Nicholsen for a deposition and not providing responses or documents to the requests for production found within the subpoena.

If you have any questions regarding this objection, please contact me at the number listed below.

Sincerely,

Justin

CC:      For your information.



**Justin D. Hein**
*Attorney*

**Carle Mackie Power & Ross LLP**
100 B Street, Suite 400, Santa Rosa, CA 95401
Tel: 707-526-4200 ext. 157 • Fax: 707-526-4707
jhein@cmprlaw.com • www.cmprlaw.com

*The information contained in this email message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination, distribution, or copying of this information is strictly prohibited.*
*If you think that you have received this email message in error, please call or email the sender immediately.*

---------- Forwarded message ---------
From: <Hal.Davis@gtlaw.com>
Date: Fri, Mar 17, 2023 at 4:36 PM

Subject: Re: Ronald Nicholsen v. Kelham Vineyards & Winery LLC
To: <dan@reidylawgroup.com>
Cc: <sharon@reidylawgroup.com>, <pjterry@cmprlaw.com>


Mr. Reidy:

We can work with you on the location, but unfortunately not the lengthy extension you request. Richard Petty of Holland and Knight, counsel to Kelham Vineyards, advised us just three days ago on March 15 that Mr Nicholsen was available for deposition on March 31 and that is why we set that date. We had previously tried to serve Mr. Nicholson multiple times for a deposition date in March but he repeatedly evaded service as our process server will testify to. Further, Mr. Petty informed Mr. Nicholson that we were trying to schedule his deposition.

We confirmed with him that we would go forward on that date just this week. We have made arrangements to proceed on that date.

To now change the date after we were just told that date was available and we relied upon that representation is not well taken. Also you are seeking what amounts to over a three week extension on this which, I'm sorry to say is also not acceptable to us.

We can accommodate you by a few days before or after if that helps.

I'm very much sorry that I can't work on a broader extension as I do truly want to work with you. However, this is a very unusual case in that Mr. Nicholson has repeatedly tried to evade service, the corporation has been in violation of the court order for months, and we are set for a third OSC on April 17th. So in any event I must have this deposition completed well before that third OSC hearing.

I know that you have a partner at your firm, and also we can set this up to have a video appearance so that you can appear by video.

This is a straightforward deposition regarding the LLC compliance with the corporations code.

I'm available to meet and confer this afternoon or Monday.


On Mar 17, 2023 4:22 PM, Daniel Reidy <dan@reidylawgroup.com> wrote:

**\*EXTERNAL TO GT\***

Hal:

I have been retained by Hamilton Nicholsen for representation pertaining to the matters noticed in the Deposition Subpoena from your office dated March 15, 2023.

We have just been retained and will need some time to review the case, documents for production, and to purepare my client for the deposition.  I am leaving town Monday for two weeks, and upon my return Mr. Nicholsen leaves town for several days.  Accordingly, we request the courtesy of an extension of the deposition and document production until on or after April 17, 2023. If this is acceptable please let me know some dates and we will do our best to make one of them work.

Further, I believe that the location of the deposition in San Francisco is outside of the statutory 75 mile radius of Mr. Hamilton's residence in St. Helena.  To help accommodate, I can offer conference rooms in my St. Helena or Santa Rosa office.

Thank you for your attention to this matter.

Regards,
Dan Reidy


**Daniel Reidy**

**REIDY LAW GROUP, LLP**

**The William Tell Building**
**1230 Spring Street**
**St. Helena, California 94574**
**Tel:  (707) 963-3030**

**CMPR, LLP**
**Santa Rosa Office**
**100 B. Street, Suite 400**
**Tel: (707) 963-3030**
www.reidylawgroup.com

**This message and any accompanying responses, links, or attachments may be attorney-client privileged or contain confidential information.  If you receive this message and are not an intended recipient, please delete this message and notify the sender.  Any unauthorized use or distribution of the information contained in this message or attachments may be a violation of law.**

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

# Exhibit 13

HOLLAND & KNIGHT LLP
  Stacie P. Nelson, SBN 185164
  Richard W. Petty, SBN 219633
560 Mission Street, 19th Floor
San Francisco, California 94105
Telephone: 415.743.6936
Fax: 415.743.6910
E-mail: stacie.nelson@hklaw.com
            richard.petty@hklaw.com

Attorneys for Respondent
Kelham Vineyards & Winery LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF NAPA

| | |
|---|---|
| RONALD NICHOLSEN II,<br><br>                    Petitioner,<br><br>        v.<br><br>KELHAM VINEYARDS & WINERY LLC,<br>and SUSANNA ROGERS KELHAM,<br><br>                    Respondents. | Case No.: 21CV001403<br><br>**OPPOSITION TO MOTION TO COMPEL AND REQUEST FOR SANCTIONS**<br><br>Date:      June 29, 2023<br>Time:     8:30 a.m.<br>Dept.:     B<br>Judge:   Hon. Scott R. L. Young |

///

///

///

///

///

///

///

///

///

///

///

///

#223399300_v1

OPPOSITION TO MOTION TO COMPEL

Holland & Knight LLP
560 Mission Street, 19th Floor
San Francisco, California 94105
Tel: 415.743.6936 Fax: 415.743.6910

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    <u>INTRODUCTION</u>

Petitioner Ronald Nicholsen II's ("Petitioner") Motion to Compel and Request for Sanctions ("Motion") must be denied for a number of reasons.  First, the Court must deny Petitioner's request to compel respondent Kelham Vineyards & Winery, LLC (the "LLC") to designate a representative most qualified to testify with respect to topics 16, 18, 20 and 21 because the LLC already stated to Petitioner's counsel, Omar Parra ("Mr. Parra"), that it would designate Hamilton Nicholsen for each of these topics during a telephonic meet-and-confer call on May 5, 2023.

Second, the Court must deny Petitioner's request to compel the LLC to produce Hamilton Nicholsen ("Hamilton") because Hamilton's personal counsel already offered to produce Hamilton for deposition after he was cleared to do so by his doctor and offered to meet-and-confer with Petitioner's counsel regarding Hamilton's availability (an offer that Petitioner has yet to, but must take advantage of).

Third, the Court must deny Petitioner's request to compel production of a privilege log because the Court never required the LLC to make its communications with counsel of record available for inspection pursuant to California Corporations Code § 17704.10, specifically excluded privileged communications from the list of documents that needed to be produced in response to the writ, and did not require production of a privilege log as part of its November 4, 2022 order. Moreover, the communications at issue are communications with the LLC's counsel of record in these proceedings concerning pleadings filed herein and courts typically do not require parties to list communications with counsel of record on a privilege log.  Further, there is no underlying document request that would have triggered the requirement to prepare a privilege log even if the communications at issue were not communications with the LLC's counsel of record.  That the LLC inadvertently produced some privileged communications and records does not alter the calculus.

Fourth, the Court must deny Petitioner's request to require the LLC to provide Petitioner with access to its corporate email account because there is no underlying document demand for those records, either in a document demand or as part of any deposition notice.  Further, the LLC

1   will establish at the evidentiary hearing that Petitioner created these email accounts, that Petitioner

2   knows, and always knew, the login information, and that Petitioner intentionally did not include

3   these emails in the proposed order on the writ because he already had access to them.

4          Fifth, the Court should not deem the LLC to have waived any privilege with respect to

5   documents inadvertently made available during the document inspection. Files containing

6   communications with and invoices from the LLC's counsel of record in these proceedings were

7   inadvertently produced during the December 5, 2022 document inspection and Petitioner copied at

8   least some of those records. Counsel for the LLC did not discover the inadvertent production until

9   the deposition of Susanna Kelham ("Mrs. Kelham") on April 27, 2023 and is now in the process of

10  preparing a motion to obtain their destruction if that proves necessary. Moreover, there is no reason

11  for this Court to give Petitioner ongoing access to communications with and documents generated

12  by the LLC's subscribing counsel of record during this litigation. Nor can Petitioner establish that

13  he will be prejudiced if he does not have access to communications with and invoices from the

14  LLC's counsel of record in these proceedings.

15         Accordingly, Petitioner's Motion and his Request for Sanctions should be denied in their

16  entirety.

17  **II.**    **THE COURT MUST DENY THE MOTION TO COMPEL**

18        **A.**    **Petitioner Is Not Entitled To A Privilege Log For The Documents Made**

19              **Available For Inspection Because Corporations Code § 17704.10 Does Not**

20              **Require It And Because Petitioner Never Served A Document Demand**

21              **Pursuant To Code Of Civil Procedure § 2031.010 *Et Seq.***

22         Petitioner is not entitled to obtain a privilege log for the documents withheld from the

23  inspection that began December 5, 2022 or the documents that were inadvertently made available

24  for inspection. Not surprisingly, Petitioner fails to cite any authority for the proposition that an

25  inspection conducted pursuant to Corporations Code § 17704.10 requires the limited liability

26  company to provide a privilege log for documents withheld from the inspection. This is because

27  there is no such authority. Further, had the California Legislature intended to provide such a right,

28

Holland & Knight LLP
560 Mission Street, 19th Floor
San Francisco, California 94105
Tel.: 415.743.6936 Fax: 415.743.6910

1    it certainly would have expressly provided for that right in drafting the underlying statute. But it

2    did not.

3    Rather Petitioner cites the civil discovery statutes and case law pertaining thereto for the

4    unremarkable proposition that a party upon whom a document demand has been served must

5    provide a privilege log in certain circumstances when withholding responsive, but privileged,

6    documents from production in response thereto. However, the fatal and inescapable flaw with

7    Petitioner's argument is this – ***Petitioner never served any document demand pursuant to Code of***

8    ***Civil Procedure § 2031.010 et seq. on either the LLC, Mrs. Kelham, or anyone else.*** Declaration

9    of Richard W. Petty ("Petty Decl."), ¶ 2. Further, the Notice of Deposition of Kelham Vineyards

10   and Winery LLC's Person Most Knowledge did not include any document demands. See

11   Declaration of Harold H. Davis in Support of Petitioner Ronald Nicholsen II's Motion to Compel

12   and Request for Sanctions ("Davis Decl."), ¶ 2 and Exhibit 1 thereto. Nor did the Amended Notice

13   of Deposition of Kelham Vineyards and Winery LLC's Person Most Knowledgeable served on

14   March 27, 2023. *Id.*, ¶ 4 and Exhibit 2 thereto. Nor did the Amended Notice of Deposition of

15   Kelham Vineyards and Winery LLC's Person Most Knowledgeable served on April 18, 2023. *Id.*, ¶

16   6 and Exhibit 4 thereto.

17   In the absence of an underlying document demand or statutory authority, the Court lacks the

18   discretion to order the LLC to provide a privilege log. Accordingly, Petitioner's request for an

19   order requiring preparation of a privilege log for the documents made available for inspection

20   beginning on December 5, 2022 should be denied. Moreover, it is clear that the LLC has

21   substantial justification for taking the position that it is not required to provide a privilege log in

22   connection with the inspection that began on December 5, 2022 and continued for almost three

23   weeks thereafter.

24   **B.    Petitioner Is Not Entitled To An Order Requiring The LLC To Identify The**

25   **Individuals Designated For All Of The Topics Identified in Petitioner's**

26   **Deposition Notice In Advance Of The Deposition**

27   In an April 25th email to Petitioner's counsel, Respondent's counsel requested authority for

28   the proposition that the LLC is required to identify the categories a given PMK will testify to in

Holland & Knight LLP
560 Mission Street, 19th Floor
San Francisco, California 94105
Tel: 415.743.6936 Fax: 415.743.6910

advance of the deposition. Davis Decl., ¶ and Exhibit 5 thereto. Nevertheless, once again, Petitioner failed to provide any legal authority or case law for the proposition that he is advocating for. Likewise, the moving papers on this motion provide no such authority either. Despite Petitioner's failure to cite any authority for his position, the LLC did identify its PMK for each and every category identified in the Amended Notice of Deposition of Kelham Vineyards and Winery LLC's Person Most Knowledgeable during a telephone call between Mr. Parra and Richard Petty that occurred on May 5, 2023. Petty Decl., ¶ 3. The designations that the LLC provided are as follows:

| Representative | Topics |
|---|---|
| Genevieve Crego | 2, 3, 13, and 15 |
| Melanie Drescher | 4, 5, 6, 7, 8, 9, 10, 11, and 17 |
| Hamilton Nicholsen | 12, 13, 14, 16, 18, 20, 21, 24 and 25 |

Thereafter, Petitioner did not meet-and-confer further with Respondent concerning the designations for the categories listed in the Amended Notice of Deposition of Kelham Vineyards and Winery LLC's Person Most Knowledgeable. Petty Decl., ¶ 4. Nor did Petitioner notify Respondent's counsel that it still needed designations for any further category listed in the deposition notice.

Further, during a telephonic meet-and-confer session prior to Mrs. Kelham's deposition, which took place on April 27th, Petitioner's counsel demanded that the LLC make each of its persons most knowledgeable available for deposition on April 27th. As a result, the LLC made sure that both Genevieve Crego and Hamilton attended the PMK deposition commenced that date and the LLC also made sure that Melanie Drescher was available to come to the deposition site for testimony, if necessary. Petty Decl., ¶ 6. Counsel for the LLC also made travel plans so that he could accommodate a deposition late into the night or the next day. *Id.* However, Petitioner simply stopped the PMK deposition after obtaining 7 hours of testimony and never even asked whether the other persons most knowledgeable were available to testify. Moreover, the correspondence between Petitioner's counsel and Hamilton's personal counsel makes it clear that Hamilton's personal counsel was objecting to the demand that all PMKs be made available on April 27, 2023.

Holland & Knight LLP
560 Mission Street, 19th Floor
San Francisco, California 94105
Tel. 415.743.6936  Fax: 415.743.6910

1   Accordingly, Petitioner is not entitled to an order requiring the LLC to identify any given

2   PMK for any remaining topic as Petitioner already received that information on May 5, 2023.

3   **C.    Petitioner's Counsel Failed To Meet-And-Confer With Hamilton's Counsel**

4   **Regarding Hamilton 's Availability For Deposition Prior To Filing This Motion**

5   On April 26, 2023 at 6:49 p.m., Hal Davis, one of Petitioner's counsel, sent an email to

6   Justin Hein, who is Hamilton's counsel, wherein he stated:

7   "We do not think it is appropriate to claim that Hamilton is healthy enough to watch a

8   deposition in person, but not healthy enough to be deposed.  You all have, to date, declined

9   to provide us any insight as to his availability.  While we can appreciate medical conditions,

10  by keeping us in the dark as to his availability and telling us after hours that he is going to

11  show up at a deposition, raises concerns.  Please let me know when you have time for a

12  meet and confer so we can discuss a motion to compel his attendance for a deposition."[1]

13  Davis Decl., ¶ 8 and Exhibit 6 thereto.

14  On April 26, 2023 at 7:01 p.m., Mr. Hein sent a response to Mr. Davis, wherein he stated:

15  "As far as updating his availability to be deposed, my understanding is that we are still

16  awaiting an update from Mr. Nicholsen's health care provider.  Per tonight's update, that is

17  likely within the next 1-2 weeks.  Until then, the status quo is all of the information I

18  possess."

19  Davis Decl., ¶ 8 and Exhibit 6 thereto.

20  On April 26, 2023 at 7:09 p.m., Mr. Davis sent an email to Mr. Hein, wherein he stated:

21  "I kindly request a meet and confer on Friday or Monday regarding dates for his

22  deposition…  We will be ready to call the Court tomorrow to see if we can get a ruling on

23  this issue."

24  Davis Decl., ¶ 8 and Exhibit 6 thereto.

25  Despite the representation of Petitioner's counsel that he would call the Court on April 27,

26  2023 for a ruling on the issue, Petitioner's counsel did not set up a call with the Court.  Petty Decl.,

27

28  [1] The LLC notes that earlier that same day, Mr. Davis demanded that Hamilton Nicholsen be made available as one of
the LLC's persons most knowledgeable the next day and that Mr. Hein was simply responding to Mr. Davis's demand
made earlier that day.

#223399300_v1

OPPOSITION TO MOTION TO COMPEL

¶ 5.  Nor did Petitioner's counsel follow up on his offer to meet-and-confer with counsel regarding Hamilton's deposition on either Friday April 28, 2023 or Monday May 1, 2023.  *Id.*, ¶ 6.  Nor did Petitioner's counsel meet-and-confer regarding Hamilton's deposition during the next week or the week following that.  *Id.*, ¶ 7.  Instead, Petitioner's counsel simply filed this motion without any further discussion of Hamilton's availability.  However, the California Code of Civil Procedure requires Petitioner's counsel to do so before filing any motion to compel.  *Townsend v. Sup. Ct.* (EMC Mortg. Co.) (1998) 61 C.A.4th 1431, 1433; C.C.P. §2023.010(i).  Presumably, Petitioner did not follow through on his demand to meet-and-confer the next day because he knew that he had no grounds to challenge a medical professional's determination that Hamilton not be deposed for a set period of time following a life-threatening medical emergency.

That said, the passage of time has rendered this dispute over Hamilton's availability in March, April, and May 2023 moot.  Petitioner should simply meet-and-confer with Hamilton's counsel and the LLC's counsel to set a mutually convenient date for a single deposition that works with the schedule for all counsel participating and the deponent.  If necessary, Petitioner should be ordered to meet-and-confer separately with Hamilton's counsel to determine if there are any accommodations necessary in light of Hamilton's medical condition.[2]

Accordingly, the Court should deny Petitioner's request for an order compelling the LLC to produce Hamilton for deposition and the date for any session(s) of that deposition should be set following efforts to meet-and-confer between counsel for the Petitioner, the LLC, and Hamilton.

**D.     The LLC Clawed Back Production Of Two Sets Of Handwritten Notes That Were Communications To Counsel Of Record Used In Drafting The LLC's Response And Objections To The Petition For Writ**

During the course of Mrs. Kelham's deposition on April 27, 2023, Petitioner's counsel sought to introduce a document containing handwritten notes concerning the Petition for Writ and a document containing handwritten notes concerning the LLC's Responses and Objections thereto, both of which are pleadings filed in these proceedings.  The LLC's counsel immediately objected

---

[2] The LLC's counsel is not privy to details concerning Hamilton Nicholsen's medical condition beyond the general nature of the life threatening emergency and Hamilton Nicholsen's unavailability to sit for a deposition in March, April, and May 2023.

#223399300_v1

Holland & Knight LLP
560 Mission Street, 19th Floor
San Francisco, California 94105
Tel: 415.743.6936 Fax: 415.743.6910

1  on the grounds of the attorney-client privilege and clawed them back.  Once the parties went off-

2  the-record, the LLC's counsel reviewed his electronic correspondence to confirm that the

3  handwritten notes were communications sent to him during the course of these proceedings for the

4  purpose of drafting the LLC's response and objections to the writ petition.  Petty Decl., ¶ 9.  They

5  were.

6       Thereafter, on May 17, 2023, the LLC's counsel discovered that it had inadvertently made

7  certain file folders available for inspection containing a limited number of communications with

8  and invoices from Holland & Knight LLP, which is counsel of record for the LLC.  Petty Decl., ¶

9  10.  Prior to May 17th, counsel for the LLC was unaware that these files had been inadvertently

10  made available for inspection.  *Id.*

11       Petitioner argues that he will be prejudiced if he is not allowed to retain the copies of those

12  communications between the LLC's managing member and Holland & Knight LLP.  This argument

13  is preposterous for several reasons.  First, the Court did not order the LLC to allow Petitioner to

14  inspect its communications with and invoices from counsel of record.  Second, Petitioner is not

15  entitled to review privileged communications with opposing counsel under any circumstances, nor

16  is he entitled to review opposing counsel's invoices to his litigation opponent.  Third, if anything,

17  the inadvertent production of privileged files shows the extent to which the LLC went to give

18  Petitioner access to all of its corporate records and that the LLC made no effort to hide or to conceal

19  any records from Petitioner when he conducted his inspection beginning on December 5, 2022 and

20  continuing for almost three weeks thereafter.  Fourth, communications between the LLC's

21  managing member and counsel of record concerning pleadings filed in this case are neither relevant,

22  nor admissible for any purpose in these proceedings.  The sole remaining issue before this Court is

23  whether the LLC complied with the writ issued on November 4, 2022.  These privileged

24  communications cannot possibly have any bearing on that issue.

25       The LLC has not waived any privilege pertaining to any of these privileged documents and,

26  if necessary, will make the appropriate motion with this Court to secure their destruction by

27  Petitioner and his counsel.  The LLC has met its initial burden of proving that the attorney-client

28  privilege applies to these communications, which burden is met by a declaration from receiving

counsel indicating that they are communications to him from the LLC's managing member. See Petty Decl., ¶ 9; *Clark v. Superior Court (2011)* 196 Cal.App.4th 37. Once it has done so, "the burden shifts to the party opposing the privilege to demonstrate that the privilege did not apply, that an exception existed, or that there was an express or implied waiver." *Tritek Telecom, Inc. v. Superior Court* (2009) 169 Cal. App. 4th 1385, 1390. Petitioner's argument that these are not privileged any longer rests solely upon the assertion that the privilege has been waived. It has not.

Pursuant to Cal. Evid. Code §912(a), the attorney-client privilege "is waived with respect to a communication protected by the privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to disclosure made by anyone." Here, there is no evidence that the LLC intentionally disclosed the communication to Petitioner. The LLC was ordered by the Court to produce certain books and records for inspection. In an effort to comply with this Court's order, it made three filing cabinets and 29 boxes of documents available to Petitioner for inspection. Among those documents were a limited number of file folders containing communications with and invoices from counsel of record in these proceedings. The LLC certainly did not intend to make either those communications or those invoices available for inspection and would have withheld them from inspection but for inadvertence.

Moreover, upon discovering these privileged communications and documents, Petitioner's counsel had an affirmative obligation to opposing counsel to disclose their discovery and take remedial action. *Clark v. Superior Court* (2011) 196 Cal.App.4th 37. Nevertheless, Petitioner's counsel did not fulfill that duty and, instead, attempted to use these privileged communications during a deposition of Mrs. Kelham. Once their production had been discovered, counsel for the LLC immediately demanded that the documents be returned and that all of Petitioner's copies be destroyed. Petitioner's counsel did so promptly. That Petitioner complied demonstrates that there was no waiver of the attorney-client privilege and also understood that the communications were privileged.

///

///

///

Holland & Knight LLP
560 Mission Street, 19th Floor
San Francisco, California 94105
Tel: 415.743.6936 Fax: 415.743.6910

#223399300_v1

Holland & Knight LLP
560 Mission Street, 19th Floor
San Francisco, California 94105
Tel: 415.743.6936 Fax: 415.743.6910

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### E. Petitioner Is Not Entitled To An Order Requiring The LLC To Produce Its Corporate Emails

Petitioner has never served any document demands on the LLC that sought the production of the LLC's corporate emails. Nor has Petitioner included any such demand for production of corporate emails in any of the many deposition notices that he served. Therefore, Petitioner simply cannot obtain an order requiring their production pursuant to Code of Civil Procedure §§ 2023.030, 2025.030, 2025.410, or 2031.410. An underlying discovery request is a fundamental requirement for any motion to compel and one that Petitioner simply cannot meet. As a result, this Court has no statutory authority to grant Petitioner's motion seeking to compel production of these records.

Moreover, the Court's writ of November 4, 2022 does not call for production of the corporate emails, which are sent to and from info@kelhamvineyards.com. Had Petitioner wished to inspect these emails in the first place or to compel their production pursuant to the writ, he could have included them as a specifically identified category of documents listed in the proposed order on the writ. Or after counsel for the LLC raised the issue at prior hearings, Petitioner could have served another inspection demand (as suggested by the Court at that prior hearing) or he could have propounded a discovery request. Yet he did not do so and the writ seeks production only communications with the members of the LLC (who are Hamilton, Petitioner, and Mrs. Kelham).[3] It is unlikely that this was an oversight. Rather it almost certainly was a deliberate choice.

Petitioner is the one who set up the corporate email accounts in the first place. Petitioner has had the login information for the corporate email accounts all along. And even if he had forgotten that login information, which seems unlikely, it was once again provided to him as acknowledged by Petitioner's counsel. Davis Decl., ¶ 17 and Exhibit 9 thereto. Further, these particular emails are stored on a computer in the office that Petitioner could have accessed at any time because no one ever logs out of the corporate email account and it is available for use by each of the LLC's employees and managers who are on site. Petty Decl., ¶ 11.

///

///

---

[3] The LLC notes that neither Mrs. Kelham, nor Hamilton Nicholsen use the corporate email accounts and that both use personal email accounts instead.

## III. PETITIONER'S REQUEST FOR SANCTIONS MUST BE DENIED

### A. Petitioner's Request for Sanctions Is Excessive

In the Court's Order on Petitioner's motion for fees dated May 9, 2023, the Court limited Petitioner's request for fees to the amount of $500 per hour for a partner and $300 per hour for an associate in keeping with local rates for attorney's fees in Napa County. Nevertheless, Petitioner is now seeking sanctions in the amount of $1,030 per hour for the partner working on this motion[4] and $995[5] per hour for the associate working on this motion, which are $530 more per hour for a partner and $695 more per hour for an associate than previously authorized by this Court. If the Court is to award sanctions to any party on this motion (and it should not award them to Petitioner), the award of sanctions should be limited to $500 per hour for a partner and $300 per hour for an associate.

### B. Petitioner Is Not Entitled To Sanctions On This Motion Regardless Even If He Prevails

Code of Civil Procedure § 2023.030(a) permits sanctions only where the party subject to sanction acted without substantial justification. Here, each of the positions that the LLC has taken was taken with substantial justification for the reasons set forth in Section II. Because the LLC has taken positions grounded in both law and fact, it would be unjust to impose sanctions on the LLC.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Petitioner Ronald Nicholsen II's Motion in its entirety.

DATED: June 15, 2023                    HOLLAND & KNIGHT LLP

By: _____
Richard W. Petty
Attorneys for Respondent Kelham Vineyards &
Winery LLC

---

[4] The LLC notes that Mr. Davis stated under penalty of perjury in support of the prior fee motion that his hourly rate for this matter was $1,266 and that Mr. Davis now states under penalty of perjury in support of this motion that his hourly rate for this matter is $1,030.

[5] The LLC notes that the hourly rate charged for the associate working on this matter is only $45 per hour less than Mr. Davis' rate. Both the Court and the LLC are familiar with Mr. Davis' more than two decades of experience, but have not been provided with admissible evidence supporting the $995 per hour rate of the associate billing on this matter. Presumably, Mr. Davis has substantially greater experience that the associate who appears to be billing at the rate of $995 per hour.

Holland & Knight LLP
560 Mission Street, 19th Floor
San Francisco, California 94105
Tel: 415.743.6936 Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, 19th Floor
San Francisco, California 94105
Tel: 415.743.6936  Fax: 415.743.6910

## DECLARATION OF RICHARD W. PETTY

I, Richard W. Petty, declare as follows:

1. I am an attorney licensed to practice law before all courts of the State of California and a senior counsel with the law firm of Holland & Knight LLP, attorneys of record for Kelham Vineyards & Winery LLC (the "LLC") in these proceedings and am the attorney with day-to-day supervision of this matter. I have personal knowledge of the facts stated herein and, if called to testify, could and would competently testify thereto under oath.

2. Petitioner has not served any document demands upon the LLC pursuant to Code of Civil Procedure § 2031.010 *et seq.* Nor has Petitioner served Holland & Knight LLP with copies of any document demands propounded upon respondent Susanna Kelham pursuant to Code of Civil Procedure § 2031.010 *et seq.*

3. On May 5, 2023, I received an email from Omar Parra, who identified himself as an attorney with counsel of record for Petitioner. Mr. Parra asked that I return his telephone call, which I did within the hour. He asked me to identify the LLC's PMK for each and every category identified in the Amended Notice of Deposition of Kelham Vineyards and Winery LLC's Person Most Knowledgeable, which I did. I provided the following designations during that telephone call:

| Representative | Topics |
|---|---|
| Genevieve Crego | 2, 3, 13, and 15 |
| Melanie Drescher | 4, 5, 6, 7, 8, 9, 10, 11, and 17 |
| Hamilton Nicholsen | 12, 13, 14, 16, 18, 20, 21, 24 and 25 |

4. Following my May 5, 2023 telephone call, Petitioner's counsel did not meet-and-confer with me further regarding the designations for the categories identified in the Amended Notice of Deposition of Kelham Vineyards and Winery LLC's Person Most Knowledgeable.

5. On April 27, 2023, I attended the deposition of Susanna Kelham, individually and as a person most knowledgeable for the LLC. At no point during the deposition, which extended past the Court's regular operating hours, did counsel for the Petitioner set up a call with the Court pertaining to Hamilton Nicholsen's availability for deposition. At my request, Genevieve Crego also attended the deposition of Susanna Kelham and was prepared to testify as the LLC's person

most knowledgeable for categories 2, 3, 13, and 15 on that date. I asked Ms. Crego to attend on April 27, 2023 because on April 26, 2023 Harold Davis had insisted that all of the LLC's persons most knowledgeable be made available to testify the next day. At my request, Melanie Drescher was also available to come to the deposition site and was prepared to testify as the LLC's person most knowledgeable for categories 4, 5, 6, 7, 8, 9, 10, 11 and 17 on that date. At approximately 6:10 p.m., Mr. Davis announced that his questioning had concluded. I was willing to allow the questioning to continue late into the night on behalf of the LLC and to offer either or both Ms. Crego and Ms. Drescher for testimony as persons most knowledgeable on behalf of the LLC. Because of Mr. Davis's request that all of the LLC's persons most knowledgeable be made available to testify on April 27th, I made adjustments to my travel schedule so that I was in the Bay Area on both Thursday April 27th and Friday April 28th.

6. I was not invited to, nor did I participate in, a meet-and-confer conference with Petitioner's counsel concerning the deposition of Hamilton Nicholsen on either Friday April 28, 2023 or Monday May 1, 2023.

7. I was not invited to, nor did I participate in, a meet-and-confer conference with Petitioner's counsel concerning the deposition of Hamilton Nicholsen during the week of May 1 or the week of May 8, 2023.

8. I am not privy to details concerning Hamilton Nicholsen's medical condition beyond the general nature of the life threatening emergency he suffered and Hamilton Nicholsen's unavailability to sit for deposition as the LLC's person most knowledgeable during the months of March, April, and May 2023.

9. During the course of Susanna Kelham's deposition, counsel for petitioner Ronald Nicholsen II marked two exhibits, which I recognized as documents containing notes communicated to me by Susanna Kelham for the purpose of my revising the LLC's Response and Objections to the Petition for Writ. I immediately objected to the introduction of these exhibits and clawed them back on the basis that they were protected from disclosure by the attorney-client privilege. After going off the record, I reviewed my email to confirm that I had received these notes and had used them for the purpose of revising the LLC's Response and Objections to the

Holland & Knight LLP
560 Mission Street, 19th Floor
San Francisco, California 94105
Tel: 415.743.6936 Fax: 415.743.6910

Petition for Writ in January 2022. Counsel for the Petitioner returned all copies of both exhibits to me and affirmed that he would destroy any remaining copies kept by him or his law firm upon returning to his office.

10.     Thereafter, on two occasions I went to 360 Zinfandel Lane in Saint Helena and attempted to find the documents that had been inadvertently made available for production. On the second occasion, which occurred on May 17, 2023, I discovered that the LLC had inadvertently made certain file folders available for inspection containing communications with and invoices from my firm. Prior to May 17, 2023, I was unaware that these files had been inadvertently made available for inspection. The LLC is in the process of verifying which privileged communications and invoices were inspected and copied by Petitioner and demanding their destruction.

11.     On May 17, 2023, I personally used the computer storing electronic records for the LLC and with access to the corporate email accounts. I was able to review all of the corporate emails without entering a password for the corporate email account and without logging into that account. That corporate email account contains a number of sub-folders, which include sub-folders containing communications between the LLC and its counsel in this and other matters. Those sub-folders were created at my instruction.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this fifteenth day of June in South Pasadena, California.


Dated:  June 15, 2023               HOLLAND & KNIGHT LLP


                                    By:_____
                                            Richard W. Petty

                                    Attorneys for Respondent Kelham Vineyards &
                                    Winery LLC

Holland & Knight LLP
560 Mission Street, 19th Floor
San Francisco, California 94105
Tel: 415.743.6936  Fax: 415.743.6910

# PROOF OF SERVICE

*Ronald Nicholsen II v. Kelham Vineyards & Winery LLC, et al.*

**Napa County Superior Court Case No. 21CV001403**

STATE OF CALIFORNIA     )
                             ) ss.
COUNTY OF LOS ANGELES  )

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 S. Hope Street, 8th Floor, Los Angeles, CA 90071.

       On **June 15, 2023**, I served the foregoing document described as **OPPOSITION TO MOTION TO COMPEL AND REQUEST FOR SANCTIONS** on all interested parties in this action

☐ by placing true copies thereof in sealed envelopes addressed as stated on the attached mailing list.

☐ by placing ☐ the original ☐ a true copy thereof enclosed in a sealed envelope addressed as follows:

**(SEE ATTACHED SERVICE LIST)**

☐ **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Holland & Knight LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL VIA PDF FILE:**  By transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above listed document to the email addresses of the persons on the service list.  The transmission was reported as complete and without error.

☒     (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

       Executed on **June 15, 2023**, at Los Angeles, California.

    Bobbette Mack                                     
Print or Type Name                         Signature

OPPOSITION TO MOTION TO COMPEL

1

**SERVICE LIST**

2

Harold H. Davis, Esq.                          Attorneys for Petitioner, Ronald Nicholsen II

3

Marc R. Baluda, Esq.
GREENBERG TRAURIG, LLP

4

101 Second Street, Suite 2200
San Francisco, California 94105-3668

5

Tel.: 415.655.1300
Fax: 415.707.2010

6

E-mail: Hal.Davis@gtlaw.com
E-mail: Marc.Baluda@gtlaw.com

7

Andrew D. White, Esq.                          Attorneys for Respondent, Susanna Rogers

8

VGC, LLP                                       Kelham
9461 Charleville Blvd., Pmb 757

9

Beverly Hills, California 90212
Tel: 714.907.5032

10

E-mail: awhite@vgcllp.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION TO COMPEL

# Exhibit 14



**Superior Court of California**
**County of Napa**

**Minutes**

**Case #: 21CV001403**     Ronald Nicholsen, II vs Kelham Vineyards & Winery LLC et al

| **Hearing Date:** | 06/29/2023 | **Hearing Time:** | 8:30 AM |
|---|---|---|---|
| **Judicial Officer:** | Scott R.L. Young | **Clerk:** | O Cruz De Hernandez |
| **Court Reporter:** | No Court Reporter | **Interpreter:** | |
| **Courtroom:** | Courtroom B | | |

**Parties Present: In Person**

| Davis, Harold Henry | Attorney |
|---|---|
| Petty, Richard William | Attorney |
| White, Andrew | Attorney |

## NATURE OF PROCEEDINGS

The matter comes on calendar regularly this date for a Motion to Strike the Court's Order Setting Jury Trial.

## HEARING

Court has received, read and considered Petitioner Ronald Nicholsen II's Notice of Motion and Motion to compel and Request for Sanctions Filed May 31, 2023 and all related filings.

The Court hears arguments of Counsel.

Having heard the arguments of Counsel, the Court orders the following tentative ruling shall be adopted and incorporated into the minutes of the Court with the following modifications, making it the order of the Court:

**RULING:** The Court hereby orders the clerk to strike that portion of the Court's May 18, 2023, Minute Order setting the matter for a jury trial. The Court orders the Clerk to set the matter for an Evidentiary Hearing on October 2, 2023. (See Code Civ. Proc., § 128, subd. (a)(8).)

By Minute Order of April 17, 2023, the Court ruled as follows: "The Court recognizes that the parties seriously dispute whether Kelham Vineyards has fully complied with the Writ. At this juncture, the Court is unable to ascertain the veracity of the parties' countering contentions which are purely argument at this point. Thus, the Court finds that an evidentiary hearing is appropriate. The Court does not elect to exercise its discretion to grant a jury trial on the issue, as requested by Petitioner, where an evidentiary hearing before the Court should more than suffice." The Court then ordered the parties to appear May 18, 2023, at a Case Management Conference (CMC) for the purpose of setting the evidentiary hearing.

It appears, from the Court's May 18, 2023, Minute Order, that at the CMC, the parties renewed their request for a jury trial. The request did not comply with the requirements of Code of Civil Procedure section 1008. "This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section." (Code Civ. Proc., § 1008, subd. (e).)

Based on the foregoing, the Court finds that it lacked jurisdiction to reconsider its order denying Petitioner's request for a jury trial. As such, this aspect of the Court's May 18, 2023 Minute Order is hereby stricken.

[2]     MOTION TO COMPEL AND REQUEST FOR SANCTIONS

The motion is GRANTED IN PART. The motion to compel the Respondent Kelham Vineyards and Winery, LLC (Kelham Vineyards) to produce its designated person most knowledgeable for deposition is GRANTED. Kelham Vineyards is further ordered to produce, no later than 10 calendar days of notice of entry of the present order, a privilege log consistent with this order. The motion is DENIED in all other respects. S. Kelham's request for sanctions is DENIED.

Petitioner Ronald Nicholsen II moves for an Order: "1) compelling Respondent Kelham Vineyards...to designate a representative or representatives most qualified with respect to topics 16, 18, 20, and 21 of the Amended and Restated Notice of Deposition of Respondent Kelham Vineyards and Winery, LLCs' Person Most Knowledgeable; 2) compelling Kelham Vineyards to produce Mr. Hamilton Nicholsen for deposition; 3) compelling Respondent Susanna Kelham and Kelham Vineyards (collectively, "Respondents") to produce privilege a log; 4) deeming waiver by Respondents of any privilege with respect to all of Respondents' previously produced documents; 5) compelling Kelham Vineyards to provide Petitioner with access to its corporate email account; 6) and of monetary sanctions [sic] against Respondents in favor of Petitioner of at least $15,475." (Notice of Motion at 1:4-14.)

The motion is based on Petitioner's Amended and Restated Notice of Deposition of Respondent Kelham Vineyards' Person Most Knowledgeable served on April 18, 2023. (See Support Memo at 7:14; see also Declaration of Harold H. Davis at ¶ 6 and Exh. 4 (Davis Decl.).)

A.     EVIDENTIARY OBJECTIONS

Each of Susanna Rogers Kelham's (S. Kelham) evidentiary objections is OVERRULED.

B.     DESIGNATION OF REPRESENTATIVE WITH REGARD TO TOPICS 16, 18, 20, AND 21

Through its Opposition, Respondent Kelham Vineyards & Winery, LLC (Kelham Vineyards) states that it has designated Hamilton Nicholsen as its Person Most Knowledgeable regarding topic numbers 16, 18, 20, and 21. (See Kelham Vineyards' Opposition 2:4-8.) The motion is therefore MOOT on this point.

C.     HAMILTON NICHOLSEN'S AVAILABILITY

Petitioner presents evidence that Hamilton Nicholsen has attended multiple depositions, as a "corporate representative," refused to testify, and has taken the position that he is physically unable to attend as a witness based on health. (See Davis Decl. at ¶¶ 8, 9, 14, and 15.) Petitioner presents evidence that at least one of the depositions that Mr. Nicholsen attended, and at which he refused to testify, was a week after Petitioner was informed that Mr. Nicholsen was physically unable to attend a deposition for purposes of testifying as a person most knowledgeable. (See id. at ¶¶ 14-15.) Respondent Kelham Vineyards does not deny the foregoing through its opposition. Rather, Kelham Vineyards argues only that Petitioner's meet and confer efforts were not substantial enough, that Mr. Nicholsen has had a significant medical condition preventing his deposition, but that it is now prepared to schedule Mr. Nicholsen's deposition. Through this argument, Kelham Vineyards appears to concede that Mr. Nicholsen was attending depositions as he was refusing to testify on health grounds. (See, e.g., Kelham Vineyards' Opposition at 6:5-24.)

The Court finds no shortcoming in Petitioner's efforts at meeting and conferring regarding the foregoing.

Based on the foregoing, Petitioner's request for an order compelling Kelham Vineyards to produce Mr. Nicholsen for deposition is GRANTED. The parties are ordered to meet and confer in good faith to schedule a mutually convenient date and time within the next four weeks for the deposition.

D.     PRIVILEGE LOG

Petitioner asks the Court to order both Kelham Vineyards and S. Kelham to produce a privilege log identifying documents that they are withholding based on a claim of attorney-client privilege. At oral argument, Petitioner clarified that the request is limited to an identification of documents that were created prior October 4, 2021 – the date on which the Petition for Writ of Mandamus was filed in the action – and/or documents that were produced in response to the Writ and over which Kelham Vineyards thereafter asserted a claim of privilege.

S. Kelham argues that, "S. Kelham...has not withheld or sought to exclude any document on the basis of privilege."

(S. Kelham Opposition at 10:1-2.) There is nothing before the Court suggesting otherwise. As such, the request for an order compelling S. Kelham to produce a privilege log is DENIED.

"The purpose of a 'privilege log' is to provide a specific factual description of documents in aid of substantiating a claim of privilege in connection with a request for document production." (*Hernandez v. Super. Ct.* (2003) 112 Cal.App.4th 285, 292 (*Hernandez*).) "The purpose of providing a specific factual description of documents is to permit judicial evaluation of the claim of privilege." (*Id.*)

Kelham Vineyards argues that a privilege log would not be appropriate because no demand for inspection of documents has been made, *under the Civil Discovery Act*, either through the subject notice of deposition or otherwise. (See Kelham Vineyards' Opposition at 4:6-16.) The Court agrees that there is no request for inspection or demand for production of documents under the Civil Discovery Act at issue in the motion. However, Kelham Vineyards and S. Kelham are under a Court-ordered obligation to produce those documents identified in the November 4, 2022 Writ and Order.

The Civil Discovery Act recognizes that the common law provides authority to the Court to order a party to produce a privilege log. "It is the intent of the Legislature to codify the concept of a privilege log as that term is used in California case law. Nothing in this subdivision shall be construed to constitute a substantive change in case law." (Code Civ. Proc., § 2031.240, subd. (c)(2).) The Court finds no merit in the implied argument that the judicially recognized purpose of a privilege log and/or the Court's authority to order one produced are either diminished or undermined simply because the Court's order compelling Kelham Vineyards to produce documents was based on obligations arising out of the Corporations Code rather than the Civil Discovery Act. (See *Hernandez, supra*, 112 Cal.App.4th at 292.)

Based on the foregoing, Petitioner's request for an order compelling Kelham Vineyards to produce a privilege log, as modified at hearing, is GRANTED. Kelham Vineyards is ordered to produce a privilege log identifying each document: (a) described in the November 4, 2022 Writ and Order; that was (b) created prior to October 4, 2021, and/or produced in response to the Writ and over which Kelham Vineyards thereafter asserted a claim of privilege. "The information in the privilege log must be sufficiently specific to allow a determination of whether each withheld document is or is not fact privileged." (See *Wellpoint Health Networks, Inc. v. Super. Ct.* (1997) 59 Cal.App.4th 110, 130 (*Wellpoint*).)

### E. DOCUMENTS CLAWED BACK

Petitioner requests an order "deeming a waiver by Respondents of any privilege with respect to all of Respondents' previously produced documents." (See Notice of Motion at 1:11-12.) As an initial matter, the request for an order deeming waived "*any*" privilege with respect to *all*" previously produced documents is not supported by the moving papers. Rather the moving papers address only two specific, previously produced, documents: (1) "a document produced by Respondents labeled Bates number KV-Ins-0019508 through KV-Ins-0019511"; and (2) "a document produced by Respondents labeled Bates number KV-Ins-19459 – KV-Ins-14974 [*sic*]." (See Davis Decl. at 2:26-28, and 3:5-7. The Court refers to these documents, collectively, as the Clawed Back Documents.)

"[T]he right of any person to claim a privilege is waived with respect to communication protected by the privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to disclosure made by anyone." (Evid. Code § 912, subd. (a).) However, "when privileged documents have been disclosed inadvertently in the course of civil discovery, no waiver of the privilege will occur if the holder of the privilege has taken reasonable steps under the circumstances to prevent disclosure." (*Regents of the University of California v. Super. Ct.* (2008) 165 Cal.App.4th 672, 683.)

The Court finds from the evidence presented that the two Clawed Back Documents were *not* intentionally disclosed by Kelham Vineyards, and further finds that Kelham Vineyards took reasonable steps to prevent disclosure after becoming aware that the documents had been inadvertently included in their production. (See Davis Decl. at ¶ 10-11; see also Declaration of Richard W. Petty at ¶ 9, 10.)

Based on the foregoing, the request for an order deeming waived assertions of privilege regarding documents previously produced is DENIED. To clarify, nothing in this order may be read as a finding that the Clawed Back Documents *are* privileged or were properly clawed back. The Clawed Back Documents must be included in the privilege log ordered herein above. Rather, this order is limited to a finding that Kelham Vineyards has not waived its *claim* of privilege regarding these documents.

## F. REQUEST FOR ACCESS TO ELECTRONIC DOCUMENTS

Petitioner requests an order "compelling Kelham Vineyards to provide Petitioner with access to its corporate email account...." (Notice of Motion at 1:12-13.) Although not expressly articulated, Petitioner appears to argue that the Court should grant the motion simply because Kelham has indicated that it would comply with the Court's November 4, 2022 Writ and Order, in part, by providing Petitioner with access to its corporate email account. (See, *e.g.*, Support Memo at 10:24-11:1.)

The Court takes no position on the method by which Kelham Vineyards complies with the November 4, 2022 Writ and Order. While the Court is disappointed at the rancor and delays surrounding Kelham Vineyards' compliance, it does not find that the request for access to Kelham Vineyards' corporate email account is necessarily appropriate on the present showing. This ruling is made without prejudice, however, to Petitioner's right to renew the request, as appropriate.

## G. S. KELHAM'S OPPOSITION

S. Kelham's opposition to the motion consists almost entirely of assertions that Petitioner failed to meet and confer with S. Kelham prior to bringing the motion. As S. Kelham's opposition notes, the duty to meet and confer arises under the Civil Discovery Act. As noted below, the only aspect of the present motion touching on the act is Petitioner's request for an order that Kelham Vineyards produce a witness or witnesses in response to the Notice of Deposition of Kelham Vineyards' person most knowledgeable. The Court finds no good cause for requiring Petitioner to meet and confer with Respondent S. Kelham regarding his efforts at compelling Respondent Kelham Vineyards to produce a witness for deposition.

## H. SANCTIONS

Through its moving papers Petitioner requested sanctions pursuant to the Civil Discovery Act. However, Petitioner withdrew that request through the Reply brief, and confirmed that withdrawal at hearing.

S. Kelham's request for sanctions is DENIED. The only duty implicated by the motion that arises under the Civil Discovery Act is Kelham Vineyards' duty to produce a person most knowledgeable for deposition.

"If, after service of a deposition notice, a party to the action or an officer, director, managing agent, or employee of a party, or a person designated by an organization that is a party under Section 2025.230, without having served a valid objection under Section 2025.410, fails to appear for examination, or to proceed with it...the party giving the notice may move for an order compelling the deponent's attendance and testimony...described in the deposition notice." (Code Civ. Proc. § 2025.450, subd. (a).) "If a motion under subdivision (a) is granted, the court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) in favor of the party who noticed the deposition and against the deponent or the party with whom the deponent is affiliated, unless the court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (*Id.* at subd. (g)(1).)

The Court does not find that the foregoing provision authorizes the imposition of sanctions on Petitioner in favor of S. Kelham in the present circumstances.

As all parties acknowledge there has been no Demand for Inspection, pursuant to Code of Civil Procedure, section 2031.010, *et seq.*, propounded in the action. As such, the Court does not find that Code of Civil Procedure section 2031.310, subdivision (h) authorizes the imposition of sanctions in the present circumstances.

Finally, Code of Civil Procedure section 2023.030 does not, in isolation, authorize sanctions. Rather, it catalogues actions that constitute an abuse of the discovery process for purposes of an award of sanctions, "[t]o the extent authorized by the chapter governing any particular discovery method or any other provision of this title...."

Finally, even if sanctions were authorized, the Court finds that imposition of such sanctions in the present circumstances would be unjust. S. Kelham's request for sanctions is not supported by evidence. Moreover, as discussed above, the Court herein rules against S. Kellem on the only issue raised through her opposition, finding that Petitioner had no duty to meet and confer with S. Kelham regarding the notice of Kelham Vineyards' person most knowledgeable deposition.

| FUTURE HEARINGS |
|---|

October 02, 2023 8:30 AM Other Hearing Evidentiary Hearing
Courtroom A
Smith, Cynthia P

-o0o-

# Exhibit 15

# Rebekah Parker

Attorney–at–Law
4225-H Oceanside Boulevard #369
Oceanside CA 92056-3472
Telephone No. (213) 268-2918
AttorneyRParker@gmail.com

July 20, 2023

Harold H. Davis
Marc R. Baluda
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, CA 94105
T: (415) 655-1300
davish@gtlaw.com
Hal.Davis@,gtlaw.com

Justin Hein
Carle, Mackie, Power & Ross, LLP
100 B Street, Suite 400
Santa Rosa, CA 95401
jhein@cmprlaw.com

Richard W. Petty
HOLLAND & KNIGHT LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
T: 415.743.6900
richard.petty@hklaw.com
stacie.nelson@hklaw.com

Andrew D. White
VGC, LLP
9461 Charleville Blvd., Suite 757
Beverly Hills, CA 90212
T: 714.907.5032
awhite@vgcllp.com

Re:  Notice of Automatic Stay
     In re Kelham Vineyard & Winery, LLC.
     *Case No.  23-10384 - Pending Involuntary Petition*
     U.S. Bankruptcy Court for the Northern District of California – Santa Rosa Division
     Ronald Nicholsen II v. Kelham Vineyard & Winery and Susanna Kelham
     *Superior Court Case No. 21CV001403*

Dear Mr. Davis, Baluda, Petty, and White,

     Please be advised that an Involuntary Petition was filed earlier today against Kelham Vineyard and Winery (KVW) under 11 U.S.C. §303 by Main Street Cottage, LLC., who is owed $107,500.00 in back due rent.  A copy of the Involuntary Petition is attached.

1

As you are aware, upon the failing of said petition, an automatic stay came into effect by operation of federal law pursuant to 11 U.S.C. §362, thereon staying any action or proceeding against the KVW, the alleged debtor. As such, pending further order of the United States Bankruptcy Court, the above captioned Superior Court case, and all related proceedings including discovery therein, are stayed.

Having been informed of the filing of this Involuntary Petition, as Officers of the Court, you all have a duty under the Rules of Professional Responsibility to (a) abide by the stay provisions of 11 U.S.C §362, as well as, (b) advise the presiding Judge in the above captioned Superior Court proceeding that this matter has been stayed by operation of federal law. Here, again pursuant to federal law, the State Court is required to continue this case and all related proceedings, pending further order of the federal courts terminating the automatic stay.

As I am sure you are aware, if a litigant violates the automatic stay and this violation injures any party directly or indirectly protected by the automatic stay, the law requires the party who violates the stay to pay actual damages, including costs and attorney fees; moreover, if the violation is knowing and willful, the violator may be required to pay punitive damages. See 11 U.S.C. § 362(k).

For the record, our goal is to work with both KVW and your client to liquidate KVW's assets thus enabling KVW to pay its creditors and equity holders. We look forward to working with you to ensure that KVW's assets are liquidated for top value. Suffice to say, nobody's interest will be served by wasteful frivolous tactics that eat away at KVW's equity at the expense of creditors and Members. To this end, we will reach out to you shortly to get your input on the best way to liquidate KVW's tangible assets.

I thank you in advance for your anticipated cooperation and I look forward to working with you.


Regards

Rebekah Parker
Attorney at Law

2

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__**Northern**__ District of __**California**__
(State)

Case number (*If known*): __**Not Yet Assigned**__ Chapter __**11**__

☐ Check if this is an amended filing

Official Form 205

# Involuntary Petition Against a Non-Individual

12/15

Use this form to begin a bankruptcy case against a non-individual you allege to be a debtor subject to an involuntary case. If you want to begin a case against an individual, use the *Involuntary Petition Against an Individual* (Official Form 105). Be as complete and accurate as possible. If more space is needed, attach any additional sheets to this form. On the top of any additional pages, write debtor's name and case number (if known).

| **Part 1:** | **Identify the Chapter of the Bankruptcy Code Under Which Petition Is Filed** |
|---|---|

1. **Chapter of the Bankruptcy Code**

   *Check one:*

   ☐ Chapter 7
   ☑ Chapter 11

| **Part 2:** | **Identify the Debtor** |
|---|---|

2. **Debtor's name**

   Kelham Vineyard & Winery, LLC

3. **Other names you know the debtor has used in the last 8 years**

   Include any assumed names, trade names, or *doing business as* names.

   Not Applicable

4. **Debtor's federal Employer Identification Number (EIN)**

   ☑ Unknown

   6 8 – 0 4 7 3 6 2 3
   EIN

5. **Debtor's address**

   **Principal place of business**

   360 Zinfandel Lane
   Number   Street

   St. Helena    CA    94574
   City     State    ZIP Code

   Napa County
   County

   **Mailing address, if different**

   Number   Street

   P.O. Box

   City     State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number   Street

   City     State    ZIP Code

**6. Debtor's website** (URL)   https://www.kelhamvineyards.com

**7. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other type of debtor. Specify: _____

**8. Type of debtor's business**

*Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the types of business listed.

☐ Unknown type of business.

**9. To the best of your knowledge, are any bankruptcy cases pending by or against any partner or affiliate of this debtor?**

☑ No

☐ Yes. Debtor _____   Relationship _____

District _____ Date filed _____ Case number, if known _____
                                        MM / DD / YYYY

Debtor _____   Relationship _____

District _____ Date filed _____ Case number, if known _____
                                        MM / DD / YYYY

---

**Part 3:    Report About the Case**

**10. Venue**

*Check one:*

☑ Over the last 180 days before the filing of this bankruptcy, the debtor had a domicile, principal place of business, or principal assets in this district longer than in any other district.

☐ A bankruptcy case concerning debtor's affiliates, general partner, or partnership is pending in this district.

**11. Allegations**

Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b).

The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a).

*At least one box must be checked:*

☑ The debtor is generally not paying its debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount.

☐ Within 120 days before the filing of this petition, a custodian, other than a trustee, receiver, or an agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

**12. Has there been a transfer of any claim against the debtor by or to any petitioner?**

☑ No

☐ Yes. Attach all documents that evidence the transfer and any statements required under Bankruptcy Rule 1003(a).

**13. Each petitioner's claim**

| Name of petitioner | Nature of petitioner's claim | Amount of the claim above the value of any lien |
|---|---|---|
| Main Street Cottage, LLC | Real Property Rent | $ 107,500.00 |
| | | $ |
| | | $ |
| | Total of petitioners' claims | $ 107,500.00 |

If more space is needed to list petitioners, attach additional sheets. Write the alleged debtor's name and the case number, if known, at the top of each sheet. Following the format of this form, set out the information required in Parts 3 and 4 of the form for each additional petitioning creditor, the petitioner's claim, the petitioner's representative, and the petitioner's attorney. Include the statement under penalty of perjury set out in Part 4 of the form, followed by each additional petitioner's (or representative's) signature, along with the signature of the petitioner's attorney.

---

**Part 4:   Request for Relief**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

Petitioners request that an order for relief be entered against the debtor under the chapter of 11 U.S.C. specified in this petition. If a petitioning creditor is a corporation, attach the corporate ownership statement required by Bankruptcy Rule 1010(b). If any petitioner is a foreign representative appointed in a foreign proceeding, attach a certified copy of the order of the court granting recognition.

I have examined the information in this document and have a reasonable belief that the information is true and correct.

**Petitioners or Petitioners' Representative**

**Attorneys**

Name and mailing address of petitioner

Hamilton Nicholsen, Member Manager
Name

PO Box 60
Number    Street

Oakville            CA          94562
City                State       ZIP Code

Name and mailing address of petitioner's representative, if any

Name

Number   Street

City                State       ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07 / 18 / 2023
             MM  / DD  / YYYY

✗ _Gnm Gn Nichols  MemberManager_
Signature of petitioner or representative, including representative's title

Rebekah Parker SBN 143674
Printed name

Firm name, if any

4225-H Oceanside Boulevard #369
Number    Street

Oceanside          CA          92056-3472
City                State       ZIP Code

Contact phone  213 268-2918  Email
                                    AttorneyRParker@gmail.com

Bar number    143674

State          California

✗ _[signature]_
Signature of attorney

Date signed  07 / 18 / 2023
             MM  / DD / YYYY

**Name and mailing address of petitioner**

Not Applicable
Name

_____
Number    Street

_____
City        State     ZIP Code

**Name and mailing address of petitioner's representative, if any**

Not Applicable
Name

_____
Number    Street

_____
City        State     ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
MM / DD / YYYY

✖ _____
Signature of petitioner or representative, including representative's title

Not Applicable
Printed name

_____
Firm name, if any

_____
Number    Street

_____
City        State     ZIP Code

Contact phone _____ Email _____

Bar number _____

State _____

✖ _____
Signature of attorney

Date signed _____
MM / DD / YYYY

**Name and mailing address of petitioner**

Not applicable
Name

_____
Number    Street

_____
City        State     ZIP Code

**Name and mailing address of petitioner's representative, if any**

Not applicable
Name

_____
Number    Street

_____
City        State     ZIP Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
MM / DD / YYYY

✖ _____
Signature of petitioner or representative, including representative's title

Not applicable
Printed name

_____
Firm name, if any

_____
Number    Street

_____
City        State     ZIP Code

Contact phone _____ Email _____

Bar number _____

State _____

✖ _____
Signature of attorney

Date signed _____
MM / DD / YYYY

# Corporate Ownership Statement

This Corporate Ownership Statement was prepared and is being filed pursuant to Federal Rule of Bankruptcy Procedure 1010(b) which provides that "Each petitioner that is a corporation shall file with the involuntary petition a corporate ownership statement containing the information described in Rule 7007.1".

Federal Rule of Bankruptcy Procedure 7007.1 in turn provides that "Any nongovernmental corporation that is a party to an adversary proceeding, other than the debtor, shall file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation. The same requirement applies to a nongovernmental corporation that seeks to intervene."

Pursuant to and in Compliance with Federal Rule of Bankruptcy Procedure 7007.1 the undersigned herein attest that Main Street Cottage, LLC., has no parent corporation nor does publicly held corporation exist that own 10% or more of its shares.

I, Hamilton Nicholsen, declare that the foregoing is true and correct under penalty of perjury.

Executed in Napa County California on July 18, 2023.

_Hamilton Nicholsen, Member Manager_

Hamilton Nicholsen, Member Manager
Main Street Cottage, LLC.

# Exhibit 16

| From: | Parra, Omar (Assoc-SFO-CP) |
| --- | --- |
| To: | Justin Hein |
| Cc: | awhite@vgcllp.com; Baluda, Marc R. (Shld-SFO-CP); Davis, Hal (Shld-SFO-IP-Tech); richard.petty@hklaw.com |
| Subject: | RE: Kelham Vineyards - Mr. Hamilton Nicholsen"s Deposition |
| Date: | Thursday, July 27, 2023 10:32:51 AM |
| Attachments: | image002.png |
| | image001.png |

Mr. Hein,

Petitioner disagreed with Mr. Hamilton Nicholsen's position below, and today, as you may know, the Court confirmed that the stay does not apply to entire action. Given that Petitioner noticed Mr. Hamilton Nicholsen's deposition in his personal capacity, Petitioner intends to proceed with Mr. Hamilton Nicholsen's deposition (in his personal capacity) as soon as possible. Accordingly, please provide your and Mr. Hamilton Nicholsen's availability for deposition. Many thanks.

- OP

**Omar Parra**
Associate

Greenberg Traurig, LLP
101 2nd Street | Suite 2200 | San Francisco, CA 94105-3668
T +1 415.655.1275 | C 415 218 3937
Omar.Parra@gtlaw.com | www.gtlaw.com | View GT Biography

GT GreenbergTraurig

---

**From:** Justin Hein <jhein@cmprlaw.com>
**Sent:** Friday, July 21, 2023 3:01 PM
**To:** Parra, Omar (Assoc-SFO-CP) <Omar.Parra@gtlaw.com>
**Cc:** awhite@vgcllp.com; Baluda, Marc R. (Shld-SFO-CP) <Marc.Baluda@gtlaw.com>; Davis, Hal (Shld-SFO-IP-Tech) <Hal.Davis@gtlaw.com>; richard.petty@hklaw.com
**Subject:** RE: Kelham Vineyards - Mr. Hamilton Nicholsen's Deposition

**\*EXTERNAL TO GT\***

Mr. Parra:

Good afternoon. Thank you for your patience.

I cannot speak for Mr. Petty or his client. However, as for Mr. Nicholsen in his individual capacity, my understanding is that by virtue of notice of stay proceedings and notice of the automatic stay that no further developments can take place in the underlying proceeding unless or until that stay is lifted.

As such, Mr. Nicholsen will not be produced for a deposition on Monday.

If you have any questions, please let me know.

Sincerely,

Justin Hein

CC:       For your information.



 **Justin D. Hein**
*Attorney*

**Carle Mackie Power & Ross LLP**
100 B Street, Suite 400, Santa Rosa, CA 95401
Tel: 707-526-4200  ext. 157 • Fax: 707-526-4707
*jhein@cmprlaw.com* • *www.cmprlaw.com*

*The information contained in this email message may be privileged, confidential,*
*and protected from disclosure.  If you are not the intended recipient, any*
*dissemination, distribution, or copying of this information is strictly prohibited.*
*If you think that you have received this email message is error, please call or email*
*the sender immediately.*

---

**From:** Omar.Parra@gtlaw.com <Omar.Parra@gtlaw.com>
**Sent:** Thursday, July 20, 2023 6:17 PM
**To:** Justin Hein <jhein@cmprlaw.com; richard.petty@hklaw.com
**Cc:** awhite@vgcllp.com; Marc.Baluda@gtlaw.com; Hal.Davis@gtlaw.com
**Subject:** Kelham Vineyards - Mr. Hamilton Nicholsen's Deposition

Justin and Richard,

As you know, we all just received the attached Notice. In light of the Notice, what is your
position on Mr. Hamilton Nicholsen's deposition on Monday? Thanks.

- OP

**Omar Parra**
Associate

Greenberg Traurig, LLP
101 2nd Street | Suite 2200 | San Francisco, CA 94105-3668
T +1 415.655.1275  |  C 415 218 3937
Omar.Parra@gtlaw.com  |  www.gtlaw.com   |  View GT Biography

**GT** GreenbergTraurig

---

If you are not an intended recipient of confidential and privileged information in this email, please
delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the
information.

# Exhibit 17

**From:** "Rodriguez, Isabel" <Isabel.Rodriguez@napa.courts.ca.gov>
**Date:** July 27, 2023 at 8:22:10 AM PDT
**To:** "Petty, Richard W (LAX - X52477)" <richard.petty@hklaw.com>, "Davis, Hal (Shld-SFO-IP-Tech)" <Hal.Davis@gtlaw.com>, "Baluda, Marc R. (Shld-SFO-CP)" <Marc.Baluda@gtlaw.com>, "Nelson, Stacie P (SFO - X56936, LAX - X52478)" <Stacie.Nelson@hklaw.com>, jgreeley@vgcllp.com, dvazquez@vgcllp.com, awhite@vgcllp.com
**Cc:** MSC <MSC@napa.courts.ca.gov>
**Subject: RE: Mandatory Settlement Conference: 21CV001403 Ronald Nicholsen, II vs Kelham Vineyards & Winery LLC et al**

**\*EXTERNAL TO GT\***

Good morning,
I checked with Civil Division as they are the ones who file and this is their answer:

==The Stay was only as to Kelham Vineyards & Winery, LLC. There is still a second Defendant, Susanna Kelham, who is active. We would only vacate all hearings if the Stay was to all parties.==

If you need further assistance with this matter you may contact civil at 707-299-1130 and ask for Kelly Rose (specialist)

---

**From:** Petty, Richard W (LAX - X52477) <richard.petty@hklaw.com>
**Sent:** Wednesday, July 26, 2023 5:44 PM
**To:** Rodriguez, Isabel <Isabel.Rodriguez@napa.courts.ca.gov>; Hal.Davis@gtlaw.com; Marc.Baluda@gtlaw.com; Nelson, Stacie P (SFO - X56936, LAX - X52478) <Stacie.Nelson@hklaw.com>;

jgreeley@vgcllp.com; dvazquez@vgcllp.com; awhite@vgcllp.com
**Cc:** MSC <MSC@napa.courts.ca.gov>
**Subject:** RE: Mandatory Settlement Conference: 21CV001403 Ronald Nicholsen, II vs Kelham Vineyards & Winery LLC et al

Dear Ms. Rodriguez:

On July 20, 2023, Main Street Cottage, LLC filed an Involuntary Petition Against Kelham Vineyards & Winery LLC in the United States Bankruptcy Court for the Northern District of California.  By operation of law pursuant to Section 362 of the Bankruptcy Code, this filing results in an automatic stay of 21CV001403 Ronald Nicholsen, II vs. Kelham Vineyards & Winery LLC.  The next day, Kelham Vineyards & Winery LLC filed a Notice of Stay with this Court, a copy of which is attached for your reference.  Therefore, as a consequence of the automatic stay, we believe that the MSC and all further proceedings before this Court must be taken off-calendar and that the entire proceedings have been stayed.

**Richard Petty | Holland & Knight**
Senior Counsel
Holland & Knight LLP
400 South Hope Street, 8th Floor | Los Angeles, California 90071
Phone 213.896.2477 | Fax 213.896.2450
richard.petty@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Rodriguez, Isabel <Isabel.Rodriguez@napa.courts.ca.gov>
**Sent:** Wednesday, July 26, 2023 8:23 AM
**To:** Hal.Davis@gtlaw.com; Marc.Baluda@gtlaw.com; Petty, Richard W (LAX - X52477) <richard.petty@hklaw.com>; Nelson, Stacie P (SFO - X56936, LAX - X52478) <stacie.nelson@hklaw.com>; jgreeley@vgcllp.com; dvazquez@vgcllp.com; awhite@vgcllp.com
**Cc:** MSC <MSC@napa.courts.ca.gov>
**Subject:** RE: Mandatory Settlement Conference: 21CV001403 Ronald Nicholsen, II vs Kelham Vineyards & Winery LLC et al
**Importance:** High

*[External email]*
Good morning,
This is a friendly reminder your statements are due tomorrow, 7/27 by 4:00pm.
Please submit them ASAP.

**From:** Rodriguez, Isabel
**Sent:** Monday, July 10, 2023 9:10 AM
**To:** Hal.Davis@gtlaw.com; Marc.Baluda@gtlaw.com; richard.petty@hklaw.com; stacie.nelson@hklaw.com; jgreeley@vgcllp.com; dvazquez@vgcllp.com; awhite@vgcllp.com
**Cc:** MSC <MSC@napa.courts.ca.gov>
**Subject:** Mandatory Settlement Conference: 21CV001403 Ronald Nicholsen, II vs Kelham Vineyards & Winery LLC et al
**Importance:** High

Hello Counsel,

This is a courtesy message regarding your Mandatory Settlement Conference scheduled on **08/10/2023 at 3:00 PM**. Your MSC statements should be lodged with the Court no later than 4 PM on **07/27/2023**.

Email your MSC statements to us and this will be considered lodged. Please **reply ALL** to this email if you do so. Should you have any questions or concerns please do not hesitate to contact us at 707-299-1100.

The MSC hearing will take place remotely via Zoom, please see below the connection details;

**MSC**
**Join by Video (Preferred):**
https://us02web.zoom.us/j/81482648857?pwd=eFZJM3VrOUQ5Q042VEJDek9UWnhndz09
**Join by Phone:** 877 853 5247 or 888 788 0099
**Meeting ID:** 814 8264 8857
**Password:** 821215


Kind Regards,
*Isabel Rodriguez*
Napa Superior Court
Legal Process Clerk
707-299-1100

**\*\*Please Note: This email and any other email on this message that relates to the Court should be used only for lodging your MSC Statement for the above noted date. For any other matters or concerns, please phone the Court directly at 707-299-1100. Thank you**

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# Exhibit 18

# Case Information

21CV001403 | Ronald Nicholsen, II vs Kelham Vineyards & Winery LLC et al

| Case Number | Court | |
|---|---|---|
| 21CV001403 | Superior Court of Napa - Civil | |
| File Date | Case Type | Case Status |
| 10/04/2021 | Writ of Mandate Unlimited (02) | Appealed |

# Party

| Respondent | |
|---|---|
| Kelham Vineyards & Winery LLC | Active Attorneys ▾ |
| | Lead Attorney |
| | Petty, Richard William |
| | Retained |

| Respondent | |
|---|---|
| Kelham, Susanna rogers | Active Attorneys ▾ |
| | Lead Attorney |
| | Greeley, James Lawrence |
| | Retained |

| Petitioner | |
|---|---|
| Nicholsen, Ronald, II | Active Attorneys ▾ |
| | Lead Attorney |
| | Davis, Harold Henry |
| | Retained |

# Events and Hearings

> 10/04/2021 Civil Case Cover Sheet

10/04/2021 Petition: Writ of Mandamus

01/25/2022 Notice

01/26/2022 Response or Reply ▾

Comment

RESPONSE AND OBJECTIONS TO VERIFIED PETITION FOR WRIT OFMANDATE TO ENFORCE MEMBER
S RIGHT TO OBTAIN,INSPECT, AND COPY CERTAIN RECORDS OF A LIMITEDLIABILITY COMPANY PER
CORPORATIONS CODE 17704.10

09/27/2022 Notice of Hearing ▾

Comment

NOTICE OF HEARING ON PETITIONER RONALD NICHOLSEN IIS PETITION FOR WRIT OF MANDATE

09/27/2022 Declaration ▾

Comment

PETITIONER RONALD NICHOLSEN IIS COMPENDIUM OF EVIDENCE IN SUPPORT OF THE BRIEF ON THE
MERITS OF THE PETITION FOR WRIT OF MANDATE

09/27/2022 Brief ▾

Comment

PETITIONER RONALD NICHOLSEN IIS OPENING BRIEF ON THE MERITS OF VERIFIED PETITION FOR
WRIT OF MANDATE TO ENFORCE HIS RIGHT TO OBTAIN, INSPECT, AND COPY CERTAIN RECORDS OF A
LIMITED LIABILITY COMPANY PER CALIFORNIA CORPORATIONS CODE

09/27/2022 Proof of Service

10/28/2022 Notice of Hearing ▾

Comment

AMENDED NOTICE OF HEARING ON PETITIONER RONALD NICHOLSEN IIS PETITION FOR WRIT OF
MANDATE PURSUANT TO LOCAL RULES OF COURT, RULE 2.9

10/28/2022 Brief: Reply ▾

Comment

PETITIONER RONALD NICHOLSEN IIS REPLY BRIEF IN SUPPORT OF VERIFIED PETITION FOR WRIT OF
MANDATE TO ENFORCE HIS RIGHT TO OBTAIN, INSPECT, AND COPY CERTAIN RECORDS OF A LIMITED
LIABILITY COMPANY PER CALIFORNIA CORPORATIONS CODE

10/28/2022 Declaration ▾

Comment

DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS REPLY
BRIEF IN SUPPORT OF THE OF THE MERITS OF VERIFIED PETITION FOR WRIT OF MANDATE TO
ENFORCE HIS RIGHT TO OBTAIN, INSPECT, AND COPY CERTAIN RECORDS OF A LIMITED LIABILIT

| 10/28/2022 Proof of Service |
| --- |

**11/04/2022 Petition Hearing** ▼

Judicial Officer
Young, Scott R.L.

Hearing Time
8:30 AM

Result
Heard

Comment
RONALD NICHOLSEN II S PETITION FOR WRIT OF MANDATE

**11/04/2022 Order** ▼

Comment
WRIT AND ORDER GRANTING PETITIONER RONALD NICHOLSEN IIS WRIT OF MANDATE TO ENFORCE HIS RIGHT TO OBTAIN,

| 11/04/2022 Minute Order |
| --- |

**01/20/2023 Statement: Case Management Conference** ▼

Comment
Case Management Statement (Statements)

| 01/23/2023 Statement: Case Management Conference |
| --- |

**01/25/2023 Conference: Case Management** ▼

Judicial Officer
Young, Scott R.L.

Hearing Time
8:30 AM

Result
Heard

| 01/25/2023 Minute Order |
| --- |

**02/14/2023 Response or Reply** ▼

Comment
RESPONDENT KELHAM VINEYARDS & WINERY LLC S RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS

**02/14/2023 Notice** ▼

Case: 23-10384   Doc# 11-2   Filed: 07/31/23   Entered: 07/31/23 16:13:45   Page 142 of 154

Comment

PETITIONER RONALD NICHOLSEN IIS NOTICE OF RESPONDENTS NONCOMPLIANCE WITH THE COURTS NOVEMBER 4, 2022 ORDER AND SUBSEQUENT ORDER TO SHOW CAUSE

---

02/15/2023 Order to Show Cause (Non-DCSS) ▾

Judicial Officer
Young, Scott R.L.

Hearing Time
9:00 AM

Result
Heard

Comment
Failure to comply with 11/04/2022 Court order/sanctions TE: 1 hour

---

02/15/2023 Minute Order

---

03/02/2023 Order ▾

Comment

SANCTIONING RESPONDENT SUSANNA ROGERS KELHAM FOR FAILURE TO COMPLY WITH TEH COURT'S WRIT OF MANDATE AND ORDER DATED NOVEMBER 4/2022

---

03/09/2023 Brief ▾

Comment

RESPONDENT KELHAM VINEYARDS & WINERY LLC S INITIAL RETURN TO WRIT

---

03/09/2023 Motion ▾

Comment

PETITIONER RONALD NICHOLSEN IIS PETITION FOR RECOVERY OF FEES AND EXPENSES AND RESPONSE TO OSC (Motions)

---

03/09/2023 Declaration ▾

Comment

DECLARATION OF MARC R. BALUDA IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS PETITION FOR RECOVERY OF FEES AND EXPENSES AND RESPONSE TO OSC (Declarations)

---

03/09/2023 Declaration ▾

Comment

DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS PETITION FOR RECOVERY OF FEES AND EXPENSES (Declarations)

---

03/09/2023 Declaration ▾

Case: 23-10384   Doc# 11-2   Filed: 07/31/23   Entered: 07/31/23 16:13:45   Page 143 of 154

Comment

PETITIONER RONALD NICHOLSEN IIS DECLARATION IN SUPPORT OF PETITION FOR RECOVERY OF
FEES AND EXPENSES (Declarations)

03/09/2023 Declaration ▼

Comment

DECLARATION OF RICHARD RODRIGUEZ IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS
PETITION FOR RECOVERY OF FEES AND EXPENSES (Declarations)

03/09/2023 Proof of Service ▼

Comment

PROOF OF SERVICE RE PETITIONER RONALD NICHOLSEN IIS PETITION FOR RECOVERY OF FEES AND
EXPENSES AND RESPONSE TO OSC (Comment)

03/10/2023 Brief ▼

Comment

RESPONDENT KELHAM VINEYARDS & WINERY LLCS BRIEF REGARDING REMEDIES AND REQUEST
FOR EVIDENTIARY HEARING

03/10/2023 Notice ▼

Comment

PETITIONER RONALD NICHOLSEN IIS NOTICE OF RESPONDENTS NONCOMPLIANCE WITH THE
COURTS NOVEMBER 4, 2022 WRIT AND FIRST ORDER TO SHOW CAUSE (Comment)

03/10/2023 Declaration ▼

Comment

DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF IN SUPPORT OF PETITIONER RONALD
NICHOLSEN IIS NOTICE OF RESPONDENTS NONCOMPLIANCE WITH THE COURTS NOVEMBER 4, 2022
WRIT AND FIRST ORDER TO SHOW CAUSE (Declarations)

03/10/2023 Proof of Service ▼

Comment

PROOF OF SERVICE RE PETITIONER RONALD NICHOLSEN IIS NOTICE OF RESPONDENTS
NONCOMPLIANCE (Comment)

03/13/2023 Order to Show Cause (Non-DCSS) ▼

Judicial Officer

Young, Scott R.L.

Hearing Time

8:30 AM

Result

Heard

Comment
as to why CCC 1704.10 has not been complied with.

03/13/2023 Notice of Hearing Court ▾

    Comment
    To Respondent Susanna Kelham re: FTA

03/13/2023 Minute Order

03/14/2023 Petition Hearing ▾

Judicial Officer
Young, Scott R.L.

Hearing Time
8:30 AM

Cancel Reason
Vacated

Comment
TE: 1 day; Evidentiary Hearing

03/30/2023 Statement ▾

    Comment
    PETITIONER RONALD NICHOLSEN II'S STATEMENT REGARDING SPECIFIC RECORDS NOT PRODUCED
    IN VIOLATION OF THE WRIT AND ORDER DATED NOVEMBER 4, 2022 (Statements)

03/30/2023 Declaration ▾

    Comment
    DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF PETITIONER RONALD NICHOLSEN II'S
    STATEMENT REGARDING SPECIFIC RECORDS NOT PRODUCED IN VIOLATION OF THE WRIT AND
    ORDER DATED NOVEMBER 4, 2022 (Declarations)

03/30/2023 Declaration ▾

    Comment
    PETITIONER RONALD NICHOLSEN II S DECLARATION IN SUPPORT OF STATEMENT REGARDING
    SPECIFIC RECORDS NOT PRODUCED IN VIOLATION OF THE WRIT AND ORDER DATED NOVEMBER 4,
    2022

03/30/2023 Proof of Service ▾

    Comment
    Proof of Service (Comment)

03/30/2023 Response or Reply ▾

Comment

RESPONDENTS KELHAM VINEYARDS & WINERY LLC S AND SUSANNA ROGERS KELHAM S RESPONSE AND OBJECTIONS TO PETITIONER RONALD NICHOLSEN II S PETITION FOR RECOVERY OF FEES AND EXPENSES AND RESPONSE TO OSC

04/03/2023 Response or Reply ▾

Comment

Response to OSC and Initial Return to Writ

04/04/2023 Notice ▾

Comment

NOTICE OF CHANGE OF ADDRESS OR OTHER CONTACT INFORMATION (Comment)

04/11/2023 Response or Reply ▾

Comment

RESPONDENT KELHAM VINEYARDS & WINERY LLC S RESPONSE TO PETITIONER RONALD NICHOLSEN II S STATEMENT REGARDING SPECIFIC RECORDS NOT PRODUCED IN VIOLATION OF THE WRIT AND ORDER DATED NOVEMBER 4, 2022

04/11/2023 Response or Reply ▾

Comment

PETITIONER RONALD NICHOLSEN IIS RESPONSE TO RESPONDENT SUSANNA KELHAMS INITIAL RETURN OF THE WRIT AND NOTICE OF CONTINUED NONCOMPLIANCE WITH THE COURTS WRIT AND ORDER OF NOVEMBER 4, 2022 (Responses)

04/11/2023 Proof of Service ▾

Comment

PROOF OF SERVICE RE PETITIONER RONALD NICHOLSEN IIS RESPONSE TO RESPONDENT SUSANNA KELHAMS INITIAL RETURN OF THE WRIT AND NOTICE OF CONTINUED NONCOMPLIANCE WITH THE COURTS WRIT AND ORDER OF NOVEMBER 4, 2022 (Comment)

04/11/2023 Declaration ▾

Comment

DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS RESPONSE TO RESPONDENT SUSANNA KELHAMS INITIAL RETURN OF THE WRIT AND NOTICE OF CONTINUED NONCOMPLIANCE WITH THE COURTS WRIT AND ORDER OF NOVEMBER 4, 2022 (Declarations)

04/11/2023 Response or Reply ▾

Comment

PETITIONER RONALD NICHOLSEN IIS REPLY TO RESPONDENTS RESPONSE AND OBJECTIONS TO PETITION FOR RECOVERY OF FEES AND EXPENSES AND RESPONSE TO OSC (Responses)

04/11/2023 Declaration ▾

Case: 23-10384   Doc# 11-2   Filed: 07/31/23   Entered: 07/31/23 16:13:45   Page 146 of 154

Comment

DECLARATION OF MARC R. BALUDA IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS REPLY IN SUPPORT OF HIS PETITION FOR RECOVERY OF FEES AND EXPENSES AND RESPONSE TO OSC (Declarations)

04/11/2023 Declaration ▼

Comment

DECLARATION OF RICHARD RODRIGUEZ IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS REPLY TO RESPONDENTS RESPONSE AND OBJECTIONS TO PETITIONERS PETITION FOR RECOVERY OF FEES AND EXPENSES AND RESPONSE TO OSC (Declarations)

04/11/2023 Proof of Service ▼

Comment

PROOF OF SERVICE RE PETITIONER RONALD NICHOLSEN IIS REPLY TO RESPONDENTS RESPONSE AND OBJECTIONS TO PETITIONERS PETITION FOR RECOVERY OF FEES AND EXPENSES AND RESPONSE TO OSC (Comment)

04/11/2023 Declaration ▼

Comment

PETITIONER RONALD NICHOLSEN IIS DECLARATION IN SUPPORT OF HIS REPLY FOR REIMBURSEMENT OF COSTS AND FEES IN THIS ACTION (Declarations)

04/11/2023 Declaration ▼

Comment

DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS REPLY TO RESPONDENTS RESPONSE AND OBJECTIONS TO PETITIONERS PETITION FOR RECOVERY OF FEES AND EXPENSES AND RESPONSE TO OSC (Declarations)

04/13/2023 Conference: Mandatory Settlement ▼

Judicial Officer

Spanos, George V

Hearing Time

03:00 PM

Result

MSC Held - Trial Date Confirmed

Comment

Voluntary Settlement Conference

04/13/2023 MSC Outcome

04/17/2023 Order to Show Cause (Non-DCSS) ▼

Judicial Officer

Young, Scott R.L.

Hearing Time
8:30 AM

Result
Heard

Comment
Re: Respondent Susanna Kelham's FTA

04/17/2023 Other Hearing ▾

Judicial Officer
Young, Scott R.L.

Hearing Time
8:30 AM

Result
Heard

Comment
Cont'd hearing of 3/13/23 matters (attys fees, costs, etc.)

04/17/2023 Minute Order

04/17/2023 Minute Order: Amended

04/17/2023 Minute Order: Amended

04/20/2023 Other Hearing ▾

Judicial Officer
Young, Scott R.L.

Hearing Time
8:30 AM

Result
Heard

Comment
IDC - approved by Judge Young

04/20/2023 Minute Order

05/03/2023 Statement: Case Management Conference ▾

Comment
Case Management Statement

05/03/2023 Statement: Case Management Conference ▾

Comment
Case Management Statement (Statements)

05/03/2023 Statement: Case Management Conference ▾

Comment
HRNG: 05-18-2023 Case Management Statement

05/10/2023 Order ▾

Comment
ORDER FOLLOWING CONTINUED SECOND ORDER TO SHOW CAUSE HELD ON APRIL 17, 2023 (Orders)

05/10/2023 Notice ▾

Comment
Notice (Comment)

05/12/2023 Order ▾

Comment
ORDER FOLLOWING HEARING RE: ATTORNEYS FEES, COSTS AND SANCTIONS HELD ON APRIL 17, 2023 (Orders)

05/18/2023 Conference: Case Management ▾

Judicial Officer
Smith, Cynthia P

Hearing Time
8:30 AM

Result
Heard

Comment
to set Evidentiary Hearing

05/18/2023 Minute Order

05/23/2023 Notice of Appeal - Court of Appeal ▾

| Judicial Officer | Comment |
| --- | --- |
| Young, Scott R.L. | A167895 |

05/24/2023 Notice ▾

Comment
To All Parties Re Filing of Notice of Appeal

05/24/2023 Notice of Appeal - Court of Appeal ▾

Judicial Officer
Young, Scott R.L.

05/26/2023 Notice ▾

Comment

To All Parties Re Filing of NOA

05/31/2023 Motion ▼

Comment

PETITIONER RONALD NICHOLSEN IIS NOTICE OF MOTION AND MOTION TO COMPEL AND REQUEST
FOR SANCTIONS (Motions)

05/31/2023 Proof of Service ▼

Comment

PROOF OF SERVICE re PETITIONER RONALD NICHOLSEN IIS NOTICE OF MOTION AND MOTION TO
COMPEL AND REQUEST FOR SANCTIONS (Comment)

05/31/2023 Memorandum: Points and Authorities ▼

Comment

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS
MOTION TO COMPEL AND REQUEST FOR SANCTIONS (Memos)

05/31/2023 Declaration ▼

Comment

DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS MOTION TO
COMPEL AND REQUEST FOR SANCTIONS (Declarations)

06/05/2023 Designation: Rule 8.124 ▼

Comment

With Court Reporter Transcripts

06/05/2023 Designation: Rule 8.124

06/06/2023 Proof of Service ▼

Comment

Designation to COA

06/06/2023 Proof of Service ▼

Comment

Designation to COA

06/15/2023 Opposition or Objections ▼

Comment

OPPOSITION TO MOTION TO COMPEL AND REQUEST FOR SANCTIONS

06/15/2023 Opposition or Objections ▼

Comment

Opposition of Susanna Kelham to Petitioner's Motion to Compel and Request for Sanctions

---

06/15/2023 Declaration ▾

Comment

DECLARATION OF ANDREW D. WHITE IN SUPPORT OF RESPONDENT SUSANNA ROGERS KELHAM S OPPOSITION TO PETITIONER S MOTION TO COMPEL AND REQUEST FOR SANCTIONS

---

06/15/2023 Opposition or Objections ▾

Comment

RESPONDENT SUSANNA ROGERS KELHAM S EVIDENTIARY OBJECTIONS TO DECLARATION OF HAROLD H. DAVIS

---

06/22/2023 Response or Reply ▾

Comment

REPLY IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS MOTION TO COMPEL AND REQUEST FOR SANCTIONS (Responses)

---

06/22/2023 Response or Reply ▾

Comment

REPLY TO SUSANNA KELHAMS OPPOSITION TO RONALD NICHOLSEN IIS MOTION TO COMPEL AND REQUEST FOR SANCTIONS (Responses)

---

06/22/2023 Proof of Service ▾

Comment

Proof of Service (Comment)

---

06/22/2023 Declaration ▾

Comment

PETITIONER RONALD NICHOLSEN IIS DECLARATION IN SUPPORT OF HIS MOTION TO COMPEL AND REQUEST FOR SANCTIONS (Declarations)

---

06/22/2023 Declaration ▾

Comment

DECLARATION OF OMAR PARRA IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS REPLY IN SUPPORT OF HIS MOTION TO COMPEL AND REQUEST FOR SANCTIONS (Declarations)

---

06/22/2023 Declaration ▾

Comment

DECLARATION OF HAROLD H. DAVIS IN SUPPORT OF PETITIONER RONALD NICHOLSEN IIS REPLY IN SUPPORT OF HIS MOTION TO COMPEL AND REQUEST FOR SANCTIONS (Declarations)

---

06/29/2023 Motion ▾

Case: 23-10384   Doc# 11-2   Filed: 07/31/23   Entered: 07/31/23 16:13:45   Page 151 of 154

Judicial Officer
Young, Scott R.L.

Hearing Time
8:30 AM

Result
Heard

Comment
Plaintiffs Motion to Compel and Request For Sanctions ORAL ARGUMENT - Andrew White for Def S. Kelham

06/29/2023 Minute Order

06/30/2023 Minute Order: Amended

07/03/2023 Notice: Default (Appeal) ▾

Comment
Failure to Deposit Estimated Court Reporter Fees

07/05/2023 Statement: Case Management Conference ▾

Comment
Case Management Statement

07/07/2023 Statement: Case Management Conference ▾

Comment
Case Management Statement

07/07/2023 Notice ▾

Comment
NOTICE OF ENTRY OF JUDGMENT OR ORDER (Comment)

07/10/2023 Statement: Case Management Conference ▾

Comment
Case Management Statement (Statements)

07/20/2023 Conference: Case Management ▾

Judicial Officer
Young, Scott R.L.

Hearing Time
8:30 AM

Result
Heard

07/20/2023 Minute Order

07/21/2023 Notice: Stay of Proceedings

07/24/2023 Correspondence ▾

Comment
Respondent's Estimate Letter for Reporter Trust Account

07/25/2023 Notice of Hearing Court ▾

Comment
OSC/ STATUS DLR

08/10/2023 Conference: Mandatory Settlement ▾

Judicial Officer
Guadagni, Raymond A.

Hearing Time
03:00 PM

09/28/2023 Conference: Trial Management ▾

Judicial Officer
Smith, Cynthia P

Hearing Time
8:30 AM

10/02/2023 Court Trial: Long Cause ▾

Judicial Officer
Smith, Cynthia P

Hearing Time
8:30 AM

Comment
TE: 2-3 Days

10/02/2023 Other Hearing ▾

Judicial Officer
Smith, Cynthia P

Hearing Time
8:30 AM

Comment
Evidentiary Hearing

01/25/2024 OSC/Status DLR ▾

Judicial Officer
Young, Scott R.L.

Hearing Time
8:30 AM

Comment
AS TO KELHAM VINEYARDS & WINERY LLC