| | |
|---|---|
| 1 | Harold H. Davis (SBN CA 235552) |
| | Marc R. Baluda (SBN CA 192516) |
| 2 | GREENBERG TAURIG, LLP |
| | 101 Second Street, Suite 2200 |
| 3 | San Francisco, California 94105-3668 |
| | Telephone: 415.655.1300 |
| 4 | Facsimile: 415.707.2010 |
| | Hal.Davis@gtlaw.com |
| 5 | Marc.Baluda@gtlaw.com |

Attorneys for Party in Interest RONALD NICHOLSEN II

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA – SANTA ROSA

| | |
|---|---|
| In re Kelham Vineyards & Winery, LLC | Bankruptcy Case No. 23-10384 SR__ - Chapter 11 [Assigned to: Judge William Lafferty] **RONALD NICHOLSEN II'S DECLARATION IN SUPPORT OF PARTY IN INTEREST'S MOTION TO APPOINT A CHAPTER 11 TRUSTEE** <u>Hearing</u>: DATE: TIME: DEPT: |

# DECLARATION OF RONALD NICHOLSEN II

I, RONALD NICHOLSEN II, declare as follows:

1. I am an individual residing in Napa County, California. I am the Party in Interest in the above-entitled action. I make this declaration in support of the Motion to Appoint a Chapter 11 Trustee. I have personal knowledge of the matters stated in this Declaration, about which I could and would testify competently if called as a witness.

2. With the financial and moral support of my late stepfather, Rawson Kelham, in 1997, I established Kelham Maclean Winery at 360 Zinfandel Lane in Saint Helena, California.

3. At the end of 2000, my mother, Susanna Kelham joined me at Kelham Maclean Winery. In 2001, Susanna Kelham bought out my four partners' collective 2/3rd interest in the winery for nearly a million dollars and I remained a one-third owner. Thereafter, she brought my brother Hamilton Nicholsen into the company.

4. In December 2000, we formed Kelham Vineyards & Winery LLC ("Kelham Vineyards" or the "Company") and Susanna Kelham transferred one-half of her ownership to my brother Hamilton Nicholsen making him a one-third owner. Since that time, we have remained equal owners and members of Kelham Vineyards, with Hamilton Nicholsen and I owning 33.3% and Susanna Kelham claiming to own a 33.4% interest in the Company.

5. Kelham Vineyards owns and operates a winery, tasting room and showroom at 360 Zinfandel Lane in St. Helena. It also manages five acres of prime planted vineyards and produces up to 48,000 bottles of wine per year. Kelham Vineyards has a permit to produce 100,000-gallons of wine a year – which is significantly larger than most all other boutique wineries in Napa Valley. As of 2021, it was producing approximately 12,000 – 15,0000 gallons of wine a year.

6. From its inception until 2021, I was its winemaker, vineyard manager, tasting and tour guide, and operations manager. If I was not at the winery or in the vineyards, I was hosting winemaker dinners across the United States on behalf of Kelham Vineyards.

7. Since its inception, Kelham Vineyards has made its wine with grapes sourced from a 45-acre vineyard in Oakville, California. At all times, my brother and I managed, operated, farmed, and otherwise maintained that vineyard for the benefit of the family business.

1

8. On October 11, 2011, my stepfather died, and my mother took exclusive control of Kelham Vineyards' books and records, including bank accounts, contracts, and all other records regarding the operations of Kelham Vineyards. I have never had access to the bank accounts, contracts, or the Company's books and records and only had very limited access to information at her discretion.

9. Following a lengthy and heavily contested probate regarding my stepfather's estate, I am informed and understand that Susanna Kelham received the vineyards in Oakville.

10. I am informed and understand that in 2016, Susanna Kelham formed Kelham Growers LLC, which is the entity that purports to operate, but may or may not own, those vineyards.

11. In 2016, Susanna Kelham insisted that Kelham Vineyards pay Kelham Growers for the grapes for our wine. This was a significant and new expense that Kelham Vineyards had never previously incurred in its business operations.

12. Aside from paying Kelham Growers, in all other respects, Kelham Vineyards continued operating as it did before 2016. Kelham Vineyards owners (Hamilton Nicholsen and I) and our employees continued maintaining the vineyard in Oakville. And Kelham Vineyards continues advertises itself as owning the vineyards.

13. On May 24, 2021, Susanna Kelham abruptly informed me via a letter that it was "time to server our business relationship, and to start the process of negotiating a settlement for your exit from Kelham Vineyards and Winery LLC. As a reminder, you own a 33% interest in Kelham Vineyards and Winery LLC. I am in the process of having Kelham Vineyard and Winery LLC appraised. Once that value is determined, we can negotiate the terms of your exit…. I believe it is time to move in our separate directions and I hope you will agree to a reasonable settlement for your exit." Attached hereto is a true and correct copy of that letter marked as **Exhibit 1**.

14. I am informed and understand that in October 2020, Kelham Vineyards paid Kelham Growers $142,245.00 for 31.61 tons of "Cab abandoned by [winery] and bulked out." Bulking out wine is a known term within the industry, which means Kelham Vineyards

2

bought the grapes and spent the time and money process it into wine, but Kelham Vineyards did not ingest the grapes into its own production.

15. I am informed and understand that on or about November 3, 2021, Kelham Vineyards applied for the trademark "Kelham Vineyards with Le Petit Chef" described to the United States Patent and Trademark Office as "Restaurant services featuring a dining experience using overhead projectors with animation on the tables flat surface with dishes, namely, food and wine coursed food." Kelham Vineyards apparently intends to offer tasting menus with wine for up to $300.00 a person, which will include animation on the table for the guests' entertainment. This proposed offering may violate the Napa County Winery Definition Ordinance 947 of 1990 thereby creating needless liability for the winery.

16. I am informed and understand that Kelham Vineyards is currently performing major capital improvements to 360 Zinfandel Lane, which includes but is not limited to expanding its plumbing and electrical services to support the installation of new fermentation tanks. On August 3, 2023, I searched the County of Napa online building permit – public records search at https://www.countyofnapa.org/2474/PBES-Public-Records-Search and did not locate any current permits for 360 Zinfandel Lane.

17. Antonio Olivera has been one of Kelham Vineyards' full-time employees for more than 10 years. Mr. Olivera's work occurs at the winery and vineyards.

18. In April 2022, I received a Notice of Proposed Assessment from the California Franchise Tax Board proposing a tax assessment of $27,657 against me based on Kelham Vineyards' estimated income for me in 2019. Kelham Vineyards, however, did not pay me an amount nearing what it reported to the California Franchise Tax Board. Ultimately, the Tax Board put a lien on our home and I must sell the house because we are unable to pay the lien as a result of being forced out of the Company.

19. In November 2022, I received a parcel via U.S. Mail at my home containing five letters dated October 26, 2022, each letter was addressed to Hamilton Nicholsen and me from Susanna Kelham. True and correct copies of all the letters contained within that package is attached to hereto as **Exhibit 20**.

3

20. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 03 day of August 2023, in Napa, California.

*[Signature]* 08.03.2023
Ronald Nicholsen II

# Exhibit 1



Ron Nicholsen
Winemaker
360 Zinfandel Lane
St. Helena, CA 94574

Susanna Kelham
Senior Partner
360 Zinfandel Lane
St. Helena, CA 94574

May 24th, 2021

Dear Ron,

On April 27, 2021 you sent an email to Gen Crego regarding purchasing bulk wine from Kelham Vineyards and Winery, LLC. Gen forwarded the email to me the same day. Unfortunately, Kelham Vineyards and Winery, LLC will not be able to accommodate the terms you noted in your email. If your email was an offer or proposal, I must reject this offer or proposal in its entirety.

Kelham Vineyards is currently not interested in selling any wine, under any terms, to FTW, LLC, David Haas, or Nicholas Gerhart. I verbally informed you that I would not approve this one month ago. As you may recall, you previously entangled Kelham Vineyards in a similar circumstance with Craig McClain and the Bench Group that ended up losing the business a large amount of money. Neither myself or Kelham Vineyards are interesting in going down any similar path ever again. I have helped you financially as an individual significantly, but I am not willing to enter into any agreements with any entities or partnerships you have entered. Any agreements entered into between you and Kelham Vineyards or myself will only ever be with you as an individual, never with an entity or partnership. The terms in the agreements we have entered into in the past, including terms you requested in your email, have generously favored you because you are my son and I want to see you succeed. However, I feel it is inappropriate for you to ask me to afford the other two people mentioned the same level of generosity. In essence, you are asking me to give a gift to two people I barely know nor trust in order for them to make money off of my hard work. It is also important to note that I have not been paid for the fruit which made the wine you wish to purchase at a large discount. In fact, I have not been paid for three years for the fruit I provide. I have lost, and am losing, significant amounts of money that I am entitled to under our agreements, yet you are asking me to give you and your associates a sweetheart deal so you all can make money. I hope you can see how inappropriate this is especially in light of your past, costly associations.

It seems clear to me that you would like to go forward making wine with another group of people. Your email suggested that Kelham Vineyards sell you our wine so that you can bottle it, re-label it, and sell it in direct competition with our wines. Since in your scenario you would receive the wines at a heavily discounted price, with none of the overhead or costs associate with making the wine, you would have the flexibility to sell the wine at a much cheaper rate or reap much bigger profit margins. You are asking me to allow you to sell our wine, with a different label, at a discounted rate in direct competition with our wine. You have asked to undercut the integrity and reputation of our brand for your own self-interests and the interests of your associates. Your request represents a direct conflict of interest and violates the terms of our operating agreement. Your email shows a large disconnect between you and the economic reality of Kelham Vineyards along with a total disregard my economic interests and well-being.

If you choose to move forward with your associates and would like any association with Kelham Vineyards, we can negotiate a purchase of bulk wine as part of a settlement process in which you sell your interest in the Kelham Vineyards and Winery LLC. Due to the terms stated in your email, I believe it is time to sever our business relationship, and to start the process of negotiating a settlement for your exit from Kelham Vineyards and Winery LLC.

As a reminder, you own a 33% interest in Kelham Vineyard and Winery LLC. I am in the process of having the Kelham Vineyard and Winery LLC appraised. Once that value is determined, we can negotiate the terms of your exit. However, you are no longer authorized to make wine at Kelham Vineyard and Winery LLC. Any removal of wine or other assets from the 360 Zinfandel Lane property will be a violation of our Operating Agreement and will result in a claim of damages set forth by Kelham Vineyard and Winery LLC, or Kelham Growers due to the fact that none of the fruit has been paid for, against you and your interests noted above.

I believe it is time to move in our separate directions and I hope you will agree to a reasonable settlement for your exit.

Susanna Kelham
Senior Partner
360 Zinfandel Lane
St. Helena, CA 94574

Cc: Hamilton Nicholsen

Cc: Alexis W. White, Esq. Of Counsel

# Exhibit 20

Ronald Nicholsen
360 Zinfandel Lane
Saint Helena, CA 94574

Hamilton Nicholsen
360 Zinfandel Lane
Saint Helena, CA 94574

October 26, 2022

Re: 360 Zinfandel Lane, Saint Helena, California 94574

Dear Ronald and Hamilton:

    I am writing in my capacity as: (a) Trustee of the 1995 Susanna Rogers Kelham Revocable Trust; (b) Trustee of the Susanna Rogers Kelham 2012 Dynasty Trust f/b/o Ronald Nicholsen and Issue dated December 28, 2012; and (c) Trustee of the Susanna Rogers Kelham Dynasty Trust f/b/o Hamilton Nicholsen and Issue dated December 28, 2012. This letter will serve as a formal demand for Kelham Vineyards & Winery LLC (the "Winery") to promptly vacate 360 Zinfandel Lane in Saint Helena, California 94574 (the "Premises").

    As you know, the Winery has never entered into a formal lease for the Premises and has no ongoing right to continue utilizing the Premises for its business in the absence of such a lease. Circumstances have left me with no choice but to take this action. I would like to make it very clear that I will not authorize, approve, execute or enter into any agreement for the continued use of the Winery of the Premises. The time has come for the Winery to seek other property for its operations.

Sincerely,

Susanna R. Kelham,
Trustee

Ronald Nicholsen
360 Zinfandel Lane
Saint Helena, CA 94574

Hamilton Nicholsen
360 Zinfandel Lane
Saint Helena, CA 94574

October 28, 2022

Re: Collection of Debt Owed

Dear Ronald and Hamilton:

I am writing in my individual capacity. As you know, from time to time, I have been forced to loan money to Kelham Vineyards & Winery LLC (the "Winery") so that it can continue to operate. I have never entered into a formal agreement with the Winery concerning these loans and it has no ongoing right to borrow money from me. Moreover, the Winery has incurred a substantial debt to me for prior loans. The time has come for me to collect that debt in full together with all accrued interest. This letter will serve as a formal demand to the Winery for immediate repayment of its debt.

Circumstances have left me with no choice but to take this action. I would like to make it very clear that I will no longer loan money to the Winery. The Winery will need to seek another lender going forward.

Sincerely,

Susanna R. Kelham,
Individually

Ronald Nicholsen
360 Zinfandel Lane
Saint Helena, CA 94574

Hamilton Nicholsen
360 Zinfandel Lane
Saint Helena, CA 94574

October 28, 2022

Re: 1760 Main Street, Saint Helena, California 94574

Dear Ronald and Hamilton:

I am writing in my capacity as Manager of Main Street Cottage, LLC, which owns the real property located at 1760 Main Street in Saint Helena, California (the "Premises"). This letter will serve as a formal demand for Kelham Vineyards & Winery LLC (the "Winery") to immediately cease all use of the Premises.

As you know, the Winery has never entered into a formal agreement pertaining to the Premises and has no ongoing right to continue utilizing the Premises for its business in the absence of such an agreement. Circumstances have left me with no choice but to take this action. I would like to make it very clear that I will not authorize, approve, execute or enter into any agreement for the continued use by the Winery of the Premises. The time has come for the Winery to seek other property for rental.

Sincerely,

Susanna R. Kelham,
Manager

Ronald Nicholsen
360 Zinfandel Lane
Saint Helena, CA 94574

Hamilton Nicholsen
360 Zinfandel Lane
Saint Helena, CA 94574

October 28, 2022

Re: 1467 Dwyer Road, Unicorporated Area of Napa County

Dear Ronald and Hamilton:

I am writing in my capacity as Manager of Kelham Vineyards Growers LLC, which owns the real property located at 1467 Dwyer Road, in the unincorporated area of Napa County. The legal description of the Premises is attached to this letter as Exhibit A. This letter will serve as a formal demand for Kelham Vineyards & Winery LLC (the "Winery") to immediately cease all use of the Premises.

As you know, the Winery has never entered into a formal lease for the Premises and has no ongoing right to continue utilizing the Premises for its business in the absence of such a lease. Circumstances have left me with no choice but to take this action. I would like to make it very clear that I will not authorize, approve, execute or enter into any agreement for the continued use by the Winery of the Premises. The time has come for the Winery to seek other property for its operations.

Sincerely,

Susanna R. Kelham,
Manager

Ronald Nicholsen
360 Zinfandel Lane
Saint Helena, CA 94574

Hamilton Nicholsen
360 Zinfandel Lane
Saint Helena, CA 94574

October 28, 2022

Re: Collection of Debt Owed for Purchase of Grapes

Dear Ronald and Hamilton:

    I am writing in my capacity as Manager of Kelham Vineyards Growers LLC ("Growers"), which has previously sold grapes to Kelham Vineyards & Winery LLC (the "Winery"). As you know, the Winery has never entered into a formal agreement with Growers to purchase grapes and has no ongoing right to continue receiving grapes from Growers in the absence of such an agreement. Moreover, the Winery has incurred a substantial debt to Growers for past deliveries of grapes. The time has come for me to collect that debt in full together with all accrued interest. This letter will serve as a formal demand to the Winery for immediate repayment of its debt.

    Circumstances have left me with no choice but to take this action. I would like to make it very clear that I will not authorize, approve, execute or enter into any agreement for the continued delivery of grapes from Growers to the Winery. The Winery will need to seek another vendor for its grapes going forward.

Sincerely,

*[signature]*

Susanna R. Kelham,
Manager