REBEKAH PARKE R SBN 143674
4225-H Oceanside Boulevard #369
Oceanside CA, 92056-3472
Telephone No. (213) 628-2918
Email: AttorneyRParker@Gmail.Com

Attorney for Main Street Cottage, LLC.
Petitioning Creditor

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SANTA ROSA DIVISION

In re
KELHAM VINEYARD & WINERY, LLC.
           Alleged Debtor.

Case No. 23-10384

Chapter 11

**DECLARATION OF HAMILTON NICHOLSEN IN SUPPORT OF THE OPPOSITION TO RONALD NICHOLSEN II'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

DATE: August 16, 2023
TIME: 9:30 A.M.
ROOM: Courtroom 220

United States Bankruptcy Court
1300 Clay Street
Oakland, CA 94612

Case: 23-10384    Doc# 22    Filed: 08/10/23    Entered: 08/10/23 12:24:08    Page 1 of 11

# Declaration of Hamilton Nicholsen
# in
# Support of Opposition to Relief from Stay

I, Hamilton Nicholsen, declare:

1. I am the Authorized Agent for Main Street Cottage, Inc., the sole petitioning creditor in the above captioned pending Involuntary and a Member of the Alleged Debtor, Kelham Vineyard & Winery ("KVW"), along with my mother Susanna Kelham and my older brother Ronald Nicholsen ("Ron"), movant in the matter and the plaintiff in the Writ Action pending in the Napa County Superior Court.

2. I have personal knowledge of the following facts and here attest to their veracity under penalty of perjury.

3. Knowing that it brought my mother to tears, I filed this Involuntary as an act of mercy to create a forum for the liquidation of KVW's assets and liabilities, thereon allowing everyone connected with KVW to start a new life, to get a fresh start.

4. My mother Susanna Kelham is no longer willing or able to finance KVW's income shortfalls or defer payment of KVW debts for rents and grapes.

5. As a result, KVW is no longer a viable entity; thus, a case under Chapter 11 of the United States Bankruptcy Code, provides an ideal forum for the liquidation of both KVW's assets and liabilities.

6. I serve as both the winemaker and curator of the KVW Wine Library, and in this capacity, I can attest that relief from stay at this juncture would unduly interfere with and hinder the orderly administration of this Bankruptcy Estate, which as noted above entails the liquidation of KVW assets.

Case: 23-10384   Doc# 22   Filed: 08/10/23   Entered: 08/10/23 12:24:08   Page 2 of 11

7. Among KVW assets that must be liquidated are grapes from the 2023 Harvest, which takes place any time now, as soon as the grapes attain the requisite sugar, pH, and TA levels and as KVW winemaker I oversee this operation.

8. At this critical time, KVW needs a breathing spell from the pressure and demands of the Writ Action to address its business problems and to negotiate a plan of reorganization-liquidation.

9. Relief from stay at this juncture would only serve to further deplete KVW's limited resources at a time when KVW should be devoting those resources to marketing its assets; stated in the simplest terms, securing the best and highest price for KVW's assets will serve everyone's interest, including my brother Ron's.

10. In my capacity as KVW's winemaker, wine inventory curator, member, and creditor, it is my opinion, that a substantial risk exists that a liquidation of the winery's assets, which consists primarily of the wine inventory, will yield an insolvent bankruptcy estate, especially if relief from stay is granted and the Estate is forced to misdirect its limited resources.

11. At this juncture, KVW lacks the funds and legal representation to defend against the Writ Litigation; KVW has already incurred unpaid attorney fees and costs in excess of $400,000 in connection with the Writ Action, a debt that will appear as a claim against this Bankruptcy Estate.

12. In the past, our mother was willing to foot the bill and advance enough funds to keep KVW afloat; but my mother has had enough—she is 72 years old and has grown weary and tired of Ron's shenanigans.

13. KVW's relationship with Corporate Counsel in the Writ Action has soured, with counsel doing as little as possible because he is not being paid.

14. Until an order for relief is entered and KVW is able to demonstrate to an attorney that assets exist in this Estate to pay for its post-petition legal services, nobody is interested in taking on this case; as such, granting relief from stay at this juncture would be highly prejudicial to KVW, other creditors, and all equity holders.

15. My brother Ron is so blinded by his resentment, anger, and greed that all he can think about is shaking down our mother for money.

16. When all is said and done, the only thing that my brother cares about is getting money into his pocket to fund his lifestyle. My brother Ron parades through the Napa Valley portraying an illusion of wealth through luxury cars, jewelry, vacations, country club memberships and clothing. This perceived wealth has been subsidized by my mother his entire life. Ron's false image of wealth, and the need to keep up with genuinely wealthy people, has created an insatiable need for more and more money from our mother. When the amount of money, houses, and other assets our mother has already given him did not meet his ever-increasing needs, he resorted to making demands for more money and applying undue pressure on her in a desperate attempt to blame her for his lack of adequate funds to front his extravagant life style.

17. Ron does not care whether he exacts money from my mother by making demands for more money and applying undue pressure on her or whether he exacts it by forcing her to liquidate the family business; but my mother has had enough, she is through being shaken down by Ron. She is prepared to liquidate the family business, something near and dear to her heart, a business that her beloved husband Rawson Kelham had hoped would cement the Kelham name in Napa Valley history books and create a family dynasty.

18. For the past several years, my brother Ron has been circulating a false narrative regarding his role at and his relationship to KVW, a false narrative that is repeated in this motion.

19. Contrary to the false representations made in his moving papers, KVW was NOT "founded" by Ron.

20. Ron's interest in KVW was a gift to him from our mother; Ron never had a cent of his own to invest in KVW; as such, while there is no denying that Ron has a statutory right to inspect KVW's books and records, I can never lose sight of the fact that my brother Ron is basically suing our mother to determine the value of a gift she gave him, his interest in KVW.

21. For the record, KVW was founded by Rawson "Rory" Kelham in 2001, the deceased second husband of our mother Susanna Kelham and our adopted father.

22. Rory was a legend in the Napa. Beginning in 1971 he "farmed the prestigious Western Oakville Appellation, supplying fruit to wineries such as Robert Mondavi, Cakebread Cellars and BV for Georges De La Tour. His farming practices employed the respected Old-World tradition — that fine wines are a product of the vineyard. Rory was a man of his words and compromised for nothing." . <u>Wine Business</u> , October 24, 2011.

23. The suggestion that, and I quote, *"Ronald Nicholsen founded Kelham Vineyards in 1999 at 360 Zinfandel Lane, St Helena"* is both laughable and insulting to Rory Kelham's legacy, who by the way, owned the land at 360 Zinfandel Lane, St Helena.

24. While Rory graciously allowed my brother and a group of his more knowledgeable, more experienced, and more financially well-heeled friends to make their wine at 360 Zinfandel Lane and thereon operate a small tasting room for a short period of time on the property. KVW as we know it today was founded and financed by my stepfather Rawson Kelham not my brother Ron.

25. KVW was founded in 2001 by Rawson Kelham, who along with my mother, held 75% of the membership shares.

26. Rory was a very generous man and he gifted Ron and I each a 12 1/2 percent interest with the hope that we would embrace his work ethic and love of the land, and then continue on to make the Kelham name a Napa Valley legacy.

27. After Rory's death in 2011, my mother found herself having to secure loans to keep KVW afloat; but the original operating agreement "mysteriously" disappeared.

28. In order to secure the loan on an expedited basis as was needed, a new operating agreement was prepared by a bank loan officer that reallocated the membership shares in KVW.

29. Feeling pressure to close the loan due to the pending cash crunch, my mother signed it without an opportunity to consult an attorney.

30. Very recently, on June 20, 2023, while cleaning the barn storage space at KVW, I found the original 2001 KVW Operating Agreement squirreled away among Ron's abandoned personal possessions, items he left behind and refused to pick-up after he left his post at KVW.

31. Neither I nor my brother Ron were asked to pay a cent for the increase in our membership shares in KVW.

32. In the years that followed the execution of the new Operating Agreement in 2011, my brother Ron contributed less and less to help keep KVW afloat; in contrast, my mother and I found ourselves working day and night as Rory would have wanted it—Rory would have been very proud of my mother.

33. Meanwhile, Ron was living it up, enjoying the prestige and benefit of wine country life without getting his hands dirty; my brother Ron lacks the work ethic it takes operate a vineyard and winery.

34. Ron fancies himself a playboy, a slick operator, a wheeler-dealer, whose self-described role was to promote the winery at Napa parties, official functions, and in his travels, all paid for by my

mother Susanna, meanwhile I found myself toiling in the vineyard and working as KVW's winemaker.

35. All this time, my brother Ron collected a salary and received company benefits, including health coverage, a car, and was allowed to live in various properties owned or leased by KVW.

36. Over the course of time, my mother and I grew weary of funding Ron's lifestyle or putting up with his disruptive shenanigans at the winery.

37. So, when Ron effectively left his post at KVW, my mother and I said, "Good Riddance", whereupon my mother requested that Ron stay away from the property.

38. My brother Ron would like people to think that our mother's request that he stay away from KVW was a punitive measure; in point of fact my mother was simply protecting the company as Rory would have expected her to do.

39. My brother Ron had been caught attempting to sell KVW inventory and attempting to contract for use of KVW facilities and winemaking equipment with third parties, for his own account, without KVW's approval; my mother had simply grown tired of taking irate calls from people she suspected Ron may have defrauded.

40. My brother Ron would have this Court believe that I signed this Involuntary to stay a single deposition; but, as noted above, I here attest that I filed this case to create a forum for the orderly liquidation of KVW's assets and liabilities, thereon allowing everyone connected with KVW to start a new life, to get a fresh start; before initiating this case, my attorney lectured me and admonished me that, submitting to a deposition in the Writ Action would be child's play, when compared to the amount of disclosure and examination both I and KVW would be subjected to in this bankruptcy proceeding in connection with preparing bankruptcy lists, statements, and schedules, attending a U.S.

Trustee conducted 341(a) meeting of creditors, and complying with U.S. Trustee Guidelines for Debtors-in-Possession.

41. With that said, I choose to initiate the bankruptcy because I see the bankruptcy as having a purpose, the orderly liquidation of KVW's assets, whereas the Writ Action has become a bottomless money pit, a pointless vendetta against our mother that does not bring closure to our problem.

42. There is no denying that the Writ Action has gotten needlessly out of control; and for this there is plenty of blame to go around.

43. Plaintiff, my brother Ron, has been overreaching in his demands and his lawyers have been sloppy in their discovery practices, unrealistically expecting and demanding that KVW management and staff have knowledge of account balances off the top of their heads, without access to KVW accounting records.

44. As for Defendant KVW, through no fault of its own, KVW is the victim of bad accounting and bookkeeping practices employed by certain former CPAs and bookkeepers—to be clear, this is not a reflection or commentary on current staff.

45. For the record, KVW has at all times employed what it believed were competent CPAs and bookkeepers; however, time has shown that in several instances some of these CPAs and bookkeepers employed bad judgment in their accounting and bookkeeping practices.

46. But, I am confident that, as will be shown in the bankruptcy disclosure process, much if not all of what is perceived as nefarious by my brother Ron and his attorneys is simply sloppy accounting practices, which is to say that while some of KVW's disbursements may have been mislabeled and mischaracterized, when all is said and done, the record is clear that, contrary to what Ron would have this Court believe, there is no evidence that KVW has made any improper disbursements at his expense and/or without his consent.

1 | I declare under penalty of perjury under the laws of the United States that the foregoing is true
2 | and correct to the best of my knowledge, information, and belief.
3 | Executed on August 8, 2023, in the County of Napa, State of California.

_____
Hamilton Nicholson, Declarant

# CERTIFICATE OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 4225-H Oceanside Boulevard #369, Oceanside CA, 92056-3472

On, August 10, 2023, a true and correct copy of the foregoing document described as **DECLARATION OF HAMILTON NICHOLSEN IN OPPOSITION TO RONALD NICHOLSEN II 'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner indicated below:

William Lafferty
U.S. Bankruptcy Court,
1300 Clay St. Room 220,
Oakland, CA 94612
<u>Served by Priority Mail</u>

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 10, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| U.S. Trustee | USTPRegion17.SF.ECF@usdoj.gov |
| Rebekah Parker | attorneyrparker@gmail.com |
| Harold Davis | Hal.Davis@gtlaw.com |

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL:** On August 10, 2023, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Susanna R. Kelham
Manager Member
Kelham Vineyard & Winery, LLC.
360 Zinfandel Lane
St. Helena, CA 94574
<u>Served by U.S. Mail</u>

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 10, 2023, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Susanna R. Kelham | Alexis White, Attorney for |
| Manager Member | Susanna R. Kelham |
| Kelham Vineyard & Winery, LLC. | Day, Pace, York & York |
| 360 Zinfandel Lane | 587 Jefferson Street |
| St. Helena, CA 94574 | Napa, CA 94559 |
| <u>Served by Email</u>: | <u>Served by Email</u> |
| info@kelhamvineyards.com. | awhite@yorkyorklaw.com |

Service information continued on attached page: None

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August 10, 2023

_____
Rebekah Parker