Harold H. Davis (SBN CA 235552)
Marc R. Baluda (SBN CA 192516)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Hal.Davis@gtlaw.com
Marc.Baluda@gtlaw.com

Michael Thomson *pro hac vice pending*
GREENBERG TRAURIG, LLP
222 South Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: 801.478.6817
thomsonm@gtlaw.com

Attorneys for Party in Interest
RONALD NICHOLSEN II

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

In re

Kelham Vineyards & Winery, LLC

Bankruptcy Case No. 23-10384
Chapter 11
[Assigned to: Judge William Lafferty]

**REPLY MEMORANDUM IN FURTHER SUPPORT OF RONALD NICHOLSEN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Hearing:
DATE: August 16, 2023
TIME: 9:30 a.m.
DEPT: 220, Oakland, CA

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 4

II. THE PARTIES .................................................................................................................... 4

    A. Ronald Nicholsen ...................................................................................................... 4

    B. The Creation of Debtor Kelham Vineyards .............................................................. 5

    C. The Discovery of the "Original" Operating Agreement is Curious .......................... 6

    D. Debtor Kelham Vineyards is Not the Victim of Bad Accounting ............................. 7

    E. Debtor Kelham Vineyards and Susanna Kelham have Rejected Every Opportunity for the Parties to Get a "Fresh" Start ........................................................................... 7

    F. The Writ Action is Necessary to Compel Debtor Kelham Vineyards and Susanna Kelham's Compliance With California Law. ............................................................. 7

III. THE *CURTIS* FACTORS HEAVILY WEIGH IN FAVOR OF GRANTING RONALD NICHOLSEN RELIEF FROM THE AUTOMATIC STAY. ............................................. 8

    A. Lifting the Stay to Permit the Writ Action to Proceed to Trial will Conserve Judicial Resources ................................................................................................................... 9

    B. The Trial in the Writ Action is Not to Enforce a Monetary Judgment ..................... 9

    C. The Writ Action is Unrelated to and Will Not Interfere With the Bankruptcy Case .......... 10

    D. Ronald Nicholsen will be Prejudiced if the Automatic Stay is Not Lifted .............. 10

        1. Kelham Vineyards' Disclosure Requirements in this Bankruptcy Proceeding is Not a Substitute of Ronald's Statutory Rights Of Inspection ..................................... 11

        2. Ronald Nicholsen Will Be Highly Prejudiced If The Stay Is Imposed Before He Obtains Its Books And Records ............................................................................ 12

IV. THE AUTOMATIC STAY DOES NOT – AND SHOULD NOT – APPLY TO SUSANNA KELHAM .......................................................................................................................... 13

V. CONCLUSION ................................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

Advanced Ribbons and Office Products, Inc. v. U.S. Interstate Distributing, Inc.
　125 B.R. 259 (9th Cir. BAP 1991) ........................................................................................... 13

Chugach Timber Corp. v. Northern Stevedoring & Handling Corp.
　23 F.3d 241 (9th Cir.1994) ...................................................................................................... 13

In re Curtis 40 B.R. 795 (Bankr. D. Utah 1984) .................................................................. 4, 9, 10, 11

In re Excel Innovations, Inc.
　502 F.3d 1086 (9th Cir. 2007) .................................................................................................. 14

In re Kronemyer 405 B.R. 915 (9th Cir. 2009) ................................................................................. 9

In re Miller
　262 B.R. 499 (Bankr. App. Panel of 9th Cir. 2001) ................................................................. 13

In re Panther Mountain Land Development, LLC
　686 F. 3d 916 (8th Cir. 2012) ................................................................................................... 15

In re Plumberex Specialty Products, Inc. 311 B.R. 551 (Bankr. C.D. Cal. 2004) .......................... 4

Marcus, Stowell & Beye Government Securities, Inc. v. Jefferson Investment Corp.
　797 F.2d 227 (5th Cir.1986) ..................................................................................................... 14

Seiko Epson Corp. v. Nu–Kote International, Inc.
　190 F.3d 1360 (Fed.Cir.1999) .................................................................................................. 14

Smith v. Lenches
　263 F.3d 972 (9th Cir. 2001) .................................................................................................... 11

Teachers Ins. & Annuity Ass'n v. Butler
　803 F.2d 61 (2d Cir.1986) ........................................................................................................ 14

**Statutes**

11 U.S.C. § 105 ................................................................................................................................ 14

11 U.S.C. § 362 ........................................................................................................................... 4, 14

Cal. Corp. Code 17701.13 ............................................................................................................... 13

Cal. Corp. Code 17704.10 ............................................................................................... 8, 9, 10, 13

## I. INTRODUCTION

As demonstrated in Ronald Nicholsen's motion to lift the automatic stay (the "Motion"), cause exists to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

Debtor Kelham Vineyards & Winery LLC ("Kelham Vineyards") did not oppose the Motion. Instead, creditor Main Street Cottage LLC ("Main Street LLC") did. Creditor Main Street LLC's opposition generates many questions, including why is creditor Main Street LLC filing oppositions on behalf of debtor Kelham Vineyards and how, without collusion, can a creditor have so much inside knowledge regarding debtor Kelham Vineyards' business operations. But for all the questions arising from creditor Main Street LLC's opposition, it fails to satisfy its burden of demonstrating that relief from the stay is unwarranted. In re Plumberex Specialty Products, Inc., 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004) (footnote omitted). "Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted." Id.

Ronald Nicholsen respectfully requests this Court lift the automatic stay to allow the writ of mandate action captioned Ronald Nicholsen II v. Kelham Vineyards & Winery LLC, et al., Case No. 21CV001403, pending in Superior Court of the State of California, for the County of Napa, to proceed to trial as scheduled on October 2, 2023. As detailed in the Motion and this further reply, the 12 factors articulated In re Curtis, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984) weigh in favor of lifting the stay. Finally, Ronald Nicholsen will be prejudiced in the absence of the stay being lifted and creditor Main Street LLC's belief that debtor Kelham Vineyards will fully comply with its disclosure obligations under bankruptcy laws—when it has failed to comply with its statutory obligations under California law—is highly dubious.

## II. THE PARTIES

In light of the factual inaccuracies and misrepresentations about Ronald Nicholsen that run rampant throughout purported creditor Main Street Cottage LLC's *Opposition to Party in Interest Ronald Nicholsen's Motion to Lift the Automatic Stay* [Dkt. 21] Ronald Nicholsen is compelled to provide the following counterstatement of facts.

### A. Ronald Nicholsen

Ronald Nicholsen is not, and does not fancy himself, "a playboy, a slick operator, or a wheel-dealer." Dkt. 21: Main Street LLC's Opposition to Motion to Lift Stay ("Opp."), p. 6:4.

Ronald Nicholsen is a devoted husband to his wife Lauren, whom he married at Kelham Vineyards & Winery LLC ("Kelham Vineyards") on September 24, 2011, with his brother Hamilton at his side. Declaration of Ronald Nicholsen ("Decl. Nicholsen"), ¶ 2. Ronald and Lauren have four young children (ages 7 to 12), three of whom were named after his brother Hamilton, their stepfather Rawson, and their maternal grandmother. Decl. Nicholsen, ¶ 3.

After Susanna forced Ronald Nicholsen from Kelham Vineyards in May 2021, he obtained his contractor's license (no. 1079572) in August 2021 and has been working as a contractor to support his family. Decl. R. Nicholsen, ¶ 4, Ex. 20. He is currently working 5 to 6 days a week on various construction projects, including remodeling a bakery in St. Helena, California. Decl. Nicholsen, ¶ 5. Hamilton Nicholsen's belief that Ronald Nicholsen is a bon vivant is not only inadmissible lay opinion, but it is at odds with reality.

Ron supports his family, even in adversity, and wants the family business to succeed. For example, in March 2023, upon learning that Hamilton Nicholsen allegedly had a medical condition, Ronald Nicholsen reached out to his family to offer his support, and he offered to return to the winery to help with operations, writing to Susanna Kelham, "What can I do to help Ham, you [*sic*], or the winery? I completely understand how you must feel, but in all sincerity, regardless of our differences, I want you to know I am here to help the family in any capacity, personally or professionally, that makes you comfortable." Decl. Nicholsen, ¶ 6, Ex. 21. He also texted Hamilton Nicholsen asking, "Let me know what I can do to help you or winery." Decl. Nicholsen, ¶ 7, Ex. 22. Neither Hamilton Nicholsen nor Susanna Kelham bothered responding to him. Decl. Nicholsen, ¶¶ 6 – 7.

Hamilton Nicholsen and Susanna Kelham want debtor Kelham Vineyards to fail so they can take its significant assets at a fire sale value without Ronald Nicholsen's consent and to further divest Ronald Nicholsen's equity in the company. They are conspiring and colluding – as shown by creditor Main Street LLC advocating debtor Kelham Vineyards' positions in its opposition to the motion to lift the stay.

**B.     The Creation of Debtor Kelham Vineyards**

5     [Assigned to: Judge William Lafferty]
REPLY MEMORANDUM IN FURTHER SUPPORT OF RONALD NICHOLSEN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
ACTIVE 689476864v4

Case: 23-10384    Doc# 24    Filed: 08/14/23    Entered: 08/14/23 19:35:39    Page 5 of 16

Like many family businesses, the origin story of the creation of the business is disputed and depends on the storyteller. As a preliminary matter, it is interesting that creditor Main Street LLC tells the origin story of debtor Kelham Vineyards; this is one of many examples in creditor Main Street LLC's moving papers where the purported creditor advocates on behalf of the purported debtor. Creditor Main Street LLC's origin story is also interesting given that Susanna Kelham testified she could not recall who founded the winery.[1] Declaration of Harold Davis ("Decl. Davis"), ¶ 2, Ex. 23, S. Kelham Depo. Tr. 33:3-13.

In contrast, the admissible evidence demonstrates that Ronald Nicholsen founded the winery. In May 1998, Rawson and Susanna Kelham purchased the real property at 360 Zinfandel Lane in St. Helena, California. Decl. Davis, ¶ 4, Ex. 24. Thereafter, they leased the premises to Bench Partners, which produced wine under the label Kelham MacLean. Decl. Davis, ¶ 2, Ex. 23, S. Kelham Depo. Tr. 30:12-18. Ronald Nicholsen was a partner in Bench Partners until Susanna Kelham bought out all four of his partners in 2000 for $917,000. Decl. Davis, ¶ 2, Ex. 23, S. Kelham Depo. Tr. 31:8-25. Thereafter, she brought Hamilton Nicholsen into the business by gifting him ownership of the company.[2] In December 2000, Ronald Nicholsen, as organizer, formed debtor Kelham Vineyards & Winery LLC. Decl. Davis, ¶ 5, Ex. 26.

**C.     The Discovery of the "Original" Operating Agreement is Curious**

Susanna Kelham banned Ronald Nicholsen from the winery in May 2021. As part of the Writ action, the California state court compelled debtor Kelham Vineyards to provide Ronald Nicholsen with all his personal effects at the winery. Accordingly, on January 10 and March 18, 2023, based on the parties' agreement, Ronald Nicholsen went to the Winery to retrieve his personal items only to discover that Hamilton Nicholsen put them outside without covering the bin so that all the items were destroyed by water. Decl. Nicholsen, ¶ 9.

According to Susanna Kelham, Hamilton Nicholsen was responsible for gathering Ronald

---

[1] On its website, it states that she – not Rawson Kelham – "established Kelham Vineyards along with her two sons, Ron Nicholsen and Hamilton Nicholsen in October 1997." Decl. Davis, ¶ 3, Ex. 24 (Website). There is no mention of Rawson Kelham's origin story on its website. *Id*.

[2] Hamilton Nicholsen's umbrage with Ronald Nicholsen purportedly being an owner without buying into the business is accordingly rather rich.

Nicholsen's personal effects. Decl. Davis, ¶ 2, Ex. 23, S. Kelham Depo. Tr. 347:7-14. Thus, it is curious that Hamilton Nicholsen subsequently discovered an outdated and irrelevant operating agreement allegedly within Ronald Nicholsen's possessions that should have been, but was not, provided to him.[3]

### D. Debtor Kelham Vineyards is Not the Victim of Bad Accounting

Debtor Kelham Vineyards and creditor Main Street LLC share the same bookkeepers and CPAs. *See* Dkt. 11-2: Decl. Davis, ¶¶ 12 – 13, Ex. 8 and Ex. 9. Creditor Main Street LLC dangerously undermines the existence of its purported debt by claiming debtor Kelham Vineyards employs bad and sloppy accounting practices, which includes mislabeling disbursements. Passing over that their shared bookkeeper testified that debtor Kelham Vineyards owed no debt to creditor Main Street LLC, there is no evidence substantiating this claim of bad accounting. Dkt. 11-1: Motion, p. 7-8. For example, debtor Kelham Vineyards has not filed any claims against its former bookkeepers or CPAs nor demanded indemnification for their "bad accounting."

### E. Debtor Kelham Vineyards and Susanna Kelham have Rejected Every Opportunity for the Parties to Get a "Fresh" Start

Hamilton Nicholsen's decision to file an involuntary bankruptcy on behalf of creditor Main Street LLC against debtor Kelham Vineyards as an act of "mercy" to allow its owners a fresh state is unavailing.

Since May 2021, Hamilton Nicholsen and Susanna Kelham have repeatedly represented to Ronald Nicholsen that they were obtaining a valuation of the company to buy him out. Decl. Nicholsen, ¶ 10, Ex. 27. Inexplicably, however, they have not made a single offer to buy out his interest. Id. This is true despite a settlement conference in the Writ action.

### F. The Writ Action is Necessary to Compel Debtor Kelham Vineyards and Susanna Kelham's Compliance With California Law.

Creditor Main Street LLC's efforts to characterize debtor Kelham Vineyards as the unwitting victim of the Writ action is bizarre especially in the context of this involuntary bankruptcy proceeding.

Susanna Kelham seized total and exclusive control over debtor Kelham Vineyards' business operations, she denied Ronald Nicholsen access to its records, and banned him from the winery. Decl.

---

[3] In an obvious demonstration of the necessity of the Writ action, Hamilton Nicholsen has not produced the alleged "original" operating agreement to Ronald Nicholsen.

Nicholsen, ¶ 8. As detailed in Ronald Nicholsen's Motion to Lift the Stay, he took a reasonable and measured approach in the Writ action trying for nearly two years to secure Kelham Vineyards' and Susanna's Kelham's compliance with California law. Dkt. 11-1: Motion at pg. 4-7. As a result of the Writ action, Ronald Nicholsen has received thousands of pages of hard copy records, bank statements, credit card statements, and other records. Dkt. 11-2: Decl. Davis, ¶ 5. Ronald Nicholsen would have never obtained those records absent the Writ action. Decl. Nicholsen, ¶ 8. Nevertheless, debtor Kelham Vineyards and Susanna Kelham have steadfastly refused to produce numerous other critical categories of records, such as the company's emails, monthly reports of its inventory (which creditor Main Street LLC contends is debtor Kelham Vineyards most significant asset), and records regarding real property. Dkt. 11-2: Decl. Davis, ¶ 10. Thus, creditor Main Street LLC's suggestion that the Writ action "produces nothing" for Ronald Nicholsen is completely unfounded.

### III. THE *CURTIS* FACTORS HEAVILY WEIGH IN FAVOR OF GRANTING RONALD NICHOLSEN RELIEF FROM THE AUTOMATIC STAY.

The principal purpose of the Writ action is to obtain records Ronald Nicholsen is entitled to receive pursuant to California Corporations Code section 17704.10. *See* Dkt. 11-2: Decl. Davis, ¶ 2, Ex. 1 (Verified Petition for Writ of Mandate); ¶ 4, Ex. 4 (Writ). Thus, the gravamen of the Writ action is not to obtain monetary relief, as claimed by creditor Main Street LLC, it is to mandate debtor Kelham Vineyards' and Susanna Kelham's compliance with the law.[4] The ***only*** reason monetary awards have been issued by the California state court is because of debtor Kelham Vineyards' and Susanna Kelham's ongoing refusal to comply with the Writ, California law, and the California state court's orders. *See* Dkt. 11-2: Decl. Davis, ¶¶ 7, 9, and 11, Ex. 5 and 7.[5] It should also be noted that, as a debtor in possession, Kelham Vineyards will have a continued duty to comply with "the requirements of the valid laws of the State," which duty it is actively flouting by not providing an accounting to Ronald Nicholsen. *See* 28

---

[4] While Ronald Nicholsen may be awarded damages from the Debtor as part of the Writ action, he will not take any action to collect on any awarded damages outside of the context of this bankruptcy case unless further approval is given by the Court.

[5] The California state court has found in Ronald Nicholsen's favor on nearly every single issue before it – it issued a Writ compelling their compliance, it found respondents Susanna Kelham and debtor Kelham Vineyards did not comply with the law or its Writ, it found their non-compliance was without justification, and it recently granted Ronald Nicholsen's motion to compel given debtor Kelham Vineyards' discovery gamesmanship. *Id*. The Writ action is valid and meritorious, contrary to creditor Main Street LLC's baseless opinions about Ronald Nicholsen and his attorney's motives.

8  [Assigned to: Judge William Lafferty]
REPLY MEMORANDUM IN FURTHER SUPPORT OF RONALD
NICHOLSEN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
ACTIVE 689476864v4

Case: 23-10384   Doc# 24   Filed: 08/14/23   Entered: 08/14/23 19:35:39   Page 8 of 16

U.S.C. § 959(b); Cal. Corp. Code § 17704.10.

### A. Lifting the Stay to Permit the Writ Action to Proceed to Trial will Conserve Judicial Resources

The trial in the Writ action consists of two questions that the California state court must decide: (1) did debtor Kelham Vineyards and Susanna Kelham comply with the California state court's Writ; and (2), if not, was their failure to comply justified. Cal. Corp. Code § 17704.10. There are 12 non-exclusive factors articulated In re Curtis, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984), known as the *Curtis* factors, that courts weigh to determine whether "cause" exists to grant relief to allow an entity to continue pending litigation against a debtor in a non-bankruptcy forum. In re Kronemyer, 405 B.R. 915, 919, 921 (9th Cir. 2009).

Creditor Main Street LLC also does not dispute that the upcoming trial will completely resolve issues arising from the Writ action, so the first *Curtis* factor (whether the relief will result in a partial or complete resolution of the issues) also supports lifting the stay. In re Curtis, 40 B.R. at 799–800.

The California state action has been pending since October 2021, the California state court is familiar with the facts and legal issues in the Writ action, and the trial is scheduled to begin on October 2, 2023 – in 49 days. As such, the fourth *Curtis* factor (whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases), the tenth *Curtis* factor (the interests of judicial economy and the expeditious and economical determination of litigation for the parties), and the eleventh *Curtis* factor (whether the foreign proceedings have progressed to the point where the parties are prepared for trial) are all present and supports lifting the automatic stay. In re Curtis, 40 B.R. at 799–800.

### B. The Trial in the Writ Action is Not to Enforce a Monetary Judgment

Staying the Writ action does not promote the policy of equality of distribution nor will it give one creditor an advantage over another, because Ronald Nicholsen is not seeking to enforce a monetary judgment. Conversely, if the Writ action were not allowed to continue, there would be an unlevel playing field as the petitioning creditor, Main Street LLC, by virtue of its officers Susanna Kelham and Hamilton Kelham, would have access to all of debtor Kelham Vineyards information and Ronald Nicholsen would

9      [Assigned to: Judge William Lafferty]
REPLY MEMORANDUM IN FURTHER SUPPORT OF RONALD
NICHOLSEN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
Case: 23-10384    Doc# 24    Filed: 08/14/23    Entered: 08/14/23 19:35:39    Page 9 of 16
ACTIVE 689476864v4

be playing in the dark as he still has not received the full accounting he is entitled to under state laws.

In the Writ action, debtor Kelham Vineyards and Susanna Kelham contend they both fully complied with the Writ or their non-compliance is with justification. If the California state court finds in their favor, then Ronald Nicholsen will not be reimbursed any amount. Only if the California state court finds that debtor Kelham Vineyards and/or Susanna Kelham failed to comply with the Writ and that their compliance was without justification may the California state court reimburse Ronald Nicholsen for his costs in obtaining their compliance. Cal. Corp. Code § 17704.10.

### C. The Writ Action is Unrelated to and Will Not Interfere With the Bankruptcy Case

The conclusion of the Writ action has no connection with and will not interfere with the bankruptcy case, so the second *Curtis* factor (the lack of any connection with or interference with the bankruptcy case) weighs in favor of granting the Motion. In re Curtis, 40 B.R. at 799–800.

It is unclear why creditor Main Street LLC believes the trial in the Writ Action would interfere with or hinder the orderly administration of the liquidation of debtor Kelham Vineyards' assets because it proffers no evidence in support of this statement. Creditor Main Street also fails to identify debtor Kelham Vineyards' purported lack of resources necessary to market its assets, particularly where such marketing is commonly done by an investment banker without up-front (or minimal) costs expended by the seller. Equally perplexing is why creditor Main Street LLC believes debtor Kelham Vineyards lacks the funds and legal representation in the Writ action or how it knows debtor Kelham Vineyards' relationship with its corporate counsel in the Writ action has "soured"; statements that again beg the question – who is creditor Main Street advocating for in this involuntary bankruptcy action? Dkt. 21: Opp., p. 12.

Creditor Main Street LLC cannot satisfy its burden of demonstrating that relief from the stay is unwarranted based on these unsubstantiated statements by creditor Main Street LLC about debtor Kelham Vineyards and non-party Susanna Kelham.

### D. Ronald Nicholsen will be Prejudiced if the Automatic Stay is Not Lifted

The balance of hardships favors lifting the automatic stay because Ronald Nicholsen will be prejudiced if the stay is imposed. In addition to the fees already incurred preparing for trial in the Writ

action[6], the stay will prejudice Ronald Nicholsen's undisputed right to inspect the company's books and records, so the twelfth *Curtis* factor (the impact of the stay on the parties and the "balance of hurt") tips in favor of granting relief from stay. In re Curtis, 40 B.R. at 799–800.

The crux of creditor Main Street LLC's opposition to lifting the automatic stay is that debtor Kelham Vineyards "will" provide certain financial records in this bankruptcy action, and that, in its view, those records will satisfy Ronald Nicholsen's statutory right to inspect the company's books and records. Dkt. 21: Opp., at p. 10:6. This argument illustrates the legal prejudice Ronald Nicholsen will sustain if the automatic stay is not lifted to permit the Writ action to conclude. See Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001) ("We have previously held that "legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument.").

1. Kelham Vineyards' Disclosure Requirements in this Bankruptcy Proceeding is Not a Substitute of Ronald's Statutory Rights Of Inspection

Ronald Nicholsen will be prejudiced if his inspection rights under the California Corporations code are cauterized and limited by creditor Main Street LLC's filing of this involuntary bankruptcy.

The California Corporations Code and the Writ compels production of the company's "books and records" for "the current and past four fiscal years" including, but not limited to, 19 sub-categories of records. *See* Dkt. 11-2: Decl. Davis, ¶ 4, Ex. 4. Thus, the records subject to production in the Writ action are not limited to Kelham Vineyards' financial records. *See* Dkt 11-2: Decl. Davis, ¶ 21, Ex. 14, page 122 of 156 (denying, in part, Ronald Nicholsen's motion to compel access to Kelham Vineyards' corporate email account, but stating, "[t]he court takes no position on the method by which Kelham Vineyards complies with the November 4, 2022 Writ and Order. While the Court is disappointed at the rancor and delays surrounding Kelham Vineyards' compliance…"); *cf*. Dkt. 21: Opp., p. 10 (suggesting Ronald Nicholsen should "sit back" and take in all the "financial data" that Kelham Vineyards is apparently going to produce).

Creditor Main Street LLC's suggestion that Ronald Nicholsen or his attorneys lack an understanding of the amount of disclosure and examination of debtor Kelham Vineyards in this

---

[6] Creditor Main Street LLC's speculation about the financial agreement between Ronald Nicholsen and his counsel is irrelevant, and it is incorrect.

11 [Assigned to: Judge William Lafferty]
REPLY MEMORANDUM IN FURTHER SUPPORT OF RONALD NICHOLSEN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
ACTIVE 689476864v4

Case: 23-10384 Doc# 24 Filed: 08/14/23 Entered: 08/14/23 19:35:30 Page 11 of 16

bankruptcy proceeding is baseless. While debtor Kelham Vineyards must prepare schedules, statements, and provide information to the United States Trustee, debtor Kelham Vineyards' *creation* of bankruptcy lists, statements, and schedules is not equivalent to the production of the company's books and records from the current and past four fiscal years or documents required by the Writ. *See* Dkt. 21: Opp., p. 7. Moreover, creditor Main Street LLC contends that debtor Kelham Vineyards is plagued by sloppy accounting and mislabeled or mischaracterized disbursements so it is unclear how the production of summaries of such deficient financial records will satisfy Ronald Nicholsen's statutory rights to inspect the books and records themselves. Dkt. 21: Opp., p. 4, fn. 2.

Finally, and critically important, creditor Main Street LLC has no grounds to claim that debtor Kelham Vineyards will comply with its disclosure obligations or discovery in this bankruptcy proceeding. Debtor Kelham Vineyards did not oppose Ronald Nicholsen's Motion, and there are no declarations or evidence on behalf of debtor Kelham Vineyards substantiating this belief. Ronald Nicholsen and his attorneys lack trust that debtor Kelham Vineyards or Susanna Kelham will suddenly start complying with statutory duties of full disclosure and candor when they have failed to do so for more than two years in the Writ action.

### 2. Ronald Nicholsen Will Be Highly Prejudiced If The Stay Is Imposed Before He Obtains Its Books And Records

As demonstrated in Ronald Nicholsen's Motion to Appoint a Trustee there is ample evidence of self-dealing by Susanna Kelham to the detriment of debtor Kelham Vineyards. Dkt. 16. Ronald Nicholsen is entitled under the law to obtain the company's books and records to determine whether Susanna Kelham breached her fiduciary duties owed to the company, whether any other members have committed fraud, or other misdeeds to his detriment. Creditor Main Street LLC's argument that Ronald Nicholsen should simply sit back on his legal rights of inspection and potential legal claims is not well-received.

For example, somehow creditor Main Street LLC knows that debtor Kelham Vineyards has allegedly incurred more than $400,000 in unpaid legal fees to date defending itself in the Writ action. Dkt. 21: Opp., pg. 12. If, however, those fees include amounts Susanna Kelham incurred as manager of Kelham Vineyards (as Ronald Nicholsen suspects) she would be prohibited from obtaining

12 [Assigned to: Judge William Lafferty]
REPLY MEMORANDUM IN FURTHER SUPPORT OF RONALD
NICHOLSEN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
ACTIVE 689476864v4

Case: 23-10384    Doc# 24    Filed: 08/14/23    Entered: 08/14/23 19:35:30    Page 12 of 16

indemnification from the company if she breached her fiduciary duties and, thus, those fees may not be a debt of the company. Cal. Corp. Code, § 17704.08.

## IV. THE AUTOMATIC STAY DOES NOT – AND SHOULD NOT – APPLY TO SUSANNA KELHAM

California Corporations Code section 17704.10 imposes a duty on Susanna Kelham, as the manager of Kelham Vineyards, to provide Ronald Nicholsen records pursuant to his demand. ("***Upon the request of a member*** [Ronald Nicholsen] or transferee, for purposes reasonably related to the interest of that person as a member or a transferee, ***a manager*** [Susanna Kelham] or, if the limited liability company is member-managed, a member in possession of the requested information, ***shall promptly deliver***, in writing, to the member or transferee, at the expense of the limited liability company, a copy of the information required to be maintained by paragraphs (1), (2), and (4) of subdivision (d) of Section 17701.13, and any written operating agreement of the limited liability company.").

Accordingly, Ronald Nicholsen named Susanna Kelham as a respondent in his verified petition for writ of mandate because she has an independent severable obligation to provide him records. *See* Dkt. 11-2: Decl. Davis, ¶ 2, Ex. 1, pg. 14 (see prayer for relief, "That the Court issue a writ of mandate compelling Respondents to forthwith deliver to Petitioner copies of the KELHAM CORPORATE RECORDS."). Susanna Kelham testified that she did nothing to comply with Ronald Nicholsen's demands.

Thus, creditor Main Street LLC's claim that she is only named in the Writ action as a "proxy" of the Company is disingenuous – as the California state court held respondent Susanna Kelham *personally* liable for *Respondents'* (Kelham Vineyards and Susanna Kelham) failure to satisfy the California Corporations Code. Dkt. 11-2: Decl. Davis, ¶ 11, Ex. 7.

Because Susanna Kelham is not a debtor in this action, there is no automatic stay of the Writ action against her. "Section 362(a)(1) applies only to actions against a debtor." In re Miller, 262 B.R. 499, 503 (Bankr. App. Panel of 9th Cir. 2001) (citing Chugach Timber Corp. v. Northern Stevedoring & Handling Corp., 23 F.3d 241, 246 (9th Cir.1994), quoting Advanced Ribbons and Office Products, Inc. v. U.S. Interstate Distributing, Inc., 125 B.R. 259, 263 (9th Cir. BAP 1991) ("[The automatic stay] does not

protect non-debtor parties or their property. [Citations omitted]. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor."); see also Seiko Epson Corp. v. Nu–Kote International, Inc., 190 F.3d 1360, 1364 (Fed.Cir.1999) ("It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor 'even if they are in a similar legal or factual nexus with the debtor.'-"); Teachers Ins. & Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir.1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); Marcus, Stowell & Beye Government Securities, Inc. v. Jefferson Investment Corp., 797 F.2d 227, 230 n. 4 (5th Cir.1986) ("The well established rule is that an automatic stay of judicial proceedings against one defendant does not apply to proceedings against co-defendants.")

In support of extending the automatic stay to include Susanna Kelham, creditor Main Street LLC (an entity she owns and controls), argues that any demand or judgment against her in the Writ action is akin to being against debtor Kelham Vineyards. Susanna Kelham should not be permitted to use this bankruptcy proceeding filed by her company, as creditor, against her other company, as debtor, to shield herself from complying with California law and the personal liability that may arise because of her non-compliance.

Finally, the legal authorities cited by creditor Main Street LLC in support of extending the automatic stay to Susanna Kelham as a co-debtor do not stand for the proposition for which they are offered. In re Excel Innovations, Inc., 502 F.3d 1086 (9th Cir. 2007), the Ninth Circuit Court of Appeal reversed and remanded a preliminary injunction issued pursuant to 11 U.S.C. § 105(a) staying an arbitration proceeding between two non-bankrupt parties because the bankruptcy court "misapprehended the operative legal standard" in ruling on the motion. Id. at 1089. "Moreover, we have consistently held that the automatic stay does not apply to suits against non-debtors." Id. at 1095. Notably, Susanna Kelham did not file a Section 105(a) preliminary injunction motion, and because Main Street failed to provide a pin cite provided Ronald Nicholsen can only guess as to how that case stands for the proposition that the stay extends to Susanna Kelham or that she should be a co-debtor.

Creditor Main Street LLC's reliance on In re Panther Mountain Land Development, LLC, 686 F.

Case: 23-10384    Doc# 24    Filed: 08/14/23    Entered: 08/14/23 19:35:30    Page 14 of 16

3d 916 (8th Cir. 2012) is equally unavailing. Once again, the Eighth Circuit Court of Appeals reversed and remanded the court's decision that the automatic stay extended to a proposed state action. Id. at 924 (stating in dicta, "Further, even if it were somehow possible to characterize the Improvement Districts as subsidiary corporations wholly owned by the Debtor (or owned by an asset of the Debtor), the automatic stay does not, in general, apply to actions against parties who enjoy factual or legal relationships with a debtor, such as a debtor's wholly owned subsidiaries.").

Finally, Susanna Kelham (and debtor Kelham Vineyards) failed to appear in these proceedings and have not requested the stay be extended to her. For all these reasons, the automatic stay does not and should be extended to Susanna Kelham.

## V. CONCLUSION

For the foregoing reasons, and the reasons set forth in the Motion, the Court should lift the automatic stay as it pertains to the California Writ action so that it may proceed to trial as scheduled. If, however, the Court denies the Motion, it should confirm that the automatic stay does not apply to Susanna Kelham in the Writ action.

Dated: August 14, 2023

GREENBERG TRAURIG, LLP

By: */s/ Harold H. Davis*
Harold H. Davis
Marc R. Baluda

Attorneys for Petitioner
RONALD NICHOLSEN II

# CERTIFICATE OF SERVICE OF DOCUMENT

I, the undersigned, declare that I am employed in the County of Salt Lake, Utah. I am over the age of 18 years and not a party to the within entitled action. My business address is 222 South Main Street, Suite 1730, Salt Lake City, Utah 84101.

A true and correct copy of the foregoing document described as **REPLY MEMORANDUM IN FURTHER SUPPORT OF RONALD NICHOLSEN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 1002-2(c); and (b) in the manner indicated below:

Hon. William Lafferty, U.S. Bankruptcy Court, 1300 Clay St. Room 220, Oakland, CA 94612
*Served by Overnight Mail*

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 14, 2023, I checked the CM/ECF docket for this bankruptcy case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

U.S. Trustee USTPRegion17.SF.ECF@usdoj.gov
Rebekah Parker attorneyrparker@gmail.com
Harold Davis hal.davis@gtlaw.com


**SERVED BY U.S. MAIL OR OVERNIGHT MAIL**: On August 14, 2023, I served or will cause to be served within 24 hours the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Susanna R. Kelham
Kelham Vineyard & Winery, LLC
360 Zinfandel Lane St. Helena, CA 94574
*Served by U.S. Mail*


I declare, under penalty of perjury, that the foregoing is true and correct.

August 14, 2023