REBEKAH PARKER SBN 143674
4225-H Oceanside Boulevard #369
Oceanside CA, 92056-3472
Telephone No. (213) 628-2918
Email: AttorneyRParker@Gmail.Com

Attorney for Main Street Cottage, LLC.
Petitioning Creditor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

In re
KELHAM VINEYARD & WINERY, LLC.
            Alleged Debtor.

Case No. 23-10384

Chapter 11

**"RESPONSE" TO RONALD NICHOLSEN'S "REPLY" TO OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY: MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF REBEKAH PARKER IN SUPPORT THEREOF**

DATE: August 16, 2023
TIME: 9:30 A.M.
ROOM: Courtroom 220

United States Bankruptcy Court
1300 Clay Street
Oakland, CA 94612

# Table of Contents

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 3 |
| II. | THE PARTIES | | 4 |
| III. | ARGUMENT | | 8 |
| | A. | Keeping the Stay in Place Serves the Statutory Mandate of Title 11. | 8 |
| | B | Keeping the Stay in Place Serves the Interest of Judicial Economy. | 9 |
| | C. | Keeping the Stay in Place Serves the Economic Interests of Both the Estate and Creditor Ron to the Extent that Title 11 Provides a Forum Where Creditors Can Examine a Debtor's Books and Records Without a Debtor Having to Bear the Expense of Having to Respond to Individual Creditor Demands and Without the Creditor Having to Bear the Expense of Having to Make Demands. | 10 |
| | D. | Keeping the Stay in Place Serves the Interest of Protecting the Estate and Its Creditors Without Substantially Affecting or Causing 'Legal Prejudice' to Creditor Ron. | 12 |
| | E. | Keeping the Stay in Place Preserves the Estate's Defenses Against the Claims of Creditor Ron; Granting Relief Would Be Highly Prejudicial to KVW, Other Creditors, and All Equity Holders. | 12 |
| | F. | Keeping the Stay in Place Prohibits the Solicitation and/or Entry of Any State Court Order that Requires Susanna Kelham to Speak on Behalf of KVW or Take Any Action on Behalf of KVW | 13 |
| IV. | CONCLUSION AND RELIEF REQUESTED | | 15 |
| | Declaration of Rebekah Parker | | 16 |
| | Certificate of Service | | 17 |

TO WILLIAM LAFFERTY, U.S. BANKRUTPCY JUDGE, KELHAM VINEYARD & WINERY, LLC., AND THE OFFICE OF THE U.S. TRUSTEE:

# I
# INTRODUCTION

The Reply of Creditor Ronald Nicholsen ('Creditor Ron') to the Opposition to Motion for Relief from Stay ("Motion") effectively concedes, by omission, that relief from stay should not be granted. Summarily stated, Creditor Ron has failed to show that cause exists for removal of the automatic stay.

At the outset, by Creditor Ron's own admission, what we have here is simply a creditor with a 'disputed' claim for attorney fees that wants to continue litigating rather than simply file a Proof of Claim as dictated by the policies underlying Title 11; Creditor Ron's Reply, when all is said and done, does not rebut or deny his earlier admission.

On this point, the evidentiary record before this court is clear,

> The only questions to be resolved in that trial are whether the parties
> complied with the Court's writ of mandate issued on November 4, 2022
> and whether Ronald Nicholsen can recover his attorneys fees and costs in
> attempting to enforce his statutory rights. Motion, Page 3, Lines 17-21.

Based on the record, Creditor Ron's remedy is to file a Proof of Claim, which will be deemed allowed in the absence of a duly filed Objection to Claim. Succinctly stated, if and when it can be shown that Creditor Ron's claim has any value, cause may exist for liquidation of this claim in State Court rather than in the above captioned bankruptcy case; but, as the record stands today, it would be an unmitigated waste of this Estate's limited time and dollars, as well as State and Federal Judicial resources to further litigate and liquidate Creditor Ron's claim. Stated in the simplest terms, when all is said and done, Creditor Ron's claim may receive a zero dividend, making the prudent approach in

Case Administration to simply keep the stay in place for the time being, pending the liquidation of this Estate's assets.

## II
## THE PARTIES

The sum and substance of Creditor Ron's Reply is nothing more than prejudicial banter that is not outcome determinative[1] on the issue of whether relief from stay to be granted. Specifically, Creditor Ron would have the Court believe that his mother Susanna Kelham is a bad person because she exercised her legal right as the Managing Member of KVW to terminate his employment and ordered him kept off the winery property, which as noted in the Opposition she did so for good cause. Reply, Page 6, Line 8-10. Creditor Ron would have this Court believe that he is a good person because he opportunistically attempted to worm his way back into his mother's good graces when his brother Ham took ill. Reply, Page 6, Line 14-22. The only fact worth noting from this self-serving rant is the *de facto* admission that Creditor Ron was fully aware, notwithstanding the representation made by his attorneys to the state court, that his brother Hamilton Nicholsen suffered some type of stroke, seizure, or heart attack. Reply, Page 5, Line 14-22.

---

[1] By way of example, Creditor Ron is fixated on the false narrative that he founded KVW. Again, while the issue is not outcome determinative, it does speak to Creditor Ron's lack of candor. As will be illustrated in the Opposition to Creditor Ron's Motion for Appointment of a Trustee, Creditor Ron tells a completely different narrative regarding the founding of KVW in the declarations filed in support of this Motion for Relief from Stay when compared to the declaration filed in support of his Motion to Appoint a Trustee. The reality is that Creditor Ron lacked the funds, credentials, and expertise to be the "founder" of a Napa Valley winery. As illustrated in the Opposition, KVW was founded by Rawson 'Rory' Kelham, the patriarch of KVW. The Court should take note the alleged facts cited in support of the allegation that Creditor Ron is the founder of KVW are uttered by Harold Davis, Counsel for Creditor Ron, rather than by Creditor Ron himself. Reply, Page 6, Lines 1-16. It is further worth noting that Creditor Ron has failed to step up and testify, under penalty of perjury, that his interest in KVW is something other than a gift from Rawson Kelham and his mother. Simply stated, you cannot call yourself the founder of a winery if the winery was set up and paid for by someone else, even if a website that you help set up yourself describes you as someone who 'established' the winery with his 'mother'.

Creditor Ron seeks to pawn himself off as a victim, against whom everyone is "conspiring and colluding". Reply, Page 5, Line 25. But, what the record reflects is merely a situation where KVW creditors and equity holders are simply exercising their statutory right under Title 11, a statutory scheme that provides every creditor, even an insider, with standing to oppose a motion for relief from stay that hinders the administration of a bankruptcy estate, a statutory right that Creditor Ron is either not aware of or refuses to recognize. Reply, Page 4, Lines 4-8.

### III
### ARGUMENT

Creditor Ron's Reply, as does his Motion in chief, misses the proverbial boat in its effort to attempt to state "cause" for relief from stay. Succinctly stated, whether or not relief should be granted is determined by a balancing of interests, a comparison of the impact of granting relief on the Bankruptcy Estate compared to the impact on Creditor Ron of allowing the stay to remain in place. With that said, what constitutes "cause" for granting relief from the automatic stay is decided on a case-by-case basis. Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir.1990); Piombo Corp. v. Castlerock Props. (In re Castlerock Props.), 781 F.2d 159, 163 (9th Cir.1986).

With this case-by-case analytic framework in mind, the record is clear that Creditor Ron has failed to successfully rebut the evidentiary record that both the interest of the Estate and Creditor Ron tip heavily in favor of keeping the stay in place as evidenced by the following points and authorities:

**A. Keeping the Stay in Place Serves the Statutory Mandate of Title 11.**

Creditor Ron's Reply fails to rebut the Opposition's contentions that granting Creditor Ron relief from stay at this juncture would unduly interfere with and hinder the orderly administration of this Bankruptcy Estate (i.e., the liquidation of KVW assets). As noted in the Opposition, among KVW assets that must be liquidated are grapes from the 2023 Harvest, which takes place any time now, as

soon as the grapes attain the requisite sugar, pH, and TA levels, an operation overseen by Ham as KVW's winemaker, who Creditor Ron now concedes is suffering from a medical condition that puts him at risk if he is forced to over exert himself. Reply, Page 5, Line 14-22. Simply stated, KVW needs a breathing spell from the pressure and demands of Creditor Ron's Writ Action to address its business problems and to negotiate a plan of reorganization-liquidation. Granting Creditor Ron relief from stay at this juncture would simply result in further depletion of this Bankruptcy Estate's limited resources at a time when KVW should be using these resources to market its assets. Stated in the simplest terms, securing the best and highest price for KVW's assets will serve everyone's interest, including Ron's both in his capacity as a Creditor and an Equity Holder. Declaration of Hamilton Nicholsen, ¶¶ 7-9.

**B. Keeping the Stay in Place Serves the Interest of Judicial Economy.**

As previously noted herein, Creditor Ron's remedy is to file a Proof of Claim, which will be deemed allowed in the absence of a duly filed Objection to Claim. If and when it can be shown that Creditor Ron's claim has any value, cause may exist for liquidation of this claim in State Court rather than in the above captioned bankruptcy case; but, as the record stands today, it would be an unmitigated waste of both this Estate's limited time and resources, as well as State and Federal Judicial resources to further litigate and liquidate Creditor Ron's claim. Here again, Creditor Ron's Reply completely fails to address or rebut these factual and legal arguments that are fully documented in the Opposition. When all is said and done, Creditor Ron's claim may receive a zero dividend, making the prudent approach in administering this Bankruptcy Estate to simply keep the stay in place pending liquidation of this Estate's assets. Declaration of Hamilton Nicholsen, ¶¶ 8-43.

**C. Keeping the Stay in Place Serves the Economic Interest of Both the Estate and Creditor Ron to the Extent that Title 11 Provides a Forum Where Creditors Can Examine a Debtor's Books and Records Without a Debtor Having to Bear the Expense of Having to Respond to Individual Creditor Demands and Without the Creditor Having to Bear the Expense of Having to Make Demands.**

As noted in the Opposition, the level of financial disclosure required of a debtor in bankruptcy, particularly a Chapter 11 Debtor, may well exceed the basic review of books and records a limited liability company is subjected to under Title 2.6 of the California Corporations Code. While Creditor Ron's Reply nominally challenges this assertion, Creditor Ron fails to document, with any specificity, why this assertion is incorrect, other than noting that the California Corporate Code requires four year of disclosure, to which this Reply would note that the Bankruptcy Code effectively provides for eight years of disclosure *vis a vis* Title 11's provision for the avoidance of fraudulent transfers under state law. To this end, as noted and illustrated in the Opposition, given that there is no prejudice to Creditor Ron in keeping the stay in place for the time being *(as will be shown below)*, the interests of both the Estate and Creditor Ron are served in that this "time out" may provide KVW with an opportunity to demonstrate to Creditor Ron that continued and protracted litigation is NOT in his best interest and that said continued and protracted litigation will irreparably harm his equity interest. KVW has already incurred unpaid attorney fees and costs in excess of $400,000.00 in connection with Creditor Ron's statutory right to inspect KVW's books that will appear as a claim against this Bankruptcy Estate, a claim that will be paid <u>before</u> his equity interest. Note, while Creditor Ron's Reply questions the veracity of this representation, Creditor Ron fails to provide any evidence that the statement is not true.

**D. Keeping the Stay in Place Serves the Interest of Protecting the Estate and Its Creditors Without Substantially Affecting or Causing 'Legal Prejudice' to Creditor Ron.**

As illustrated by the Opposition, keeping the stay in place serves the policies underlying Title 11 by protecting the Estate's creditors and equity holders. With that said, there is absolutely no evidence of any "legal" prejudice to Creditor Ron in keeping the stay in place. While Creditor Ron's motion makes nominal allegations of prejudice, the motion fails to present anything by way of compelling factual or legal analysis to substantiate the claim[2]. See, Motion, Page 13, Lines 13-19. While this defect was pointed out in the filed Opposition, Creditor Ron's Reply fails to provide the Court anything by way of additional facts or law to cure this glaring omission or defect. Simply stated, while Creditor Ron's Reply is peppered with numerous nominal claims of 'prejudice' with an occasional assertion of 'highly prejudicial', when all is said and done, the Reply is completely void of citation to facts or law that establish actual legal prejudice. See generally, Reply to Opposition.

**E. Keeping the Stay in Place Preserves the Estate's Defenses Against the Claims of Creditor Ron; Granting Relief Would Be Highly Prejudicial to KVW, Other Creditors, and All Equity Holders.**

As noted in the Opposition, KVW at this juncture lacks the funds and legal representation to defend against Creditor Ron's litigious claim. As previously noted, KVW has already incurred unpaid attorney fees and costs in excess of $400,000 in connection with Creditor Ron's statutory right to inspect KVW's books, a debt that will appear as a claim against this Bankruptcy Estate. In the past,

---

[2] Creditor Ron argues that he is prejudiced because he has "expended significant legal fees over the past two years to enforce his statutory right to inspect Kelham Vineyards' books and records in the state action." Motion, Page 13, Lines 15-16. While this may and/or may not be true (*there is speculation that Creditor Ron's attorneys agreed to take the case on a contingency because they see Susanna Kelham as a vulnerable widow with "deep pockets"*), the fact that a litigant has expended "significant funds" on prepetition litigation that has not been reduced to a judgment does not standing alone constitute "legal" prejudice for relief from stay analysis. If this were true, relief would be granted in every situation where a pending action was stayed by the filing of a bankruptcy. Creditor Ron also argues that if relief is not granted, he is prejudiced because he will effectively be "forced to start over". Motion, Page 13, Lines 17. This allegation is utter nonsense. The automatic stay is just that a "stay". It does not terminate the action. Summarily stated, Creditor Ron has failed to show that leaving the stay in place results in any legal prejudice to his claim.

Susanna Kelham has been willing to foot the bill and advance enough funds to keep KVW afloat; but Ms. Kelham has had enough—she is 72 years old and has grown weary and tired of her prodigal son's shenanigans. KVW's relationship with Corporate Counsel in the Writ Action has soured, with counsel understandably doing as little as possible because they are not being paid. At this juncture, until KVW is able to demonstrate to an attorney that assets exist in this Estate to pay for their post-petition legal services, nobody is interested in taking on this case. Declaration of Hamilton Nicholsen, ¶¶ 11-13. As such, granting relief from stay at this juncture would be highly prejudicial to KVW, other creditors, and all equity holders. The situation is such that this case may require the appointment of a trustee, a turn of events that would not serve anyone's interest given the complexity of the relationship between KVW and its landlords and suppliers; however, as a matter of judicious case administration, the stay should be allowed to remain in place to preserve the Estate's defenses against Creditor Ron so that the situation can be evaluated by a trustee in the event one is appointed. To this end, this Court should take Judicial Notice that the docket reflects that Creditor Ron has already filed a Motion for Appointment of a Trustee calendared for hearing on September 5, 2023; with that said, in the absence of clear prejudice and in the absence of any of any urgency, the stay should minimally be kept in place until after the September 5, 2023, hearing such that (if a trustee is appointed) the matter can be reviewed by said trustee appointed by the Court.

    **F. Keeping the Stay in Place Prohibits the Solicitation and/or Entry of Any State Court Order Which Requires Susanna Kelham to Speak on Behalf of KVW or Take Any Action on Behalf of KVW.**

As noted in the Opposition, given the unique parameters of the Writ Action, any demand or order entered against Susanna Kelham is *de facto* a demand or order against KVW in violation of the

automatic stay[3]. As further noted in the Opposition, should Creditor Ron and his attorneys not find this argument compelling, grounds clearly exist for Susanna Kelham to secure a co-debtor stay under controlling 9th Circuit precedents. See generally, In re Excel Innovations, Inc., 502 F. 3d 1086 (9th Cir. 2007). With that said, neither of these issues is properly before the Court today since Susanna Kelham does not appear to be a party in this proceeding, neither named nor served as a party to the motion for relief from stay, probably in violation of Rule 4001; as such, it would be a violation of procedural due process to enter an order or make an express finding against her personally.

---

[3] This point is illustrated by Creditor Ron's mischaracterization of the attorney fee order entered on his behalf against KVW, an order which is currently on appeal, a fact which Creditor Ron neglects to point out. Specifically, while Creditor Ron represents that the State Court entered a *"sanctions awards against Susanna Kelham (personally) totaling over more than $140,000"* (Motion, Page 13, Lines 17), the exact language of the Order is that *"Respondent Susanna Kelham (on behalf of Respondents) is ordered to personally pay…"* Order, Page 2, Line 14. While the distinction is subtle, the distinction is important, which is to say that there is no stand-alone attorney fee award against Susanna Kelham, the attorney fee award (not labelled as a sanction by the Order) was entered against KVW with Susanna Kelham, as KVW's Managing Member, personally ordered to pay it on "behalf of KVW". Again, California Corporate Code §17704.10, the statutory basis for the Writ Action, does not create causes of action against limited liability company managers or members, California Corporate Code §17704.10 simply creates a cause of action (and remedies thereon) against the limited liability company itself. As such, any order or judgment issued in connection the Writ Action is an order or judgment against KVW and thus barred by the automatic stay. See, Attachment to Notice of Entry of Judgment or Order, included as Exhibit 7 to the Declaration of H. Davis in Support of Motion, more specifically, page 52 of Docket No. 11-2.

# IV
# CONCLUSION

Based on the foregoing, Respondent would urge this Court to deny Creditor Ron's motion without prejudice, pending the development of new facts or a change in circumstances that might constitute grounds for Creditor Ron to renew his motion and/or for the Court to reconsider the issue.

August 14, 2023

_____
Rebekah Parker,
Attorney for Main Street Cottage, LLC.,
Petitioning Creditor

# Declaration of Rebekah L. Parker

I, Rebekah L. Parker, declare:

1. I am an attorney at law, duly qualified and licensed to practice before the U.S. District Court for the Northern District of California, as well as the U.S. Bankruptcy Court for the Northern District of California. I have personal knowledge of the following facts.

2. I drafted, reviewed, and revised, the above captioned **RESPONSE TO THE REPLY OF RONALD NICHOLSEN TO THE OPPOSITON TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY.**

3. To the best of my knowledge, information, and belief, the facts set forth therein are true and correct.

4. To the best of my knowledge and belief, all the documents attached hereto, in any, are true and correct copies of their originals.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 14, 2023, in the County of San Diego, State of California.

_____
Rebekah Parker, Declarant

# CERTIFICATE OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 4225-H Oceanside Boulevard #369, Oceanside CA, 92056-3472

On August 15, 2023, a true and correct copy of the foregoing document described as **REPOSNE TO THE REPLY OF RONALD NICHOLSEN TO THE OPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY: MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF REBEKAH PARKER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner indicated below:

William Lafferty
U.S. Bankruptcy Court,
1300 Clay St. Room 220,
Oakland, CA 94612
<u>Served by Priority Mail</u>

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 15, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| U.S. Trustee | USTPRegion17.SF.ECF@usdoj.gov |
| Rebekah Parker | attorneyrparker@gmail.com |
| Harold Davis | Hal.Davis@gtlaw.com |

II. **<u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL:</u>** On August 15, 2023, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Susanna R. Kelham
Manager Member
Kelham Vineyard & Winery, LLC.
360 Zinfandel Lane
St. Helena, CA 94574
<u>Served by U.S. Mail</u>

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 15, 2023, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Susanna R. Kelham | Alexis White, Attorney for |
| Manager Member | Susanna R. Kelham |
| Kelham Vineyard & Winery, LLC. | Day, Pace, York & York |
| 360 Zinfandel Lane | 587 Jefferson Street |
| St. Helena, CA 94574 | Napa, CA 94559 |
| Served by Email: | Served by Email |
| info@kelhamvineyards.com. | awhite@yorkyorklaw.com |

Service information continued on attached page: None

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August 15, 2023

_____
Rebekah Parker