```
1   REBEKAH PARKER SBN 143674
    4225-H Oceanside Boulevard #369
2   Oceanside CA, 92056-3472
    Telephone No. (213) 268-2918
3   Email: AttorneyRParker@Gmail.Com

4   Attorney for Committee of Essential
    Creditors & Post-Petition Providers
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

In re
KELHAM VINEYARD & WINERY, LLC.
                Alleged Debtor.

Case No. 23-10384

Chapter 11

**DECLARATION OF HAMILTON NICHOLSEN IN SUPORT OF APPOINTMENT OF LIQUIDATION AGENT AND IN OPPOSITION TO MOTION TO APOINT CHAPTER 11 TRUSTEE**

DATE: September 5, 2023
TIME: 9:30 A.M.
ROOM: Courtroom 220

United States Bankruptcy Court
1300 Clay Street
Oakland, CA 94612

1

**Declaration of Hamilton Nicholsen
In Support of Appointment of Liquidation Agent
and in Opposition to Motion to Appoint Chapter 11 Trustee**

I, Hamilton Nicholsen, declare,

1. I am the Authorized Agent for the newly formed Committee of Essential Creditors and Post-Petition Providers (herein, the "Committee"), a Member of KVW, Winemaker at KVW, and Curator of the KVW Wine Library.

2. In these capacities, I have personal knowledge of the following facts and herein attest to their veracity under penalty of perjury and herein suggest and support the appointment of a Liquidation Agent.

3. KVW is a limited liability company, a small family-owned Napa Valley winery, owned by members Susanna Kelham, Ronald Nicholsen and Hamilton Nicholsen.

4. KVW has never been self-sustaining, which is to say that KVW has never been able to pay its debts as they come due. Incorporated in 2001, KVW has been able to stay in business for the past 22 plus years with the assistance of cash loans from Susanna Kelham and credit-debt forbearance from a group of insider creditor-service providers herein the "Essential Post-Petition Providers", without whose participation and ongoing contribution-support KVW would have to cease operations immediately, an event which I believe would have a devastating effect on the value of KVW's most valuable asset, its wine inventory.

5. KVW does not own the winery property it uses sell its wines, KVW does not own the Guest House ("Main Street Cottage"), it uses to entice buyers to visit the winery to make sizeable wine purchases, and KVW does not own the land where most of the grapes used to produce KVW wines are grown; these parcels of real property are all owned and controlled by members of the Committee,

Case: 23-10384   Doc# 42   Filed: 08/22/23   Entered: 08/22/23 18:32:15   Page 2 of 7

Declaration of Attorney Alexis White, ¶¶ 5-9. With that said, I would stress that these providers have the absolute right to terminate their relationship with KVW at will, subject to any temporary limitations that may exist due to the automatic stay.

6. The only assets that KVW owns that are subject to liquidation by the bankruptcy estate are (a) limited intangible assets consisting of the corporate shell, transferrable licenses, and trademarks, (b) most, but not all, of the personal property and equipment at the winery; (c) over 41,000 cases of wine; and (d) a vacant parcel of land in Deer Park, the former site of a cabin that burned down several years ago.

7. With the exception of the vacant lot, the value of each of these assets will tumble, go into a rapid downward spiral, if the estate's Essential Post-Petition Providers make a decision to just shut this operation down, either because Ron Nicholsen and his attorneys refuse to engage in good faith negotiations on how to liquidate KVW's assets or because a heavy-handed bankruptcy trustee or their staff disrespects or mistreats KVW's matriarch and her staff.

8. There is minimal value in KVW's intangible assets consisting of the corporate shell, transferrable licenses, and trademarks and limited value in personal property and equipment at the winery given that KVW cannot be sold with the land it occupies.

9. KVW's only real valuable asset (its most valuable asset) is its wine library, consisting of approximately 41,000 plus cases of wine, a figure which is in a constant state of flux as existing wines are sold and new wines are bottled.

10. These wines have listed book values that reflect KVW's pride in their product rather than realistic market values. These book values were used as a "base" number for insurance purposes; suffice to say, the "listed book value" does not reflect the inventory's likely liquidation value.

Case: 23-10384    Doc# 42    Filed: 08/22/23    Entered: 08/22/23 18:32:15    Page 3 of 7

11. In my opinion, when all is said and done, these wines will have to be sold at auction by a wine liquidator; At this juncture, there is no reliable way to set a value on these wines other than to let the market speak.

12. Having said that, I believe that there are facts that this court should be made aware of in connection with this wine inventory.

13. KVW's wine inventory was amassed over the past 22 years because my brother Ronald Kelham failed miserably in his mission, the task assigned to him and/or the task he undertook, to create a market and name recognition for KVW wines. My brother boasts in his declaration that he traveled all over the United States hosting winemaker dinners, at great expense to KVW, for which KVW saw little by way of economic return. But, when all is said and done, this inventory was amassed because KVW has been unable to sell these wines.

14. KVW wines are not readily available in wine shops, approximately 95% of all wine sales are made directly to wine club members, with the remaining 5% sold at the winery's gift shop or through online orders.

15. With that said, Ronald Nicholsen is playing fast and loose when he suggests or makes an implicit representation that KVW wine inventory is worth $100,000 million. Motion, Page 7, Line 17. This assertion assumes that a market exists for these wines at list price, which history has shown is not the case.

16. As noted above, 95% of wine sales are made to wine club members who buy the wine at a whopping 30% discount; my brother's absurd assertion that his equity interest in KVW should be valued at 1/3 of the listed book price of the wine inventory is preposterous. Motion, Page 7, Line 17.

17. As noted above, history has shown that there is no market for these wines outside of the winery setting at anything resembling list book price. With that said, an auction will have to be held

4

Case: 23-10384    Doc# 42    Filed: 08/22/23    Entered: 08/22/23 18:32:15    Page 4 of 7

so that the market can speak; thus, I would support and would urge this Court to appoint a Liquidation Agent with limited authority to inventory KVW intangible and tangible personal property and to thereon liquidate it in either a private sale or at auction.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 21, 2023, in the County of Napa, State of California.

Hamilton Nicholson, Declarant

# CERTIFICATE OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 4225-H Oceanside Boulevard #369, Oceanside CA, 92056-3472

A true and correct copy of the foregoing document described as **DECLARATION OF HAMILTON NICHOLSEN IN SUPORT OF APPOINT OF LIQUIDAITON AGENT AND IN OPPOSITION TO MOTION FOR APOINTMENT OF TRUSTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner indicated below:

William Lafferty
U.S. Bankruptcy Court,
1300 Clay St. Room 220
Oakland, CA 94612
<u>Served by Priority Mail</u>

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 22, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

U.S. Trustee                    USTPRegion17.SF.ECF@usdoj.gov
Rebekah Parker                  attorneyrparker@gmail.com
Harold H. Davis, Jr.            hal.davis@gtlaw.com
Michael F. Thomson              thomsonm@gtlaw.com

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL:** On August 22, 2023, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Susanna R. Kelham                   Ron Nicholsen
Manager Member                      223 Alchemy Way
Kelham Vineyard & Winery, LLC.      Napa, CA 94558
360 Zinfandel Lane                  <u>Served by U.S. Mail</u>
St. Helena, CA 94574
<u>Served by U.S. Mail</u>

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 22, 2023, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Susanna R. Kelham | Alexis White, Attorney for |
| Manager Member | Susanna R. Kelham |
| Kelham Vineyard & Winery, LLC. | Day, Pace, York & York |
| 360 Zinfandel Lane | 587 Jefferson Street |
| St. Helena, CA 94574 | Napa, CA 94559 |
| Served by Email: | Served by Email |
| info@kelhamvineyards.com. | awhite@yorkyorklaw.com |

Service information continued on attached page: None

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August 22, 2023

_____
Rebekah Parker