**REBEKAH PARKER SBN 143674**
4225-H Oceanside Boulevard #369
Oceanside CA, 92056-3472
Telephone No. (213) 268-2918
Email: AttorneyRParker@Gmail.Com


Attorney for Committee of Essential
Creditors & Post-Petition Providers

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

| | |
|---|---|
| In re<br>KELHAM VINEYARD & WINERY, LLC.<br>　　　　　　　　　　Debtor | Case No. 23-10384<br><br>Chapter 11<br><br>**DECLARATION OF REBEKAH PARKER RE SERVICE OF LETTER DATED AUGUST 22, 2023 RE "MEET AND CONFER" RE PROPOSED STIPULATION FOR APPOINTMENT OF LIQUIDATION AGENT AND PROPOSED CONTINUANCE OF HEARING ON MOTION TO APPOINT A CHAPTER 11 TRUSTEE**<br><br>　DATE: September 5, 2023<br>　TIME: 9:30 A.M.<br>　ROOM: Courtroom 220<br><br>　　United States Bankruptcy Court<br>　　1300 Clay Street<br>　　Oakland, CA 94612 |

## Declaration of Rebekah L. Parker

I, Rebekah L. Parker, declare:

1. I am an attorney at law, duly qualified, and admitted to practice before the U.S. District Court for the Northern District of California, as well as the U.S. Bankruptcy Court for the Northern District of California. I have personal knowledge of the following facts.

2. On August 22, 2023, I served a copy of the attached letter dated August 22, 2023, in an attempt to "meet and confer" regarding a proposed stipulation for appointment of a Liquation Agent and the proposed continuance of the above captioned hearing on this Motion to Appoint a Chapter 11 Trustee.

3. To the best of my knowledge and belief, all the documents attached hereto, if any, are true and correct copies of their originals.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 22, 2023, in the County of San Diego, State of California.

_____
Rebekah Parker, Declarant

# CERTIFICATE OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 4225-H Oceanside Boulevard #369, Oceanside CA, 92056-3472

A true and correct copy of the foregoing document described as **DECLARATION OF REBEKAH PARKER RE SERVICE OF LETTER DATED AUGUST 22, 2023 RE "MEET AND CONFER" RE PROPOSED STIPULATION FOR APPOINTMENT OF LIQUIDATION AGENT AND PROPOSED CONTINUANCE OF HEARING ON MOTION TO APPOINT A CHAPTER 11 TRUSTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner indicated below:

William Lafferty
U.S. Bankruptcy Court,
1300 Clay St. Room 220
Oakland, CA 94612
<u>Served by Priority Mail</u>

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 22, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| U.S. Trustee | USTPRegion17.SF.ECF@usdoj.gov |
| Rebekah Parker | attorneyrparker@gmail.com |
| Harold H. Davis, Jr. | hal.davis@gtlaw.com |
| Michael F. Thomson | thomsonm@gtlaw.com |

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL:** On August 22, 2023, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Susanna R. Kelham
Manager Member
Kelham Vineyard & Winery, LLC.
360 Zinfandel Lane
St. Helena, CA 94574
<u>Served by U.S. Mail</u>

Ron Nicholsen
223 Alchemy Way
Napa, CA 94558
<u>Served by U.S. Mail</u>

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 22, 2023, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Susanna R. Kelham<br>Manager Member<br>Kelham Vineyard & Winery, LLC.<br>360 Zinfandel Lane<br>St. Helena, CA 94574<br>Served by Email:<br>info@kelhamvineyards.com. | Alexis White, Attorney for<br>Susanna R. Kelham<br>Day, Pace, York & York<br>587 Jefferson Street<br>Napa, CA 94559<br>Served by Email<br>awhite@yorkyorklaw.com |

Service information continued on attached page: None

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

August 22, 2023

_____
Rebekah Parker

**Rebekah Parker**
Attorney–at–Law
4225-H Oceanside Boulevard #369
Oceanside CA 92056-3472
Telephone No. (213) 268-2918
AttorneyRParker@gmail.com

August 22, 2023

Michael F. Thomson
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, CA 94105
T: (415) 655-1300
thomsonm@gtlaw.com

    Re:  Request to Meet and Confer re Proposed Stipulation re Appointment of Liquidation Agent; Continuance of Motion to Appoint Trustee, and Continuance of Case Management Conference Pending Further Order of Bankruptcy Court on the Pending Motion for Relief from Stay

.

    <u>In re Kelham Vineyard & Winery, LLC.</u>
    *Case No. 23-10384 - Pending Involuntary Chapter 11 Case*
    U.S. Bankruptcy Court for the Northern District of California – Santa Rosa Division
    <u>Ronald Nicholsen II v. Kelham Vineyard & Winery and Susanna Kelham</u>
    *Superior Court Case No. 21CV001403*

Dear Mr. Thomson,

    This letter is addressed to you in your capacity as the attorney that has appeared on behalf of Ronald Nicholsen in the above captioned bankruptcy. While your firm has three lawyers assigned to this case, it is my understanding that you have been brought in as lead bankruptcy counsel. I would note that I do not see your name on either the pending Motion for Relief from Stay or Motion to Appoint a Chapter 11 Trustee, so I am assuming you have been brought in because you have some bankruptcy expertise.

    In my experience, it is important to identify the actual responsible and most knowledgeable attorney on a case at the outset to avoid wasting a lot of time dealing with underlings that have no authority, or by the same token, dealing with partners whose name is on the case purely to impress or placate the client. I find this to be especially true in cases where

1

these attorneys lack expertise in the area we are working in; and, as you know, the Bankruptcy Courts are a world unto themselves, driven by policy and results, averse to the drama that State Court practitioners thrive on.

To this end, the primary purpose of this letter is to Meet and Confer, to start a dialog that is policy-result driven and to step away from the rabble-rousing rhetoric of the pending Motion for Relief from Stay and Motion to Appoint a Trustee. Specifically, I wanted to get your suggestions, comments, or input on how this estate should proceed in the liquidation of Kelham Vineyard & Winery, LLC., ("KVW") assets. I appreciate that you walked into this case with a pending Motion for Appointment of Trustee on file that was prepared by someone else at Greenberg Traurig; but surely, as a bankruptcy practitioner you can see the light of day on this matter, which is to say that, purely from a liquidation of assets standpoint, the appointment of a trustee promises to be a disaster for both Ronald Nicholsen and Greenberg Traurig.

The appointment of a trustee may result in KVW abruptly shutting its doors down, followed by an emergency fire sale of its assets, a result that will not serve Ron Nicholsen well; moreover, the appointment of a trustee may (more likely than not) result in a $130,000 plus preference action being filed against Greenberg Traurig. While there may not have been any direct transfers from KVW to Greenberg Traurig, the $130,000 plus transfer from Susanna Kelham was made pursuant to the express terms of the order "on behalf" of KVW, which as you know makes it an avoidable indirect preference. Whoever thought it was a good idea to file a Motion for Appointment of a Trustee effectively shot Ronald Nicholsen in the heart and Greenberg Traurig in the foot.

With that said, the negative fallout from this misstep can be avoided. An opportunity exists for Greenberg Traurig to avoid or mitigate the damage to Ron Nicholson's equity interest and to avoid its own liability in connection with the aforementioned avoidable preferential transfer. As detailed in the Opposition to Appointment of Trustee, given the unique circumstances and issues presented in this proceeding, a tempered, measured, incremental approach is what this case requires. Specifically, we can achieve a result that is in everyone's best interest by appointing a Liquidation Agent in lieu of a bankruptcy trustee, followed by an Avoidance-Fraudulent Transfer Action Master at a later time should one become necessary.

Here's the problem with bankruptcy trustees and the attorneys they employ to administer cases; a case like this becomes a full employment act, especially when there is a pot of money for case professionals to pay themselves. Here's how it plays out. The trustee gets appointed, he hires his college buddy to be his accountant, his brother-in-law to be the broker, his wife's best friend's husband to be his appraiser, and ex-law partner to be his lawyer, all perfectly legal. The trustee's attorney then holds a staff meeting and assigns one set of lawyers to investigate assets, another team of lawyers to start working on avoidable preferences and fraudulent transfers, and yet another team of lawyers to oversee the physical operation of the debtor's business. Believe me, when all is said and done, there will be nothing left for Ron Nicholsen.

And, I say this as someone who started in this business working at a bankruptcy trustee boutique, the now defunct firm of Sulmeyer, Kupetz, Baumann, and Rothman. I say this as someone who as a young associate, updated Collier's original "Trustee Handbook" authored by

Irving Sulmeyer, a giant in this field in his day. And I say this as someone who has represented many bankruptcy trustees over the years.

If we work together, we can avoid the complete depletion of Ronald Nicholsen's equity in KVW. Here's what I would propose. (1) Subject to KVW's approval, let's stipulate to the immediate appointment of a Liquidation Agent for the limited purposes of liquidating KVW's personal intangible and tangible property, excluding the wine; and, (2) Continue the Motion for Appointment of a Trustee to give us time to explore how to liquidate KVW's wine inventory in a manner that does not completely diminish its value.

If a trustee gets appointed, he will hire a broker, who will report that there is no market for the wine and thereon accept (and submit for court approval) a low-ball offer from a wine liquidator, an offer that the court will approve as being in the trustee's "best business judgment". That is what happens in these cases. Trustees are not tasked to find the best and highest price for an estate's assets; a trustee is tasked with generating enough revenue to pay creditors. Never lose sight of the fact that while Ron Nicholsen may have creditor claims against KVW, Ron's real interest is as an equity holder.

If there were a readily available method of setting a price on the wine, there would be a basis for rational settlement discussion, without the need for liquidation. However, from reading the Motion for Appointment of a Trustee, it is clear that Ron Nicholsen has crazy, unrealistic, expectations on the wine's fair market value. To this end, one idea that I have been toying with is a plan that provides that the entire wine inventory *(provided enough money can be generated from the sale of other intangible and tangible personal property assets to pay all creditors)* would be divided among the three equity holders, obviating the need to determine the wines' value, pay obscene brokerage-auctioneer fees, pay trustee commissions or handles. By taking this approach, we can avoid depressing the wines' value.

As you know, the Napa Valley is abuzz with talk of many small wineries going into bankruptcy this coming year. It would serve us well to act quickly before the market gets completely saturated with surplus wines from small wineries that have been warehousing their wines too long (i.e., unable to sell them). I have worked with a handful of wineries. They all think their wines are God's Gift to Man. These wines are typically overpriced so there is no market for them; when all is said and done, they all end up being converted to fortified wines because they have been held too long—it's a tale as old as time.

This brings me to the secondary purpose for this letter, to Meet and Confer on the issue of the automatic stay, to provide you with a gentle reminder that the automatic stay is in place and let you know that there is talk at KVW about asking the bankruptcy court to sanction Greenberg Traurig for what is believed to be multiple violations of the automatic stay. Specifically, it has been called to my attention that someone at Greenberg Traurig has a relationship with someone at that Napa Superior Court and used that relationship to schedule a continued Case Management Conference on August 17, 2023, which *just coincidentally* was the day after the hearing on Greenberg Traurig's Motion for Relief Stay. I am informed that somebody at Greenberg Traurig represented to the Clerk of Court that the "stay" would be lifted by August 17, 2023. I am also informed that, at that August 17, 2023, Case Management Conference, representations were made by a Greenberg Traurig Associate to the State Court Judge that the bankruptcy court had

3

ruled that the stay was not in place or effective as to Susanna Kelham, prompting the State Court Judge to set a further hearing on this matter for September 20, 2023, and therein request briefing on a complicated question of federal law involving the automatic stay, issues that should properly be raised before and ruled on by the bankruptcy court.

      The foregoing was reported to me second hand; however, it does appear that Greenberg Traurig is treading thin ice. I would urge you to admonish whomever attended the August 17, 2023, Case Management Conference that NO rulings were issued by the bankruptcy court on August 16, 2023. I would further urge you to approach counsel for KVW and Susanna Kelham and enter into a stipulation to take the continued September 20, 2023, hearing off calendar, thereon suspending the parties' further briefing obligations, pending further order of the bankruptcy court. By doing so, you minimize Greenberg Traurig sanction's exposure. If counsel for KVW and Susanna Kelham are forced to gratuitously brief the stay issues for the State Court based on your Associate's misrepresentations to the State Court, Greenberg Traurig has left themselves open for sanctions in the State Court for lying to or misleading the State Court Judge and in the Bankruptcy Court for violating the automatic stay. Not only is the risk of being sanctioned not worth it, little has been achieved to advance your client's interest. In point of fact, it will simply end up hurting him in the long run. Moreover, the failure to do so, may result the estate's filing of an injunction that will further eat away at Ron Nicholsen's equity.

      Based on the foregoing, I would urge you to meet with Mr. Ronald Nicholsen. I would urge you to inform him and bring him up to speed on the fact that, at this juncture, in the grand scheme of things, the Motion for Relief from Stay, the Motion to Appoint a Trustee, and yes even the Writ Action are side shows. What really matters at this juncture, the only thing that will put money in his pocket rather than in the pockets of all the lawyers working on the Writ Acton is if we can orchestrate a liquidation of KVW assets for an amount that pays creditors in full and leaves something for equity holders. To this end, I would urge you to work with me to focus on the liquidation, after which we can regroup and decide whether it makes economic sense for our respective clients to continue litigating or whether it makes more sense to negotiate a settlement with respect to KVW's residual value.

      I hope to hear from you soon.

Regards,

*[signature]*

Rebekah Parker

4

Case: 23-10384    Doc# 44    Filed: 08/22/23    Entered: 08/22/23 21:53:03    Page 8 of 8