1  Harold H. Davis (SBN CA 235552)
   Marc R. Baluda (SBN CA 192516)
2  GREENBERG TAURIG, LLP
   101 Second Street, Suite 2200
3  San Francisco, California 94105-3668
   Telephone: 415.655.1300
4  Facsimile: 415.707.2010
   Hal.Davis@gtlaw.com
5  Marc.Baluda@gtlaw.com

6  Michael Thomson admitted *pro hac vice*
   Carson Heninger (SBN CA 327130)
7  GREENBERG TAURIG, LLP
   222 South Main Street, Suite 1730
8  Salt Lake City, Utah 84101
   Telephone: 801.478.6817
9  thomsonm@gtlaw.com

10 Attorneys for Party in Interest
   RONALD NICHOLSEN II

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

In re

Kelham Vineyards and Winery, LLC

Bankruptcy Case No. 23-10384
Chapter 11
[Assigned to: Judge William Lafferty]

**REPLY MEMORANDUM IN FURTHER SUPPORT OF RONALD NICHOLSEN'S MOTION TO APPOINT A CHAPTER 11 TRUSTEE**

Hearing:
DATE:   September 5, 2023
TIME:   9:30 a.m.
DEPT: 220, Oakland, CA

1

REPLY IN FURTHER SUPPORT OF RONALD NICHOLSEN'S MOTION TO APPOINT A CHAPTER 11 TRUSTEE
ACTIVE 689778408v5

## I. INTRODUCTION

Kelham Vineyards[1] is in bankruptcy for one simple reason: Main Street LLC[2] filed an involuntary petition against it. The irony is now that Kelham Vineyards is in bankruptcy, Main Street LLC wants to circumvent the Bankruptcy Code by appointing a "Liquidation Agent." This remedy is unsupported by law and Main Street LLC cites no authority authorizing the appointment of a "Liquidation Agent" under these present circumstances.

It is also telling that, although Main Street LLC accuses Ronald Nicholsen of being an "overly aggressive creditor," it is Main Street LLC that: (i) commenced this chapter 11 case; (ii) does not want the appointment of a neutral third-party trustee so it can keep acting on the Debtor's behalf; (iii) plans to file a "proposed Disclosure Statement Describing Plan of Liquidation" for the Debtor; and (iv) otherwise purports to speak on the Debtor's behalf through its pleadings in this case. The Debtor is also notably absent from this case as it has not entered an appearance yet.[3]

For the reasons set forth in the Motion, as well as the fact that the involuntary petition was filed nearly six weeks ago and the Debtor has still not entered an appearance, cause exists under 11 U.S.C. § 1104(a)(1), requiring the appointment of a trustee. Additionally, the appointment of a trustee would be "in the interests of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2). There are therefore two separate and independent bases for ordering the appointment of a trustee.[4]

---

[1] Capitalized terms used herein, not otherwise defined, have the meanings set forth in the *Party in Interest Ronald Nicholsen II's Motion and Memorandum of Points and Authorities in Support of Motion to Appoint a Chapter 11 Trustee* [Dkt. No. 16] (the "Motion").

[2] The *Opposition to Ronald Nicholsen's Motion to Appoint a Trustee* [Dkt. No. 38] (the "Opposition") is purportedly filed by the self-described "Committee of Essential Creditors & Post-Petition Providers," of which Main Street LLC is an alleged member. But for an attorney to represent an *ad hoc* committee, there are disclosure requirements that must be complied with. *See* Fed. R. Bankr. P. 2019. Ms. Parker, the supposed "Committee's" counsel has not complied with these disclosure requirements. Accordingly, Ronald Nicholsen requests that the Court not consider the arguments raised in the Opposition for this failure to comply, pursuant to Fed. R. Bankr. P. 2019(e).

[3] Although Ms. Parker, counsel for Main Street LLC and the alleged "Committee," has filed Schedules, a Statement of Financial Affairs, and other documents purportedly on behalf of the Debtor [Dkt. Nos. 49-59].

[4] Ronald Nicholsen notes that contemporaneously filed with the Opposition were several declarations. *See* [Dkt. Nos. 41-44]. Rather than engage in a tit-for-tat, Ronald Nicholsen asserts that many statements in these declarations are categorically false. If the Court desires Ronald Nicholsen to independently rebut all factually inaccurate statements in these declarations, he will do so. However, for purposes of the Motion, Ronald Nicholsen believes that such an exercise is unnecessary because there are significant factual and legal reasons to grant the Motion without doing so and the declarations actually support the need for the appointment of an independent trustee in this case.

## II. REPLY

Section 1104(a) affords the Court broad discretion to appoint a chapter 11 trustee in this case. *See In re Sunergy California LLC*, Case No. 22-1230, 2023 WL 4184860, at *1 (B.A.P. 9th Cir. June 26, 2023) (section 1104(a)(2) "affords court broad discretion to determine the best interests of creditors and the estate"). And for the significant reasons set forth in the Motion, the Court should exercise its broad discretion to order the appointment of a chapter 11 trustee.

Additionally, to the extent the Court is inclined to consider the arguments made in the Opposition which was improperly filed (*see* footnote 2, *supra*), there is no merit. Rather, the Opposition claims that a trustee should not be appointed because: (i) the Debtor "has not even had an opportunity to retain counsel and establish itself as a 'Debtor-in-Possession'"; (ii) the Court should create new law by appointing a "liquidation agent" who is "a panel bankruptcy trustee with limited authority"; (iii) a "heavy-handed bankruptcy trustee" may disrespect or mistreat the Debtor's "matriarch"; and (iv) the "Committee" will strive to file a "proposed Disclosure Describing Proposed Plan of Liquidation" before September 5, 2023 and, if it cannot do so, it has nonetheless evidenced its ability to "administer this case." All these arguments are unsupported by law and the facts. Thus, the Motion should be granted.

### A. The Debtor Has Had Ample Time to Retain Counsel and Has Not.

Main Street LLC claims that the Debtor "has not even had an opportunity to retain counsel and establish itself as a 'Debtor-in-Possession.'" Opposition, at 3. This is untrue. The involuntary petition was filed against the Debtor nearly six weeks ago. *See Involuntary Chapter 11 Petition* [Dkt. No. 1]. That is the equivalent of an eternity for an entity in bankruptcy. Yet despite having six weeks to retain counsel, the Debtor has failed to do so. Instead, it is Main Street LLC—or, if the Committee is to be recognized, the Committee—that claims to be administering this case for the Debtor. This is wholly improper. A Debtor cannot be controlled by a select subgroup of creditors that are all insiders of the Debtors. This is exactly what the Bankruptcy Code was designed to prevent. *See In re Conejo Enterprises, Inc.*, 96 F.3d 346, 352 (9th Cir. 1996) ("Bankruptcy is designed to provide an orderly liquidation procedure under which <u>all creditors are treated equally</u>." (underline added)).

Therefore, the fact that the Debtor has not retained counsel, and consequently, cannot be heard when it needs to be held accountable for the fiduciary duties it owes creditors and equity holders, is telling

of the fact that a trustee must be appointed. *See Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1141 (N.D. Cal. 2007) ("a corporation must appear in court through an attorney; it cannot be represented by laypersons").

### B. A Trustee, Not a Liquidation Agent, is the Appropriate Remedy.

Tellingly, it appears the "Committee" concedes that an independent party is necessary to administer this case. But rather than following the proper procedure contained in the Bankruptcy Code, the "Committee" states, "the Court should consider appointing a Liquidation Agent (a panel bankruptcy trustee with limited authority) tasked with inventorying [the Debtor's] intangible and tangible assets and thereon liquidating them either in a private sale or auction, subject to court approval, pursuant to a duly noticed motion with appropriate overbid procedures." Opposition, at 4. There is no statutory basis for this requested relief and, even if there were, the narrow scope of the Liquidation Agent's proposed duties would not address the conflicts of interest with the Debtor's management and the Debtor's lack of participation and transparency in this case.

The Opposition evidences a misunderstanding of the Bankruptcy Code and cites no authority allowing for the appointment of a "Liquidation Agent" in this situation. On the other hand, section 1104 expressly allows for the Court to "order the appointment of a trustee" who will have the broad powers needed to ensure the rights of all parties—creditors and equity security holders alike—are protected in this case. *See* 11 U.S.C. § 1104(a). It is clear that an independent and disinterested person is necessary to oversee the Debtor, and that the "Committee's" proposal is not permitted under the Bankruptcy Code.

It is also clear at least the one thing that the "Committee" and Ronald Nicholsen agree on is that the Debtor needs to sell its assets for the highest value. And because the Debtor should be liquidating shortly to maximize value, the appointment of a trustee is not extraordinary relief. *See In re Lake Tahoe Partners, LLC.*, Case No. 16-10150, 2016 WL 1626798, at *2 (Bankr. N.D. Cal. Apr. 21, 2016) ("It is only a minor intrusion on the prerogatives of a Chapter 11 debtor to appoint a trustee where the debtor itself proposes an immediate sale of the property.").

Therefore, the Court should follow the traditional and sanctioned procedure of appointing a trustee.

///

///

## C. A Trustee is a Neutral Party with Statutory Duties to Act in the Best Interest of the Estate.

The Opposition casts a jaded view on chapter 11 trustees by claiming there is a risk that value of the estate will be lost because a "heavy-handed bankruptcy trustee or their staff disrespects or mistreats [the Debtor's] matriarch and her staff." Opposition, at 6. But this ignores the statutory duty that a trustee has to act in the best interest of general creditors in collecting and preserving value for the estate. *See Sharp v. Essex Ins. Co. (In re C.M. Meiers Co.)*, 527 B.R. 388, 403 (Bankr. C.D. Cal. 2015) (citing favorably *In re Cnty. Seat Stores, Inc.,* 280 B.R. 319 (Bankr. S.D.N.Y. 2002) ("Trustee [is] charged with statutory duty to act in best interest of general creditors in collecting and preserving estate assets")). And by definition, the trustee is to be an independent and disinterested person. *See* 11 U.S.C. § 1104(d). Therefore, any speculation that the "Committee" may assert that runs contrary to the nature and purposes of a trustee should be disregarded.

The appointment of a trustee is especially necessary here given the undeniable conflict of interest between the Debtor and Main Street LLC as well as the Debtor's many documented instances of mismanagement. To highlight only some examples noted in the Motion: (i) Susanna Kelham is the managing member (and an owner) of both the Debtor and Main Street Cottage LLC; (ii) according to the "Answer to Involuntary Petition" signed by Susanna Kelham, the Debtor's "major principal operational debts" are owed to Susanna Kelham directly or to an entity she owns and/or controls (Dkt. No. 6, ¶¶ 10, 13); (iii) in 2021, the Debtor, via checks signed by Susanna Kelham, for reasons unknown, paid Kelham Growers (which Susanna Kelham owns) approximately $180,000 *more* than the invoice amount (Dkt. No. 16; Decl. Davis, ¶¶ 24 – 27, Exs. 21 – 24);[5] (iv) at her deposition, Susanna Kelham testified that she did not know why on July 12, 2022, which is her birthday, the Debtor paid Kelham Growers $600,000, with the deposit slip of such transaction containing a handwritten note saying, "HAPPY BIRTHDAY TO ME!" (Dkt. No. 16; Decl. Davis, ¶¶ 6, 33, Exs. 6, 30); (v) the Debtor paid over $200,000 in taxes and expenses

---

[5] The *Declaration of Hamilton Nicholsen Responding to False Accusations of Alleged Prepetition Bad Acts Filed in Support of Opposition to Motion to Appoint Chapter 11 Trustee* [Dkt. No. 41] (the "Hamilton Declaration") confirms the overpayment while vaguely stating that transfers referenced in the Opposition were "partial payments" of alleged unspecified "loans extended to" the Debtor. Hamilton Declaration at 8, ¶ 16. Adding to the vagueness, Hamilton Nicholsen later discusses the alleged amounts owed to "Susanna Kelham (and/or the entities she represents)" yet cannot identify even a reasonable range of the amount of the alleged debt: "is owed hundreds of thousands of dollars, maybe even millions." *Id.* at 10, ¶ 19.

and almost $400,000 to pay off a mortgage related to a house in Tahoe City, California owned by Susanna Kelham and Hamilton Nicholsen (Dkt. No. 16; Decl. Davis, ¶ 42, Ex. 39); (vi) the Debtor appears to be draining its bank accounts and selling its assets "due to [Ronald Nicholsen's state court action against the Debtor and Susanna Kelham personally]" (Dkt. No. 16; Decl. Davis, ¶¶ 26, 27, 35, 36; Exs. 23, 24 32, 33) (vii) Hamilton Nicholsen is both the "Authorized Agent" for the "Committee" (Dkt. No. 42; Decl. Hamilton, ¶1) while also being the "Designated Authorized Member" of the Debtor (Dkt. No. 59; Decl. Hamilton). Accordingly, it is clear the Debtor desperately needs an appointed third-party neutral charged with a statutory duty to act in the best interests of all stakeholders, preserve and maximize estate assets, and investigate all insider transactions.[6]

### D. The "Committee" Cannot Act on Behalf of the Debtor; the Trustee Can.

It is hornbook bankruptcy law that once an order for relief is entered there is a minimum 120-day exclusivity period during which only the debtor may file a plan. 11 U.S.C. § 1121(b). Yet the "Committee" claims that it is intending to file a "proposed Disclosure Statement Describing Plan of Liquidation" before September 5, 2023.

The "Committee's" counsel has also filed on the Debtor's behalf: (i) Answer to the Involuntary Petition [Dkt. No. 6]; (ii) the List of 20 Largest Creditors [Dkt. No. 49]; (iii) the Corporate Ownership Statement [Dkt. No. 50]; (iv) the creditor matrix [Dkt. No. 51];[7] (v) the list of equity holders [Dkt. Nos. 52, 60]; (vi) the schedules [Dkt. Nos. 53-56, 58, 61]; and (vii) the Statement of Financial Affairs [Dkt. No. 57]. The "Committee's" counsel cannot file these pleadings on behalf of the Debtor. *See* Fed. R. Bankr. P. 1007 (requiring the debtor to file the foregoing documents unless ordered otherwise); *In re Wiley Brown & Assocs., LLC*, Case No. 06-50886, 2006 WL 2390290, at *5 (Bankr. M.D.N.C. Aug. 14, 2006) ("An attorney cannot simultaneously represent a debtor and a creditor of the debtor").

///

///

---

[6] Notably, the Statement of Financial Affairs filed by the "Committee's" counsel reveals payments in excess of $694,000 to insiders Hamilton Nicholsen, Susanna Kelham, and affiliated entities between July 20, 2022 and July 20, 2023. Dkt. No. 57-1, at 17-18, 21-22, 24-25.

[7] Surprisingly, the creditor matrix filed by the "Committee's" counsel, only contains 10 creditors and does not include 4 of the 6 parties which are purportedly part of the "Committee" as creditors.

Case 1:23-bk-10384    Doc# 62    Filed 08/29/23    Entered 08/29/23 16:06:33    Page 6 of 9

The "Committee's" counsel seeking to act on behalf of the Debtor incapsulates the very issue in this case: the "Committee" is improperly acting on the Debtor's behalf and is afraid an independent trustee tasked with looking out for <u>all</u> parties' best interests will wrestle control away from it.

A subgroup of insider creditors should not be permitted to control this case and act on behalf of the Debtor. The Debtor is an independent entity with fiduciary duties owed to all creditors and equity holders. *See In re Billing Resource*, Case No. 07-52890, 2007 WL 3254835, at *14 (Bankr. N.D. Cal. Nov. 2, 2007) ("As a debtor-in-possession, Debtor acts as a fiduciary to the bankruptcy estate and owes a duty of care and loyalty to the bankruptcy estate's creditors."). Because the Debtor has not appeared and is relying on the "Committee" to act on its behalf, it has highlighted that not only is there cause to order the appointment of a trustee but it would be in all creditors, equity holders, and the estate's best interest to do so.

### E.     The Court Does Not Need to Find Cause to Appoint a Trustee

For the many reasons set forth in the Motion, there is cause to appoint a trustee under section 1104(a)(1), including the post-petition mismanagement of the Debtor (*e.g.*, the Debtor and Main Street LLC share the same principals and the Debtor has allowed the petitioning creditor to direct this bankruptcy case). However, the Court does not even need to look towards the Debtor's glaring conflicts of interest and mismanagement to appoint a trustee. The Court can find an independent basis under section 1104(a)(2), which affords the Court "especially broad discretion" to determine what is in the best interest of the estate. *See Sunergy California LLC v. Off. Comm. of Unsecured Creditors*, Case No. 21-20172-C-11, 2021 WL 5015516, at *2 (E.D. Cal. Oct. 28, 2021) (citing favorably *In re Peak Serum, Inc.*, 623 B.R. 609, 620 (Bankr. D. Colo. 2020)).

"There are no hard and fast rules governing the application of [section 1104(a)(2)], except that unlike under subsection (a)(1), 'it is not necessary to find fault on the part of the debtor' to appoint a Chapter 11 trustee pursuant to subsection (a)(2)." *In re China Fishery Grp. Ltd.*, Case No. 16-11895, 2016 Bankr. LEXIS 3852, at *59 (Bankr. S.D.N.Y. Oct. 28, 2016). Factors courts consider under section 1104(a)(2) include

> (1) the trustworthiness of the debtor; (2) the debtor in possession's past and present
> performance and prospects for the debtor's rehabilitation; (3) the confidence - or lack

thereof - of the business community and of creditors in present management; and (4) the benefits derived by the appointment of a trustee, balanced against the cost of the appointment."

*In re Briarwood Cap., LLC*, Case No. 10-02677, 2010 WL 2884949, at *2 (Bankr. S.D. Cal. July 19, 2010).

Here, it is the Debtor's lack of trustworthiness that led to the California state action and ultimately this bankruptcy case. The Debtor has failed to obey its state law requirements to give an accounting to Ronald Nicholsen, subjecting it to serious liability. This lack of transparency alone is reason to order the appointment of a trustee. Further, for the reasons described more fully in the Motion, the Debtor has been grossly mismanaged. And not only that, the Debtor still has not appeared and seems to be allowing the petitioning creditor to improperly act on its behalf.

Accordingly, not only is there cause to appoint a trustee under section 1104(a)(1), but the Court may also exercise its "especially broad discretion" and appoint a trustee also under the independent section 1104(a)(2).

### III. CONCLUSION

For the foregoing reasons, and the reasons set forth in the Motion, the Court should order the appointment of a trustee.

DATED: August 29, 2023

GREENBERG TRAURIG, LLP

By: */s/ Harold H. Davis*
Harold H. Davis
Marc R. Baluda

Attorneys for Petitioner
RONALD NICHOLSEN II

# CERTIFICATE OF SERVICE OF DOCUMENT

I, the undersigned, declare that I am employed in the County of San Francisco. I am over the age of 18 years and not a party to the within entitled action. My business address is 101 Second Street Suite 2200 San Francisco, CA 94105.

A true and correct copy of the foregoing document described as **REPLY MEMORANDUM IN FURTHER SUPPORT OF RONALD NICHOLSEN'S MOTION TO APPOINT A CHAPTER 11 TRUSTEE** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 1002-2(c); and (b) in the manner indicated below:

Hon. William Lafferty, U.S. Bankruptcy Court, 1300 Clay St. Room 220, Oakland, CA 94612
*Served by Overnight Mail*

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 29, 2023, I checked the CM/ECF docket for this bankruptcy case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

U.S. Trustee USTPRegion17.SF.ECF@usdoj.gov
Rebekah Parker attorneyrparker@gmail.com
Harold Davis hal.davis@gtlaw.com

**SERVED BY U.S. MAIL OR OVERNIGHT MAIL**: On August 29, 2023, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Susanna R. Kelham
Kelham Vineyard & Winery, LLC
360 Zinfandel Lane St. Helena, CA 94574
*Served by U.S. Mail*

I declare, under penalty of perjury, that the foregoing is true and correct.

August 29, 2023

_____
Lynne Rose