REBEKAH PARKER SBN 143674
4225-H Oceanside Boulevard #369
Oceanside CA, 92056-3472
Telephone No. (213) 268-2918
E-Mail: AttorneyRParker@gmail.com


Appearing for Susanna Kelham, in her capacity
as Managing Member of Kelham Vineyard & Winery, LLC.

**United States Bankruptcy Court**
**Northern District of California – Santa Rosa Division**

| | |
|---|---|
| In re Kelham Vineyard & Winery, LLC<br><br>Debtors. | Case No. 23-10384-WJL<br><br>Chapter 11 |

**Response to Ex Parte Application for Order Designating Responsible Individual; Memorandum of Points and Authorities; and Declaration of Rebekah Parker**

[ NO HEARING SET ]

United States Bankruptcy Court
1300 Clay Street
Oakland, CA 94612

**TO THE HONORABLE WILLIAM LAFFERTY, U.S. BANKRUPTCY JUDGE, TRUSTEE MICHAEL KASOLAS, THE OFFICE OF THE U.S. TRUSTEE, CREDITIORS AND INTERESTED PARTIES, AND THEIR RESPECTIVE ATTORNEYS FOR RECORD:**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**
**Statement of Position and Statement of Law**

Through the above captioned Ex Parte Application, Attorney Ryan Wood, Debtor's newly retained Bankruptcy Counsel, seeks an order designating Hamilton Nicholsen as a "Designated Responsible Individual" under Federal Rule of Bankruptcy Procedure 4001(1), which provides that debtor shall "(1) attend and submit to an examination at the times ordered by the court".

Respondent respectfully submits that Federal Rule of Bankruptcy Procedure 4001(1) contains no provision either authorizing the Court to designate any particular individual or requiring a Debtor to designate any particular individual. However, under the circumstances, which are that Attorneys for Ronald Nicholsen at the Greenberg Firm have been continually harassing both Attorney Rebekah Parker, and now presumably Attorney Wood, as to under what authority Hamilton Nicholsen both prepared and filed all of Debtor's Schedules, Lists, Statements ("Schedules"), as well as, Debtor's Initial U.S. Trustee Compliance Requirements ("UST Requirements"), perhaps it is appropriate for this Court, pursuant to Bankruptcy Code §105, to grant Attorney Wood the order requested herein.

## II
## Statement of Facts

As Attorney Wood correctly notes, this case was commenced pursuant to the entry of an Order for Relief on an Involuntary Petition—the Order for Relief was entered on August 16, 2023, making Debtor's Schedules due on or about August 30, 2023. As this Court is aware, at the time the Order for Relief was entered, Debtor had not yet been able to secure Bankruptcy Counsel.

Based on the foregoing, in the interest of not having the case she prosecuted as an Involuntary be dismissed or converted to a Chapter 7 due the Debtor's failure to file timely Schedules or due to Debtor's failure to file timely UST Requirements, Attorney Parker offered to assist Debtor in filing these documents pending its retention of counsel. At that time, Ms. Parker made it clear that she was not soliciting a job as Debtor's Counsel and that she was not being retained as Debtor's counsel.

In response to Attorney Parker's offer to help, Susanna R. Kelham ("Ms. Kelham"), de facto issued the following directive,

> In my capacity as KVW's Managing Member, I appoint Hamilton Nicholsen, a KVW Member, to serve as the Authorized Agent for KVW in this bankruptcy proceeding for the limited purposes of (a) preparing and executing all schedules, lists, and statements, (b) preparing executing all U.S. Trustee Requirements; and (c) representing KVW at the duly noticed U.S. Trustee Initial Interview and the duly noticed 341a Meeting of Creditors.

While due to the chaos and time exigencies that accompanied the entry of an Order for Relief in this Involuntary proceeding, said directive was not memorialized on the spot. But, unbeknownst to Attorney Wood, shortly before his retention, Attorney Parker did prepare and request that Ms. Kelham put this directive in writing in the form of a personal declaration. Attached to the Supporting Declaration of Rebekah Parker, is the

3

**DECLARATION OF SUSANNA R. KELHAM RE COMPLIANCE WITH DEADLINE FOR FIING SCHEDULES AND INITIAL U.S. TRUSTEE REQUIREMENTS.**

For the record, Ms. Susanna' s Kelham's declaration regarding Hamilton Nicholson's limited appointment as Debtor's Authorized Agent was prepared by Attorney Parker in support of the existing Opposition to the September 5, 2013, hearings on the then pending Motions for Relief from Stay and for Appointment of Chapter 11 Trustee. The declaration was prepared in response to clamoring by attorneys for Ronald Nicholsen that (a) Hamilton Nicholsen lacked authority to execute said schedules and U.S. Trustee Requirements and that (b) Attorney Parker was allegedly improperly representing Debtor. With that said, Ms. Kelham's declaration should put both these issues to rest.

To be clear, Ms. Kelham's declaration was never filed in connection with the above referenced September 5, 2023, hearings. Attorney Parker received the signed declaration from Ms. Kelham after business hours on September 4, 2023, making it highly improbable that it would be received in time for the 9:30 A.M. hearing the next day. With that said, the decision not to file this declaration was a difficult one for Attorney Parker. In the days leading up to the September 5, 2023, hearings, Attorney Parker became the object of a barrage of unwarranted criticism and false accusations, all based on conjecture, to the effect that Attorney Parker was representing Debtor, which prompted her to prepare said declaration at the last minute and consider incurring the Court's wrath for filing an additional pleading not expressly authorized by the Local Rules.

# III
# Conclusion

Ms. Kelham's declaration herein sets the record straight; specifically, Ms. Parker does not and has never represented Debtor and Hamilton Nicholsen is already Debtor's duly designated representative for the purposes of executing Schedules, preparing UST Requirements, and representing Debtor at the 341(a).  Having said that, Ms. Kelham's declaration also provides this Court with the evidentiary foundation to grant Attorney Wood's Ex Parte Application, which for all the reasons noted above, is a reasonable request and necessary given the circumstances.

Summarily stated, at present, Debtor is operating in 'Bizzaro World', an "alternate universe" where unwarranted and uncharacteristic criticism is being levied against Hamilton Nicholsen and Attorney Parker for taking extraordinary steps (above and beyond the call of duty) to assist Debtor getting into compliance with deadlines for filing of Schedules and UST Requirements; Unbelievably, this criticism is still being levied by attorneys for Ronald Nicholsen, notwithstanding the benefits that this Estate has already reaped from Hamilton Nicholsen and Attorney Parker's efforts.  For the record, Attorney Parker has been in communication with Mark Bostick, Counsel for Trustee Kasolas and has provided assistance to Trustee Kasolas' administration of this case by helping the Trustee and his attorneys get up to speed in this case, utilizing those very Schedules and UST Requirements Ms. Parker is being criticized for having prepared and filed. Attorney Parker would further note that she is informed and believes that the Draft Proposed Disclosure Statement Describing Plan of Liquidation she prepared on behalf of the Unofficial Committee Essential Creditors and Post-Petition Service Providers was

reviewed by Attorney Bostick as a keystone document in his preparation for Debtor's 341(a) meeting of creditors that took place on September 14, 2023.

      Attorney Parker respectfully submits that the time has come to move past how this case got before this Court and to a more productive phase where the parties are encouraged and directed to focus on this Chapter 11's stated objective, the liquidation of Debtor's assets. To this end, Ms. Kelham would urge this Court to accommodate Attorney Wood's request, therein hopefully putting an end to the various side show distractions that Ronald Nicholsen seeks to create with false allegations that Hamilton Nicholson lacked authority to prepare and file Schedules and UST Requirements on behalf of Debtor and that Attorney Parker has at any point represented Debtor —the time has come to focus on 'Liquidation'.

      September 16, 2023

.

_____
Rebekah Parker
Attorney for Susanna R. Kelham

# DECLARATION OF REBEKAH PARKER
# IN SUPPORT OF RESPONSE TO EX PARTE APPLICATION
# FOR ORDER DESIGNATING RESPONSIBLE INDIVIDUAL

I, Rebekah Parker, declare,

1. I am an attorney-at-law, licensed to practice in the State of California.

2. I am also admitted to practice before the U.S. Bankruptcy Court for the Northern District of California.

3. This case was commenced pursuant to the entry of an Order for Relief on an Involuntary Petition—the Order for Relief was entered on August 16, 2023, making Debtor's Schedules, Lists, and Statements due on or about August 30, 2023.

4. At the time the Order for Relief was entered, Debtor had not yet been able to secure Bankruptcy Counsel.

5. In the interest of not having the case that I successfully prosecuted as a Chapter 11 Involuntary dismissed or converted due the Debtor's failure to file timely Schedules or UST Requirements, I offered to assist Debtor to prepare and file these documents, pending Debtor's retention of Counsel.

6. At that time, I made it clear that I was not soliciting a job as Debtor's Counsel and that I was not being retained as Debtor's counsel.

7. In response to my offer to help, Susanna R. Kelham ("Ms. Kelham"), de facto executed the following directive,

> In my capacity as KVW's Managing Member, I appoint Hamilton Nicholsen, a KVW Member, to serve as the Authorized Agent for KVW in this bankruptcy proceeding for the limited purposes of (a) preparing and executing all schedules, lists, and statements, (b) preparing executing all U.S. Trustee Requirements; and (c)

representing KVW at the duly noticed U.S. Trustee Initial Interview and the duly noticed 341a Meeting of Creditors.

8. While due to the chaos and time exigencies that accompanied the entry of an Order for Relief in an Involuntary proceeding, said directive was not memorialized on the spot. unbeknownst to Attorney Wood, shortly before his retention, I prepared and requested that Ms. Kelham put this directive in writing in the form of a personal declaration.

9. Attached hereto is said "DECLARATION OF SUSANNA R. KELHAM RE COMPLIANCE WITH DEADLINE FOR FIING SCHEDULES AND INITIAL U.S. TRUSTE REQUIREMENTS".

10. For the record, I prepared Ms. Kelham's declaration regarding Hamilton Nicholson's limited appointment as Debtor's Authorized Agent as a supplemental declaration in support of existing Opposition to the September 5, 2013, hearings on the then pending Motions for Relief from Stay and Appoint of Trustee.

11. The declaration was prepared in response to clamoring by attorneys for Ronald Nicholsen that (a) Hamilton Nicholsen lacked authority to execute Schedules and UST Requirements; and (b) Attorney Parker was allegedly improperly representing Debtor; with that said, Ms. Kelham's declaration should put both these issues to rest.

12. To be clear, Ms. Kelham's declaration was never filed in connection with the above referenced September 5, 2023, hearings.

13. I received the signed declaration from Ms. Kelham after business hours on September 4, 2023, making it highly improbable that it would be received in time for the 9:30 A.M. hearing the next day.

14. With that said, the decision not to file this declaration was a difficult one for me.

15. In the days leading up to the September 5, 2023, hearings, I became the object of a barrage of unwarranted criticism and false accusations, all based on conjecture, to the effect that I was representing Debtor, prompting me to prepared this declaration at the last minute and consider incurring the Court's wrath for filing an additional pleading not expressly authorized by the Local Rules.

16. I respectfully submit that neither Hamilton Nicholsen nor I did anything improper by taking extraordinary steps (above and beyond the call of duty) to assist Debtor to comply with Bankruptcy Code imposed deadlines for filing Schedules and with Court imposed deadlines for filing UST Requirements.

17. Unbelievably, this criticism is still being levied by attorneys for Ronald Nicholsen, notwithstanding the benefits that this Estate has already reaped from our extraordinary efforts.

18. For the record, I have been in communication with Mark Bostick, Counsel for Trustee Kasolas and I have provided assistance to Trustee Kasolas administration of this case by helping the Trustee and his attorneys get up to speed in this case, utilizing those very Schedules and UST Requirements I am now being criticized for having prepare and filed.

19. I would further note that, I am informed and believe (based on my recommendation to Attorney Bostik and his response thereon) that the Proposed Disclosure Statement Describing Plan of Liquidation that I prepared on behalf of the Unofficial Committee of Essential Creditors and Post-Petition Service Providers was

reviewed by Attorney Bostick as a keystone document in his preparation for Debtor's 341(a) meeting of creditors which took place on September 14, 2023.

20. I respectfully submit that the time has come to move past how this case got before this Court and to a more productive phase where the parties are encouraged and direct to focus on this Chapter 11's stated objective, the liquidation of Debtor's assets.

21. To this end, I would urge this Court to accommodate Attorney Wood's request, therein hopefully putting an end to the various side show distractions that Ronald Nicholsen seeks to create with false allegations that Hamilton Nicholson lacked authority to prepare and file Schedules and UST Requirements on behalf of Debtor and that I have at any point represented Debtor —the time has come to focus on 'Liquidation'.

> I declare under penalty of perjury under the law of the United States of America that the foregoing facts are true and correct to the best of my knowledge, information and belief.
>
> Executed on September 16, 2023, in the State of California, County of San Diego.

_____
Rebekah Parker
Declarant

# CERTIFICATE OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 4225-H Oceanside Boulevard #369, Oceanside CA, 92056-3472

A true and correct copy of the foregoing document described **RESPONSE TO EX PARTE APPLICATION FOR ORDER DESIGNATING RESPONSIBLE INDIVIDUAL; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF REBEKAH PARKER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner indicated below:

William Lafferty
U.S. Bankruptcy Court,
1300 Clay St. Room 220
Oakland, CA 94612
<u>Served by U.S. Mail</u>

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 16, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| U.S. Trustee | USTPRegion17.SF.ECF@usdoj.gov |
| Michael G. Kasolas | trustee@kasolas.net, |
| Christina Lauren Goebelsmann | christina.goebelsmann@usdoj.gov |
| Paul Leahy | paul.leahy@usdoj.gov |
| Ryan Wood | ryan@westcoastbk.com |
| Rebekah Parker | attorneyrparker@gmail.com |
| Harold H. Davis, Jr. | hal.davis@gtlaw.com |
| Michael F. Thomson | thomsonm@gtlaw.com |
| Carson Heninger | carson.heninger@gtlaw.com |
| Michael J. Gomez | mgomez@frandzel.com |
| Wesley H. Avery | wavery@rpmlaw.com |

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL:</u>** On September 16, 2023, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Mark Bostick, Trustee Counsel
Lisa Lenherr, Trustee Counsel
Fennemore Wendel
1111 Broadway, Suite 2400
Oakland, CA 94608-4023
mbostick@fennemorelaw.com
llenherr@fennemorelaw.com
Service Not Yet Requested: But,
Courtesy E-Mail Service Provided

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 16, 2023, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

NONE

Service information continued on attached page: None

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

September 16, 2023

_____
Rebekah Parker

12
Case: 23-10384   Doc# 83   Filed: 09/16/23   Entered: 09/16/23 15:05:30   Page 12 of 18

# Declaration of Susanna Kelham

```
 1  REBEKAH PARKER SBN 143674
    4225-H Oceanside Boulevard #369
 2  Oceanside CA, 92056-3472
    Telephone No. (213) 268-2918
 3  Email: AttorneyRParker@Gmail.Com

 4  Attorney for Unofficial Committee of Essential
    Creditors & Post-Petition Providers
 5

 6

 7              UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF CALIFORNIA
 8                   SANTA ROSA DIVISION

 9
    In re                              Case No. 23-10384
10  KELHAM VINEYARD & WINERY, LLC.
                           Debtor
11                                     Chapter 11

12

13                                     DECLARATION OF SUSANNA R.
                                       KELHAM RE COMPLIANCE WITH
14                                     DEADLINE FOR FIING SCHEDULES AND
                                       INITIAL U.S. TRUSTE REQUIREMENTS.
15

16                                     DATE: September 5, 2023
                                       TIME: 9:30 A.M.
17                                     ROOM: Courtroom 220

18                                          United States Bankruptcy Court
                                            1300 Clay Street
19                                          Oakland, CA 94612

20

21

22

23

24
```

1

REBEKAH PARKER SBN 143674
4225-H Oceanside Boulevard #369
Oceanside CA, 92056-3472
Telephone No. (213) 268-2918
Email: AttorneyRParker@Gmail.Com

Attorney for Unofficial Committee of Essential
Creditors & Post-Petition Providers

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

In re
KELHAM VINEYARD & WINERY, LLC.
    Debtor

Case No. 23-10384

Chapter 11

DECLARATION OF SUSANNA R. KELHAM RE COMPLIANCE WITH DEADLINE FOR FIING SCHEDULES AND INITIAL U.S. TRUSTE REQUIREMENTS.

DATE: September 5, 2023
TIME: 9:30 A.M.
ROOM: Courtroom 220

    United States Bankruptcy Court
    1300 Clay Street
    Oakland, CA 94612

1

## Declaration of Susanna R. Kelham

I, Susanna K. Kelham, declare:

1. I am the Managing Member of Kelham Vineyard & Winery ('KVW"), the Debtor-in-Possession in the above captioned action.

2. This Chapter 11 Case was commenced as an involuntary proceeding against KVW by Main Street Cottage, LLC.

3. At the time the Order for Relief was entered on August 16, 2023, KVW was not represented by counsel. KVW had approached several attorneys but had been unable to negotiate a retention pending entry of the Order for Relief, due in large part to the fact that there was also a pending Motion for Relief from Stay and Motion to Appoint a Trustee.

4. When the Order for Relief was entered, I was in a bit of a panic because I had been informed that KVW only had 15 days to file its Schedules, Lists, and Statements, along with its Initial U.S. Trustee Requirements for Debtors-in-Possession.

5. On the eve of the entry of the Order for Relief, I was approached by Rebekah Parker, in her capacity of as attorney for the Unofficial Committee of Essential Creditors and Post-Petition Service Providers, who offered to help KVW prepare the Schedules, Lists, and Statements, that the Bankruptcy Court had ordered KVW to file, along with the Initial Requirements requested by the U.S. Trustee.

6. Ms. Parker made it clear that she was not offering to represent KVW in this proceeding and that she has never represented KVW in this proceeding; she was merely offering to help ensure that this Chapter 11 was not converted to a Chapter 7 for failure to files Schedules, Statements, and Lists as ordered by the Court and/or failure to comply with U.S. Trustee Operating Requirements pending KVW retention of Bankruptcy Counsel.

2

7. To this end, in my capacity as KVW's Managing Member, I appointed Hamilton Nicholsen, a KVW Member, to serve as the Authorized Agent for KVW in this bankruptcy proceeding for the limited purposes of (a) preparing and executing all schedules, lists, and statements, (b) preparing executing all U.S. Trustee Requirements; and (c) representing KVW at the duly noticed U.S. Trustee Initial Interview and the duly noticed 341a Meeting of Creditors.

8. With that said, after an extensive search, that included some outrageous six figure retainer demands, KVW finally retained an attorney with the requisite qualifications, that KVW can afford and is comfortable working with, Ryan Wood, a bankruptcy practitioner, with Chapter 11 experience, from the Northern District of California.

9. I am informed and acknowledge that, aside from making herself available to Mr. Wood to answer any questions that Mr. Wood may have in connection with the Schedules, Lists, and Statements, along with any U.S. Trustee Compliance documents, Ms. Parker may have prepared for KVW during the period of time KVW was in this bankruptcy without counsel, Ms. Parker will cease working on these projects immediately upon the filing of Mr. Wood's formal Notice of Appearance. All required amendments to these documents (of which I am informed there are many) will be handled directly by Mr. Wood. All U.S. Trustee inquiries and communications will be handled by Mr. Wood. And, KVW will look to Mr. Wood to provide answers to any question regarding KVW's compliance with U.S. Trustee Guidelines for Debtors-in-Possession.

10. With that said, Ms. Parker has agreed to prepare a Memorandum for Mr. Woods that details or summarizes outstanding required Schedules, Lists, and Statement Amendments, along with any required or outstanding U.S. Trustee compliance documentation.

11. KVW is grateful for Ms. Parker's assistance; without Ms. Parker's assistance, this Chapter 11 Case would have been converted to Chapter 7 for failure to timely file Schedules, Lists, and

3

Statements, as well as, failure to file Initial U.S. Trustee Requirements—Ms. Parker has made a substantial contribution to this estate by helping KVW commence what I hope to be an orderly liquidation of KVW's assets for the benefit of all creditors and equity holders.

Executed on September 4, 2023, in the County of Napa, State of California.

_____
Susanna R. Kelham, Declarant

Case: 23-10384   Doc# 83   Filed: 09/16/23   Entered: 09/16/23 15:05:30   Page 18 of 18