**REBEKAH PARKER SBN 143674**
4225-H Oceanside Boulevard #369
Oceanside CA, 92056-3472
Telephone No. (213) 268-2918
Email: AttorneyRParker@Gmail.Com

Attorney for Unofficial Committee of Essential
Creditors and Post-Petition Service Providers

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA,
## SANTA ROSA DIVISION

In re

KELHAM VINEYARD & WINERY, LLC.

                                    Debtor.

**Case No. 23-10384-WL**

Chapter 11

**APPLICATION TO VACATE ORDER ENTERED AS DOCKET NO. 101 DENYING DEBTOR'S APPLICATION TO EMPLOY BANKRUPTCY COUNSEL ON THE GROUND THAT SAID ORDER WAS ENTERED <u>BEFORE</u> THE PERIOD FOR REQUESTING A HEARING HAD EXPRIED**

[ NO HEARING SET ]

**TO WILLIAM LAFFERTY U.S. BANKRUTPCY JUDGE, KELHAM VINEYARD & WINERY, LLC., TRUSTEE MICAHEL KASOLAS, THE OFFICE OF THE U.S. TRUSTEE AND THEIR RESPECTIVE COUNSEL OF RECORD:**

       **PLEASE TAKE NOTICE THAT** the Unofficial Committee of Essential Creditors and Post-Petition Service Providers (herein the "Committee") requests that this Court vacate the order entered as Docket No. 101, captioned Debtor's Application to Employ Counsel, entered on October 3, 2023, on the ground that said order was entered before the 21 day period provided by Local Bankruptcy Rule 9014-1(a)(3)(A) expired for interested parties to file objections and/or request a hearing on the matter. Specifically, the Application to Employ was filed on September 20, 2023, and the Order denying the Application to Employ was entered on October 3, 2023, before the October 11, 2023, deadline for filing an objection or requesting a hearing.

       **PLEASE TAKE NOTICE THAT** a bona fide dispute, the subject of an ongoing Meet and Confer between various interested parties, including the duly appoint Chapter 11 Trustee Michael Kasolas, exists as to whether Attorney Wood is entitled to an Order of Employment, albeit for a limited period of time and for a limited purpose; thus, due process dictates that all interested parties herein be given an opportunity to be heard on this matter as intended by Local Bankruptcy Rule 9014-1(a)(3)(A), which provides that a "… request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice."


Date:   October 3, 2023

 

_____
Attorney for Unofficial Committee of Essential
Creditors and Post-Petition Service Providers

## MEMORANDUM OF POINTS AND AUTHORITIES

### I
### Relief Request

The Unofficial Committee of Essential Creditors and Post-Petition Service Providers (herein the "Committee") herein request that this Court vacate the order entered as Docket No. 101, captioned Debtor's Application to Employ Counsel, entered on October 3, 2023, on the ground that said order was entered before the 21 day period provided by Local Bankruptcy Rule 9014-1(a)(3)(A) expired for interested parties to file objections and/or request a hearing on the matter.

### II
### Statement of Facts

The Application to Employ was filed on September 20, 2023, and the Order denying the Application to Employ was entered on October 3, 2023, before the October 11, 2023, deadline for filing an objection or requesting a hearing. See Docket No. 101, Order Denying Debtor's Application to Employ Bankruptcy Counsel Attached hereto as Exhibit A.

With that said, a bona fide dispute, the subject of an ongoing Meet and Confer between various interested parties, including the duly appoint Chapter 11 Trustee Michael Kasolas, exists as to whether Attorney Wood is entitled to an Order of Employment, albeit for a limited period of time and for limited purpose; Attached hereto as Exhibit B, captioned Meet & Confer, as a series of letters and emails documenting the exchange and discussion between the parties. It is the Committee's hope and expectation that, subject to this Court's approval, a stipulation can be reached on the nature, scope, and extent of Attorney Woods's retention.

**III**
**Argument**

With respect to authority for the proposition that the order entered as Docket No. 101 should be vacated, the Committee would 'substantively' cite to Local Bankruptcy Rule 9014-1(a)(3)(A), which provides that a "… request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice.'; "procedurally", the Committee would cite to Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 69, which allows the Court either on the request of a party or on its own motion to grant relief from a judgment or order entered based on clerical mistakes, oversight, or omission, which is exactly what happened in the case at bar (i.e., the Order entered as Docket No. 101 was presented to the Court by staff before the holding period proscribed by Local Bankruptcy Rule 9014-1(a)(3)(A) had expired).

With respect to authority for the proposition that Attorney Wood is entitled to an Order of Employment, albeit for a limited period of time and for limited purposes, the Committee would call the Court's attention the its opening letter dated October 2, 2023, to Trustee Kasolas and the Office of the U.S. Trustee which contains a preliminary analysis of the issues presented herein, including but not limited to citations to relevant Title 11 Code sections and a review of the case law cited by Trustee Kasolas, In re Sunergy California, LLC, 646 BR 840, 844 (E.D. Cal. 2022), along with a more relevant citation to an earlier case also authored by Judge Klein, In re Johnson, 397 BR, 486, 488 (2008).

## IV
## Conclusion

The granting of the relief requested herein would create a clean slate for adjudication of the merits of any contention of interested parties herein that Attorney Wood is entitled to an Order of Employment, albeit for a limited period of time and for limited purposes; moreover, it would serve to motivate the parties to resolve this matter by stipulation. With that said, as part of the Order vacating Docket No. 101, it would be procedurally expedient for the Court to issue a new deadline for the filing of objections and/or request for a hearing on this matter so as to not allow this matter to fall off the docket or languish.

Date:   October 3, 2023

Rebekah Parker
Attorney for Unofficial Committee of Essential
Creditors and Post-Petition Service Providers

**Declaration of Rebekah L. Parker**

I, Rebekah L. Parker, declare:

1. I am an attorney at law, duly qualified and licensed to practice in the State of California, before the U.S. District Court for the Northern District of California, as well as, the U.S. Bankruptcy Court for the Northern District of California. I have personal knowledge of the following facts.

2. I drafted, reviewed, and revised, the above captioned **APPLICATION TO VACATE ORDER ENTERED AS DOCKET NO. 101 DENYING DEBTOR'S APPLICATION TO EMPLOY BANKRUPTCY COUNSEL ON THE GROUND THAT SAID ORDER WAS ENTERED <u>BEFORE</u> THE PERIOD FOR REQUESTING A HEARING HAD EXPRIED.**

3. To the best of my knowledge, information, and belief, the facts set forth in this Application are true and correct.

4. To the best of my knowledge information, and belief, all the documents attached to this Application are true and correct copies of their originals.

Executed on October 3, 2023, in the County of San Diego, State of California.

Rebekah Parker, Declarant

# CERTIFICATE OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 4225-H Oceanside Boulevard #369, Oceanside CA, 92056-3472

A true and correct copy of the foregoing document described as **APPLICATION TO VACATE ORDER ENTERED AS DOCKET NO. 101 DENYING DEBTOR'S APPLICATION TO EMPLOY BANKRUPTCY COUNSEL ON THE GROUND THAT SAID ORDER WAS ENTERED <u>BEFORE</u> THE PERIOD FOR REQUESTING A HEARING HAD EXPRIED** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner indicated below:

Not Required.

<u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 3, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| U.S. Trustee | USTPRegion17.SF.ECF@usdoj.gov |
| Paul Leahy | paul.leahy@usdoj.gov |
| Ryan Wood | ryan@westcoastbk.com |
| Rebekah Parker | attorneyrparker@gmail.com |
| Harold H. Davis, Jr. | hal.davis@gtlaw.com |
| Michael F. Thomson | thomsonm@gtlaw.com |
| Carson Heninger | carson.heninger@gtlaw.com |
| Michael J. Gomez | mgomez@frandzel.com |
| Wesley H. Avery | wavery@rpmlaw.com |

II. <u>**SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**</u> On October 3, 2023, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed. None.

III. <u>**SRVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**</u> (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 3, 2023, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed. None

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

October 3, 2023

Rebekah Parker

Exhibit A

Docket No. 101

Order Denying Debtor Application to Employ Bankruptcy Counsel

**Entered on Docket**
**October 03, 2023**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: October 3, 2023

_____

**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 23-10384 WJL |
| Kelham Vineyard & Winery, LLC, | |
| Debtor. | Chapter 11 |

**ORDER DENYING DEBTOR'S APPLICATION TO EMPLOY COUNSEL**

On September 20, 2023—seven days after the appointment of a Chapter 11 Trustee in this case—Debtor filed an application to employ Ryan C. Wood of the Law Offices of Ryan C. Wood, Inc. as it's counsel (the "Application"). (Dkt. #86). On September 26, 2023, the Chapter 11 Trustee filed an objection to the Application on the basis that according to Rule 2014 of the Federal Rules of Bankruptcy Procedure an order approving the employment of attorneys shall only be made on application of the trustee. (Dkt. #98). Since the Chapter 11 Trustee appointed in this case did not request the employment of Mr. Wood, the Trustee argues that Mr. Wood did not have authority to file the Application. (*Id.*)

Upon consideration of the parties' submissions, the governing law, and the balance of the record, the Court HEREBY DENIES the Application.

**\*\*END OF ORDER\*\***

# Exhibit B

Meet & Confer Correspondence

1                       **COURT SERVICE LIST**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# **R**ebekah **P**arker

Attorney–at–Law
4225-H Oceanside Boulevard #369
Oceanside CA 92056-3472
Telephone No. (213) 268-2918
AttorneyRParker@gmail.com

October 2, 2023

Michael G. Kasolas, Trustee
P.O. Box 27526
San Francisco, CA 94127
Phone: (415) 504-1926 E-mail:
trustee@kasolas.net

Mark Bostick, Trustee Counsel
Lisa Lenherr
Fennemore Wendel
1111 Broadway, Suite 2400
Oakland, CA 94608-4023
mbostick@fennemorelaw.com
llenherr@fennemorelaw.com

Christina Lauren Goebelsmann
Department of Justice
450 Golden Gate Ave, Ste 05-0153
San Francisco, CA 94102
415-705-3365
Email: christina.goebelsmann@usdoj.gov

Paul Gregory Leahy
Office of the United States Trustee
280 South First Street, Room 268
San Jose, CA 95113
408-535-5535
Email: Paul.Leahy@usdoj.gov

RE:    Meet & Confer re Pending Objection to Employment
       of Ryan Wood as Bankruptcy Counsel

       In re Kelham Vineyard & Winery, LLC.
       Chapter 11 Case No.  23-10384-WL

Dear Mr. Kasolas, Mr. Bostick, Ms. Lenherr, Goebelsmann, and Mr. Leahy,

       The purpose of this letter is to request a meet and confer in connection with the
"blanket" Objection to Employment (Docket No. 24) filed by Trustee Kasolas to the
Application to Employ Ryan Wood as Bankruptcy Counsel.  My hope is to avert the
need for a hearing and a possible appeal of any adverse order should the Court refuse
to allow Kelham Vineyard & Winery, LLC. (KVW) to employ bankruptcy counsel.
       On behalf of the Unofficial Committee of Major Creditors and Essential Post
Petition Service Providers, I herein request that Trustee Kasolas withdraw his "blanket"
objection to the Employment of Ryan Wood as Counsel to the Estate and minimally
stipulate that Mr. Wood is entitled to employment and compensation for the period

between this own retention and the trustee's assumption of his duties. This request is fully consistent with <u>Lamie v. United States Trustee</u>, 540 U.S. 526 (2004), as well as <u>In re Sunergy California</u>, LLC, 646 BR 840, 844 (E.D. Cal. 2022).

In addition, we would request that Trustee Kasolas further stipulate to Ryan Wood's employment for the limited purposes of providing KVW with counsel to fulfill its statutory obligations under sections 343, 541(a)(1), and 541(a)(3), as well as, any obligations KVW may have to respond to and/or comply with any request made by either Trustee Kasolas or the Office of the United States Trustee. This request is made on two independent grounds,

First, doing so would serve the best interest of the Estate, both Trustee Kasolas and the U.S. Trustee have made demands on KVW in connection with sections 343, 541(a)(1), and 541(a)(3). KVW's compliance with said demands will both facilitate and advance the administration of the Estate as intended by the Tile 11. With that said, KVW's compliance is made difficult if not impossible without the assistance of counsel. Just a few weeks ago, the U.S. Trustee complained that KVW had filed schedules, lists, and statements without counsel; to this end, as purely a practical matter, it makes sense to provide KVW with counsel to facilitate KVW's compliance with the above noted requests. This request is fully consistent with <u>Lamie v. United States Trustee</u>, 540 U.S. 526 (2004), as well as, <u>In re Johnson</u>, 397 BR, 486, 488 (2008), both of which stand for the proposition that it is within Trustee Kasolas' right and powers to employ Ryan Wood for the limited purposes discussed herein.

Second, while Judge Klein's opinion in <u>Johnson</u> and <u>Sunergy</u> suggests that Mr. Wood's retention requires Trustee Kasolas' request or blessing, we respectfully submit that Judge Klein has either overstated a trustee's powers in these situations and/or simply misinterpreted <u>Lamie</u> with respect to its application to a Chapter 11 case, especially a Chapter 11 Involuntary. While Judge Klein in <u>Johnson</u> is dismissive of debtor's counsel's attempts to distinguish <u>Johnson</u> from <u>Lamie</u> on the ground that <u>Lamie</u> involved a Chapter 7 Trustee whereas <u>Johnson</u> involved a Chapter 11 Trustee, we would point out the policy underpinning of the Supreme Court's decision in <u>Lamie</u> appears to be limited to both Chapter 7 and Voluntary filings.

Specifically, the Supreme Court's policy justification in <u>Lamie</u> for not compensating debtor's counsel in Lamie is stated as follows,

It appears to be routine for debtors to pay reasonable fees for legal services before filing for bankruptcy to ensure compliance with statutory requirements. See generally Collier Compensation, Employment and Appointment of Trustees and Professionals in Bankruptcy Cases ¶ 3.02[1], p. 3-2 (2002) ("In the majority of cases, the debtor's counsel will accept an individual or a joint consumer chapter 7 case only after being paid a retainer that covers the `standard fee' and the cost of filing the petition") <u>Lamie v. United States Trustee</u>, 540 U.S. 526, 537 (2004).

However, the case at bar is far from routine. The case at bar was commenced as an involuntary where debtor was unable to secure Bankruptcy Counsel until over two weeks into the proceeding. As a result, Ryan Wood accepted the case without a retainer in reliance on being compensated by the Estate to bring KVW into compliance with its statutory duties under the Code, its duties to comply its Court Orders, and its

duties to comply with U.S. Trustee requests.  To be clear, as matter of policy, either KVW should be excused from complying with any and all Code, Court, and U.S. Trustee obligations under 343, 541(a)(1), and 541(a)(3), as well as, any obligation to respond to and/or comply with any request made by either Trustee Kasolas or the Office of the United States Trustee, or Bankruptcy Counsel should be employed and compensated by the Estate to address these issues.

     With respect to one such area, this approach seems to be consistent with the provisions and the intent of Title 11. Specifically, I would call your attention to section 1104(a)(2) which provides that "if the debtor has not done so, [the Trustee shall] file the lists, schedules, and statements required under section 521(a)(1) of this title."  With that said, it is my understanding that the 341a meeting of creditors was continued in part to provide for and/or require that KVW file amended or supplemental schedules.  Suffice to say, without the assistance of Ryan Wood, KVW will not be in a position to comply; moreover, pursuant to 1104(a)(2), it would appear that the U.S. Trustee should be directing Trustee Kasolas and his attorneys to make the requested inquires and amendments. Section 1104(a)(2) clearly makes this the Chapter 11 Trustee's responsibility.

     Along the same lines, query whether it is still appropriate or necessary for the U.S. Trustee to require KVW to attend an "Initial Debtor Interview" since KVW is no longer a "Debtor-in-Possession" (i.e., Trustee Kasolas not KVW is responsible for the Estate's Operation and Duties re Chapter 11 under 11 U.S.C. 1106); moreover, I am at a complete loss as to the appropriateness of the U.S. Trustee contacting anyone at KVW directly in connection with the administration of this case since under a well-established, universally recognized body of caselaw, along with District and Bankruptcy Court Local Rules, KVW can only speak and be heard through "counsel".  I'm not sure where this leaves us without some type of agreement for the retention of Ryan Wood as Bankruptcy Counsel, albeit for limited and discrete purposes.

     With that said, it makes no sense to make Trustee Kasolas responsible for the preparation and filing of amended or supplemental schedules; it would be inefficient and probably yield poor results; but, by the same token, KVW cannot comply without the assistance of counsel and Ryan Wood is not required to work for free. To this end, the logical and proper thing to do is to employ Ryan Wood as Bankruptcy Counsel for the limited purposes noted herein.

     I thank you in advance for your anticipated cooperation.

     Regards,

Rebekah Parker


cc:  Ryan C. Wood


## Meet & Confer re Trustee Objection to Employment Application of Ryan Wood

**Lenherr, Lisa** <llenherr@fennemorelaw.com>                    Mon, Oct 2, 2023 at 2:20 PM
To: "Attorney R. Parker" <attorneyrparker@gmail.com>
Cc: "Rose, Jeanne" <jrose@fennemorelaw.com>, "Bostick, Mark" <mbostick@fennemorelaw.com>, Michael
Kasolas <trustee@kasolas.net>, Ryan Wood <ryan@westcoastbk.com>

Dear Rebekah:

Thank you for the attached letter. You raise some important points which I address as follows:

If Mr. Wood believes he is entitled to compensation for the period of the Petition to date of Chapter 11
Trustee's appointment, he should file the appropriate motion along with a fee application. Compensation for
this period seems reasonable, provided there are legal grounds for payment and an acceptable fee
application is filed. The Northern District has Guidelines re compensation which can be found here:
Guidelines for Compensation and Expense Reimbursement of Professional and Trustees | United States
Bankruptcy Court (uscourts.gov)

With regard to the Schedules/SOFA, Trustee will work with Debtor's responsible individuals to prepare
amended Schedules and SOFA. The Bankruptcy Code contemplates this as part of Trustee's duties outlined
in section 1106 of the Bankruptcy Code. To that end, earlier today I emailed Mr. Wood and requested
permission for our firm to contact Debtor's responsible individual to assist with the preparation of the
amended Schedules and SOFA. I also requested a copy of the Best Case file. We have a very experienced
paralegal who will work with Debtor on this task with Trustee and/or attorney oversight.

Please let me know if you have any further questions. Thank you!

Best,

Lisa

Lisa Lenherr
Attorney



## Meet & Confer re Trustee Objection to Employment Application of Ryan Wood

**Lenherr, Lisa** <llenherr@fennemorelaw.com>                    Mon, Oct 2, 2023 at 5:37 PM
To: "ryan westcoastbk.com" <ryan@westcoastbk.com>, "Attorney R. Parker" <attorneyrparker@gmail.com>
Cc: "Rose, Jeanne" <jrose@fennemorelaw.com>, "Bostick, Mark" <mbostick@fennemorelaw.com>, Michael
Kasolas <trustee@kasolas.net>

Ryan, thank you for your email below. Please see my responses in red. I am pretty available to discuss and
the best way to reach me is on my cell: 503-806-4520.

**Lisa Lenherr,**  Attorney
T: 510.622.7537  | F:  510.834.1928
llenherr@fennemorelaw.com

**From:** ryan westcoastbk.com <ryan@westcoastbk.com>
**Sent:** Monday, October 2, 2023 3:24 PM
**To:** Lenherr, Lisa <llenherr@fennemorelaw.com>; Attorney R. Parker <attorneyrparker@gmail.com>
**Cc:** Rose, Jeanne <jrose@fennemorelaw.com>; Bostick, Mark <mbostick@fennemorelaw.com>; Michael
Kasolas <trustee@kasolas.net>
**Subject:** Re: Meet & Confer re Trustee Objection to Employment Application of Ryan Wood

Hello All:

Agreed that I should be compensated for the time prior to the appointment of Trustee Kasolas.
That is consistent with BAP case you cite.  Why would an additional motion be necessary then?
My reference to a motion was because I am not sure the procedural mechanism to be paid as
a post-Petition attorney if you were not employed. It may require approval of employment for the
interim period, along with the fee app (presented together). I have not reviewed this issue
closely, so please advise of your thoughts. We would like to streamline this if possible to reduce
your burden.

I have no issues with direct communication with Mr. Hamilton as the designated responsible
individual for the debtor. Great. I will reach out to Hamilton and introduce our paralegal Michelle
Sanchez so that they can get working. Are you able to send the Best Case file?

Local rules require an entity be represented by counsel BLR 9010-1.  This is mandatory.  So
how is compensation not also mandatory in furtherance of the estate when local rules require
representation?  Not consistent.  BLR 9010-1(a) only requires debtor to have counsel for filings



1111 Broadway, 24th Floor, Oakland, CA 94607
T: 510.622.7537 | F: 510.834.1928
llenherr@fennemorelaw.com | View Bio



**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error. Then delete it. Thank you.

---

**From:** Attorney R. Parker <attorneyrparker@gmail.com>
**Sent:** Monday, October 2, 2023 11:43 AM
**To:** Michael Kasolas <trustee@kasolas.net>; Bostick, Mark <mbostick@fennemorelaw.com>; Lenherr, Lisa <llenherr@fennemorelaw.com>; christina.goebelsmann@usdoj.gov; Paul.Leahy@usdoj.gov; Ryan Wood <ryan@westcoastbk.com>
**Subject:** Meet & Confer re Trustee Objection to Employment Application of Ryan Wood

---

📄 **10-02 2023 - M&C re R. Wood 0.1.pdf**
   81K

and appearances; I do not anticipate this impacting Debtor because the Chapter 11 Trustee is in place. BLR 9010-1(b) refers to Chapter 11 cases and only requires an attorney to represent debtor if it is a debtor-in-possession, which it is not; so this, too does not seem to be a problem.

All I want to do here is fulfill my obligation to the debtor as required by law.  So, I need some party to communicate precisely what my role and obligations are under the law now that Trustee Kasolas is appointed, which precise law is being followed? Thank you for your efforts in this case; I don't think anyone has accused you of not fulfilling your obligations. I am not sure what you mean *what law is being followed*. Once a Chapter 11 trustee is appointed, in a typical case, the debtor has no need for an attorney. Please feel free to give me a call about this if you have questions.

I am not going to set myself up for any argument I stepped out of line here and I am tip toeing around in the meantime. Again, I am not sure what this means. Maybe we should discuss.

Any further direction is much appreciated as this should not be adversarial at all.  There has to be a road to legal compensation under these circumstances for mandatory debtor counsel representation. I think the above covers it? Please let me know about the Best Case file.

[Quoted text hidden]

# Rebekah Parker

Attorney–at–Law
4225-H Oceanside Boulevard #369
Oceanside CA 92056-3472
Telephone No. (213) 268-2918
AttorneyRParker@gmail.com

October 3, 2023

Lisa Lenherr
Fennemore Wendel
1111 Broadway, Suite 2400
Oakland, CA 94608-4023
mbostick@fennemorelaw.com
llenherr@fennemorelaw.com

Christina Lauren Goebelsmann
Department of Justice
450 Golden Gate Ave, Ste 05-0153
San Francisco, CA 94102
415-705-3365
christina.goebelsmann@usdoj.gov

RE:  Follow-up Re Meet & Confer re Pending Objection
to Employment of Ryan Wood as Bankruptcy Counsel

In re Kelham Vineyard & Winery, LLC.
Chapter 11 Case No.  23-10384-WL

*This letter is intended as a replacement to or for a letter sent out earlier today, wherein I mistakenly assumed I was responding to an email from Christina Lauren Goebelsmann with the Office of the United States Trustee, when in point of fact the email I was responding to came from Lisa Lenherr from Fennemore Wendel.  An apology has already been sent to Ms. Goebelsmann for my error and confusion; and, I am herein restating or refashioning the letter as a response to Ms. Lenherr.  With that said, the points made are effectively the same.*

Dear Ms. Lenherr,

I thank you for your amazingly quick response yesterday. There is clearly more than meets the eye in terms of the issues and considerations raised in this matter. With that said, I was encouraged by your reply and by Attorney Wood's engagement in this Meet and Confer.

I would like to put the following issue or facts for consideration on the table:

1.  We seem to be in agreement that, provided the proper Fee Application procedures are followed, Attorney Wood is eligible for compensation for the period between his retention and the Trustee's official assumption of his duties. To this end, it would seem appropriate that his Employment Applications be approved albeit with some type of limitation, caveat or restrictive language. With that said, I believe it would be appropriate for Trustee Kasolas to either withdraw or amend his objection.

2.  With respect to our request that Attorney Wood be employed to render "post trustee appointment services" for the limited purposes of providing KVW with counsel to fulfill its statutory obligations under sections 343, 541(a)(1), and 541(a)(3), as well as, any obligations KVW may have to respond to and/or comply with any request made by either Trustee Kasolas or the Office of the United States Trustee, while the limited case law on point suggests that Trustee Kasolas is the final word on Attorney Wood's employment for said purpose, we believe that the sole case cited by Trustee Kasolas is not dispositive on this issue— Sunergy is neither binding nor on point. As I am sure you can agree, this is a very unique case, with very unique facts. To this end, if we cannot reach a stipulation that accommodates KVW's need for representation, I think this matter should be fully briefed and properly adjudicated.

3.  While your response yesterday addresses the issue of the completion of schedules, lists, and statements (which I will address in the next paragraph), the response does not address the various other 'debtor' responsibilities under 343, 541(a)(1), and 541(a)(3), as well as, any obligations KVW may have to respond to and/or comply with any request made by either Trustee Kasolas or the Office of the United States Trustee.  By way of illustration, the process has not even really started, and Trustee Kasolas is already asking Attorney Wood to render services such as (a) to put himself on the line by not objecting to the direct communications with debtor's representative and (b) to provide a copy of the "Best Case" digital file.  I would submit that Attorney Wood should be compensated for any such efforts and communication involved therein, including but not limited to dealing with Trustee Kasolas' objection to his employment and the subsequent filing of his fee application.

4.  Both your response to my letter and the response to Attorney Wood's email contains requests for a copy of the "Best Case" digital file; unfortunately, one does not exist. The filed schedules, lists, and statements were prepared by my office based on debtor's QuickBooks Reports, Financial Statements, and Tax Returns without the use or aid of Best Case software. Due to the limited nature of my bankruptcy practice which consists of a handful of Chapter 11 cases per year (no consumer cases), Best Case does not really work for me, so I do not use it. The nature of Chapter 11 work requires the creation, compilation, and coordination of data beyond Best Case's ability.

5. I find that the notion of "… a very experienced paralegal who will work with Debtor on this task with Trustee and/or attorney oversight" somewhat problematic. The creation of schedules, lists, and statements (*if done properly*) is an arduous undertaking, especially in a complicated case, it requires the review of and interpretation of legal documents. While under the circumstances and on short notice, I did a pretty good job of filing opening versions of these documents; however, since their filing, I have encountered various problem areas that need review and amendment, several of which I have already called to Trustee Kasolas' attention. Summarily stated, unless they have specialized legal training, no "designated representative" has the acumen to properly generate these documents on their own without the assistance of legal counsel that represents the entity on behalf of whom the "'designated representative" is acting.

6. Lastly, on the issue of Attorney Wood granting authority for direct communication with debtor's designated representative, query whether Attorney Wood has said authority at this juncture given Trustee Kasolas' position on Attorney Wood's employment status or whether it is appropriate to grant said authorization give the current state of affairs.

There is really no reason why Attorney Wood cannot and should not be retained as suggested in my opening letter for the limited purposes of providing KVW with counsel to fulfill its statutory obligations under sections 343, 541(a)(1), and 541(a)(3), as well as, any obligations KVW may have to respond to and/or comply with any requests made by either Trustee Kasolas or the Office of the United States Trustee. Taking this approach resolves a lot of issues, ensures a smooth transition for Trustee Kasolas' assumption of this duties, and relieves the U.S. Trustee of the burden of dealing with further complications and controversies that are sure to arise if Attorney Wood is not properly compensated and allowed to serve, again albeit with appropriate limitations, caveats, and restrictive language in the Order of Employment.

I thank you in advance for your anticipated response.


Regards,

Rebekah Parker


cc:

Michael G. Kasolas, Trustee                     Ryan C. Wood
trustee@kasolas.net                             ryan@westcoastbk.com

Paul Gregory Leahy
Paul.Leahy@usdoj.gov