Mark S. Bostick (Bar No. 111241)
Lisa Lenherr (Bar No. 258091)
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: mbostick@fennemorelaw.com
Email: llenherr@fennemorelaw.com

Attorneys for Michael G. Kasolas, Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>KELHAM VINEYARD & WINERY, LLC,<br><br>Debtor. | Case No. 23-10384-WJL<br><br>Chapter 11<br><br>**DECLARATION OF LISA LENHERR IN SUPPORT OF TRUSTEE'S OPPOSITION TO MOTION OF 1350 MAIN STREET COTTAGE, LLC FOR RELIEF FROM STAY AND REQUEST FOR ADEQUATE PROTECTION**<br><br>Date: December 13, 2023<br>Time: 10:30 a.m.<br>Place: In Person/TeleVideo Conference<br>       1300 Clay Street<br>Room: 220<br>       Oakland, CA 94612<br>Judge: Honorable William J. Lafferty, III |

I, Lisa Lenherr, declare as follows:

1. I am a director of the law firm of Fennemore Wendel, attorneys for Michael G. Kasolas, the duly appointed Chapter 11 trustee ("**Trustee**") for the above-captioned bankruptcy estate of Kelham Vineyard & Winery, LLC ("**Debtor**"). The following facts are true of my own personal knowledge and if called upon to do so, I would and could competently testify thereto,

except as to those matters that are alleged upon information and belief and as to those matters, I believe them to be true.

2. I make this declaration in support of the Trustee's opposition to the *Motion for Relief from Stay Pursuant to 11 U.S.C. Section 362 and Request for Adequate Protection Pursuant to 11 U.S.C. Section 361 re Real Property Located at 1350 Main Street, St. Helena* ("**Motion**") filed by Main Street Cottage, LLC, on November 22, 2023, as Docket No. 124.

3. On October 9, 2023, I emailed Rebekah Parker, Esq. and requested information on the purported Main Street lease and anticipated revenue from wine sales. No response was received. A true and correct copy of that email is attached hereto as **Exhibit A**.

4. On October 17, 2023, I again request information on the purported Main Street lease and anticipated revenue from wine sales and notified Rebekah Parker, Esq. that the Main Street Cottage should not be used, which would obviate the need for any cleaning fees; in the same exchange, I requested copies of the utility bills. No response was received. A true and correct copy of that email is attached hereto as **Exhibit B**.

5. On October 30, 2023, and November 2, 2023, I again requested a copy of the purported Main Street Cottage lease. No response was received. True and correct copies of those emails are attached hereto as **Exhibit C**.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on December 6, 2023, at Oakland, California.

                                              */s/ Lisa Lenherr*
                                              Lisa Lenherr

# EXHIBIT A

# Lenherr, Lisa

| | |
|---|---|
| **From:** | Lenherr, Lisa |
| **Sent:** | Monday, October 9, 2023 5:01 PM |
| **To:** | Rebecca Parker |
| **Cc:** | Rose, Jeanne; Michael Kasolas; Matthew English (A+B); Ashtyn Thompson; Bostick, Mark |
| **Subject:** | RE: In re Kelham Vineyard & Winery, LLC; case No. 23-10384-WL; Request for Trustee Cooperation |
| **Attachments:** | 10 09 2023 - Reqeust for Trustee Cooperation.pdf |

Dear Rebekah: thank you for your attached letter. Please see responses to your numbered paragraphs:

1. We are informed and believe there were only a handful of returned checks and they have all been replaced. Please advise if this is not the case.
2. We are not aware of any catering requests. If there have been some, please forward the emails and a description of the proposed activity. As Chapter 11 Trustee, Mike is responsible for approving all operations, including winery events. Please provide a schedule of all proposed winery events and anticipated costs.
3. I understand that Susanna has paid the recent cleaning bill. Going forward, we need to know anticipated revenue from wine sales linked to the cottage before Trustee can make a determination on whether to keep the cottage lease. To this end, we have on several occasions tried to discuss Susanna's wine sale strategy and compensation, but she has not engaged.
4. Mike has received 2 emails from Ham and that is all. If he has tried to call, his voicemails have not been received. Please have Ham cc Matthew English when he tried to reach Mike.
5. See number 3. In addition, please provide analysis of the net benefit to the estate for continued use of the cottage.
6. This was discussed today and is a subject of our anticipated call tomorrow. Again, the wine sale revenue is a big driver of what we can do here but we value Ham and anticipate we can reach an agreement.

With regard tomorrow, any time between 12 and 6pm works for a call. Our preference is a zoom call. Please advise your availability.

Thank you!

---

**From:** Rebecca Parker <attorneyrparker@gmail.com>
**Sent:** Monday, October 9, 2023 4:29 PM
**To:** Michael Kasolas <trustee@kasolas.net>; Bostick, Mark <mbostick@fennemorelaw.com>; Lenherr, Lisa <llenherr@fennemorelaw.com>
**Subject:** In re Kelham Vineyard & Winery, LLC; case No. 23-10384-WL; Request for Trustee Cooperation

1

**Rebekah Parker**
Attorney–at–Law
4225-H Oceanside Boulevard #369
Oceanside CA 92056-3472
Telephone No. (213) 268-2918
AttorneyRParker@gmail.com

October 9, 2023

Michael G. Kasolas, Trustee                Mark Bostick, Trustee Counsel
P.O. Box 27526                             Lisa Lenherr
San Francisco, CA 94127                    Fennemore Wendel
Phone: (415) 504-1926 E-mail:              1111 Broadway, Suite 2400
trustee@kasolas.net                        Oakland, CA 94608-4023
                                           mbostick@fennemorelaw.com
                                           llenherr@fennemorelaw.com

RE: Request for Trustee's Cooperation and Support of
    Susanna Kelham's Efforts to Maximize Fall Wine Club Sales
    and Keep KVW Operational Pending Estate Liquidation

    <u>In re Kelham Vineyard & Winery, LLC.</u>
    Chapter 11 Case No. 23-10384-WL
    <u>Susanna Kelham v. Ronald Nicholsen</u>
    Adv. No. 23-01009-WL

Dear Mr. Kasolas, Mr. Bostick, Ms. Lenherr.

    Since Trustee Kasolas' appointment, Ms. Kelham has literally worked day and night to keep KVW operational and maximize Fall Wine Club Sales. She has done so without Trustee Kasolas' cooperation and despite Arch + Beam's inference.

    With respect to Trustee Kasolas' lack support and cooperation, I've been asked to note the various issues, some of which are now water under the bridge, and flag pending issues that are currently adversely affecting Ms. Kelham's ability to maximize Fall Wine Club Sales and otherwise conduct business at KVW:

1. For reasons that are beyond anyone's comprehension, stop payments to various KVW vendors and employees were issued; promises to replace or

1

cover these outstanding payments were made; but said promises have not been honored.

2. KVW's caterers refuse to cater winery events unless paid in advance; but, the Trustee has failed to provide for or create a mechanism for KVW to deal with the fall out of the stop payment fiasco in connection with the caterers and other vendors.

3. The cleaning service for Main Street Cottage has stopped providing services because they have not been paid, impeding KVW's ability provide services to Wine Club members.

4. Ms. Kelham is informed that Hamilton Nicholson's calls to Trustee Kasolas' go unreturned. There are instances where this failure to return calls has had detrimental effects. (1) Hamilton Nicholson has been approached about "custom crush" contracts or opportunities, but he does not feel comfortable accepting the work without Trustee Kasolas' approval; and (2) one of the barrel suppliers apparently showed up and repossessed KVW' barrels.

5. The Trustee has failed or refuses to provide Ms. Kelham with any guidance on what representations can and/or should be made to Wine Club Members as to the future availability of Main Street Cottage as a Wine Club Member perk; and,

6. The Trustee's failure to arrange for compensation for Hamilton Nicholson has put his future and ability to stay on at KVW in jeopardy. Hamilton Nicholson needs a source of income to support his family. While he was willing to hang in there for a couple of months, Arch + Beam's apparent ill-conceived plans to operate KVW through the spring of next year have Hamilton Nicholson thinking that perhaps it is time for him to start looking for work elsewhere.

With respect to Arch + Beam's inference, Arch + Beam simply does not get it. For the past couple of weeks Arch + Beam has tied up KVW staff hours on KVW's busiest days of the week. With that said, the object of Arch + Beam's efforts seems to be to create a narrative that Ms. Kelham is not "cooperating" with the Trustee, apparently this was what Arch + Beam spent most of their five hour visit to KVW on Friday doing, during which they tied up both Hamilton Nicholsen and Melanie Drescher's time, time which in part could and should have been spent assisting Ms. Kelham's effort to promote wine sales.

As noted in my earlier letter today, Arch + Beam seems to have an agenda or goal of trying to "reorganize KVW"; with that said, as you are fully aware, none of KVW's equity holders have any interest in reorganizing KVW—everyone wants this Estate liquidated. To this end, we ask that you please direct staff at Arch + Beam to stop circulating false and slanderous rumors among KVW staff that Ms. Kelham is not cooperating with the Trustee. To be clear, Arch + Beam has crossed a line in suggesting to KVW staff that Ms. Kelham is somehow in breach of her fiduciary duties to this Estate. With that said, nothing could be further from the truth; in point of fact, Ms. Kelham has found herself bailing out this Estate on more than one occasion.

Arch + Beam seem to be confusing Ms. Kelham's lack of desire to participate in their half-baked plans to reorganize this Estate with her duties to this Estate. With that said, Ms' Kelham's lack of interest in leasing the property to any third party does NOT constitute a failure to cooperate; Ms. Kelham's lack of interest in providing DIP financing does NOT constitute a failure to cooperate; and Ms. Kelham's lack of interest in serving as this Estate's Wine Merchant beyond the Fall Wine Club Sales does NOT constitute a failure to cooperate.

As previously and repeatedly noted, Ms. Kelham has and will continue to work with Trustee Kasolas to maximize revenue for the Fall Club Wine Sales. With that said, Ms. Kelham's reluctance to meet Arch + Beam in person without counsel does NOT constitute a failure to cooperate. Ms. Kelham will NOT subject herself to a session of being "worked over" for hours as was her son this past Friday. As previously noted, Ms. Kelham is prepared to participate in a telephonic conference with Arch + Beam with the proviso that she is permitted to have attorney representation on the line.

With that said, please advise what if any assistance, support, or cooperation Trustee Kasolas is prepared to provide Ms. Kelham, with respect to the six items enumerated above, in connection with her ongoing efforts to maximize Fall Wine Club Sales and otherwise keep KVW operational during its liquidation.

Regards,

Rebekah Parker

# EXHIBIT B

# Lenherr, Lisa

| | |
|---|---|
| **From:** | Lenherr, Lisa |
| **Sent:** | Tuesday, October 17, 2023 9:38 AM |
| **To:** | Attorney R. Parker |
| **Cc:** | Michael Kasolas; Bostick, Mark; Rose, Jeanne |
| **Subject:** | RE: M & C re Adequate Protection Payments |
| **Attachments:** | Kelham Cottage EOPI 2023-10-22.pdf; 10 16 2023 - M&C re Adequate Protection.pdf |

Rebekah:

Thank you for the attached letter re: Meet & Confer re Intent to File Motions for Relief from Stay and Request for Adequate Protection.
Responses are as follows:

1. <u>360 Zinfandel</u>:
    a. <u>Lease:</u> According to our understanding of the facts, the purported license agreement is avoidable as an intentionally fraudulent transfer and annual rent under the true lease is not due until issuance of the Final Grape Crush Report published by the California Agricultural Statistics Service (expected in March or April 2024). We have previously requested that Ms. Kelham agree to the avoidance of the "license" transaction, which was executed a mere 6 days before the bankruptcy filing.
    b. <u>Utilities:</u> Any known utility bills are being paid in the ordinary course and/or Trustee has been in communication with known utility creditors. PGE attorney previously confirmed collection calls were to have stopped; I was notified yesterday by M. English that the calls are still happening. I promptly notified PGE counsel of that fact and requested that they stop. If you believe other utility bills are not being paid, please advise.
    c. <u>Insurance:</u> Insurance is up to date.
2. <u>Main Street:</u>
    a. <u>Lease:</u> Please provide a copy of the purported Main Street Lease. Trustee is reviewing to determine if this lease should be rejected. As requested on 10/9 email, we need to know anticipated revenue from wine sales linked to the cottage before Trustee can make a determination on whether to keep the cottage lease. Please provide analysis of the net benefit to the estate for continued use of the cottage.
    b. <u>Main Street cleaning service</u>: please hold off using the cottage until we determine whether it will be rejected. This should obviate the need for cleaning fees.
    c. <u>Utility bills</u>: are these separately metered? Please provide copies of the utility bills.
    d. <u>Insurance</u>: It is our understanding that the Main Street Cottage is insured by Main Street Cottage LLC. See attached policy. It expires 10/22/23 but we assume Main Street Cottage LLC will renew.

Thanks!

---

**From:** Attorney R. Parker <attorneyrparker@gmail.com>
**Sent:** Monday, October 16, 2023 11:57 AM
**To:** Michael Kasolas <trustee@kasolas.net>; Bostick, Mark <mbostick@fennemorelaw.com>; Lenherr, Lisa <llenherr@fennemorelaw.com>
**Subject:** M & C re Adequate Protection Payments

**Rebekah Parker**
Attorney–at–Law
4225-H Oceanside Boulevard #369
Oceanside CA 92056-3472
Telephone No. (213) 268-2918
AttorneyRParker@gmail.com

October 16, 2023

Michael G. Kasolas, Trustee
P.O. Box 27526
San Francisco, CA 94127
Phone: (415) 504-1926 E-mail:
trustee@kasolas.net

Mark Bostick, Trustee Counsel
Lisa Lenherr
Fennemore Wendel
1111 Broadway, Suite 2400
Oakland, CA 94608-4023
mbostick@fennemorelaw.com
llenherr@fennemorelaw.com

RE: Meet & Confer re Intent to File Motions for Relief
from Stay and Request for Adequate Protection

<u>In re Kelham Vineyard & Winery, LLC.</u>
Chapter 11 Case No. 23-10384-WL
<u>Susanna Kelham v. Ronald Nicholsen</u>
Adv. No. 23-01009-WL

Dear Mr. Kasolas, Mr. Bostick, Ms. Lenherr.

    The purpose of this letter is to make an attempt to negotiate an adequate protection agreement with the Estate and thereon save the Estate the administrative expense of having to litigate and the court the time of having to adjudicate.

    As you are aware, this Estate has enjoyed the use of both 360 Zinfandel Lane, St. Helena, and the 1350 Main Street Cottage, St. Helena, for almost three (3) months without paying any rent. To add insult to injury, the Estate has refused to pay various expenses in connection with the operation of these properties, including but not limited to utilities and cleaning, expenses that were previously paid by KVW as the tenant/licensee. We are also concerned that insurance coverage on these properties *vis a vis* the Estate's use and liability expires on October 22, 2023; and, to the best

1

Case: 23-10384   Doc# 135-1   Filed: 12/06/23   Entered: 12/06/23 17:19:13   Page 10 of 14

of our knowledge, no effort has been undertaken to address or remedy the situation.

In connection with 360 Zinfandel Lane, the Estate herein requests that the Estate Stipulate to the immediate payment of the following post-petition administrative expenses as adequate protection,

1. The payment of all licensing fees per the Licensee Fee Agreement;
2. The payment of all utilities; and,
3. The payment of all required insurance coverage.

In connection with 1350 Main Street, the Estate herein requests that the Estate Stipulate to the immediate payment of the following post-petition administrative expenses as adequate protection,

1. The $5,250 payment of monthly rent;
2. The payment of cleaning services;
3. The payment of all utilities;
4. The payment of all required insurance coverage.

As noted in previous correspondence, while the Estate may have claims and defenses in connection with the various requests herein, the bottom line is that this Estate does not have a right to the continued use of these properties rent free; moreover, the Estate has no right or entitlement to put Susanna Kelham in the position of having to continue advancing personal funds in connection with these properties given that she has personally raised sufficient funds to cover these operating expenses.

We thank you in advance for your prompt reply and anticipated cooperation

Rebekah Parker



# EVIDENCE OF PROPERTY INSURANCE

RCORRIE

DATE (MM/DD/YYYY): 11/9/2022

THIS EVIDENCE OF PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| AGENCY | COMPANY |
|---|---|
| Malloy Imrie & Vasconi Insurance Services, LLC<br>899 Adams Street<br>Suite C<br>St. Helena, CA 94574<br>PHONE (A/C, No, Ext): (707) 963-2777<br>FAX (A/C, No): (707) 963-4073<br>E-MAIL ADDRESS: myagency@mivinsurance.com<br>CODE: 35518B SUB CODE:<br>AGENCY CUSTOMER ID #: KELHVIN-01 | Scottsdale Insurance Company<br>One West Nationwide Blvd FRAP Solutions<br>Columbus, OH 43215-2220 |

| INSURED | LOAN NUMBER | POLICY NUMBER |
|---|---|---|
| Main Street Cottage LLC<br>Susanna Helham<br>PO BOX 60<br>Oakville, CA 94562 | ████8049 | ████8284 |

| EFFECTIVE DATE | EXPIRATION DATE | CONTINUED UNTIL TERMINATED IF CHECKED |
|---|---|---|
| 10/22/2022 | 10/22/2023 | |

THIS REPLACES PRIOR EVIDENCE DATED:

## PROPERTY INFORMATION

LOCATION/DESCRIPTION
Loc # 1, Bldg # 1, 1760 Main St., Saint Helena, CA 94574, Dwelling - Lessor Risk

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

## COVERAGE INFORMATION

PERILS INSURED: BASIC [ ] BROAD [ ] SPECIAL [ ]

| COVERAGE / PERILS / FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| Loc # 1, Bldg # 1 | | |
| Building, Basic, Actual Cash Value | $1,870,000 | 1,000 |
| Business Personal Property, Basic, Actual Cash Value | $700,000 | 1,000 |
| Business Income with Extra Expense, Basic, Actual Cash Value | $100,000 | 1,000 |

REMARKS (Including Special Conditions)

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

| NAME AND ADDRESS | | |
|---|---|---|
| Wells Fargo Bank N.A. #936<br>Its Successors And Or Assigns<br>PO Box 100515<br>Florence, SC 29502-0515 | ADDITIONAL INSURED [ ]<br>X MORTGAGEE<br>LOAN # ████8049<br>AUTHORIZED REPRESENTATIVE<br>*[signature]* | LENDER'S LOSS PAYABLE [ ]    LOSS PAYEE [ ] |

ACORD 27 (2016/03)     © 1993-2015 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

# EXHIBIT C

| From: | Lenherr, Lisa |
|---|---|
| Sent: | Thursday, November 2, 2023 12:47 PM |
| To: | 'Rebekah Parker'; Attorney R. Parker |
| Cc: | Rose, Jeanne; Bostick, Mark |
| Subject: | RE: Kelham/Schedules claims |

Rebekah, I am following up on the below. Please let me know the status of your review. Thanks!

**From:** Lenherr, Lisa
**Sent:** Monday, October 30, 2023 3:19 PM
**To:** Rebekah Parker <rebekahlenparker@aol.com>
**Cc:** Rose, Jeanne <jrose@fennemorelaw.com>; Bostick, Mark <mbostick@fennemorelaw.com>
**Subject:** Kelham/Schedules claims

Rebekah:

I hope this email finds you well. I am working on the Schedules and have a few questions:

1) Is there a written lease for the Main Street Cottage? If so, would you please send. We need this for Schedule G.
2) The draft Schedules prepared with information provided by Hamilton reflect the following claims related to Susanna:

| | Creditor Name | Description | Amount |
|---|---|---|---|
| 1 | Kellham Vineyards Growers, LLC | Sale of grapes to Debtor; secured by wine inventory | $533,929.45 |
| 2 | Kellham Vineyards Growers, LLC | Reimbursement Claim for Property Tax Advances on Zinfandel Lane Lease | $291,969.25 |
| 3 | Susanna Kelham, Authorized Agent | Rent for Zinfandel Lane 2005-2023 | $328,800.00 |
| 4 | Susanna Kelham, Managing Member Kelham Vineyard & Winery, LLC | Reimbursement re Mund Road Mortgage Payoff | $305,000.00 |
| 5 | Susanna Kelham, Managing Member Kelham Vineyard & Winery, LLC | Reimbursement re Mund Road Mortgage Payoff | $931,500.00 |
| 6 | Susanna Kelham, Managing Member Kelham Vineyard & Winery, LLC | Misc. Reimbursement Claims | $269,095.53 |
| 7 | Main Street Cottage LLC | Rent for Main Street Cottage 2006-2023 | $107,500.00 |

3) With regard to #1: you previously tried to send me the harvest tags but they did not come through. Would you please resend?
4) With regard to #3: is this the past due rent calculated under the 2005 lease?
5) Do the other listed amounts appear correct?
6) Are there any additional claims?

Thank you!