**REBEKAH PARKER SBN 143674**
4225-H Oceanside Boulevard #369
Oceanside CA, 92056-3472
Telephone No. (213) 268-2918
Email: AttorneyRParker@Gmail.Com


Attorney for Susanna Kelham Authorized
Representative for Zinfandel Lane Consortium

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SANTA ROSA DIVISION

| | |
|---|---|
| In re<br>KELHAM VINEYARD & WINERY, LLC.<br><br>Debtor | Case No. 23-10384-WL<br><br>Chapter 11 |

**SUPPLEMENT TO APPLICATION FOR LEAVE TO FILE "REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. SECTION 362(D) AND REQUEST FOR ADEQUATE PROTECTION PURSUANT 11 U.S.C. SECTION 361 re REAL PROPERTY LOCATED AT 360 ZINFANDEL LANE"**

DATE: December 13, 2023
TIME: 10:30 A.M.
ROOM: Courtroom 220

United States Bankruptcy Court
1300 Clay Street
Oakland, CA 94612

**TO THE HONORABLE WILLIAM LAFFERTY, UNITED STATES BANKRUPTCY JUDGE:**

The above captioned Application was filed on December 9, 2023, as Docket No. 142. In that pleading, Applicant noted that "*With the proposed Reply on file as a matter of public record, hopefully the parties will arrive at next week's hearing, four days from now, with at least an outline of a proposed stipulation for an expedited resolution of the pending dispute.*"

To that end, on December 11, 2023, Applicant prepared and forwarded a letter and proposed stipulation to Trustee's Counsel, a document tantamount to a 'proposed unilateral pretrial order,' that attempted to lay a framework for moving forward. A copy of said communication is attached hereto as Exhibit A.

Trustee's Counsel responded by noting that a "counter proposal" would be forwarded, whereupon Applicant provided a response to the effect that if said 'counter proposal" as was not received by 1:00 P.M., Applicant would submit its pleading to the Court as a 'proposed unilateral pretrial order'. A copy of said responsive communication is attached hereto as Exhibit B.

While Applicant will refrain from filing said proposed stipulation as a "Unilateral Proposed Pretrial Order" as noted in Exabit B, Applicant believes that since time and effort was put into drafting the proposed stipulation included in Exhibit A, this pleading may be of use to the Court in identifying the various issues and considerations and limitations involved in putting the Trustee's proposal to host a consolidated, truncated, and expedited trial in connection with the pending Motion and Complaint.

Date: December 12, 2023,

_____
Rebekah Parker
Attorney for Susanna Kelham Authorized
Representative for Zinfandel Lane Consortium

# CERTIFICATE OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 4225-H Oceanside Boulevard #369, Oceanside CA, 92056-3472

A true and correct copy of the foregoing document described as **SUPPLEMENT TO APPLICATION FOR LEAVE TO FILE REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. SECTION 362(D) AND REQUEST FOR ADEQUATE PROTECTION PURSUANT 11 U.S.C. SECTION 361 re REAL PROPERTY LOCATED AT 360 ZINFANDEL LANE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner indicated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 12, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| U.S. Trustee | USTPRegion17.SF.ECF@usdoj.gov |
| Mark Bostick | mbostick@fennemorelaw.com, ecfbankruptcy@fennemorelaw.com |
| Lisa Lenherr | llenherr@fennemorelaw.com |
| Michael G. Kasolas | trustee@kasolas.net, ecf.alert+Kasolas@titlexi.com |
| Paul Leahy | paul.leahy@usdoj.gov |
| Jared A. Jones | jared.a.day@usdoj.gov |
| C.L. Goebelsmann | christina.goebelsmann@usdoj.gov |
| Ryan Wood | ryan@westcoastbk.com |
| Rebekah Parker | attorneyrparker@gmail.com |
| Harold H. Davis, Jr. | hal.davis@gtlaw.com |
| Michael F. Thomson | thomsonm@gtlaw.com |
| Carson Heninger | carson.heninger@gtlaw.com |
| Michael J. Gomez | mgomez@frandzel.com |
| Wesley H. Avery | wavery@rpmlaw.com |
| Richard L. Pierotti | Rpierotti@kpmd.com |
| MarthaJSimmons | mjs@mjsimonlaw.com |

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL:** On December 12, 2023, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.: None

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 12, 2023, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed. None

On December 12, 2023, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_/s/ Rebekah Parker_
Rebekah Parker

# Exhibit A

# Apllicant's Letter of December 11, 2023
# and
# Propoposed Stipulation

# Rebekah Parker
Attorney–at–Law
4225-H Oceanside Boulevard #369
Oceanside CA 92056-3472
Telephone No. (213) 268-2918
AttorneyRParker@gmail.com

December 11, 2023

Michael G. Kasolas, Trustee
P.O. Box 27526
San Francisco, CA 94127
Phone: (415) 504-1926 E-mail:
trustee@kasolas.net

Mark Bostick, Trustee Counsel
Lisa Lenherr
Fennemore Wendel
1111 Broadway, Suite 2400
Oakland, CA 94608-4023
mbostick@fennemorelaw.com
llenherr@fennemorelaw.com

RE: Proposed Stipulation for Procedural Consolidation and Expedited Adjudication of Motion For Relief From Stay Filed as Docket No. 121 And First Amended Complaint Filed As Adv. Docket No. 5 Herein

<u>In re Kelham Vineyard & Winery, LLC.</u>
Chapter 11 Case No. 23-10384-WL

Dear Mr. Kasolas, Mr. Bostick, Ms. Lenherr,

Consistent with the proposed Reply filed on December 9, 2023, enclosed is our attempt to provide the Court with an outline for the proposed resolution of the various matters on the December 13, 2023, calendar. While it may be a little rough, I have taken a stab at generating a first draft. Hopefully, you will work with me in my efforts to streamline this for the Court.

Should you not be so inclined and/or time limitations make it difficult for you to respond. I will be filing it as a "unilateral" proposed stipulation on the morning of December 12, 2023. With that said, I do hope to hear from you.

Regards,

*[signature]*

Rebekah Parker

**REBEKAH PARKER SBN 143674**
4225-H Oceanside Boulevard #369
Oceanside CA, 92056-3472
Telephone No. (213) 268-2918
E-Mail: AttorneyRParker@gmail.com

Appearing for Hamilton Nicholsen,
Member of Kelham Vineyards & Winery, LLC; and,
Beneficiary of the Zinfandel Lane Consortium.

**United States Bankruptcy Court**
**Northern District of California – Santa Rosa Division**

| | |
|---|---|
| In re Kelham Vineyard & Winery, LLC<br><br>Debtors. | Case No. 23-10384-WL<br><br>Chapter 11<br><br>Adv. No 23-01016 |
| Hamilton Nicholsen, in his capacity as Member of Kelham Vineyards & Winery, LLC. and as a beneficiary of the Zinfandel Lane Consortium.<br><br>Plaintiff,<br><br>v.<br><br>Michael Kasolas, in his capacity as Chapter 11 Trustee of the above captioned Bankruptcy Estate.<br><br>Defendant. | **PROPOSED STIPULATION FOR PROCEDURAL CONSOLIDATION AND EXPEDITED ADJUDICATION OF MOTION FOR RELIEF FROM STAY FILED AS DOCKET NO. 121 AND FIRST AMENDED COMPLAINT FILED AS ADV. DOCKET NO. 5 HEREIN.**<br><br>DATE: December 13, 2023<br>TIME: 10:30 A.M.<br>ROOM: Courtroom 220<br><br>United States Bankruptcy Court<br>1300 Clay Street<br>Oakland, CA 946 |

**TO THE HONORABLE WILLIAM LAFFERTY, UNITED STATES BANKRUPTCY JUDGE, TRUSTEE, AND HIS ATTORNEYS OF RECORD:**

Susanna Kelham ("Ms. Kelham"), Hamilton Nicholsen ("Ham Nicholsen") and Defendant Michael G. Kasolas ("Trustee Kasolas") herein collectively the 'Parties' herein, subject to the Court's approval, enter into the following proposed stipulation:

1. The Motion for Relief From Stay filed as Docket No. 121 ("Motion") and the First Amended Complaint ("Complaint") filed as Adv. Docket No. 5 herein are herein procedurally consolidated, with all pleadings to be filed in the above captioned adversary.

2. The Motion shall be treated as a "contested matter".

3. Ms. Kelham waives her rights under 11 U.S.C. §362(e) for a final adjudication of Motion within 30 days.

4. Upon the execution and Court approval of this Stipulation, the Complaint shall be deemed "at issue". Trustee Kasolas shall be deemed to have filed a general denial to the Complaint to be treated as a denial of all substantive allegations therein. Said general denial shall have no evidentiary effect or consequences other than putting the Complaint at issue.

5. In the interest of expediting this, the Parties herein waive all rights to discovery under the Federal Rules of Bankruptcy Procedure with respect to both the Motion and Complaint.

6. The merits of the Motion and Complaint will be determined by the Court at an Evidentiary Hearing or Trial, to be set at the earliest available date, consistent with the terms of this Stipulation.

7. The merits of the Motion and The Complaint will be determined by the Court based on Briefing to be filed by the Parties, along with direct testimony to be supplied by declaration and supporting exhibits thereon.

8. Ms. Kelham and Ham Nicholsen will be given 30 days to file their Opening Brief from the date of the noticing of the Evidentiary Hearing or Trial; Trustee Kasolas shall have 25 days to file an Opposition Brief; and Ms. Kelham and Ham Nicholsen shall have 15 days to file a Reply.

9. While other creditors or equity holders will not be made named parties to either the Motion or the Complaint, all creditors or equity holder shall have the right to file briefing herein should a creditor or equity holder deem it necessary to protect their interest.

10. The Court shall issue its preliminary ruling or findings at an initial Evidentiary Hearing or Trial date and thereon determine whether a need exists for the cross-examination of witnesses.

11. If the Court determines that a need for cross-examination of witnesses exists, the Court shall set a hearing date as soon as practical.

12. Pending the Court's adjudication of the Estate's interest in the Zinfandel Lane Lease, the Estate shall pay Ms. Kelham monthly adequate protection payments, commencing with the month of December, 2023 in the amount of $18,289.31, an amount representing the current monthly mortgage obligation on the Zinfandel Lane Property (part of the rent due under the terms of the Month-to-Month Tenancy) and an amount less than the Estate's cumulative monthly obligation under the Limited Use License which would be $22,500.00.

13. In the event the Court determines by way of a final adjudication that Ms. Kelham is not entitled to either rent under the Month-to-Month Tenancy or licensing fees under the Limited Use License, any adequate protection payments advanced will be applied to the Estate's liability in connection with assumption of the 2005 Zinfandel Lane Lease.

14. If the 2005 Zinfandel Lane Lease is deemed enforceable, the Estate shall have 30 days after the entry of a final order in connection with the Complaint to assume or reject the 2005 Zinfandel Lane Lease.

Date: December 11, 2023

**Neither Filed Nor Signed**
_____
Rebekah Parker
Attorney for Plaintiff Hamilton Nicholsen

**Neither Filed Nor Signed**
_____
Rebekah Parker
Attorney for Movant Susanna R Kelham

**Neither Filed Nor Signed**
_____
Fennemore Wendel
Mark S. Bostick
Lisa Lenherr
Attorneys for Defendant
Michael G. Kasolas, Trustee

# Exhibit B

# Trustee's Response of December 11, 2023
# and
# Applicant's Reply of December 12, 2023

  Rebecca Parker <attorneyrparker@gmail.com>

# IN RE KELHAM Vineyard & Winery - Proposed Stipulation re Varous Matters on 13th Calendar

**Lenherr, Lisa** <llenherr@fennemorelaw.com>  Mon, Dec 11, 2023 at 5:49 PM
To: "Attorney R. Parker" <attorneyrparker@gmail.com>, Michael Kasolas <trustee@kasolas.net>, "Bostick, Mark" <mbostick@fennemorelaw.com>
Cc: "Rose, Jeanne" <jrose@fennemorelaw.com>

Rebekah, it is highly improper to file a proposed stipulation for several reasons including the fact that your stipulation is a settlement communication. We will have a counter proposal tomorrow that will include Ron, since it is our intent that he will litigate the lease issue.

Thanks.

Lisa Lenherr
Attorney



1111 Broadway, 24th Floor, Oakland, CA 94607
T: 510.622.7537  | F:  510.834.1928
llenherr@fennemorelaw.com  |  View Bio



**CONFIDENTIALITY NOTICE:** The information contained in this message may be protected by the attorney-client privilege. If you believe that it has been sent to you in error, do not read it. Please immediately reply to the sender that you have received the message in error. Then delete it. Thank you.

[Quoted text hidden]

# Rebekah Parker
Attorney–at–Law
4225-H Oceanside Boulevard #369
Oceanside CA 92056-3472
Telephone No. (213) 268-2918
AttorneyRParker@gmail.com

December 12, 2023

Michael G. Kasolas, Trustee
P.O. Box 27526
San Francisco, CA 94127
Phone: (415) 504-1926 E-mail:
trustee@kasolas.net

Mark Bostick, Trustee Counsel
Lisa Lenherr
Fennemore Wendel
1111 Broadway, Suite 2400
Oakland, CA 94608-4023
mbostick@fennemorelaw.com
llenherr@fennemorelaw.com

RE: Proposed Stipulation for Procedural Consolidation and Expedited Adjudication of Motion For Relief From Stay Filed as Docket No. 121 And First Amended Complaint Filed As Adv. Docket No. 5 Herein

<u>In re Kelham Vineyard & Winery, LLC.</u>
Chapter 11 Case No. 23-10384-WL

Dear Ms. Lenherr,

Thank you for your reply of December 11, 2023, acknowledging my letter and proposed stipulation therein designed to move the matters on the Dec 13th Calendar forward in an orderly and expedited manner. In that reply you write,

> *Rebekah, it is highly improper to file a proposed stipulation for several reasons including the fact that your stipulation is a settlement communication. We will have a counter proposal tomorrow that will include Ron, since it is our intent that he will litigate the lease issue.*

Ms. Lenherr, I respectfully disagree with your assessment. While we are clearly in uncharted waters here, I would submit that the proposed stipulation is tantamount to a "Proposed Unilateral Pretrial Order." With that said, I will refrain from filing this document until 1:00 P.M. today in hopes of receiving the above noted counter proposal. If it is not received, I will be filing the document as a "Proposed Unilateral Pretrial Order".

Having said that, we have received and reviewed the Trustee's Status Report which is very "disturbing". I understand the Trustee's frustration. While Chapter 11 Trustees are not accustomed to being questioned and challenged by equity holders; it is part of the Chapter 11 Process. With that said, we respectfully submit that the following

actions proposed or intended by the Trustee are not in the best interest of the Estate and evidence a "taking of the low road" by the Trustee for lack of a better expression.

1. The Trustee's decision to no longer support the standstill is clearly a punitive and shortsighted measure, not supported by the facts;

2. The notion of simply selling off the wine to pay non-insider claims and abandoning the remaining assets to a 'reorganized debtor' is not an option (i.e., this case was filed, and the Trustee was appointed, to liquidate this Estate);

3. The proposed appointment of Ron to litigate the validity of the lease is highly problematic; It signals that the Trustee has no confidence in the arguments being made to enforce the lease; if the arguments being raised were not frivolous, your office, albeit with Ron's assistance, would be litigating this matter. The Trustee's abdication of his duty here does not instill confidence.

4. The Trustee's failure to admit or acknowledge that there have been no discussions or negotiations with proposed buyers other than equity holders only serves to further the loss of confidence the creditors and equity holders of this Estate have in his administration; and,

5. The Trustee's taking steps to hire a business and/or wine broker is welcomed by creditors and equity holders with the proviso that no commission and/or a highly reduced commission is paid if the sale is to an existing equity holder.

I hope to hear from you soon.

Rebekah Parker