**Rebekah Parker SBN 143674**
4225-H Oceanside Boulevard #369
Oceanside CA, 92056-3472
Phone (213) 268-2918: E-Mail: AttorneyRParker@gmail.com

**Andrew D. White, SBN 222628**
VGC, LLP, Litigation Partner
9461 Charleville Blvd: PMB 757
Beverly Hills, CA 90212-3017
Phone: 714-907-5032: Email: awhite@vgcllp.com

Rebekah Parker, Appearing as Lead-Trial Counsel, for HAMILTON NICHOLSEN as
PLAINTIFF and SUSANNA KELHAM as CROSS-DEFENDANT in her capacity as Manager
under the 360 Zinfandel Lane TIC Agreement and in her various capacities as a Claimant.
Andrew White, Making a Limited Appearance as Co-Trial Counsel, on behalf of SUSANNA
KELHAM in her capacity as a Member of Kelham Vineyards & Winery, LLC., and in her
capacity as Manager under the 360 Zinfandel Lane TIC Agreement.

## United States Bankruptcy Court
## Northern District of California – Santa Rosa Division

| | |
|---|---|
| In re Kelham Vineyard & Winery, LLC<br><br>       Debtors. | Case No. 23-10384-WL<br><br>Chapter 11<br><br>Adv. No  23-01016 |
| Hamilton Nicholsen, in his capacity as<br>Member of Kelham Vineyards & Winery,<br>LLC. and as a beneficiary of the Zinfandel<br>Lane Consortium.<br><br>       Plaintiff,<br>   v.<br><br>Michael Kasolas, in his capacity as<br>Chapter 11 Trustee.<br><br>       Defendant. | **MOTION TO CONSOLIDATE<br>OBJECTIONS TO CLAIMS FILED AS<br>CASE DOCKET NUMBERS 181 – 184<br>WITH PENDING CROSS-COMPLAINT<br>FOR ACCOUNTING**<br><br>Date: March 27, 2024<br>Time: 10:30 A.M.<br>Room: 220 |
| Michael Kasolas, Chapter 11 Trustee<br><br>    Cross-Complainant,<br>   v.<br><br>Susanna Kelham et al.<br><br>     Cross-Defendants. | United States Bankruptcy Court<br>1300 Clay Street<br>Oakland, CA 94612 |

**TO THE HONORABLE WILLIAM LAFFERTY, UNITED STATES BANKRUPTCY JUDGE, DEFENDANT AND CROSS-COMPLAINT MICHAEL KASOLAS, CHAPTER 11 TRUSTEE, INTERESTED PARTY RONALD NICHOLSEN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**I**
**INTRODUCTION**

Susanna Kelham, in her various capacities as Claimant in connection with Proof of Claims Register Numbers 8 through 11, the subject of Objections to Claims filed as Docket Numbers 181 through 184 (herein, the "Objections to Claim"), respectively, herein seeks substantive consolidation of Trustee Kasolas Objections to Claims with Trustee Kasolas' above captioned Cross-Complaint on the ground that the Cross-Complaint and the Objections to Claim raises various common issue of fact and law. A Copy of the Cross-Complaint is attached hereto as Exhibit A.

**II**
**ARGUMENT**

The Cross-Complaint's First Claim for Relief is a Claim for "interpretation of lease", which would include a finding on what Landlord was entitled to charge KVW under the "minimum" rent language or standard that the Estate has urged the Court to adopt in the expedited evidentiary hearing on this matter; Claim No. 11 in turn seeks recovery for delinquent rent. As such, how much the Landlord is owed by way of delinquent rent is contingent on what rent Landlord is entitled to charge and collect, the very subject of The Cross-Complaint's First Claim for Relief is a Claim for "interpretation of lease".

The Cross-Complaint's Third Claim for Relief is a Claim for "recovery of lease overpayment." Here again, Claim No. 11 seeks recovery for delinquent rent, while the

Estate seeks a determination of the amount of rent Landlord is entitled to under the lease. As such, how much Landlord is owed by way of delinquent rent is contingent on what rent Landlord is entitled to charge or collect, the very subject of The Cross-Complaint's Third Claim for Relief is a Claim for "recovery of lease overpayment".

The Cross-Complaints' Fourth Claim for Relief is for "money had and received" wherein the Trustee seeks a return of "…funds of Debtor intended for its use and benefit." Among the funds that will be the subject of this Fourth Claim for Relief will be the loan proceeds that are the subject of Bank of Marin's Proof of Claim No. 3, a loan secured by the 360 Zinfandel Lane Property (not property of this estate) to which KVW was a party in some capacity, currently the subject of dispute (i.e., either principal co-borrower or an accommodation party.) With that said, issues before the Court will be whether Landlord or KVW was entitled to said loan proceeds. As such, the merits of Claims No. 8, 9, and 10 are inextricably common questions of fact and law as to the determination of whether Landlord or KVW is entitled to the loan proceeds that are the subject of Bank of Marin's Proof of Claim No. 3. Susanna Kelham's Claim No 8 is a claim for reimbursement for payoff of a loan owed by KVW on what is known as the "Mund Property[1]" (herein, the "Mund Promissory Note") With that said, the loan proceeds of the subject Bank of Marin loan were used by Landlord to pay off the Mund Promissory Note, prompting Trustee Kasolas' objection to said Claim No. 8 on the ground that it is unclear whether Susanna Kelham actually paid off the loan since there

---

[1] The Mund Property is a piece of real property owned by the Bankruptcy Estate (KWV) upon which a mountain cabin was formerly located that was destroyed in the Napa Fires and is now a vacant lot owned by the Bankruptcy Estate.

is a dispute (to be adjudicated via this Cross-Complaint) as to whether the Bank of Marin Loan proceeds are property of Landlord or KVW.

The Cross-Complaints' Eighth Claim for Relief seeks an "accounting".  In said request, Trustee Kasolas alleges that since July 14, 2016, KVW has paid Susanna Kelham and the various entities she represents "millions of dollar".  Among said alleged payments Trustee Kasolas is including are the proceeds of the Bank of Marin loan, as well as a $600,000.00 payment made on July 29, 2022.  The Eighth Claim for Relief goes on to allege at paragraph 89 that "Without an accounting, [Trustee Kasolas] cannot ascertain to what extent [the Susana Kelham Entities] may have recoverable claims for relief or offset against  [the Susana Kelham Entities]."  See, Cross-Complaint, Docket No. 9.  As such, as a general proposition, the faith of claims 8 through 11, by the Trustee's Kasolas own contentions share common questions of fact and law with issues being raised in/and or the adjudication of Cross-Complaint Claim's Eighth Claim for Relief.

With respect to the July 26, 2022, $600,000.00 payment from KVW to Susanna Kelham, the essence of Ms. Kelham's testimony at the February 16, 2023, evidentiary hearing was that she could not attest as what the money for but could attest that she was owed money, lots of money, and that said $600,000.00 payment was a partial payment.  The money Ms. Kelham is claiming she is owed is the subject of Proof of Claims No. 8 through 11.  With that said, there appears to be much confusion resulting from bad booking keeping practices as to how said $600,000.00 payment was allocated among the various outstanding debts owed to Susanna Kelham in her various capacities.

**III**
**Conclusion**

As illustrated above, cause exists for Rule 42 consolidation of above captioned

Cross-Complaint with the Objections to Claims on the ground that these proceeding

present numerous common issues of fact and law.  Consolidation will both serve the

interest of judicial economy, as well as avoid the very real possibility of the entry of

inconsistent rulings.

.

Date: February 22, 2024

_____

Rebekah Parker

Appearing as Lead-Trial Counsel for HAMILTION NICHOLSEN as PLAINTIFF
in his capacity as a Member of Kelham Vineyards & Winery, LLC., and
SUSANNA KELHAM as CROSS-DEFENDANT in her capacity as Manger
under the 360 Zinfandel Lane Tenant-in-Common Agreement and in her
various capacities as a Claimant.

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 4225-H Oceanside Boulevard #369, Oceanside CA, 92056-3472

A true and correct copy of the foregoing document described as **MOTION TO CONSOLIDATE OBJECTIONS TO CLAIMS FILED AS DOCKET NUMBERS 181 – 184 WITH PENDING CROSS-COMPLAINT FOR ACCOUNTING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR; and **(b)** in the manner indicated below:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 22, 2024, I checked the CM/ECF docket for this bankruptcy case and adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| U.S. Trustee | USTPRegion17.SF.ECF@usdoj.gov |
| Mark Bostick | mbostick@fennemorelaw.com, ecfbankruptcy@fennemorelaw.com |
| Lisa Lenherr | llenherr@fennemorelaw.com |
| Michael G. Kasolas | trustee@kasolas.net, ecf.alert+Kasolas@titlexi.com |
| Paul Leahy | paul.leahy@usdoj.gov |
| Jared A. Jones | jared.a.day@usdoj.gov |
| C.L. Goebelsmann | christina.goebelsmann@usdoj.gov |
| Ryan Wood | ryan@westcoastbk.com |
| Rebekah Parker | attorneyrparker@gmail.com |
| Harold H. Davis, Jr. | hal.davis@gtlaw.com |
| Michael F. Thomson | thomsonm@gtlaw.com |
| Carson Heninger | carson.heninger@gtlaw.com |
| Michael J. Gomez | mgomez@frandzel.com |
| Wesley H. Avery | wavery@rpmlaw.com |
| Richard L. Pierotti | Rpierotti@kpmd.com |
| MarthaJSimmons | mjs@mjsimonlaw.com |

**SERVED BY U.S. MAIL OR OVERNIGHT MAIL:** On February 22, 2024, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed. None

**SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 22, 2024, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed: None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

February 22, 2024

_____
Rebekah Parker

# Exhibit A
# Cross Complaint

Mark S. Bostick (Bar No. 111241)
Lisa Lenherr (Bar No. 258091)
**FENNEMORE WENDEL**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: mbostick@fennemorelaw.com
Email: llenherr@fennemorelaw.com

Attorneys for Michael G. Kasolas, Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 23-10384-WJL |
| KELHAM VINEYARD & WINERY, LLC, | Chapter 11 |
| Debtor. | |
| MICHAEL G. KASOLAS, Trustee | A.P. No. 23-01016 |
| Plaintiff, | **CROSS-COMPLAINT FOR DECLARATORY RELIEF ON STATUS AND INTERPRETATION OF LEASE, FOR AVOIDANCE OF SETTLEMENT AGREEMENT, FOR AVOIDANCE AND RECOVERY OF LEASE OVERPAYMENTS, FOR MONEY HAD AND RECEIVED, FOR DAMAGES FOR BREACH OF FIDUCIARY DUTY, FOR INJUNCTIVE RELIEF AND FOR AN ACCOUNTING** |
| vs. | |
| SUSANNA KELHAM, INDIVIDUALLY and AS TRUSTEE OF THE 1995 SUSANNA ROGERS KELHAM REVOCABLE TRUST and AS TRUSTEE OF THE SUSANNA ROGERS KELHAM 2012 DYNASTY TRUST FBO RONALD NICHOLSEN and AS TRUSTEE OF THE SUSANNA ROGERS KELHAM 2012 DYNASTY TRUST FBO HAMILTON NICHOLSEN, RON NICHOLSEN, INDIVIDUALLY AND HAMILTON NICHOLSEN, INDIVIDUALLY | |
| Defendants. | |

Plaintiff Michael G. Kasolas ("**Trustee**" or "**Plaintiff**"), trustee of the above-captioned chapter 11 bankruptcy estate ("**Estate**") of Kelham Vineyard & Winery, LLC. ("**Debtor**"), alleges as follows:

## JURISDICTION AND VENUE

1. This bankruptcy case ("**Case**") was commenced by the filing of an Involuntary Petition for Relief ("**Petition**") by Main Street Cottage, LLC on July 20, 2023 ("**Petition Date**").

2. An Order for Relief was entered in the case by consent August 16, 2023.

3. On September 13, 2023, Michael G. Kasolas was appointed as chapter 11 trustee in the Case.

4. This cross-complaint is brought under Rules 7001(1), (2), (7), and (9) of the Federal Rules of Bankruptcy Procedure in response to the First Amended Complaint for Declaratory Relief filed on November 27, 2023, by Hamilton Nicholson, in his capacity as member of the Debtor and as a beneficiary of the self-styled "Zinfandel Lane Consortium" (the "**Lessor's Complaint**").

5. Jurisdiction of this cross-complaint is vested in this Court under 28 U.S.C. § 1334(b) and 28 U.S.C. §157(a).

6. Venue at this Court is proper under 28 U.S.C. § 1409(a).

7. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A),(C),(E),(F),(H),(M) and (O), in that it concerns administration of the estate, it asserts counterclaims against persons filing claims against the estate, it seeks turnover of property of the estate, it seeks to avoid and recover fraudulent transfers, it seeks to establish the estate's rights under a lease of real property, and it seeks to affect the liquidation of assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship. This First Amended Complaint is brought under Rules 7001(1), (2), (7), and (9) of the Federal Rules of Bankruptcy Procedure.

8. Plaintiff consents to the entry of a final order by the above-captioned Bankruptcy Court.

## PARTIES TO THIS ACTION

9. Plaintiff is the duly appointed and acting chapter 11 trustee for the estate of Kelham

30593870.1/513816.0119

1  Vineyards and Winery LLC, a California limited liability company, the Debtor in the Case.

2       10.    Plaintiff is informed and believes and thereon alleges that the Debtor's members

3  are Susanna Kelham, individually, holding a 33.34% membership interest; Ham Nicholsen,

4  individually, holding a 33.33% membership interest, and Ron Nicholsen, individually, each

5  holding a 33.33% membership interest (collectively, "**Members**").   Each of the Members are

6  cross-defendants herein.

7       11.    Plaintiff is informed and believes and thereon alleges that cross-defendant Susanna

8  Kelham, trustee of the SRK 1995 Restated Trust ("**SRK Trust**"), is a part owner of the fee interest

9  in 360 Zinfandel Lane, St. Helena, California ("**360 Zinfandel Lane**" or the "**Property**").

10       12.    Plaintiff is informed and believes and thereon alleges that cross-defendant Susanna

11  Kelham, trustee of the Susanna Rogers Kelham 2012 Dynasty Trust for the benefit of Hamilton

12  Nicholsen (the "**2012 Ham Nicholsen Trust**") is a part owner of the fee interest in 360 Zinfandel

13  Lane.

14       13.    Plaintiff is informed and believes and thereon alleges that Cross-Defendant

15  Susanna Kelham, trustee of the Susanna Rogers Kelham 2012 Dynasty Trust for the benefit of

16  Ronald Nicholsen II (the **2012 Ron Nicholsen Trust**") is a part owner of the fee interest in 360

17  Zinfandel Lane

18       14.    Plaintiff is informed and believes and thereon alleges that cross-defendant Susanna

19  Kelham, individually ("**Susanna Kelham**"), is a part owner of the fee interest in 360 Zinfandel

20  Lane.

21       15.    Plaintiff is informed and believes and thereon alleges that Susanna Kelham from

22  July 14, 2016 through July 14, 2023, was a manager of the Debtor.

23       16.    Plaintiff is informed and believes and thereon alleges that Susanna Kelham is the

24  sole member of Main Street Cottage LLC, the petitioning creditor herein.

25       17.    Plaintiff is informed and believes and thereon alleges that cross-defendant

26  Hamilton Nicholsen ("**Ham Nicholsen")** is a part owner of the fee interest in 360 Zinfandel Lane.

27       18.    Plaintiff is informed and believes and thereon alleges that cross-defendant Ronald

28  Nicholsen II ("**Ron Nicholsen")** is a part owner of the fee interest in 360 Zinfandel Lane.

19.     Ham Nicholsen and Ron Nicholsen are brothers and are sons of Susanna Kelham.

20.     Plaintiff is informed and believes and thereon alleges that all of the co-owners of the fee interest in 360 Zinfandel Lane are named cross-defendants herein and that  Susanna Kelham, Ron Nicholsen and Ham Nicholsen individually, and Susanna Kelham as trustee of the SRK Trust, the 2012 Ron Nicholsen Trust and the 2012 Ham Nicholsen Trust, are the only co-owners of the Property ("**Owners").**

**GENERAL ALLEGATIONS**

21.     Plaintiff is informed and believes and thereon alleges that on or about December 26, 2005, the Owners entered into a lease with the Debtor under which the Owners, as lessor ("**Lessor**") and Debtor as lessee ("**Lessee**") leased the real property located at 360 Zinfandel Lane for a period of fifteen (15) years, with two options for five (5) year extensions (the "**Lease**") , both of which options have been exercised.

22.     A true and correct copy of the Lease is attached hereto as **Exhibit A,** and it is incorporated by reference as though fully set forth herein.

23.     Plaintiff is informed and believes and thereon alleges that at all times from December 2005, the Debtor held lawful possession of the Property, built structures on the Property, cultivated wine on the Property, obtained licenses to sell wine on the Property, and operated as a winery at the Property, pursuant to the Lease (the "**Wine Property**").

24.     The Lease is a "sweetheart lease" in that it is between family members and appears to be designed to provide Lessee with below-market rent and assurances that it would be reimbursed at the end of the lease terms for the value of all improvements made on the Property, as reflected in the following provisions (in paragraphs 25-27 below).

25.     The rent terms are set forth in Section 2 of the Lease as follows:

> Each year, Tenant will pay to Landlord as minimum rent, without deduction, set off, notice, or demand, sixteen percent (16%) of the gross value of that year's grape crop produced on the property.  The gross value will be calculated by multiplying the crop's tonnage by the Weighted Average Base Price in District 4 (Napa County) of the varietal planted on the property, according to Table 8 of the Final Grape Crush Report published by the California Agricultural Statistics Service…Payment is due within thirty (30) days after the publication of that Final Report.

26. The Lessee's right to recover the value of improvements at the end of the Lease is stated in the Lease recitals as follows:

> Upon termination, the Landlord shall purchase the improvements from the Tenant or transfer the winery parcel, or the entire parcel if a lot line adjustment or subdivision is not allowable, to Tenant at a price to be arrived at in accordance with section 22 of this lease.

27. Lease Section 22 provides:

> The purchase price of the land or the improvements shall be the fair market value of the asset that is being purchased and the Landlord and Tenant shall agree on the fair market value. If they are unable to agree on the value of the asset, they shall select an appraiser who shall be engaged to determine the fair market value of the asset. The appraisal fee shall be shared.

28. Plaintiff is informed and believes and thereon alleges that the fair market value of the improvements as of July 14, 2023 (the "**Improvements**"), was at least Three Million Dollars ($3,000,000.00).

29. On October 4, 2021, Ron Nicholsen filed a petition for writ of mandate under Cal Code Civ. Proc.§1085 in the Napa County Superior Court, Case No. 21CV001403, to compel Debtor and Susanna Kelham ("**Respondents**") to comply with corporate record inspection requirements under Cal Corp Code §§ 17704.10 and 17701.13, *et seq* (the "**Writ Action.**")

30. Ron Nicholson asserts claims against Respondents in the Writ Action for sanctions and attorneys' fees for non-compliance and was awarded a sanctions order against Susanna Kelham for $134,679.40 on May 10, 2023.

31. On December 14, 2023, Ron Nicholsen filed a proof of claim in the Case (Claim No. 15) for $7,795,362.34 asserting an additional unliquidated claim for sanctions and attorneys' fees in the Writ Action against the Debtor and Susanna Kelham for $1,300,000.00 (the "**Writ Claim**").

32. On December 11, 2023, Holland & Knight filed a proof of claim in the Case (Claim No. 1) for $280,284.21 for legal services rendered from March 1, 2023.

33. Plaintiff is informed and believes and thereon alleges that on July 14, 2023, Susanna Kelham, signing on behalf of herself personally and on behalf of Owner/Lessor on the one hand, and signing on behalf of Debtor/Lessee, on the other, (collectively, the "**SA-Parties**"),

executed a document entitled "360 Zinfandel Lane-Kelham Vineyard & Winery Settlement Agreement" (the "**Settlement Agreement**"), a true and correct copy of which Settlement Agreement is attached hereto as **Exhibit B.**

34.     Section 1.1 of the Settlement Agreement purports to immediately and instantaneously cancel and terminate Debtor's right to possession under the Lease. That section states:

> **1.1    Possession of 360 Zinfandel Lane.** By the mere execution of the agreement, without any further action on the part of either SRK/SRK Authorized or KVW, KVW will be deemed to have vacated and surrendered possession of 360 Zinfandel Lane to SRK/SRK Authorized Agents.

35.     Section 1.2 of the Settlement Agreement purports to grant Debtor a 10-day license for limited use of the Property for a licensing fee that is substantially higher than rent under the Lease. In pertinent part, that section provides:

> **1.2    Limited License for Use of 360 Zinfandel Lane.** Having secured possession of 360 Zinfandel Land, SRK/Authorized Agent herein issues KVW a limited license….KVW is granted limited use but NOT possession of 360 Zinfandel Lane or any of its fixtures, buildings, or grounds. This Limited License is herein issued to KVW for a 10-day period at a cost of $7,500.00…

36.     The Settlement Agreement recites that it was entered into because there was a bona fide dispute as to the amount of rent due under the Lease and as to whether the Lease was enforceable or whether it had been terminated by Susanna Kelham on November 22, 2022 (by some unreferenced action).

37.     Plaintiff is informed and believes and thereon alleges that as of July 14, 2023, all rent due under the Lease had been paid in full.

38.     Plaintiff is informed and believes and thereon alleges that as of July 14, 2023, not only was all rent paid but the Debtor, under the control of Susanna Kelham, had substantially overpaid rent to the Lessor and Susanna Kelham since July 14, 2016, by as much as hundreds of thousands of dollars or such amount as may be determined according to proof ("**Overpayments**").

39.     For example, in addition to payments designated as 'mortgage' or 'rent' in the Debtor's ledger, which amounts exceeded the rent due under the Lease, the Debtor's bank

statements reflect that on July 29, 2022, Susanna Kelham received and cashed a check from Debtor for $600,000.00 with the notation: "Happy Birthday to me!"

40.     If duly authorized and effective, the Settlement Agreement transferred to Lessor or Susanna Kelham the Debtor's valuable rights under the Lease (the ("**Lease Rights**"), including, without limitation, (1) its right to unlimited possession of the Property, (2) its right to possession for below-market rent;  and (3) its right, upon termination, to require Lessor to pay Lessee the value of improvements or to sell the Property to Lessee for its fair market value (the ("**Buyout Rights**").

41.     Plaintiff is informed and believes and thereon alleges that in exchange for the Settlement Agreement provision cancelling or terminating the Lease and right to possession, the Debtor received no consideration or received less than a reasonable equivalent value.

42.     Six days after entering into the Settlement Agreement, Susanna Kelham caused her wholly owned limited liability company, Main Street Cottage LLC, to file the Petition.

43.     Plaintiff is informed and believes and thereon alleges that the SA-Parties entered into the Settlement Agreement with intent, or acted with reckless disregard, to dissipate the Debtor's Lease Rights before it went into bankruptcy in order to substantially reduce the value of the Debtor's assets while substantially increasing legal expenses required to administer its assets in the bankruptcy case.

44.     Plaintiff is informed and believes and thereon alleges that the SA-Parties entered into the Settlement Agreement with intent to hinder, delay, or defraud a creditor from collecting on a debt, including the debts as reflected in the proofs of claim filed by Ron Nicholsen and Holland & Knight (as referenced in Paragraphs 31-32 above).

45.     Plaintiff is informed and believes and thereon alleges that the Debtor lacked due authority as required under its Operating Agreement to enter into the Settlement Agreement and consequently the Settlement Agreement is of no effect.

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief –Status, Enforceability, and Interpretation of Lease)

46.     Plaintiff incorporates the allegations of all paragraphs set forth above as though

1  fully set forth herein.

2      47.    There is an actual controversy between Trustee, on the one hand, and Lessor and

3  Susanna Kelham, on the other, with respect to the status, enforceability and interpretation of

4  Lease.

5      48.    Declaratory relief is necessary to determine the Estate's right to possession of the

6  Property, to determine its rent obligations, and to determine the status and enforceability of the

7  Reimbursement Provision.

8      49.    Among the parties' controversies concerning the effect of the Settlement

9  Agreement and interpretation of the Lease are the following:

10      • Was the Lease in effect on July 13, 2023?

11      • If the Lease was not in effect on July 13, 2023, what was the basis for the Debtor's

12         right to possession at that time?

13      • Did the Debtor lack authority under its Operating Agreement to enter into the

14         Settlement Agreement?

15      • Did the Settlement Agreement effectively cancel or terminate the Lease on July 14,

16         2023?

17      • If the Lease was terminated on or before July 14, 2023, did the Buy Out Rights vest

18         in Debtor upon termination?

19      • If the Buy Out Rights did vest upon termination of the Lease:

20         o Are the Buy Out Rights now enforceable?

21         o Are the Buy Out Rights assignable independent of the Lease?

22         o Is a fair interpretation of the Lease that the Trustee is entitled to remain in

23            possession of the Property until Lessor performs its obligations under the

24            Buy Out Rights?

25      • What rent, if any, is due under Section 2 of the Lease?

26      • What rent, if any, was due under the Lease as of July 14, 2023?

27      • What rent accrued under the Lease from 22016-2023?

28      • When is rent required to be paid under the Lease?

WHEREFORE, the Trustee prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**(Avoidance and Recovery of Fraudulent Transfer of Lease Rights)**
**(Cal. Civil Code §§ 3439.04(a)(1) and (2) *et seq.*; 11 U.S.C. §§ 548(a)(1)(A) and (B), 544(b) and 550)**

50.     Plaintiff incorporates the allegations of all paragraphs set forth above as though fully set forth herein.

51.     The Debtor executed the Settlement Agreement (the "**Transfer**") with intent to hinder, delay or defraud its creditors by transferring the Debtor's valuable Lease Rights to Susanna Kelham or Lessor, thereby placing the Lease Rights beyond the reach of creditors.

52.     The Transfer was made while the Debtor was insolvent, or it was rendered insolvent as a result of the Transfer as indicated by the filing of an involuntary petition for relief against it less than one week later.

53.     Badges of fraud under Cal. Civ. Code § 3439.04(b) relating to the Transfer include:

(a)     Transfer was to an insider, family member, or affiliate;

(b)     Transferee retained possession or control of the property transferred after the transfer;

(c)     Transfer was not disclosed and was concealed;

(d)     Transfer was made on the eve of a judgment (i.e., either the pending motion to set sanctions in the Writ Action or the Order for Relief granted in the Case); and

(e)     Transfer was made for no consideration or for less than a reasonably equivalent value.

WHEREFORE, the Trustee prays for relief against Susanna Kelham and Lessor as set forth below.

**THIRD CLAIM FOR RELIEF**
**(Avoidance and Recovery of Lease Overpayments)**
**(Cal. Civil Code §§ 3439.04(a)(1) and (2) *et seq.*; 11 U.S.C. §§ 548(a)(1)(A) and (B), 544(b) and 550)**

54.     Plaintiff incorporates the allegations of all paragraphs set forth above as though fully set forth herein.

55.     Plaintiff is informed and believes and thereon alleges that from July 20, 2016,

Case: 23-01086   Doc# 198 Filed: 12/22/24   Entered: 12/22/24 05:03:12   Page: 16 of 15
30593870.1/513816.0119

through July 20, 2023, the Debtor paid Susanna Kelham or Lessor substantially more for rent than was required under the Lease as alleged in Paragraph 38 above (i.e., the Overpayments).

56.    The Debtor transferred the Overpayments to Susanna Kelham or Lessor with intent to hinder, delay or defraud creditors.

57.    The Overpayments were made for less than reasonably equivalent value.

58.    The Overpayments were made while the Debtor was insolvent or when the Debtor intended to incur debts beyond its ability to pay as such debts matured.

59.    Badges of fraud under Cal. Civ. Code § 3439.04(b) include:

(a)    Transfer was to an insider, family member, or affiliate;

(b)    Transfer was not disclosed and was concealed; and

(c)    Transfer was made for no consideration.

WHEREFORE, the Trustee prays for relief against Lessor as set forth below.

**FOURTH CLAIM FOR RELIEF**
**(Money Had and Received)**

60.    Plaintiff incorporates the allegations of all paragraphs set forth above as though fully set forth herein.

61.    Plaintiff is informed and believes and thereon alleges that Debtor transferred the Overpayments to Susanna Kelham or Lessor as a result of mistake or Susanna Kelham's malfeasance.

62.    The Overpayments were funds of Debtor intended for its use and benefit.

63.    The Overpayments were taken from the Debtor and not used for its benefit.

64.    Susanna Kelham and Lessor have not returned or credited Debtor for the Overpayments.

WHEREFORE, the Trustee prays for relief against Lessor and Susanna Kelham as set forth below.

**FIFTH CLAIM FOR RELIEF**
**(Damages for Breach of Fiduciary Duty)**

65.    Plaintiff incorporates the allegations of all paragraphs set forth above as though

30593870.1/513816.0119

fully set forth herein.

66.     Susanna Kelham is a managing member of the Debtor and in such capacity owes the Debtor, its members, and its creditors a fiduciary duty of care and loyalty to minimize the risk of the Debtor taking any action that would unnecessarily dissipate its assets or increase its, and its members' and creditors' expenses.

67.     Susanna Kelham breached her fiduciary duties of care and loyalty to Debtor by causing it to enter into the Settlement Agreement and thereby to lose, or risk the loss, of its valuable Lease Rights.

68.     Susanna Kelham also breached her fiduciary duties of care and loyalty to Debtor by causing it to transfer the Overpayments to herself or Lessor and by not returning such Overpayments to Debtor

69.     Debtor was damages as a result of these breaches of fiduciary of care and loyalty in an amount to be established according to proof.

70.     To the extent that Susanna Kelham may have breached her fiduciary duties giving rise to damages with respect to transactions and occurrences which are not the subject of Lessor's First Amended Complaint, Plaintiff reserves his right to bring a separate action to recover on those claims.

WHEREFORE, the Trustee prays for relief against Susanna Kelham as set forth below.

### SIXTH CLAIM FOR RELIEF
**(Injunctive Relief)**

71.     Plaintiff incorporates the allegations of all paragraphs set forth above as though fully set forth herein.

72.     Plaintiff is informed and believes and thereon alleges that each of the Members claim to own personal property ("**Member Property**") that is intermixed with the Debtor's personal property located at the Winery Property.

73.     The Trustee has not yet determined the validity of the Member's ownership claims to the Member Property or whether a judicial determination as to the parties' rights will be required.

30593870.1/513816.0119

74. To maintain order and fairness pending a determination of the superior ownership rights to the Member Property, the Trustee requests entry of an order enjoining the Members from moving the Member Property from the Property.

75. Although the automatic stay under 11 U.S.C. § 362(a) enjoins persons from taking action against property of the estate, additional protection is needed to protect the estate from having Members take action against what they unilaterally claim to be Member Property owned by the particular Member.

76. Unless Members are enjoined from taking any action to take possession of Member Property, the Estate is at serious risk of sustaining irreparable harm in the form of lost property and increased professional expenses.

77. There is no adequate remedy at law to protect the Estate from asset dissipation because the Members have access to the Property, the value of the Member Property is unknown, and the collectability of any claims against the Members is uncertain.

78. Plaintiff is likely to prevail in establishing that Member Property is property of the estate because (a) the property is located on the Winery Property and is used in its presentation and operations; (b) there is no convincing documentation showing that it is owned by the Members because any property with convincing documentation will be released by Trustee to the Member; (c) the Members themselves dispute who owns the Member Property; (d) the SA-Parties, among whom are Members, have demonstrated by entering into the Settlement Agreement that they possess a reckless disregard for the rights, best interests and assets of the Debtor.

79. The risk of harm to the Estate if an injunction is not granted is greater than the harm to the Members if the injunction is granted in that an injunction will preserve all property pending a determination of ownership claims whereas if no injunction is issued the property may dissipate before a determination is made, just as the Lease Rights were (attempted to be) dissipated under the Settlement Agreement.

WHEREFORE, the Trustee prays for relief as set forth below.

## SEVENTH CLAIM FOR RELIEF
### (Injunctive Relief)

30593870.1/513816.0119

80.     Plaintiff incorporates the allegations of all paragraphs set forth above as though fully set forth herein.

81.     If the Court finds that the Lease was terminated effective as of the Petition Date, Plaintiff requests it enter an order enjoining Susanna Kelham and Lessor, or their successor(s), from any act to obtain possession of the Property or to exercise control over the Property pending final disposition of the Estate's assets, including the Lease Rights.

82.     Unless Lessor is enjoined from taking possession of the Property, the value of Lease Rights, which are substantial, will be dissipated before Plaintiff can avoid the Transfer.

83.     Plaintiff is likely to prevail on his claim to avoid the Transfer because the Transfer hindered creditors and involved at least five badges of fraud.

84.     There is no adequate remedy of law to protect the Estate from asset dissipation should an injunction not be entered because the Debtor's Lease Rights will be dissipated and the collectability of claims to recover damages for such dissipation from the Susanna Kelham and the Lessor is highly uncertain.

85.     The risk of harm to the Estate if an injunction is not granted is greater than the harm to Susanna Kelham and the Lessor if the injunction is granted because an injunction will preserve all rights of the parties pending a determination of the avoidability of the Transfer.

WHEREFORE, the Trustee prays for relief as set forth below.

## EIGHTH CLAIM FOR RELIEF
### (Accounting)

86.     Plaintiff incorporates the allegations of all paragraphs set forth above as though fully set forth herein.

87.     Plaintiff is informed and believes and thereon alleges that from July 14, 2016, Susanna Kelham was the manager of the Debtor and she and various entities she controlled were creditors or vendors of the Debtor, including Susanna Kelham individually, Main Street Cottage LLC, Kelham Growers LLC and "360 Zinfandel Lane Consortium", previously defined herein as "Lessor" (collectively, the "Susanna Kelham Entities" or "**SKE**"), and since July 14, 2017, Susanna Kelham as manager, caused the Debtor to pay the SKE millions of dollars (the "**SKE**

Case: 23-10384   Doc# 98   Filed: 12/03/24   Entered: 12/03/24 09:30:12   Page 20 of 22
30593870.1/513816.0119

Payments").

88.     Plaintiff is informed and believes and thereon alleges that the Debtor's records do not show invoices for all the Debtor's payments to SKE, for example there is no invoice for the July 29, 2022, $600,000.00 payment to Susanna Kelham.

89.     Without an accounting, Plaintiff cannot ascertain to what extent SKE's claims against the Debtor should be allowed and to what extent the Estate may have recoverable claims for relief or offset against SKE.

WHEREFORE, the Trustee prays for relief as set forth below.

## PRAYER FOR RELIEF

Based on the foregoing, Trustee requests judgment be entered against Cross-Defendants as follows:

1.     On the First Claim for Relief, for declaratory relief against Susanna Kelham and Lessor determining those controversies as stated in Paragraph 48 above.

2.     On the Second Claim for Relief, for avoidance of the Transfer under 11 U.S.C. § 548 or 11 U.S.C. § 544 (b) and Cal. Civil Code §§ 3439.04(a)(1) and (2), and recovery of the property transferred or the value thereof from Lessor or Susanna Kelham under 11 U.S.C. § 550(a).

3.     On the Third Claim for Relief, for avoidance of the transfer of the Overpayments under 11 U.S.C. §§ 544 or 548, Cal. Civil Code §§ 3439.04(a)(1) and (2), and recovery for the value thereof from Susanna Kelham or Lessor under 11 U.S.C. § 550(a).

4.     On the Fourth Claim for Relief, for recovery of the Overpayments on the common count claim for money had and received against Susanna Kelham and Lessor.

5.     On the Fifth Claim for Relief, for damages for breach of fiduciary duty against Susanna Kelham arising from her directing the Debtor to consent to the Settlement Agreement and to make the Overpayments to Lessor, including for professional expenses incurred by the Debtor's Estate to mitigate or set aside the Settlement Agreement and recover the Overpayments, in an amount to be determined.

6.     On the Sixth Claim for Relief, for an injunction directing the Members to stay off

Case: 23-01038   Doc# 9   Filed: 02/08/24   Entered: 02/08/24 09:30:12   Page 21 of 22
30593870.1/513816.0119

the Property and/or to leave the Member Property in place on the Property.

7. On the Seventh Claim for Relief, for an order enjoining Susanna Kelham and Lessor from any act to obtain possession of the Property or to exercise control over the Property.

8.. On the Eighth Claim for Relief, for an order directing Susanna Kelham and the SKE to account for every invoice upon which they received payment from the Debtor on or after July 14, 2016, to the present.

On each claim for relief, for such further relief as the court deems proper.

DATED: December 18, 2023          FENNEMORE WENDEL

By: _____
    Mark S. Bostick
    Lisa Lenherr
    Attorneys for Chapter 11 Trustee

30593870.1/513816.0119