Entered on Docket
September 17, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: September 17, 2024

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>Kelham Vineyard & Winery LLC,<br><br>    Debtor. | Case No. 23-10384 WJL<br><br>Chapter 11<br><br>Hearing Date: October 15, 2024<br>Hearing Time: 2:00 p.m.<br>Location: 1300 Clay Street, Room 220<br>Oakland, California |

**ORDER TO SHOW CAUSE WHY LITIGANT SHOULD NOT BE SUBJECT TO PRE-FILING REVIEW**

    On September 11, 2024, the Court held a hearing in the above-captioned matter, during which it considered and disposed of two motions described in greater detail below. Mark Bostick appeared for the Trustee, Michael Kasolas. Rebekah Parker appeared for Susanna Kelham. Other appearances were as noted in the record.

    Of direct relevance to this Order to Show Cause, at the hearing, the Court informed parties present that the emergency set forth in the pleading filed by Ms. Parker was yet another instance of Susanna Kelham and counsel Rebekah Parker asserting, without any factual basis or competent legal support, allegations that not only propound wrongdoing and negligence but impugn, without evidence, the motives of the Trustee and other parties involved. On the record, the Court indicated that this repeated and relentless pattern of behavior, ongoing throughout this case and related

1

adversary proceedings, appears to be nothing more than an attempt to disrupt the successful administration of the Estate. Accordingly, the Court indicated it would set a hearing on this Order to Show Cause as to why Susanna Kelham and counsel should not be required to present proposed pleadings and related documents to the Court for review prior to filing.

On September 3, 2024, Rebekah Parker, as counsel for Susanna Kelham, filed a *Motion for Relief from Stay* in the above-captioned matter ("the Motion"). (Dkt. #267). In support of the Motion, Parker submitted the declarations of Mark Neal, Hamilton Nicholsen, and herself. (Dkts. #268, 269, and 270). Relying solely on these declarations, the Motion asserted that Lessor's collateral interest in the Vineyard Parcel located at 360 Zinfandel Lane ("the Property") was in jeopardy due to a belief that the 2024 Grape Crop was being "left to rot on the vines" and an alleged failure to preserve the Vineyard Parcels' organic certification. (*Id.* at 6-7.) This supposed damage was attributed to neglect, fraud, and mismanagement by Trustee Michael Kasolas and Ronald Nicholsen. (*Id.*)

On September 5, 2024, attorney Rebekah Parker submitted to the Court an *Emergency Application for an Order Directing [Trustee] Michael Kasolas to Permit Lessor to Inspect Grape Crop, Vineyard Parcel, and Vineyard Records at 360 Zinfandel Lane Pursuant to Either Bankruptcy Rule of Federal Procedure 2004 or 7034(a)* ("the Emergency Motion"). (Dkt. #274). The Emergency Motion stressed "an immediate need" for Lessor's representatives, Hamilton Nicholsen and Mark Neal, to be granted access to the Property to assess the nature and extent of the damage to Lessor's collateral. (*Id*. at ¶ 2). The Emergency Motion repeatedly referenced the "expert testimony" of Nicholsen and Neal, relying upon their declarations as proof of damage to the 2024 Crop and Vineyard Parcel, proof of a threat to Lessor's interest therein, and thus proof of their need and right to enter. *(Id.)* The Emergency Motion further implied that the harvesting of the crop, which had, in fact, occurred two days *prior* to the submission of the Motion for Relief from Stay, was an attempt to destroy or conceal evidence on the part of Trustee Kasolas. (*Id*. at ¶6).

Subsequently, the Trustee submitted a memorandum in opposition to the Emergency Motion. (Dkt. #281). The Memorandum assured the Court that there was no emergency and that

the relief sought in the Emergency Motion was unnecessary and procedurally improper. (*Id*. at ¶1). Contemporaneously, the trustee filed what appeared to be an administrative request to act on behalf of and in the estate's best interest, requesting an Order Authorizing Signatures in a trademark matter ("the Request"). (Dkt. #278). Parker submitted a memorandum opposing the Request, citing a fear that "this court [sic] and creditors are again being played by Trustee Kasolas and Ronald Nicholsen in an effort to defeat or distract from the Motion for Relief from stay." (Dkt. #284.)

The unfounded accusations referenced above, which rely upon inappropriately conclusory and argumentative declarations, are contained within pleadings offered without factual support or applicable legal authority in violation of Local Rules[1]. This behavior gives the Court great concern that Parker and her client's actions appear to be nothing more than an attempt to frustrate the Trustee's ability to manage the estate.

After careful review, nothing in these referenced declarations supported any allegation of wrongdoing let alone created an emergency basis for relief. Statements made in the Nicholsen and Neal declarations contradicted one another; [2] statements made in the sworn declarations made reference to photographs of purported damage, which were not provided to the Court despite their supposed revelatory nature, and statements made in the sworn declarations were factually inaccurate. (*See Id*. Decl. of Mark Neal, at ¶20, Decl. of Hamilton Nicholson at ¶ 23, Decl. of Ronald Nicholson, at ¶ 10). Further, the statements themselves contained unfounded accusations of fraud, negligence, and incompetence. (Decl. of Hamilton Nicholson, at ¶8).

---

[1] Under Local Rules, factual contentions made in support of any motion must be supported by an affidavit or declaration and by appropriate references to the record. (Bankr. L.R. 9013-1(d)(1) – (2)(N.D. Cal. 2023)). Affidavits or declarations may only contain facts and must avoid conclusions and arguments. Any statement made upon information or belief must specify the basis therefor.

[2] In his declaration, Mark Neal directly contradicted himself, the Motion, and the Emergency Motion. In his sworn declaration, Neal conceded that "it does not appear that the Vineyard Parcel has not been properly maintained and managed." (Decl. of Mark Neal, at ¶20.) Still, he declared that the Vineyard Parcel had been compromised and the 2024 crop had been ruined, based on the reports of Hamilton Nicholsen and his visual inspection. (Id. at ¶22, 24).

The motions described above are thoroughly unsupported by sufficient factual allegations or competent legal authorities. The use of inflammatory language, spurious personal accusations, and claims unsupported by evidence are not exclusive to this filing. The Court notes that this behavior has been present throughout the course of this Bankruptcy case. Indeed, beginning as early as the commencement of this case, Parker and her clients have engaged in unfounded derisive comments about other parties to the case. (Dkts. #21, 22, 25). As recently as April 30, Parker filed an untimely, unauthorized, and completely spurious response to the trustee's motion for overbid procedures. (Dkt. #235). On May 1, 2024, at the hearing held regarding the Trustee's Motion to Sell Property Free and Clear (Dkt. #220), the Court granted the Trustee's oral motion to strike Parker's pleading opposing the motion. (Dkts. #237, 239). During the course of that hearing and at the hearing the next day regarding the same matter, the Court expressly and lengthily admonished Parker concerning her repeated practice of filing unauthorized and spurious pleadings. (*See* Docket, generally).[3]

The Court recognizes the seriousness of imposing any sanction upon counsel in a Bankruptcy proceeding, including a pre-filing review of pleadings to be presented. Those concerns notwithstanding, the Court believes that Ms. Parker and her clients' relentless practice of filing unsupported ad hominem attacks on the Trustee, as well as this Court's numerous expressions of great concern regarding this practice and its effect on the administration of the Estate, including the extraordinary but thoroughly justified step of striking the pleading on May 1 and directly admonishing counsel, provides more than adequate notice for the relatively mild procedure of requiring Parker and clients to respond to an order to show cause.

Accordingly, the Court HEREBY ORDERS that Susanna Kelham, Hamilton Nicholson, the various entities through which they have filed pleadings and materials in this case, and her counsel Rebekah Parker are directed to respond in writing to the Order to Show Cause as to why they should not be required to present proposed pleadings and related documents for filing in this case, or any related adversary proceeding, to the Court for review prior to filing, later than October

---

[3] See also, Dockets #22, 25, 38, 41, 42, 44, 64, 86, 102, 119, 127, 159, 204, 210, 214, 215, 218, 227, 235.

8, 2024. Other interested parties may submit responses to this Order in writing by the same date. A HEARING regarding this matter shall be held on October 15, 2024, at 2 p.m.

**END OF ORDER**

**COURT SERVICE LIST**